Gary S. Sedlik, Esq. (CA Bar No. 181192)
SEDLIKGROUP, P.C.
124 ½ Marine Ave.
P.O. Box 3238
Manhattan Beach, CA 90266
Phone: (310) 439-9986 | Fax: (844) 320-8044
Email: gary@sedlikgroup.com

Attorneys for Plaintiff Jeffrey B. Sedlik

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual, | CASE NO. |
| Plaintiff, | |
| vs. | |
| KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D, INC., a California Corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 – 10, inclusive; | COMPLAINT FOR:<br>(1) COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501;<br>(2) VICARIOUS COPYRIGHT INFRINGEMENT;<br>(3) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>(4) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION IN VIOLATION OF 17 U.S.C. § 1202 |
| Defendants | |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Jeffrey B. Sedlik, by and through his undersigned counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1338(a).

3.   Venue is proper under 28 U.S.C. § 1391(c) and § 1400(a) because: (1) a substantial part of the acts and omissions giving rise to the claims occurred here; (2) on information and belief Defendant Katherine Von Drachenberg is a resident of this district; (3) Defendant Kat Von D, Inc. is headquartered in and conducts substantial business in this district; and (4) Defendant High Voltage Tattoo, Inc. is headquartered in and conducts substantial business in this district.

## PARTIES

4.   Plaintiff Jeffrey B. Sedlik ("Plaintiff" or "Sedlik") is an individual residing in Altadena, California.

5.   Sedlik is informed and believes, and thereupon alleges that defendant Katherine Von Drachenberg a.k.a. Kat Von D ("Kat Von D") resides and does business within the state of California and within this District.

6.   Sedlik is informed and believes, and thereupon alleges that defendant Kat Von D, Inc. ("KVD, Inc.") is a California corporation that does business within the state of California with its headquarters within this District.

7.   Sedlik is informed and believes, and thereupon alleges that defendant High Voltage Tattoo, Inc. ("High Voltage") is a California corporation that does business within the state of California with its headquarters within this District.

8.   Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Sedlik's copyrights, have contributed to the infringement of Sedlik's copyrights, and/or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Sedlik, who therefore sues said defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained. Defendants Kat Von D, KVD, Inc., High Voltage Tattoo and DOES 1 through 10, inclusive, are collectively referred to herein as "Defendants."

9.   Sedlik is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or

employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Sedlik's rights and the damages to Sedlik proximately caused thereby.

10. Sedlik is a world-renowned, award-winning professional photographer and professor. He is a ten-time recipient of the Communication Arts Award of Excellence, and many other awards, including the Clio, One Show, Art Directors Club, Photo Design, PDN/Nikon, Creativity Award, IPC Industry Leadership Award, and others. Sedlik's work has been profiled in Studio Photography & Design, In Focus, Photo District News, Rangefinder, and other industry publications. His fine art repertoire includes group and solo exhibitions in Los Angeles, San Francisco, Monterey, St. Louis, and New York City.

11. Sedlik is a professor and long-time faculty member of the Art Center College of Design, teaching courses on technical, creative, and business topics. He also is the President and CEO of the PLUS Coalition.

12. Sedlik also conducts workshops and seminars on creativity, copyright, and licensing for artists' groups and trade shows nationwide, including PhotoPLUS Expo and others. He has been consulted by the United State Copyright Office and testified before the United States Congress regarding copyright policy and legislation. He also offers consulting and expert witness services on matters pertaining to copyright, right of publicity, right of privacy, photography, and other visual arts.

13. Sedlik is known for his riveting portraits of music and entertainment personalities. His jazz and blues portraits have appeared on dozens of album covers and magazine covers.

14. Sedlik independently conceived and created the iconic photographic portrait depicting world-famous jazz musician Miles Davis (the "Iconic Miles Davis Portrait") that is the subject of this complaint.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - PAGE 3

15. Sedlik is the sole and exclusive owner of the copyright in the Iconic Miles Davis Portrait. The Iconic Miles Davis Portrait was created in or around 1989 and first published in a cover story in JAZZIZ magazine in or around August 1989. A reproduction of the Iconic Miles Davis Portrait is provided below:



16. The Iconic Miles Davis Portrait is a world-famous portrait of Mr. Davis that has appeared in magazines around the world. It was featured by Life magazine in its annual "Pictures of the Year" issue.

17. Sedlik has offered and sold non-exclusive copyright licenses authorizing limited reproduction, distribution and display of Sedlik's Iconic Miles Davis Portrait for commercial and non-commercial purposes since its creation.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - PAGE 4

18. Sedlik's sole and exclusive ownership of the copyright in the Iconic Miles Davis Portrait was registered by Sedlik with the United States Copyright Office, as recorded in Certificate of Registration Number VA645-610, issued to Sedlik by the United States Copyright Office on July 6, 1994, a copy of which is attached hereto as Exhibit A. Sedlik's copyright registration is valid and in good standing as of the date of this complaint.

19. Sedlik requires that all licensed reproductions of The Iconic Miles Davis Portrait include Sedlik's copyright management information.

20. Defendant Kat Von D is a world-renowned tattoo artist, reality TV star, recording artist, TV and film producer and entrepreneur businesswoman who owns and operates, or has owned and operated, a tattoo parlor, an art gallery, a cosmetics company, a clothing company and a shoe company, among other businesses.

21. Kat Von D is active on social media, with more than 7.4 million followers on Instagram (Username: @thekatvond), more than 12 million followers on Facebook (Username: @katvond) and more than 1.8 million followers on Twitter as of the date of this complaint.

22. Defendant KVD, Inc., is a California corporation with its headquarters and principal place of business in North Hollywood, CA. Sedlik is informed and believes, and thereupon alleges, that KVD, Inc. is 100% owned and operated by defendant Kat Von D, who is also its CEO, Secretary and CFO. Sedlik is informed and believes and thereupon alleges that KVD, Inc. operates as a tattoo company owned and operated by Kat Von D.

23. Defendant High Voltage Tattoo, Inc. is a California corporation with its headquarters and principal place of business in West Hollywood, CA. High Voltage Tattoo is branded on its webpage as "Kat Von D's High Voltage Tattoo" and defendant Kat Von D is prominently featured as the marquee tattoo artist for the company. On information and belief, Kat Von D regularly performs and has regularly performed tattoo services for and at High Voltage Tattoo's location, including the tattoo that is the subject of this complaint.

24. Upon information and belief, Kat Von D is the sole owner or the controlling and/or majority owner of High Voltage Tattoo.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - PAGE 5

25. High Voltage Tattoo is very active on social media, with more than 937,000 followers on Instagram (Username: @highvoltagetat), more than 316,000 followers on Facebook (Username: @HighVoltageTattoo) and more than 250,000 followers on Twitter  (Username: @HighVoltageTat) as of the date of this complaint.

## BACKGROUND FACTS

26. Kat Von D neither requested nor received a license to reproduce, display, distribute and/or make derivative works of, or otherwise use the Iconic Miles Davis Portrait for any purpose.

27. High Voltage Tattoo neither requested nor received a license to reproduce, display, distribute and/or make derivative works of, or otherwise use the Iconic Miles Davis Portrait for any purpose.

28. KVD, Inc. neither requested nor received a license to reproduce, display, distribute and/or make derivative works of, or otherwise use the Iconic Miles Davis Portrait for any purpose.

29.  On information and belief, none of the DOE Defendants ever requested or received a license to reproduce, display, distribute and/or make derivative works of, or otherwise use the Iconic Miles Davis Portrait for any purpose.

30.  In or around March 2017, Kat Von D, while working as an employee and owner of defendant High Voltage Tattoo and/or KVD, Inc., and in concert with KVD, Inc., High Voltage Tattoo, and /or one or more DOE Defendants, unlawfully reproduced the Iconic Miles Davis Portrait by making multiple unauthorized reproductions and derivative works, ultimately fixed in the form of a tattoo on the arm of an individual.

31. In addition to the above unlawful conduct, Defendants Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants made further unauthorized reproductions and derivatives of the Iconic Miles Davis Portrait and displayed and distributed these unlawful and unauthorized reproductions and derivatives on the internet, throughout the world, for a commercial purpose – to promote and solicit the sale of goods and services of Kat Von D and her

various commercial brands and services and the businesses of KVD, Inc. and High Voltage Tattoo.

32. Specifically, on or about March 18, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the following image on Kat Von D's Instagram page:



See https://www.instagram.com/p/BRzNjo2AfDK/ (screenshot of active webpage taken January 29, 2021).

33. The above March 18, 2017 image ("March 18, 2017 KVD Instagram Post") depicts defendant Kat Von D in the midst of making an unauthorized and unlicensed derivative reproduction of the Iconic Miles Davis Portrait in the form of a tattoo while directly referencing a second unauthorized and unlicensed reproduction of Sedlik's Iconic Miles Davis Portrait, clearly visible in the center of Kat Von D's March 18, 2017 KVD Instagram Post.

34. Plaintiff is informed and believes, and thereupon alleges, that the March 18, 2017 KVD Instagram Post depicts Kat Von D attempting to precisely replicate every aspect of the Iconic Miles Davis Portrait in the form of a tattoo.

35. Kat Von D captioned the March 18, 2017 KVD Instagram Post: "Can't believe this is the first time I've gotten to tattoo a portrait of #MilesDavis! [thank you, Blake for letting me tattoo you!] 🖤". The caption also "tags" defendant High Voltage Tattoo with its Instagram username @highvoltageat for the purpose of promoting and soliciting sales of products and services offered by High Voltage Tattoo.

36. As of the date of the preparation of this complaint, the March 18, 2017 KVD Instagram Post, prominently featuring Sedlik's Iconic Miles Davis Portrait, has 89,186 "likes" on Instagram.

37. On or about March 18, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the same image shown above on Kat Von D's Facebook page with the same caption as described above and also "tagging" High Voltage Tattoo. ("March 18, 2017 KVD Facebook Post"). As of the date of this complaint, the March 18, 2017 KVD Facebook Post has at least 28,000 "likes," 311 comments and 543 shares to other Facebook pages. See:
https://www.facebook.com/katvond/photos/a.10150126087930454/10158540791755454/.

38. On or about March 18, 2017, a user identified as "KATVONDUNLIMITED," which Sedlik is informed and believes, and thereupon alleges is Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants, published the same image shown above on a Tumblr site labeled "KVD Unlimited" with the same caption as described above and also "tagging" High Voltage Tattoo. ("March 18, 2017 KVD Tumblr Post"). See:
https://katvondunlimited.tumblr.com/page/60.

39. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the same image shown above on other social media and commercial platforms in addition to those described above.

40. On or about March 18, 2017, a user identified as "Kat Von D Unlimited," which Sedlik is informed and believes, and thereupon alleges is Kat Von D, KVD, Inc., High Voltage Tattoo

and/or one or more DOE Defendants, posted a nine second video clip to YouTube titled "Nietzsche at High Voltage Tattoo" ("March 18, 2017 KVD YouTube Video").

41. Plaintiff is informed and believes, and thereupon alleges, that the March 18, 2017 KVD YouTube Video depicts defendant Kat Von D, with her cat "Nietzsche," working as an owner and employee at High Voltage Tattoo and/KVD, Inc. using a light table to unlawfully reproduce the Iconic Miles Davis Portrait by laying tracing paper over an unauthorized copy of the Iconic Miles Davis Portrait and by tracing every detail of the Iconic Miles Davis Portrait in pencil, thereby transferring the Iconic Miles Davis Portrait onto the tracing paper, in an effort to create a precise duplicate of the Iconic Miles Davis Portrait as an intermediate step in connection with her ultimate unauthorized reproduction of the Iconic Miles Davis Image in the form of a tattoo, on or about that same day.

42. The caption for the video provided by "Kat Von D Unlimited" states: "It's take kitten to work day!! Little Nietzsche loves to watch mama @thekatvond work. #hvt #milesdavis #portraittattoos [March 17th, 2017]".

///

///

///

COMPLAINT FOR COPYRIGHT INFRINGEMENT - PAGE 9

43. A screen capture of a frame from the March 18, 2017 KVD YouTube Video is pasted below:



See https://www.youtube.com/watch?v=MtGIvt_RWp0 (screenshot of active webpage taken January 29, 2021).

44. As of the date of the preparation of this complaint, the March 18, 2017 KVD YouTube Video has 416 views.

45. On or about March 18, 2017, a user identified as "KATVONDUNLIMITED," which Sedlik is informed and believes, and thereupon alleges is Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants, published the same video described above on a Tumblr site branded as "KVD Unlimited" with the same caption as described above and also "tagging" High Voltage Tattoo. ("March 18, 2017 KVD Tumblr Video Post"). See: https://katvondunlimited.tumblr.com/page/60.

46. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the

same video shown above on other social media and commercial platforms in addition to those described herein.

47. On or about May 16, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the following image on Kat Von D's Instagram page:



See https://www.instagram.com/p/BUKWY9nAMdg/ (screenshot of active webpage taken January 29, 2021).

48. Plaintiff is informed and believes, and thereupon alleges, that the May 16, 2017 image ("May 16, 2017 KVD Progress Instagram Post") depicts a "progress" photograph of defendant Kat Von D making an unauthorized and unlicensed reproduction of the Iconic Miles Davis Portrait in the form of a tattoo.

49. Kat Von D captioned the May 17, 2017 KVD Progress Instagram Post: "Messy progress shot of the Miles Davis portrait I tattooed at @highvoltagetat on @van106". The image contains a "tag" of defendant High Voltage Tattoo with its username @highvoltagetat, for the purpose of promoting and soliciting sales of products and services offered by High Voltage Tattoo, and Kat Von D indicates her location as "High Voltage Tattoo."

50. As of the date of the preparation of this complaint, the May 17, 2017 KVD Progress Instagram Post has 13,166 "likes" on Instagram.

51. On or about May 17, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the same image shown above on Kat Von D's Facebook page with the same caption as described above and also "tagging" High Voltage Tattoo. ("May 17, 2017 KVD Facebook Post"). As of the date of this complaint, the May 17, 2017 KVD Facebook Post has at least 639 "likes," 4 comments and 5 shares to other Facebook pages. See: https://www.facebook.com/katvond/photos/messy-progress-shot-of-the-miles-davis-portrait-i-tattooed-at-highvoltagetat-on-/10158844122570454/.

52. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the same image shown above on other social media platforms in addition to those described herein.

///

///

///

COMPLAINT FOR COPYRIGHT INFRINGEMENT - PAGE 12

53. On or about May 16, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the following image on Kat Von D's Instagram page:



See https://www.instagram.com/p/BUKXfZxAC_Y/ (screenshot of active webpage taken January 29, 2021).

54. Plaintiff is informed and believes, and thereupon alleges, that the May 16, 2017 image ("May 16, 2017 KVD Final Instagram Post") depicts a nearly exact duplication of the Iconic Miles Davis Portrait as a derivative work reproduced by defendant Kat Von D in the form of a tattoo.

55. Kat Von D captioned the May 17, 2017 KVD Final Instagram Post: "Final #MilesDavis portrait I tattooed at @highvoltagetat 🖤". The image contains a "tag" of defendant High Voltage Tattoo with its username @highvoltagetat for the purpose of promoting and soliciting sales of products and services offered by High Voltage Tattoo.

56. As of the date of the preparation of this complaint, the May 17, 2017 KVD Final Instagram Post has 20,101 "likes" on Instagram.

57. On or about May 16, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the same image shown above on Kat Von D's Facebook page with the same caption as described above and also "tagging" High Voltage Tattoo. ("May 16, 2017 KVD Facebook Post"). As of the date of this complaint, the May 16, 2017 KVD Facebook Post has at least 2,700 "likes," 52 comments and 68 shares to other Facebook pages. See: https://www.facebook.com/katvond/photos/a.10158818865625454.1073741843.237437860453/10158844152300454/

58. On or about May 16, 2017, Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants published the same image shown above on Kat Von D's Twitter page with the same caption as described above and also "tagging" High Voltage Tattoo. ("May 16, 2017 KVD Twitter Post"). As of the date of this complaint, the May 16, 2017 KVD Twitter Post has at least 442 "likes," 52 "retweets" and 7 quote tweets. See: https://twitter.com/thekatvond/status/864536718942257152.

59. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the same image shown above on other social media platforms in addition to those described herein.

/// 

///

///

60. On or about March 17, 2017, defendant High Voltage Tattoo, Kat Von D, KVD, Inc. and/or one or more DOE Defendants published the following image on High Voltage Tattoo's Instagram page:



See https://www.instagram.com/p/BRwv9pYFGD2/ (screenshot of active webpage taken January 29, 2021).

61. The above March 17, 2017 image ("March 17, 2017 HVT Instagram Post") depicts defendant Kat Von D in the midst of making an unauthorized and unlicensed derivative reproduction of the Iconic Miles Davis Portrait through a tattoo while directly referencing a second unauthorized and unlicensed reproduction of the Iconic Miles Davis Portrait, clearly visible in the center of the March 17, 2017 HVT Instagram Post.

62. High Voltage Tattoo captioned the March 17, 2017 HVT Instagram Post: "Shhhhhhhh! Don't tell anyone but this is actually @thekatvond's 1st time doing a portrait of the incomparable #MilesDavis. So far go [sic] good, huh?? What musician would you get?"

63. As of the date of the preparation of this complaint, the March 17, 2017 HVT Instagram Post has 11,641 "likes" on Instagram.

64. On or about March 17, 2017, High Voltage Tattoo, Kat Von D, KVD, Inc. and/or one or more DOE Defendants published the same image shown above on High Voltage Tattoo's Facebook page with the same caption as described above and also "tagging" High Voltage Tattoo. ("March 17, 2017 HVT Facebook Post"). As of the date of this complaint, the March 17, 2017 HVT Facebook Post has more than 1,100 "likes," 77 comments and 22 shares to other Facebook pages. See:

https://www.facebook.com/HighVoltageTattoo/photos/a.10150443275859516/10155150021889516/.

65. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the same image shown above on other social media and commercial platforms in addition to those described herein.

///

///

///

66. On or about April 15, 2017, defendant High Voltage Tattoo, Kat Von D, KVD, Inc. and/or one or more DOE Defendants published the following image on High Voltage Tattoo's Instagram page:



See https://www.instagram.com/p/BS7V4oElXhC/ (screenshot of active webpage taken January 29, 2021).

67. Sedlik is informed and believes, and thereupon alleges, that the April 15, 2017 image ("April 15, 2017 HVT Instagram Post") depicts the ¨final product¨ of defendant Kat Von D's unauthorized and unlicensed reproduction and derivate work of the Iconic Miles Davis Portrait in the form of a tattoo. The April 15, 2017 HVT Instagram Post depicts a nearly exact duplication of the Iconic Miles Davis Portrait as reproduced by defendant Kat Von D.

68. High Voltage Tattoo captioned the April 15, 2017 HVT Instagram Post: "It still amazes us that @thekatvond can make a face as majestic & deep as this emerge from the flesh!!!

#milesdavis #bitchesbrew #jazz #blackandgreytattoo" and the location is indicated as "High Voltage Tattoo."

69. As of the date of the preparation of this complaint, the April 15, 2017 HVT Instagram Post has 3,128 "likes" on Instagram.

70. On or about April 15, 2017, High Voltage Tattoo, Kat Von D, KVD, Inc. and/or one or more DOE Defendants published the same image shown above on High Voltage Tattoo's Facebook page with the same caption as described above. ("April 15, 2017 HVT Facebook Post"). As of the date of this complaint, the April 15, 2017 HVT Facebook Post has more than 282 "likes," 10 comments and 5 shares to other Facebook pages. See: https://www.facebook.com/HighVoltageTattoo/photos/a.10150443275859516/10155243572434 516/.

71. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the same image shown above on other social media and commercial platforms in addition to those described herein.

///

///

///

72.   One year later, on or about April 26, 2018, defendant High Voltage Tattoo, Kat Von D, KVD, Inc. and/or one or more DOE Defendants published the following image on High Voltage Tattoo's Instagram page:



See https://www.instagram.com/p/BiCyc5slRUu/ (screenshot of active webpage taken January 29, 2021).

73. Sedlik is informed and believes, and thereupon alleges, that the April 26, 2018 image ("April 26, 2018 HVT Instagram Post") depicts the ¨final product¨ of defendant Kat Von D's unauthorized and unlicensed reproduction and derivative of the Iconic Miles Davis Portrait in the form of a tattoo. The April 26, 2018 HVT Instagram Post depicts a nearly exact unauthorized derivative of the Iconic Miles Davis Portrait as reproduced by defendant Kat Von D in the form of a tattoo.

74. High Voltage Tattoo captioned the April 26, 2018 HVT Instagram Post, somewhat ironically, with an apparent quotation from Miles Davis praising the creation of original works of

art: ""When you're creating your own shit, man, even the sky ain't the limit." -Miles Davis [tattoo by @thekatvond]". HVT "tags" Kat Von D's Instagram username for the purpose of promoting and soliciting sales of products and services offered by Kat Von D, KVD, Inc. and High Voltage Tattoo.

75. As of the date of the preparation of this complaint, the April 26, 2018 HVT Instagram Post has 1,906 "likes" on Instagram.

76. Sedlik is informed and believes, and thereupon alleges, that Kat Von D, KVD, Inc., High Voltage Tattoo and/or one or more DOE Defendants reproduced, published and distributed the same image shown above on other social media and commercial platforms in addition to those described herein.

77. Defendants reproduced, displayed, distributed and/or made derivative works of Sedlik's copyrighted image in connection with Defendants' businesses for purposes of advertising and promoting Defendants' businesses, and in the course and scope of advertising and selling products and services, and generating profits for themselves and their related businesses.

78. Defendants, and each of them, induced, enabled, facilitated and approved the reproduction, distribution, and display of unauthorized reproductions and derivatives of the Iconic Miles Davis Portrait. Sedlik is informed and believes, and thereupon alleges, that these unauthorized reproductions and derivatives appeared on internet websites and in print publications around the world in editorial and advertorial articles promoting the sale of Defendants' products and services and promotion Defendant's commercial brands.

79. None of Defendants' unauthorized reproductions of Sedlik's Iconic Miles Davis Portrait included the copyright management information that is included with authorized, licensed reproductions of the Iconic Miles Davis Portrait.

80. Sedlik never gave Defendant Kat Von D, Defendant KVD, Inc., Defendant High Voltage Tattoo, or any of the DOE Defendants permission, authority or a license to reproduce, display, distribute and/or make derivative works of the Iconic Miles Davis Portrait.

81. Sedlik never gave Defendant Kat Von D, Defendant KVD, Inc., Defendant High Voltage Tattoo, or any of the DOE Defendants permission to remove Sedlik's copyright management information from the Iconic Miles Davis Portrait.

82. Sedlik alleges upon information and belief that that Defendants knowingly removed, altered and falsified copyright management information relating to the Iconic Miles Davis Portrait with the intent to induce, enable, facilitate, or conceal infringement.

83. Sedlik did not discover, and with due diligence could not have discovered, Defendants' actions as described herein until on or about, but no earlier than, February 10, 2018.

84. In or about December 2020, Sedlik attempted to contact Kat Von D, KVD, Inc. and High Voltage Tattoo (through their registered agents for service of process) to resolve this matter without the necessity of bringing this complaint, but received no response from Kat Von D, KVD, Inc., High Voltage Tattoo or their respective representatives.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – As to All Defendants)

85. Sedlik repeats, re-alleges and incorporates by reference paragraphs 1 through 84, inclusive, as if set forth in full herein.

86. Sedlik owns a valid copyright in the Iconic Miles Davis Portrait.

87. Sedlik registered his copyright in the Iconic Miles Davis Portrait with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

88. Defendants, and each of them, unlawfully reproduced, displayed, distributed and/or made derivative works from the Iconic Miles Davis Portrait without Sedlik's authorization in violation of 17 U.S.C. § 501, et. seq.

89. Defendants and each of them, infringed Sedlik's copyright in the Iconic Miles Davis Portrait by creating infringing derivative works from the Iconic Miles Davis Portrait, to wit, reproducing the Iconic Miles Davis Portrait in the form of a tattoo, as well as other unauthorized reproductions.

90. Defendants, and each of them, also infringed Sedlik's copyrights in the Iconic Miles Davis Portrait by creating infringing derivative works from the Iconic Miles Davis Portrait and publishing same to the public, to wit, using, reproducing, displaying, and distributing the Iconic Miles Davis Portrait online and on websites bearing the URLs described above.

91. Defendants performed the acts alleged herein in the course and scope of their business activities.

92. Due to Defendants', and each of their, acts of infringement, Sedlik has suffered general and special damages in an amount to be established at trial.

93. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Sedlik's rights in the Iconic Miles Davis Portrait. As such, Sedlik is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Sedlik's copyright in the Iconic Miles Davis Portrait in an amount to be established at trial.

94. Defendants have committed the acts of copyright infringement, as alleged herein willfully, intentionally and maliciously, which further subjects Defendants, and each of them, to liability for statutory damages under § 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per work and/or a preclusion from asserting certain equitable and other defenses.

95. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Sedlik great and irreparable injury that cannot fully be compensated or measured in money. Sedlik has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Sedlik is entitled to injunctive relief prohibiting Defendants from further infringing Sedlik's copyright.

96. Sedlik is also entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505 with respect to infringement of his copyright in the Iconic Miles Davis Portrait.

## SECOND CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement – As to All Defendants)

97. Sedlik repeats, re-alleges and incorporates by reference paragraphs 1 through 84, inclusive, as if set forth in full herein.

98. Each reproduction and each creation of derivative works of the Iconic Miles Davis Portrait was without the consent, approval or license of Sedlik.

99. Defendants had the right and ability to supervise and control the infringing acts of others who unlawfully reproduced and/or made derivative works of the Iconic Miles Davis Portrait, including but not limited to third-party publications, internet websites, print publications, video hosting websites and other unlawful reproductions and derivative works.

100.    Defendants obtained a direct financial interest in the infringing acts of others because each of these acts promotes the products, services and/or brand of Defendants, resulting in increased revenue and profits for Defendants.

101.    The acts of Defendants constitute vicarious copyright infringement.

102.    Sedlik is informed and believes, and thereupon alleges, that the foregoing acts of vicarious copyright infringement have been willful and intentional, in disregard of and with indifference to Sedlik's rights.

103.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Sedlik's rights in the Iconic Miles Davis Portrait. As such, Sedlik is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Sedlik's copyright in the Iconic Miles Davis Portrait in an amount to be established at trial.

104.    Defendants have committed the acts of copyright infringement, as alleged herein willfully, intentionally and maliciously, which further subjects Defendants, and each of them, to liability for statutory damages under § 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per work and/or a preclusion from asserting certain equitable and other defenses.

105.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Sedlik great and irreparable injury that cannot fully be compensated or measured in money. Sedlik has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Sedlik is entitled to injunctive relief prohibiting Defendants from further infringing Sedlik's copyright.

106.     Sedlik is also entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505 with respect to infringement of his copyright in the Iconic Miles Davis Portrait.

## THIRD CLAIM FOR RELIEF

### (For Contributory Copyright Infringement – As to All Defendants)

107.     Sedlik repeats, re-alleges and incorporates by reference paragraphs 1 through 84, inclusive, as if set forth in full herein.

108.     Each reproduction and each creation of derivative works of the Iconic Miles Davis Portrait was without the consent, approval or license of Sedlik.

109.     Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to, actively encouraged and participated in the infringing reproduction, creation of derivative works, public display and distribution of the Iconic Miles Davis Portrait by others. Specifically, Defendants reproduced and published the Iconic Miles Davis Portrait on the internet with the intention of others displaying publicly and distributing to the public the Iconic Miles Davis Portrait.

110.     Furthermore, Defendants (either directly or through their agents) distributed the Iconic Miles Davis Portrait to others to create their own derivative works, including creating advertising, marketing and promotional materials. Defendants knew or should have known that by distributing and making available to others the Iconic Miles Davis Portrait, others would reproduce and distribute the Iconic Miles Davis Portrait and derivative works thereof, thereby materially contributing to such infringement.

111.     Defendants' actions constitute contributory copyright infringement.

COMPLAINT FOR COPYRIGHT INFRINGEMENT - PAGE 24

112.     Defendants benefitted from their contributory infringement of the Iconic Miles Davis Portrait in the form of product sales, brand promotion, and corporate goodwill. As a result of Defendants' contributory infringement, Sedlik has suffered monetary damages as well as damages to his goodwill and reputation.

113.     Sedlik is informed and believes that the foregoing acts of contributory infringement have been willful and intentional, in disregard of and with indifference to his rights.

114.     Pursuant to 17 U.S.C. § 504(b), Sedlik is entitled to his actual damages, including Defendants' and others' profits from infringement in connection with the Iconic Miles Davis Portrait, in an amount to be proven at trial.

115.     Alternatively, at Sedlik's election pursuant to 17 U.S.C. § 504(c) Sedlik is entitled to recover up to $150,000 in statutory damages per work and/or a preclusion from asserting certain equitable and other defenses.

116.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Sedlik great and irreparable injury that cannot fully be compensated or measured in money. Sedlik has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Sedlik is entitled to injunctive relief prohibiting Defendants from further infringing Sedlik's copyrights.

117.     Sedlik is also entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505 with respect to infringement of his copyright in the Iconic Miles Davis Portrait.

### <u>FOURTH CLAIM FOR RELIEF</u>

### <u>(For Violation of 17 U.S.C. § 1202 – As to All Defendants)</u>

118.     Sedlik repeats, re-alleges and incorporates by reference paragraphs 1 through 84, inclusive, as if set forth in full herein.

119.     The Iconic Miles Davis Portrait was routinely published with attribution, credit, and other copyright management information identifying Sedlik as the author.

120.     Sedlik alleges on information and belief that Defendants, and each of them, knowingly removed, altered and falsified copyright management information with the intent to

induce, enable, facilitate, or conceal infringement before reproducing, displaying, distributing, making derivative works of, and/or publishing the Iconic Miles Davis Portrait.

121.     Sedlik alleges on information and belief that Defendants, and each of them, reproduced, displayed, distributed, made derivative works of, and/or published the Iconic Miles Davis Portrait via websites bearing the URL(s) depicted herein, under its/their own name, and removing Sedlik's copyright management information, including without limitation his name, copyright notice, contact information and/or other metadata.

122.     When Defendants reproduced, displayed, distributed, made derivative works of, and/or published the Iconic Miles Davis Portrait, they knowingly provided and/or distributed false copyright management information with the intent to induce, enable, facilitate, or conceal infringement in violation of 17 U.S.C. § 1202(a).

123.     As a result of the foregoing, Sedlik has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203 of a minimum of $2,500 and maximum of $25,000 per violation (each instance of use, reproduction, distribution and/or display).

124.     Sedlik is also entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 1203 with respect to the Defendants' removal of his copyright management information relating to the Iconic Miles Davis Portrait.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Jeffery B. Sedlik prays for judgment as follows against all Defendants, and each of them, with respect to each Claim for Relief:

A. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Sedlik's copyrights in the Iconic Miles Davis Portrait, including without limitation an order requiring Defendants, and each of them to remove any content incorporating, in whole or in part, the Iconic Miles Davis Portrait from any print, web, or other publication owned, operated, or controlled by any

Defendant as well as all social media or other online accounts under the control of Defendants;

B. That Sedlik be awarded his actual damages incurred as a result of Defendants' unlawful conduct;

C. That Sedlik be awarded all profits of Defendants, and each of them, plus all losses of Sedlik, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial;

D. That Sedlik be awarded statutory damages available under 17 U.S.C. § 504 and other applicable law, including enhanced damages, to the extent available;

E. That Sedlik be awarded all damages available under 17 U.S.C. § 1203 and other applicable law;

F. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Sedlik's intellectual property rights;

G. That Sedlik be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

H. That Sedlik be awarded his costs of suit;

I. That Sedlik be awarded pre-judgment and post-judgment interest as allowed by law; and

J. That Sedlik be awarded further legal and equitable relief as deemed proper.

Sedlik demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 7, 2021

Respectfully submitted,
SEDLIKGROUP, P.C.


By: _____
Gary S. Sedlik, Esq.
Attorneys for Plaintiff Jeffrey B. Sedlik

## DEMAND FOR JURY TRIAL

Plaintiff Jeffrey B. Sedlik demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: February 7, 2021

Respectfully submitted,
SEDLIKGROUP, P.C.


By:_____
Gary S. Sedlik, Esq.
Attorneys for Plaintiff Jeffrey B. Sedlik

**EXHIBIT A**
**(COPYRIGHT REGISTRATION)**

**CERTIFICATE OF REGISTRATION**





**FORM VA**
UNITED STATES COPYRIGHT OFFICE

REGISTR

**VA 645-610**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

**UNITED STATES COPYRIGHT OFFICE**
**THE LIBRARY OF CONGRESS**
OFFICIAL SEAL

EFFECTIVE DATE OF REGISTRATION

*July 6 1994*
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

MILES DAVIS PHOTOS

**NATURE OF THIS WORK ▼** See instructions

Photographs

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

JAZZIZ

| If published in a periodical or serial give: Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼ |
|---|---|---|---|
| 6 | 5 | Aug/Sept 1989 | Cover, 5, 44, 46 & 48 |

## 2

**a**

**NAME OF AUTHOR ▼**

JEFF SEDLIK

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1962   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Entire photographs and negatives

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

## 3

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1989 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ July Day ▶ 28 Year ▶ 1989
U.S.A. ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼

JEFF SEDLIK
940 E. Second St., Studio 8
Los Angeles, California 90012

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

See instructions before completing this space

APPLICATION RECEIVED
JUL 06 1994
ONE DEPOSIT RECEIVED
JUL 06 1994
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

FORM VA

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.▼

**6**

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                                          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Stephen A. Spataro, Esq.
Spataro & Associates
100 Wilshire Bl., Suite 200
Santa Monica, CA 90401-1113
Area Code & Telephone Number ▶ (310) 917-4557

Be sure to
give your
daytime phone
◀ number.

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of ___ JEFF SEDLIK
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
STEPHEN A. SPATARO                                      date ▶ 7/1/94

Handwritten signature (X) ▼

**MAIL
CERTIFI-
CATE TO**

Name ▼
Stephen A. Spataro, Esq.
Number/Street/Apartment Number ▼
100 Wilshire Bl., Suite 200
City/State/ZIP ▼
Santa Monica, California 90401-1113

**Certificate
will be
mailed in
window
envelope**

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

\* 17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

December 1990—135,000                                      ☆U.S. GOVERNMENT PRINTING OFFICE: 1990—282-170/20,007