# DECLARATION OF ALLEN B. GRODSKY

I, Allen B. Grodsky, state and declare as follows:

1. I am a partner at Grodsky, Olecki & Puritsky LLP, and am counsel of record for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc. (together, "Defendants") in this action.

2. I have personal knowledge of the matters stated herein, except where stated based on information and belief. If called as a witness, I would and could testify competently thereto.

## Plaintiff's Failure to Produce the Single Claimed License for Tattoo Use

3. Plaintiff produced nearly 8,000 pages of documents in this case, bearing Bates numbers JSP000001 through JSP007928.

4. I personally conducted the review of these documents, and identified and noted documents that were important for the litigation.

5. Among all of the documents I reviewed, I did not see any document constituting or even referring to a license by Plaintiff to use his "Silence" Photograph as a reference source for a tattoo.

6. My review of Plaintiff's document production was thorough. If Plaintiff had included such a license within his document production, I expect that I would have seen it.

## Plaintiff's Failure to Request Information Concerning Defendants' Revenues

7. I am familiar with the written discovery and documents produced by both Plaintiff and Defendants in this action.

8. Plaintiff's written discovery never requested information concerning any of Defendants' gross revenues.

9. For example, attached hereto as **Exhibit 31** is a true and correct copy of Plaintiff's Requests for Production of Documents to Defendant Katherine Von Drachenberg. Plaintiff propounded virtually identical sets of document requests to the other two entity defendants. While this set includes 57 distinct document requests, none of them asks for any information concerning Defendants' gross revenues or profits.

10. In any event, Defendants did not produce any information in discovery concerning their gross revenues or profits.

### Plaintiff's "Rebuttal Expert Report"

11. This Court set January 25, 2022 as the deadline for the parties to serve initial expert disclosures. On that date, Defendants served their initial expert disclosures and the written reports of our three expert witnesses (Dr. Anna Felicity Friedman, Prof. David C. Lane, and Catherine Montie).

12. Plaintiff did not serve any initial expert disclosures.

13. This Court set February 8, 2022 as the deadline for the parties to serve any rebuttal expert disclosures.

14. On February 8, 2022, Plaintiff served a rebuttal expert disclosure identifying himself, Jeffrey B. Sedlik, as his own rebuttal expert witness.

15. Plaintiff's rebuttal expert disclosures were accompanied by a written "Rebuttal Expert Report of Professor Jeffrey Sedlik," which Plaintiff also designated "Confidential."

16. I read Plaintiff's "Rebuttal Expert Report" in detail.

17. Plaintiff's "Rebuttal Expert Report" did not discuss any decrease in market value of the "Silence" Photograph. Nor did it say anything about the fair market value of a license to use the "Silence" Photograph as a tattoo.

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.  Executed on March 16, 2022, at Los
3  Angeles, California.

                                                      /s/ Allen B. Grodsky
                                                         Allen B. Grodsky