Gary S. Sedlik, Esq. (CA Bar No. 181192)
SEDLIKGROUP, P.C.
124 ½ Marine Ave.
P.O. Box 3238
Manhattan Beach, CA 90266
Phone: (310) 439-9986 | Fax: (844) 320-8044
Email: gary@sedlikgroup.com

Attorneys for Plaintiff Jeffrey B. Sedlik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D, INC., a California Corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 – 10, inclusive,<br><br>        Defendants | CASE NO. 2:21-cv-01102-DSF-MRWx<br><br>PLAINTIFF JEFFREY B. SEDLIK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS<br><br>Action filed: February 7, 2021<br><br>Trial Date: July 26, 2022 |

**PROPOUNDING PARTY**: PLAINTIFF JEFFREY B. SEDLIK

**RESPONDING PARTY**: KATHERINE VON DRACHENBERG

**SET NO**: ONE

### PRELIMINARY STATEMENT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey B. Sedlik ("Sedlik" or "PLAINTIFF") hereby demands that Defendant KATHERINE VON DRACHENBERG ("YOU") responds to the following set of

Exhibit 31

requests for production of documents, and produce the responsive documents, files and things within thirty (30) days of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "DOCUMENT," in the singular or plural, shall mean and refer to, without limitation, all writings of every kind, correspondence, letters, telegrams, facsimiles, memoranda, reports, studies, calendar and diary entries, maps, pamphlets, notes, charts, tabulations, analyses, statistical information accumulations, summaries or reports of investigations, opinions or reports of consultants, audits and associated work papers, product specifications, sales literature of any nature, invoices, purchase orders, brochures, catalogs, advertisements, circulars, or trade letters, press releases, trade releases, publicity releases, marginal notes, drafts, any kind of records of meetings and conversations, videotapes, film impressions, magnetic sound or mechanical reproductions, e-mails, all stored compilations of information of any kind which may be retrievable, and copies of documents that are not identical to the originals (e.g., because handwritten "blind" notes appear thereon or attached thereto) whether or not the originals are in your possession, custody, or control. The term "DOCUMENT" shall expressly encompass electronic mail, text messages, instant messages, direct messages, and every other type of electronic or digital COMMUNICATION.

2. The term "COMMUNICATION," in the singular or plural, shall mean any oral or written communication including, without limitation, emails, facsimiles, text messages, and notes recording oral and/or written communications.

3. The term "PHOTOGRAPH" shall mean and refer to Mr. Sedlik's Iconic Miles Davis Portrait described in Paragraph 15 of the Complaint.

4. The terms "TATTOO" shall mean and refer to the tattoo of Miles Davis described in paragraph 53 of the Complaint.

Exhibit 31

5. The term "KATHERINE VON DRACHENBERG" shall mean and refer to defendant Katherine Von Drachenberg and any company owned or controlled by Katherine Von Drachenberg.

6. The terms "YOU" and "YOUR" shall mean and refer to KATHERINE VON DRACHENBERG and shall include her agents, employees, and any person acting on her behalf.

7. The term "SOCIAL MEDIA" shall mean and refer to websites and applications that enable users to create and share content or to participate in social networking, including but not limited to Facebook, Instagram, Twitter, Tubmlr, YouTube, Vimeo and other similar websites and applications.

8. These requests require you to produce DOCUMENTS and COMMUNICATIONS that are within your possession, custody, or control, including such that are in the possession of your directors, officers, shareholders, employees, agents, and attorneys.

9. To the extent you claim any privilege as a reason for withholding any DOCUMENTS or COMMUNICATIONS, an appropriate privilege log, sufficient for the Court to assess any claim of privilege, should be produced at the time of service of your responses.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS relating to the creation of the TATTOO, including but not limited to sketches, photographs, tracings, drafts, notes, videos, electronic files, computer images and scans.

2. All DOCUMENTS evidencing, reflecting or referring to the PHOTOGRAPH, including sketches, photographs, tracings, stencils, photocopies, drafts, notes, videos, electronic files, computer images and scans.

Exhibit 31

3. All DOCUMENTS evidencing, reflecting or referring to YOUR tracing, copying or otherwise reproducing the PHOTOGRAPH in connection with the creation of the TATTOO.

4. All DOCUMENTS evidencing, reflecting or referring to how YOU obtained a reproduction of the PHOTOGRAPH in connection with the creation of the TATTOO, including but not limited to the reproduction(s) shown in the images reproduced in paragraphs 32, 43 and 60 of the Complaint.

5. The entire, unedited, unaltered video, including audio, depicted (through a still screen capture) in paragraph 43 and/or paragraph 45 of the Complaint.

6. All videos depicting all or part of the TATTOO.

7. All videos depicting YOU drawing, tracing, or otherwise in the process of creating the TATTOO.

8. All photographs depicting YOU drawing, tracing, or otherwise in the process of creating the TATTOO.

9. All photographs depicting all or part of the TATTOO.

10. All DOCUMENTS evidencing, reflecting or referring to YOUR SOCIAL MEDIA posts relating to the TATTOO.

11. All DOCUMENTS evidencing, reflecting or referring to YOUR SOCIAL MEDIA posts that display all or part of the TATTOO.

12. All DOCUMENTS evidencing, reflecting or referring to YOUR SOCIAL MEDIA posts that display all or part of the PHOTOGRAPH.

13. All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between YOU and any person or company relating to the TATTOO.

14. All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between YOU and any person or company relating to the PHOTOGRAPH.

Exhibit 31

15. All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between YOU and Blake Farmer relating to the TATTOO.

16. All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between YOU and Blake Farmer relating to the PHOTOGRAPH.

17. All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between YOU and Blake Farmer relating to PLAINTIFF.

18. All DOCUMENTS evidencing, reflecting or referring to any reproductions or copies of the PHOTOGRAPH YOU used in connection with the TATTOO.

19. All DOCUMENTS evidencing, reflecting or referring to the publication or distribution of images or videos of the TATTOO on SOCIAL MEDIA, including but not limited to Instagram, Facebook, Twitter, Tumblr and any other SOCIAL MEDIA websites.

20. All DOCUMENTS evidencing, reflecting or referring to the publication of videos of the TATTOO on YouTube, Vimeo or any other internet video websites or services.

21. All DOCUMENTS evidencing, reflecting or referring to any monetary payment, in-kind consideration or other compensation YOU have received relating to YOUR publication of the TATTOO on SOCIAL MEDIA.

22. All DOCUMENTS evidencing, reflecting or referring to the use or other appearance of the TATTOO in any newspaper, magazine, blog, advertisement or marketing or sales materials.

23. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts to determine whether the PHOTOGRAPH was copyrighted or otherwise protected by copyright law.

24. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts to determine the author or copyright owner of the PHOTOGRAPH.

Exhibit 31

25. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to obtain permission or a license from PLAINTIFF or any other person or organization to use the PHOTOGRAPH in connection with the TATTOO.

26. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to obtain permission or a license from PLAINTIFF or any other person or organization to reproduce, display, distribute and/or make derivative works of, or otherwise use the PHOTOGRAPH for any purpose.

27. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to communicate with PLAINTIFF in any way relating to the PHOTOGRAPH.

28. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to communicate with PLAINTIFF in any way relating to the TATTOO, whether before or after creation of the TATTOO.

29. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to obtain permission from the estate of Miles Davis to depict the likeness of Miles Davis in connection with the TATTOO.

30. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to obtain permission from the estate of Miles Davis to reproduce, display, distribute and/or make derivative works of, or otherwise use the PHOTOGRAPH for any purpose.

31. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts, if any, to communicate with the estate of Miles Davis in any way relating to the TATTOO, whether before or after creation of the TATTOO.

32. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the use of images or other artwork (including photographs) created by third parties in connection with the creation of tattoos, including any releases that YOU require that YOUR customers execute in connection with TATTOOS.

Exhibit 31

33. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the creation of tattoos based on images or other artwork (including photographs) created by third parties.

34. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the creation of tattoos replicating, copying, reproducing and/or displaying images or other artwork (including photographs) created by third parties.

35. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the use of tracings of images or other artwork (including photographs) created by third parties in connection with the creation of tattoos.

36. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the use of materials protected by copyright in connection with the creation of tattoos.

37. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the use of materials protected by trademark in connection with the creation of tattoos.

38. All DOCUMENTS describing or otherwise showing YOUR policies and procedures relating to the use of artwork (including photographs) provided to YOU by customers in connection with the creation of tattoos.

39. All DOCUMENTS describing or otherwise showing the policies and procedures of the TV show "Miami Ink" relating to the use of artwork (including photographs) created by third parties in connection with the creation of tattoos.

40. All DOCUMENTS describing or otherwise showing the policies and procedures of the TV show "Miami Ink" relating to the use of artwork (including photographs) protected by copyright created by third parties in connection with the creation of tattoos.

Exhibit 31

41. All DOCUMENTS describing or otherwise showing the policies and procedures of the TV show "LA Ink" relating to the use artwork (including photographs) created by third parties in connection with the creation of tattoos.

42. All DOCUMENTS describing or otherwise showing the policies and procedures of the TV show "LA Ink" relating to the use of artwork (including photographs) protected by copyright created by third parties in connection with the creation of tattoos.

43. All DOCUMENTS describing or otherwise showing the policies and procedures of defendant HIGH VOLTAGE TATTOO, INC. relating to the use of artwork protected by copyright in connection with the creation of tattoos, including all versions (and drafts) of such policies and procedures since the creation of HIGH VOLTAGE TATTOO, INC.

44. All DOCUMENTS describing or otherwise showing the policies and procedures of defendant KAT VON D, INC. relating to the use of artwork protected by copyright in connection with the creation of tattoos, including all versions (and drafts) of such policies and procedures since the creation of KAT VON D, INC.

45. All DOCUMENTS evidencing, reflecting or referring to YOUR attempt(s) to obtain permission and/or a license to use, copy, reproduce or display a third party's artwork(s) (including photographs) in a tattoo YOU created.

46. All DOCUMENTS evidencing, reflecting or referring to any complaints or other inquiries YOU have received from third parties relating to the alleged unauthorized use of their artwork(s) (including photographs) in YOUR tattoos.

47. All DOCUMENTS evidencing, reflecting or referring to YOUR attempt(s) to obtain permission and/or a license to use, copy, reproduce or display a third party's artwork(s) (including photographs) in a tattoo YOU created.

Exhibit 31

48. All DOCUMENTS evidencing, reflecting or referring to any licenses, agreements, settlement agreements and/or other DOCUMENTS granting YOU permission (before or after the alleged usage) to use, copy, reproduce, display or create a derivative work from a third party's artwork(s) (including photographs) in a tattoo YOU created.

49. All DOCUMENTS evidencing, reflecting or referring to any allegations, complaints or other inquiries YOU have made to others relating to the alleged unauthorized use of YOUR artworks (including tattoos, tattoo designs, illustrations, sketches, drawings, letterforms, logos, photographs, product designs, packaging designs, icons, graphic designs, makeup designs, clothing designs, shoe designs, techniques or procedures) in others' tattoos.

50. All DOCUMENTS evidencing, reflecting or referring to any litigation, mediation and/or arbitration to which YOU have been a party relating to claimed or alleged unauthorized use of photographs or other artwork in tattoos.

51. DOCUMENTS sufficient to identify all registered copyrights held by YOU and all copyright applications filed by YOU or on YOUR behalf.

52. All DOCUMENTS evidencing, reflecting or referring to YOUR attempts to enforce any copyrights, trademarks and/or patents held by YOU, whether through informal demands or formal means such as litigation, arbitration, mediation or in any other manner.

53. DOCUMENTS sufficient to show the relationship between defendant KATHERINE VON DRACHENBERG and HIGH VOLTAGE TATTOO, INC., including legal structure, legal ownership, financial interest and control.

54. DOCUMENTS sufficient to show the relationship between defendant KATHERINE VON DRACHENBERG and KAT VON D, INC., including legal structure, legal ownership, financial interest and control.

Exhibit 31

55. All DOCUMENTS that YOU contend support each of the affirmative defenses set forth in YOUR Answer to PLAINTIFF's Complaint.

56. All DOCUMENTS referred to in Section B ("Documents and Things") in "DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)."

57. All DOCUMENTS evidencing, reflecting or referring to policies of insurance held by YOU relating to the allegations in the Complaint, including any communications between YOU and any insurance company regarding actual or potential insurance coverage relating to the allegations in the Complaint.

Dated: September 29, 2021

                Respectfully submitted,
                SEDLIKGROUP, P.C.

                By: _____
                Gary S. Sedlik, Esq.
                Attorneys for Plaintiff Jeffrey B. Sedlik

Exhibit 31

# **PROOF OF SERVICE**

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is PO Box 3238 Manhattan Beach, CA 90266. On September 29, 2021, I served the foregoing document described as: PLAINTIFF JEFFREY B. SEDLIK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS on the parties in this action by serving:

GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky
John J. Metzidis
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025

(XX) By U.S. Mail: By placing a true copy thereof enclosed in sealed envelope addressed herewith. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Quinta, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
(XX) By Email: On this date a copy of the document was caused to be delivered via email to the addressees so listed.
( ) By Electronic Service: On this date and in accordance with rule 2.251 of the California Rules of Court, the document was delivered via electronic transmission to the email addresses listed.
(X) FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Gary S. Sedlik

Exhibit 31