Gary S. Sedlik, Esq. (CA Bar No. 181192)
SEDLIKGROUP, P.C.
P.O. Box 3238
Manhattan Beach, CA 90266
Phone: (310) 439-9986 | Fax: (844) 320-8044
Email: gary@sedlikgroup.com

Attorneys for Plaintiff Jeffrey B. Sedlik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Honorable Dale S. Fischer, U.S. District Judge<br><br>**DECLARATION OF GARY S. SEDLIK IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**<br><br><u>Hearing</u><br>Date:   April 18, 2022<br>Time:   1:30 p.m.<br>Place:   First Street Courthouse<br>          350 West 1st Street, Crtrm 7D<br>          Los Angeles, California<br><br>Trial:   July 26, 2022 |

# DECLARATION OF GARY S. SEDLIK

I, Gary S. Sedlik, state and declare as follows:

1. I am counsel of record for Plaintiff Jeffrey B. Sedlik in this matter.

2. I have personal knowledge of the matters stated herein, except where stated based on information and belief. If called as a witness, I would and could testify competently thereto.

3. On or about March 28, 2022, I visited the website for defendant High Voltage Tattoo, Inc., located at http://www.highvoltagetattoo.com. Based on my review of the website, the website appears to be fully functional, including links to news, information about the tattooists associated with the tattoo shop, merchandise and contact information. The website also has links to the social media sites for High Voltage Tattoo, including Facebook, Instagram, Twitter and YouTube. All of these links and the associated social media sites are fully operational based on my following of the links provided on the website of High Voltage Tattoo, Inc.'s website.

4. Attached as Exhibit A hereto are true and correct copies of certain pages of the transcript of the deposition of Defendants (Katherine Von Drachenberg, Kat Von D, Inc. and High Voltage Tattoo, Inc.) that was taken by me on or about January 18, 2022. I attended that deposition as counsel for Plaintiff and verify and attest that the attached pages truthfully and accurately reflect Defendants' testimony as they testified during their deposition.

5. Attached hereto as Exhibit B is a true and correct copy of a document produced by Defendants in this litigation in response to Plaintiff's document demands regarding the corporate filings for Defendant Kat Von D, Inc. and Bates labeled KVD000038. This document appears to be a true and correct copy of an official government public record known as a "Statement of Information" filed by Kat Von D, Inc. with the California Secretary of State. This document is stamped as "FILED" on November 17, 2008. In item 15 of this document ("Type of

Business"), in response to the query "Describe the Type of Business of the Corporation," Kat Von D, Inc. identifies itself as being in the business of "Personal Services - Body Art."

6. Attached hereto as Exhibit C is a true and correct copy of a document produced by Defendants in this litigation in response to Plaintiff's document demands regarding the corporate filings for Defendant High Voltage Tattoo, Inc. and Bates labeled KVD000034. This document appears to be a true and correct copy of an official government public record known as a "Statement of Information" filed by High Voltage Tattoo, Inc. with the California Secretary of State. This document is stamped as "FILED" on June 10, 2008. In item 14 of this document ("Type of Business"), in response to the query "Describe the Type of Business of the Corporation," High Voltage Tattoo, Inc. identifies itself as being in the business of "Body Art Services."

7. Attached hereto as Exhibit D is a true and correct copy of a document produced by Defendants in this litigation in response to Plaintiff's document demands regarding the corporate filings for Defendant High Voltage Tattoo, Inc. and Bates labeled KVD000035. This document appears to be a true and correct copy of an official government public record known as a "Statement of Information" filed by High Voltage Tattoo, Inc. with the California Secretary of State. This document is stamped as "FILED" on August 10, 2021. In item 7 of this document ("Type of Business"), in response to the query "Describe the Type of Business or services of the Corporation," High Voltage Tattoo, Inc. identifies itself as being in the business of "Body Art Services."

8. Attached hereto as Exhibit E is a true and correct copy of a document produced by Defendants in this litigation in response to Plaintiff's document demands regarding the corporate filings for Defendant High Voltage Tattoo, Inc. and Bates labeled KVD000039. This document appears to be a true and correct copy of an official government public record known as a "Statement of

1  Information" filed by Kat Von D, Inc. with the California Secretary of State. This
2  document is stamped as "FILED" on August 10, 2021. In item 7 of this document
3  ("Type of Business"), in response to the query "Describe the Type of Business or
4  services of the Corporation," Kat Von D, Inc. identifies itself as being in the
5  business of "Artist/Actress." Other than these documents referenced in this
6  deposition, Defendants produced no other documents relating to the business
7  operations of KVD, Inc. during the times relevant to Plaintiff's claims in this
8  litigation.
9      9. Attached as Exhibit F hereto are true and correct copies of certain pages of
10 the transcript of the deposition of Plaintiff Jeffrey B. Sedlik that was taken by
11 Defendants' counsel on or about January 11, 2022. I attended that deposition as
12 counsel for Plaintiff and verify and attest that the attached pages truthfully and
13 accurately reflect Mr. Sedlik's testimony as he testified during his deposition.
14     10. In written discovery demands served pursuant to Fed R. Civ. P., Rule 34 on
15 Defendants on or about September 29, 2021, Plaintiff requested from each of the
16 three defendants the following documents: "All DOCUMENTS evidencing,
17 reflecting or referring to any monetary payment, in-kind consideration or other
18 compensation YOU have received relating to YOUR publication of the TATTOO
19 on SOCIAL MEDIA." Each of the defendants received the exact same demand and
20 thereafter responded that they had no responsive documents to this request and
21 failed to produce any responsive documents in discovery responsive to these
22 requests. True and correct copies of the relevant pages of Defendants' written
23 responses (also reflecting Plaintiff's written demand) to Plaintiff's Rule 34
24 document demands are attached hereto as Exhibit G.
25     11. In responses to demands for production of documents received by Plaintiff
26 from Defendant in this action, Plaintiff expressly agreed to search for and produce
27 documents reflecting license agreements relating to the Iconic Miles Davis Portrait
28 that were executed within 5 years of Plaintiff's response. I prepared those written

discovery responses, including the express limitation informing Defendants and Defendants' counsel that Plaintiff would be searching for and producing license agreements that were no older than 5 years. The responses were served on Defendants' counsel on July 2, 2021. Although Defendants' counsel requested to meet and confer with me regarding other responses to these discovery demands, Defendants' counsel never raised or objected to the express five-year limitation contained in Plaintiff's response to the request for production relating to license agreements. Defendants' claim in their motion that Plaintiff failed to produce any license agreements that were older than 5 years is therefore disingenuous to the extent it implies that Plaintiff is hiding anything or failed to produce documents as agreed in discovery and not contested by Defendants or Defendants' counsel. True and correct copies of the relevant pages of Plaintiff's written responses (also reflecting Defendants' demand) to Defendants' Rule 34 document demands are attached hereto as Exhibit H.

12. Plaintiff served each of the three defendants with document demands pursuant to Fed. R. Civ. P., Rule 34, on or about September 29, 2021. Among the approximately 57 separate demands served by Plaintiff on each Defendant were the following specific demands:

- All DOCUMENTS relating to the creation of the TATTOO, including but not limited to sketches, photographs, tracings, drafts, notes, videos, electronic files, computer images and scans. (RFP #1)
- All DOCUMENTS evidencing, reflecting or referring to the PHOTOGRAPH, including sketches, photographs, tracings, stencils, photocopies, drafts, notes, videos, electronic files, computer images and scans. (RFP #2)
- All DOCUMENTS evidencing, reflecting or referring to how YOU obtained a reproduction of the PHOTOGRAPH in connection with the creation of the TATTOO, including but not limited to the

reproduction(s) shown in the images reproduced in paragraphs 32, 43 and 60 of the Complaint. (RFP #3)

- All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between YOU and any person or company relating to the PHOTOGRAPH. (RFP# 14)
- All DOCUMENTS evidencing, reflecting or referring to any reproductions or copies of the PHOTOGRAPH YOU used in connection with the TATTOO. (RFP #18)

13. In response to Plaintiff's 57 document demands, including the above-cited demands which clearly seek any and all electronic files relating to the actual photograph used by Defendants in the creation of the tattoo at issue in this case, Plaintiff produced a grand total of 17 documents, including 16 PDFs and one video file depicting Defendants' infringing derivative work. One of these PDFs shows a small snippet of a text exchanged between Defendants and the recipient of the tattoo, Blake Farmer, which appears to include an image file of Mr. Sedlik's Iconic Miles Davis Portrait. True and correct copies of the relevant pages from Defendants' responses to these document demands are attached hereto at Exhibit I.

14. On January 11, 2022, I wrote to Defendants' counsel and demanded the production of the unaltered, native file depicted in the converted PDFs produced by Defendants. Specifically, I stated:

> Among Defendants' production in response to Plaintiff's document demands are several files which have been converted to PDF format from their native or original format. Plaintiff requests that Defendants immediately produce the files in their native, unaltered format (including all metadata and in the exact form in which they are possessed by Defendants) or the originals of the documents as described below. Specifically, Plaintiff requests the production of the following electronic files in their native format: KVD00001 – the full, unaltered, electronic image file of the Iconic Miles Davis Portrait shown in the text message thread depicted in this PDF, including all metadata. Please download the full image to the phone on which it appears and then copy (using a lossless method. i.e., do not text the image or otherwise further alter) to ensure that the entire file in its native form is produced. KVD00002 - the full, unaltered electronic image file of the Iconic Miles Davis Portrait shown in this PDF, including all metadata.

1  Attached hereto as Exhibit J is a true and correct copy of the email I sent to
2  Defendants' counsel.
3   15. Following a telephonic meet and confer, instead of producing the actual
4  native files in Defendants' possession, Defendants' counsel emailed me a single,
5  miniscule 16 kb file in JPG format, representing to me that this file was "the .jpeg
6  image files that my office used to render those into PDFs." Although demanded
7  multiple times, Defendants counsel acknowledged that Defendants were in
8  possession of, but still had not actually produced the original native file, claiming
9  some unexplained difficulty or delay in obtaining these files from Defendants and
10 stating "As far as obtaining the original, native, and 'unaltered' version of this .jpeg
11 file from the smartphone that contains this chain of text messages, we do not
12 believe it will be possible to do this prior to Tuesday's deposition [of Defendants]."
13 Attached as Exhibit K is a true and correct copy of the email I received from
14 Defendants' counsel.
15  16. Having still not received the original files days later, I questioned Defendants
16 during their deposition regarding the native files of the Iconic Miles Davis Portrait
17 used by Defendants, and Defendants' access to such files. Within a few seconds of
18 my mention of the missing files during the deposition, Defendant Von Drachenberg
19 was able to pull up and open a copy of Plaintiff's Iconic Miles Davis Portrait on her
20 personal computer that she described as being "the actual image" that is in the text
21 thread between Defendants and Blake Farmer. Ms. Von Drachenberg also testified
22 that it would be "no problem" to provide "the other ones" (presumably referring to
23 additional copies of Plaintiff's Iconic Miles Davis Portrait) that she could easily
24 obtain from her assistant's phone. Despite possessing the files, and despite their
25 repeated promises to produce the files to Plaintiff, Defendants never produced the
26 native file of Plaintiff's Iconic Miles Davis Portrait that Ms. Von Drachenberg
27 located and opened during her deposition, nor any of "the other ones" that she
28

referenced in her testimony, including the original file sent to Defendants by Mr. Farmer.

17. On March 10, 2022, prior to the preparation and filing of the parties' summary judgment motions, I wrote another meet and confer letter to Defendants' counsel demanding immediate production of the native files of Mr. Sedlik's Iconic Miles Davis Portrait in Defendants' custody, including those previously acknowledged by Defendants' counsel during prior meet and confer sessions and during Ms. Von Drachenberg's deposition. A true and correct copy of this letter is attached hereto as Exh. L. This letter stated the following:

> As I have done previously, I again strongly reassert Plaintiff's right to receive – and Defendants' legal obligation to produce – the original, unaltered image file of Mr. Sedlik's Iconic Miles Davis Portrait that is shown in text exchanges between Blake Farmer and Ms. Von Drachenberg and/or one of her employees. Plaintiff has been demanding the production of this file in native format for some time. The file is prominently featured in numerous discovery documents and was discussed at length at Ms. Von Drachenberg's deposition as well as during previous meet and confer sessions leading up to and during her deposition and Mr. Sedlik's deposition. As of today, although this file is critically relevant to Plaintiff's claims, Defendants have refused to produce it to Plaintiff.

18. Defendants' counsel never responded to my letter and never produced the original, native files as demanded. As of this filing, Defendants still have not produced the native files of Mr. Sedlik's Iconic Miles Davis Portrait received from Mr. Farmer or the other copies of Mr. Sedlik's Iconic Miles Davis Portrait in their possession, custody or control.

19. Defendants later produced (on or about January 25, 2022) another 17 PDF files to Plaintiff, including what appears to be a PDF of the full text thread between Mr. Farmer and Defendants, demonstrating that Defendants had easy access to the original text thread and files contained therein. This production did not include any

of the native files of Plaintiff's Iconic Miles Davis Portrait that Defendants acknowledged to be in their possession.

20. Attached hereto as Exhibit M are true and correct copies of extracted pages from Plaintiff's Second Supplemental Response to Plaintiff's First Set of Special Interrogatories.

Dated: March 28, 2022

By: /s/ Gary S. Sedlik
Gary S. Sedlik