# REPLY DECLARATION OF JOHN J. METZIDIS

I, John J. Metzidis, state and declare as follows:

1. I am an attorney at Grodsky, Olecki & Puritsky LLP, and am counsel of record for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc. (together, "Defendants") in this action.

2. I have personal knowledge of the matters stated herein, except where stated based on information and belief. If called as a witness, I would and could testify competently thereto.

3. I submit this declaration to respond to certain misleading or otherwise false statements made in Attorney Gary Sedlik's 3/28/22 declaration (Dkt. 50-12), regarding the conduct of discovery in this case. Throughout this declaration, I refer to him as "Attorney Sedlik" rather than "Mr. Sedlik" so as to distinguish him from his brother, Plaintiff Jeffrey Sedlik.

4. This Court entered its scheduling order on May 19, 2021 (Dkt. 19). That order set February 1, 2022 as the fact discovery cut-off, and March 1, 2022 as the expert discovery cut-off.

5. On September 29, 2021, Plaintiff served his first sets of document requests to Defendants Katherine Von Drachenberg, Kat Von D, Inc. and High Voltage Tattoo, Inc. (a separate set for each).

6. On November 4, 2021, Defendants served their written responses to Plaintiff's document requests, stating their objections to the requests and identifying the requests for which they agreed to produce responsive documents and under what terms.

7. On November 11, 2021, Defendants produced their first round of document production. That production consisted of 17 electronic files (16 PDFs and one .m4v video file) Bates numbered KVD 000001 through KVD 000017.

8. True and correct copies of the first two files in that production – KVD 000001 and KVD 000002 – are attached hereto as **Exhibit A** and **Exhibit B**,

respectively.  KVD 000001 is a screenshot of a text message thread, rendered into PDF format.  KVD 000002 is an image file from that text message thread, also rendered into PDF format.

9. After I produced these documents on November 11, 2021, Plaintiff's counsel never asked for copies of the native files from which KVD 000001 and KVD 000002 were rendered – until his January 12, 2022 letter (discussed below).

10. Indeed, Attorney Sedlik and I did have other discovery disputes in this case.  I sent a meet-and-confer letter on December 10, 2021, and he sent his own meet-and-confer letter later that evening, claiming to raise a number of other issues with Defendants' document production and responses to Plaintiff's document requests.

11. Attorney Sedlik and I held a meet-and-confer regarding both letters on December 17, 2021.  During that meet-and-confer, he never raised the issue of needing to see the native files from which KVD 000001 and KVD 000002 were rendered.

12. Following that meet-and-confer, I served a joint stipulation regarding the issues Defendants raised in our letter.  Plaintiff's counsel did <u>not</u> serve a joint stipulation regarding the issues raised in his letter.  Defendants' joint stipulation resulted in a filing (Dkts. 23 & 24) for which Magistrate Judge Wilner entered an order (Dkt. 25).

13. On December 24, 2021, Plaintiff served a notice of deposition of Defendant Katherine Von Drachenberg, setting her deposition for January 18, 2022.

14. On January 11, 2022, I took the deposition of Plaintiff via remote videoconference.  Less than an hour before the start of that deposition, Attorney Sedlik sent me the email that appears as Exhibit J (Dkt. 50-21) to his 3/28/22 declaration (Dkt. 50-12).

15. On January 12, 2022, I spoke with Attorney Sedlik by phone regarding his requests, among other issues related to Ms. Von Drachenberg's January 18th

deposition. Regarding the issue of the native files for KVD 000001 and KVD 000002, Attorney Sedlik acknowledged that he was "raising it a week before the deposition" (his words), but he took the position that these native files should have been provided by Defendants earlier in the litigation. I told Attorney Sedlik that I would see what could be done about obtaining these native files from the phone in the manner he requested, and on such short notice.

16. On January 14, 2022, I sent Attorney Sedlik the email that appears as Exhibit K (Dkt. 50-22) to his 3/28/22 declaration (Dkt. 50-12). A true and correct copy of that complete email, with its attachments, is attached hereto as **Exhibit C**.

17. As I explained in the email, I attached the two native .jpeg files that had previously been sent to my office by our client, and that were previously produced in PDF format under the Bates numbers KVD 000001 and KVD 000002. The native .jpeg file named "BLAKE_TEXT_1.JPG" was the native file for KVD 000001, and the native .jpeg file named "BLAKE_TEXT_2.jpg" was the native file for KVD 000002.

18. I also explained to Attorney Sedlik my understanding that the native file named "BLAKE_TEXT_2.jpg" was indeed the image file that appears to be sent via text message in the text chain that appears in KVD 000001. However, I explained that I did not believe it would be possible to obtain – prior to the Tuesday, January 18 deposition – a version of this .jpeg file directly from the smartphone that contained this chain of text messages using the "lossless" method he requested. *See* Ex. C hereto.

19. I also encouraged Attorney Sedlik to "do whatever analysis you intend to do on the file named 'BLAKE_TEXT_2.jpg'," and that we could then "discuss if further efforts need to be taken to attempt to secure the original, native file directly from the smartphone." *See* Ex. C hereto.

20. Attorney Sedlik never followed up with me about this prior to the Tuesday, January 18, 2022 deposition of Ms. Von Drachenberg.

21. Indeed, Attorney Sedlik never followed up with me on the issue of these native files until he sent his March 10, 2022 letter that appears as Exhibit L (Dkt. 50-23) to his 3/28/22 declaration (Ex. 50-12). That letter was sent the day after we had our meet-and-confer on March 9, 2022 regarding the parties' anticipated motions for summary judgment. And it was obviously sent long after the close of fact discovery on February 1, 2022.

22. During the deposition of Ms. Von Drachenberg on January 18, 2022, there was indeed an issue regarding certain files that were inadvertently not produced. But it is not as Attorney Sedlik describes it in his declaration.

23. As Ms. Von Drachenberg was reviewing the document KVD 000001 (which was marked by Attorney Sedlik as Exhibit 200), she realized that this screenshot was only a portion of the text thread between her assistant and Blake Farmer. She knew that she had screenshots of other portions of this text thread, and she thought that they had been provided to her counsel. They had not been.

24. Attached hereto as **Exhibit D** are true and correct copies of the full excerpts from Ms. Von Drachenberg's deposition, pages 123 through 133, in which she discusses this. When she refers to "the other ones," p. 128:22-24, she is referring to the screenshots of the remaining portions of the text thread between her assistant and Blake Farmer.

25. During the lunch break, I received from Ms. Von Drachenberg's assistant those additional screenshots of the remaining portions of the text thread, along with one additional document.

26. I produced those additional documents to Attorney Sedlik during the deposition, via email sent at approximately 1:12 pm. Attached hereto as **Exhibit E** is a true and correct copy of this email, with its attachments. The additional screenshots of the remaining portions of the text thread were produced under the Bates numbers KVD 000054 – KVD 000070.

27. In Paragraph 19 of Attorney Sedlik's 3/28/22 declaration (Dkt. 50-12 at 8), he states that "Defendants later produced (on or about January 25, 2022) another 17 PDF files to Plaintiff, including what appears to be a PDF of the full text thread between Mr. Farmer and Defendants . . . ." This is misleading, and makes it appear as if these documents were only produced for the first time a week after Ms. Von Drachenberg's January 18, 2022 deposition.

28. Defendants did indeed produce some additional documents on January 25, 2022; but we also included within that production certain documents that were previously produced at the two prior depositions in the case.

29. Attached hereto as **Exhibit F** is a true and correct copy of my January 25, 2022 cover letter to Attorney Sedlik. I specifically advised him that the documents under Bates numbers "KVD 54-70" – that is, the additional screenshots of the remaining portions of the text thread – "were provided to you via email on January 18, 2022, during the deposition of Ms. Von Drachenberg."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 4, 2022, at Los Angeles, California.

*/s/ John Metzidis*
John J. Metzidis