Gary S. Sedlik, Esq. (CA Bar No. 181192)
SEDLIKGROUP, P.C.
P.O. Box 3238
Manhattan Beach, CA 90266
Phone: (310) 439-9986 | Fax: (844) 320-8044
Email: gary@sedlikgroup.com

Attorneys for Plaintiff Jeffrey B. Sedlik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Honorable Dale S. Fischer, U.S. District Judge<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>Hearing<br>Date:   April 18, 2022<br>Time:   1:30 p.m.<br>Place:  First Street Courthouse<br>       350 West 1st Street, Crtrm 7D<br>       Los Angeles, California<br><br>Trial:   July 26, 2022 |

1

# **TABLE OF CONTENTS**

I. Introduction                                                                                     1

II. Plaintiff's Motion Establishes All of the Required Elements of                 1
Copyright Infringement and Defendants' Fail to Meet Their Burden to
Show Fair Use

   a.  Defendants Concede Plaintiff's Ownership                              1
   b.  Defendants Admit Copying, Making Extended Analysis               1
      Unnecessary
   c.  If The Court Applies The Substantial Similarity Analysis, The      3
      Motion Must Be Granted

III.    Defendants Legal Authorities Are Inapposite                              6

IV. Defendants Have Not Met Their Burden To Prove Fair Use              7
                                                                                                    7
V. Defendants' "Merger" Arguments are Inapposite to the Evidence
Showing Direct Copying
                                                                                                    8
VI. Plaintiff Has Provided Sufficient Evidence for the Court to Grant
Summary Judgment on Plaintiff's Claims Pursuant to 17 U.S.C. 1202
                                                                                                    10
VII.    Defendants Incorrectly Argue That Plaintiff Has Not
Established the Protectible Elements of the Iconic Miles Davis Portrait
                                                                                                    11
VIII.  Defendants' Vigorous Objections Notwithstanding, the
Evidence Shows That Defendants Kat Von D, Inc. Was in the Tattoo
Business and That Defendant Kat Von D Was Its Sole Employee
Making Body Art at the Time She Made the Subject Tattoo
                                                                                                    12
IX.    Conclusion

**TABLE OF AUTHORITIES**

*Aliotti v. R. Dakin & Co.*, 831 F.2d 898 (9th Cir.1987)  5
*Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607 (7th Cir. 1982)  6
*Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065 (9th Cir. 2021)  6
*Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985)  3
*Bill Diodato Photography, LLC v. Kate Spade LLC,* 388 F. Supp. 2d 382 (S.D.N.Y. 2005)  7
*Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239 (1903)  7
*CDN, Inc. v. Kapes*, 197 F.3d 1256 (9th Cir.1999).  8
*Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315 (2d Cir. 1969)  6
*Dr. Seuss Enterprises, L.P. v. Penguin*, 109 F.3d 1394 (9th Cir. 1997)  7
*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir. 2000)  7
*Feist Publications, Inc., v. Rural Telephone Service Company, Inc.*, 499 U.S. 340 (1991)  1
*Fisher v. Dees, 794 F.2d 432 (9th Cir. 1986).*  5
*Friedman v. Guetta,* No. Civ. 10-00014, 2011 WL 3510890 (C.D. Cal. May 27, 2011)  3
*Idearc Media Corp. v. Northwest Directories, Inc.*, 623 F. Supp. 2d 1223 (D. Or. 2008)  2
*Jarvis v. K2 Inc.*, 486 F.3d 526 (9th Cir. 2007)  3
*Litchfield v. Spielberg,* 736 F.2d 1352 (9th Cir.1984)  3
*MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993) *cert. dismissed* 510 U.S. 1033 (1994)  2
*Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998)  3
*Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989)  2
*Newton v. Diamond, 388 F.3d 1189 (9th Cir. 2004)*  5
*Norse v. Henry Holt & Co.*, 991 F.2d 563 (9th Cir. 1993)  2
*North Coast Industries v. Maxwell*, 972 F.2d 1031 (9th Cir. 1992)  3
*Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148 (9th Cir. 2012)  2
*Reece v. Island Treasures Art Gallery, Inc., 468 F. Supp.2d 1197 (D. Ha. 2006)*  6
*Rentmeester v. Nike, Inc., 883 F.3d 1111 (9th Cir. 2018)*  6
*Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49 (2d Cir. 1936) cert. denied, 298 U.S. 669, (1936)*  5
*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157 (9th Cir. 1977)*  5
*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996)  1, 3, 4
*Swirsky v. Carey*, 376 F. 3d 841 (9th Cir. 2004).  3
Three Boys Music Corp. v. Bolton, 212 F.3d 477 (9th Cir. 2000), cert. denied, 531 U.S. 1126 (2001).  1
United States v. Taxe, 540 F.2d 961 (9th Cir.1976).  4
VMG Salsoul, LLC v. Ciccone, 824 F.3d 871 (9th Cir. 2016)  6

17 U.S.C. § 106  2, 3
17 U.S.C. § 1202  9
4 Nimmer §§ 13.03[B][1] [a]  5
2 Howard B. Abrams, *THE LAW OF COPYRIGHT* § 14:10 (2011)  2

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Introduction**

Defendants' Opposition ( "Opp.") to Plaintiff's Motion for Summary Judgment or Summary Adjudication of Claims ("Motion") fails to refute the legal arguments and evidence submitted by Plaintiff in support of his Motion. For the reasons discussed below, and the reasons provided in Plaintiff's Motion, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in its entirety and enter judgment in favor of Plaintiff on each of his claims against all Defendants.

**II.    Plaintiff's Motion Establishes All of the Required Elements of Copyright Infringement and Defendants' Fail to Meet Their Burden to Show Fair Use**

To succeed on a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc., v. Rural Telephone Service Company, Inc.*, 499 U.S. 340, 361 (1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2001).

**a.    Defendants Concede Plaintiff's Ownership**

Defendants do not dispute the first element, that Sedlik owns a valid copyright in the Iconic Miles Davis Portrait.  See Opposition p. 10:10-11.

**b.    Defendants Admit Copying, Making Extended Analysis Unnecessary**

With respect to the second element, a plaintiff may show copying by "indirect" or "direct" means. The "indirect" approach is the usual one. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996) ("Because direct evidence of copying is not available in most cases, plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are 'substantially similar' in idea and in expression of the idea."). This is the rare case where there is direct evidence of copying. Not only did Defendant Von Drachenberg submit a

1

declaration wherein she admits to copying Plaintiff's work and details the copying process [Docket No. 35-1, Declaration of Katherine Von Drachenberg, ¶5-19], there also are video recordings of her in evidence, *in flagrante delicto*, copying Plaintiff's Iconic Miles Davis Portrait in the form of a tattoo.

Defendants' Opposition attempts to manufacture issues of fact by claiming "Plaintiff Must Prove Both Copying and Unlawful Appropriation, which Requires Analysis Of The Extrinsic and Intrinsic Tests." See Opposition, Section 3.A. Not so. Because this is a case of undisputed direct copying, the Court can grant Summary Judgment even without conducting the substantial similarity analysis. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012) ("A showing of "substantial similarity" is irrelevant in a case like this one, in which the Music Companies produced evidence that the public performances entailed direct copying of copyrighted works."); *see also Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993) ("But here the substantial similarity analysis is inapposite to the copying issue because appellees admit that they in fact copied phrases from Norse's letters."); *Narell v. Freeman,* 872 F.2d 907, 910 (9th Cir. 1989) (noting that "[a] finding that a defendant copied a plaintiff's work, without application of a substantial similarity analysis" will be made "when the defendant has engaged in virtual duplication of a plaintiff's entire work"); 2 Howard B. Abrams, *THE LAW OF COPYRIGHT* § 14:10 (2011) ("Direct proof [of copying] can consist of . . . testimony of direct observation of the infringing act . . . .").

In cases of direct copying, the fact that the final result of a defendant's work differs from the plaintiff's work is not exonerating. To the contrary, it can show infringement of multiple exclusive rights. Making a direct copy, such as by downloading a protected work into a computer program infringes the exclusive reproduction right. 17 U.S.C. § 106(1); *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 519 (9th Cir. 1993) *cert. dismissed* 510 U.S. 1033 (1994); *Idearc Media Corp. v. Northwest Directories, Inc.*, 623 F. Supp. 2d 1223, 1233 (D. Or.

1    2008) (unauthorized scanning of ads into program an infringement); *Friedman v.*
2    *Guetta,* No. Civ. 10-00014, 2011 WL 3510890, at *7 (C.D. Cal. May 27, 2011).
3    Altering the unauthorized copy would then infringe the exclusive right to create
4    derivative works. 17 U.S.C. § 106(2); *Jarvis v. K2 Inc*., 486 F.3d 526, 532 (9th Cir.
5    2007) (scanning and altering photos); *Micro Star v. Formgen Inc.*, 154 F.3d 1107
6    (9th Cir. 1998) (computer game).

7          For all of these reasons, the Court should recognize that this is a case of
8    undisputed direct copying and grant Summary Judgment on Plaintiff's claims of
9    infringement against Defendants.

10                      c.  **If The Court Applies The Substantial Similarity Analysis, The**
11                          **Motion Must Be Granted**

12         Moreover, even if the Court conducts the substantial similarity analysis, the two
13   works are clearly substantially similar – because Defendants work is a direct copy.
14   To address "substantially similarity" the Ninth Circuit uses an extrinsic/intrinsic
15   test. "The 'extrinsic' test considers whether two works share a similarity of ideas
16   and expression based on external, objective criteria. *Swirsky v. Carey*, 376 F. 3d
17   841, 845 (9th Cir. 2004). If plaintiff satisfies the extrinsic test, then the subjective
18   'intrinsic test' asks whether an 'ordinary, reasonable observer' would find a
19   substantial similarity of expression of the shared idea." *Smith, supra*, 84 F.3d at
20   1218.  "The extrinsic test is generally a question of law because it turns not on the
21   responses of the trier of fact but on specific criteria which can be listed and
22   analyzed." *North Coast Industries v. Maxwell,* 972 F.2d 1031, 1034 (9th Cir. 1992).
23   Although the intrinsic test relies on evaluating the total "look and feel," courts can
24   grant summary judgment where no reasonable jury could decide otherwise under
25   the intrinsic test. *Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985); *Litchfield v.*
26   *Spielberg*, 736 F.2d 1352 (9th Cir.1984).

27

28

1    Given the Defendant's level of exact copying, the extrinsic and intrinsic tests are
2    easily satisfied.[1] With respect to the 'extrinsic' test, a visual comparison of the
3    Iconic Miles Davis Portrait and Defendants' work show they share "objective"
4    similarity of ideas and expression as they are virtually identical. That is, Defendants
5    obtained the Iconic Miles Davis Portrait from one of their clients (and/or their own
6    independent method) and used it as the basis for their "artwork." Given the
7    objectively obvious results of a side-by-side comparison, Defendants main
8    argument on this point is a procedural one – that Plaintiff did not itemize the
9    similarities between the two works in his Undisputed Facts. *See* Opposition p.
10   12:13-15. However, there is no such requirement and, not surprisingly, Defendants
11   do not cite to any authority to support their contention. In this case, if the Court
12   engages in the "extrinsic/intrinsic" test, all that is required is a simple side-by-side
13   comparison. The two works are in front of the Court, which is all that is required to
14   show that this test is satisfied.

15       The "'intrinsic test' asks whether an 'ordinary, reasonable observer' would find
16   a substantial similarity of expression of the shared idea." *Smith, supra*, 84 F.3d at
17   1218. Given that the works are virtually identical, no reasonable observer could
18   deny that the works are substantially similar. In an effort to argue that the works are
19   "different," Ms. Von Drachenberg contends that she made changes to Plaintiff's
20   work, some real, albeit miniscule changes (such as removing the background or
21   cropping the photo), and some entirely dreamed up after the fact ("another aspect of
22   my interpretation was the addition of a sense of movement," Dkt No. 35-1, Von
23   Drachenberg Declaration, ¶18). Indeed, Defendants even hired an "expert" who, for
24   a fee, is willing to magnify supposed micro-difference between Defendants' work
25   and the work Defendant Von Drachenberg herself admits she copied. *See e.g.*

26
27   _____
     [1]  A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted
     work A derivative work is saved from being an infringing work "only because the borrowed or copied material [in
28   the derivative work] was taken with the consent of the copyright owner of the prior work, or because the prior work
     has entered the public domain." *United States v. Taxe*, 540 F.2d 961, 965 n.2 (9th Cir.1976).

1    Declaration of Anna Felicity Friedman, Docket No. 35-3. However, this again is the

2    incorrect analysis. It is well settled that any comparison of areas where the works

3    might differ is irrelevant, since "no plagiarist can excuse the wrong by showing

4    how much of his work he did not pirate." *Sheldon v. Metro-Goldwyn Pictures*

5    *Corp.*, 81 F.2d 49, 55 (2d Cir. 1936) *cert. denied*, 298 U.S. 669, (1936)("[I]t is

6    entirely immaterial that, in many respects, Plaintiff s and Defendants' designs are

7    dissimilar, if in other respects, similarity as to a substantial element of Plaintiffs

8    work can be shown. If substantial similarity is found, the defendant will not be

9    immunized from liability by reason of the addition to his work of different

10    characters or additional or varied incidents"). *See also Sid & Marty Krofft*

11    *Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1165 (9th Cir.

12    1977); *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir.1987) ("[T]he district

13    court's determination as to substantial similarity of expression relied incorrectly on

14    the analytic dissection of the dissimilar characteristics of the dolls."); *see also* 4

15    Nimmer §§ 13.03[B][1] [a], at 13-48 to 13-49.

16        Rather, under Copyright law, the analysis must focus upon the similarities and

17    the copying of protected elements. A side-by-side comparison of the works shows

18    overwhelming and undeniable similarities. No "expert" can change this. Insofar as

19    Defendants' work wholly incorporates Plaintiff's Iconic Miles Davis Portrait, it

20    comes as no surprise that Plaintiff's and Defendants works are substantially similar.

21        Defendants also claim that they did not copy any "protectible elements" of the

22    Iconic Miles Davis Portrait and therefore, their copying was only *de minimis*, not

23    actionable copying. Opp. at 18. In the Ninth Circuit, A use is considered de

24    minimis, and therefore not substantial "if it is so meager and fragmentary that the

25    average audience would not recognize the appropriation." *Newton v. Diamond*, 388

26    F.3d 1189, 1193 (9th Cir. 2004) (quoting *Fisher v. Dees*, 794 F.2d 432, 434 n.2 (9th

27    Cir. 1986). Copying might also be considered *de minimis* when the use of the work

28    is so fleeting or trivial that "a reasonable jury could not conclude that an average

audience would recognize an appropriation of the [plaintiff's] composition," therefore rendering the works substantially dissimilar. *Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065. 1078 (*quoting VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 886-87 (9th Cir. 2016). Unless the copying of the protected work is so *de minimis* as to "be non-recognizable as a copy," the "[w]holesale copying or reproduction of another's protected work . . . by definition cannot be de minimis copying." *Id.* at 1078-79. On viewing the Iconic Miles Davis Portrait side-by-side with the tattoo, it is patently obvious that any audience would immediately recognize Defendant's appropriation of Plaintiff's Iconic Miles Davis Portrait.

In fact, courts have held that small, knowing modifications could even serve to indicate that it was willfully copied. *See Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.,* 409 F.2d 1315,1316 (2d Cir. 1969)("While the trial court placed great emphasis on the minor differences between the two design patterns, we feel that the very nature of these differences only tends to emphasize the extent to which the defendant has deliberately copied from the plaintiff."); *Atari, Inc. v. North American Philips Consumer Electronics Corp.,* 672 F.2d 607, 619 (7th Cir. 1982) (defendant's "superficial changes ... may be viewed as an attempt to disguise an intentional appropriation of [Plaintiffs] expression.").  For all of these reasons, the Court should grant Plaintiff's Motion as to copyright infringement because the two works are plainly substantially similar under any relevant analysis.

### III.    **Defendants Legal Authorities Are Inapposite**

Defendant also argues that Plaintiff does not prove infringement, citing to multiple cases where the Defendants made their own original works based upon a concept first created by another artist. *See e.g., Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018), overruled on other grounds by *Skidmore v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (Defendants photograph of Michael Jordan that was similar and inspired by Plaintiff's photograph of Michael Jordan was not infringing); *Reece v. Island Treasures Art Gallery, Inc.*, 468 F. Supp.2d 1197 (D.

1   Ha. 2006) (Defendant's stained glass work of a hula dancer that was similar to a
2   photograph of a hula dancer was not infringing); *Bill Diodato Photography, LLC v.*
3   *Kate Spade LLC,* 388 F. Supp. 2d 382 (S.D.N.Y. 2005) (Defendant's photograph
4   which copied the idea of Plaintiff's photograph was not infringing).

5       However, these authorities have no application to the current case where
6   Defendant <u>admits</u> to copying Plaintiff's work. [Dkt No. 35-1, Decl. of Katherine
7   Von Drachenberg, ¶5-19]. As stated by the United States Supreme Court over 100
8   years ago, "Others are free to copy the original. They are not free to copy the copy."
9   *Bleistein v. Donaldson Lithographing Co.,* 188 U.S. 239, 251 (1903). In other
10  words, although Defendants were free to make their own original work of Miles
11  Davis – as the defendants in the cases they cite did – Defendants cannot copy
12  Plaintiff's original photo of Miles Davis – which Defendants in this case admit they
13  have done. Accordingly, this is a clear case of copyright infringement and the
14  instant Motion for Summary Judgment should be granted.

15      **IV.    Defendants Have Not Met Their Burden To Prove Fair Use**

16      Defendants rely heavily on their fair use defense, asking the Court to deny
17  Plaintiff's motion because "Plaintiff simply ignores Defendants' defense of fair
18  use." *See Opposition* at p. 7:22. However, as fair use is an affirmative defense,
19  Defendant bears the burden of proof on all factors. *Dr. Seuss Enterprises, L.P. v.*
20  *Penguin,* 109 F.3d 1394, 1403 (9th Cir. 1997). Although Plaintiff contends that
21  Defendants' copying of the Iconic Miles Davis Portrait is not fair use, it is not
22  Plaintiff's burden to refute fair use, which is separately and fully briefed in
23  Defendants' Motion for Summary Judgment and Plaintiff's opposing papers.

24      **V.    Defendants' "Merger" Arguments are Inapposite to the Evidence**
25             **Showing Direct Copying**

26      The merger doctrine "will not protect a copyrighted work from infringement if
27  the idea underlying the copyrighted work can be expressed in only one way, lest
28  there be a monopoly on the underlying idea." *Ets-Hokin v. Skyy Spirits, Inc.*, 225

F.3d 1068, 1082 (9th Cir. 2000); *see also CDN, Inc. v. Kapes*, 197 F.3d 1256, 1261 (9th Cir.1999). Clearly there is more than "one way" to express Miles Davis' likeness. In fact, there is literally an <u>infinite</u> number of ways to depict Miles Davis' likeness in a photograph, tattoo or other visual artwork. There are innumerable photographs and illustrations depicting Miles Davis' likeness, each a unique expression of his likeness. Miles Davis' appearance varies considerably in each such depiction of his likeness. Further, there is more than "one way" to depict Miles Davis making a "shh" gesture – there are innumerable ways. Defendants were free to select from these infinite arrays of creative options to depict Miles Davis in their tattoo. Setting aside any *de minimis* differences between the Iconic Miles Davis Portrait and Defendants' tattoo, there is no reason that Defendants' tattoo must necessarily include the details of Plaintiff's Photograph. Defendants admit that Defendants' client delivered multiple Miles Davis references to Defendants prior to creating the tattoo, and Defendants also admit that they reviewed and considered these multiple references before proceeding to make the tattoo, which is an exact replica of Plaintiff's photo that does not incorporate any material from any other reference, including the other references that Defendants' client presented.

Defendants' attempts to position their use of Plaintiff's photograph as "reference" or "inspiration" strains credulity. The tattoo, together with video and photographic evidence captured by Defendants and their associates – establishes that this is a case of actionable, rote copying of a photograph into another medium, involving no "inspiration" or reference at all, other than the use of Plaintiff's Iconic Miles Davis Portrait to directly copy Plaintiff's protected work onto Defendants' client's skin.

**VI.   <u>Plaintiff Has Provided Sufficient Evidence for the Court to Grant Summary Judgment on Plaintiff's Claims Pursuant to 17 U.S.C. 1202</u>**

Defendants know the importance of providing correct attribution to photographers, and frequently do so, even providing copyright notice to

photographers. PSUF 33. Defendants, by reckless inaction and willful blindness, intentionally elected against attempting to identify the author of the Iconic Miles Davis Portrait, elected against seeking and obtaining a license to exploit that Photograph, and then publicly and falsely claimed to be the author of the Iconic Miles Davis Portrait, distributing that false claim to at least tens of millions of Defendants' social media followers, who then virally distributed that false claim to tens of thousands of third parties, when Defendants Katherine Von Drachenberg and High Voltage Tattoo falsely claimed that Ms. Von Drachenberg was the author of the "portrait" of Miles Davis. PSUF 28. In Defendant's opposition, they attempt to mislead by re-characterizing what Ms. Von Drachenberg said in her Instagram post, which speaks for itself: "Final Miles Davis Portrait I tattooed at @highvoltagetat." Clearly, Defendant Von Drachenberg falsely claimed to be the author of the "portrait" of Miles Davis, when she knew that she did not author the portrait, but rather copied the portrait from Mr. Sedlik's copyrighted photograph.

Pursuant to 17 U.S.C. 1202(c)(2), copyright management information ("CMI") unambiguously includes "the name of, and other identifying information about, the author of a work." *Id.* By falsely substituting her information in place of Mr. Sedlik's name, Ms. Von Drachenberg falsified the CMI associated with Plaintiff's Iconic Miles Davis Portrait and distributed that false authorship information to Defendants' numerous social media platforms and millions of followers in a strategic, calculated effort to promote Defendants' brands and Defendants' products and services, in part by driving customers to High Voltage Tattoo to buy tattoos and various merchandise offered for sale as well as to promote Defendants' other business interests, such as cosmetics, shoes, clothing, an art gallery and musical performances. Ms. Von Drachenberg's falsification of authorship information that was then widely distributed to her fans and followers establishes a violation of 17 U.S.C. 1202(a)(1) and (2), and this Court should grant Plaintiff's Summary Judgment Motion on these claims.

VII.   **Defendants Incorrectly Argue That Plaintiff Has Not Established the Protectible Elements of the Iconic Miles Davis Portrait**

In successive paragraphs, Defendants simultaneously complain that Plaintiff has failed to provide any information regarding the protectible elements of the Iconic Miles Davis Portrait and also that Plaintiff provided too much information by introducing Plaintiff's Second Supplemental Response to Defendants' Special Interrogatory No. 8. Opp. at 12. Of course, what Defendants fail to acknowledge is that Special Interrogatory No. 8 asked one question: "Identify and describe in detail each and every element in the PHOTOGRAPH that you contend is protected by copyright law." *See* Exh. J to G. Sedlik Declaration ISO Plaintiff's Motion.

In his supplemental response, Plaintiff did exactly what Defendants requested – he provided a detailed description of many of the thousands of subjective artistic decisions made by Plaintiff in order to achieve Plaintiff's desired original expression, as embodied in the resulting Photograph, that Defendants subsequently copied. Plaintiff's response established that the original expression in the Photograph arose from Plaintiff's selection, coordination and arrangement of the expressive elements of the Photograph in combination, in order to achieve a desired creative result. The direct results of the subjective creative decisions described by Plaintiff in his interrogatory answer are plainly visible to any viewer of the resulting Iconic Miles Davis Portrait.

Plaintiff has made no claim to ownership of any of the ideas conjured by Plaintiff in conceiving, pre-visualizing, planning and developing visual concepts conceived by Plaintiff prior to and during Plaintiff's creation of the Iconic Miles Davis Portrait, nor has Plaintiff claimed that Defendants infringed on any of Plaintiff's ideas or concepts, none of which is protected. Plaintiff has made no claim to a monopoly over a "shh" gesture, nor has Plaintiff claimed that any portrait of a person making a "shh" gesture, whether fixed in a photograph, tattoo or in any other medium would necessarily infringe on Plaintiff's copyright in the Iconic

Miles Davis Portrait. Further, Plaintiff has made no claim that a portrait of Miles Davis making a "Shh" gesture would necessarily infringe on Plaintiff's copyright.

Having asked Plaintiff to identify all of the protectible elements of the Iconic Miles Davis Portrait, Defendants cannot now complain that Plaintiff provided exactly that information to Defendants in written form, and then attached that evidence in support of Plaintiff's Summary Judgment Motion. Plaintiff is not asking the Court to "sift through and figure out" the protectible elements – to the contrary, Plaintiff has provided them to the Court just as Plaintiff previously provided them to Defendants in the course of discovery.

The fact that Defendants don't like the thorough and extensive list of all of the combinations of creative elements that Plaintiff painstakingly wove into the original expression of the Iconic Miles Davis Portrait is beside the point as Plaintiff has met his burden of establishing the protectible elements of this Iconic Miles Davis Portrait, which Defendants thereafter copied almost entirely in the form of a tattoo.

VIII. **Defendants' Vigorous Objections Notwithstanding, the Evidence Shows That Defendants Kat Von D, Inc. Was in the Tattoo Business and That Defendant Kat Von D Was Its Sole Employee Making Body Art at the Time She Made the Subject Tattoo**

Defendants spend a great deal of time in their Opposition offering various theories and arguments about why Defendant Kat Von D, Inc. ("KVD Inc.") supposedly is not a proper defendant in this litigation. See Opp. at pp. 22-26. This argument is premised on the false contention that Plaintiff has not proven any connection between KVD, Inc. and the subject tattoo. *Id.*

Unfortunately, that is simply not what the evidence shows. The evidence shows that KVD, Inc. reported to the California Secretary of State that it was in the business of "body art" in 2007 – the same business as tattoo parlor defendant High Voltage Tattoo, Inc. and defendant Von Drachenberg – and remained in that business throughout all times relevant to this litigation. *See* Exhs. B, C, D and E to

Declaration of Gary S. Sedlik filed in Opposition to Defendants' Summary Judgment Motion (Dkt. 45-17); PSUF 13. Ms. Von Drachenberg, KVD, Inc.'s CEO, CFO, Secretary <u>and sole employee</u> performing KVD, Inc.'s business, created body art in the form of Mr. Sedlik's Iconic Miles Davis Portrait on Blake Farmer's arm in or around March of 2017. PSUF 13, 15. While Defendants protest that KVD, Inc. was in some other unspecified business, the evidence shows that KVD, Inc. did not seek to recharacterize its business until well after the creation of the tattoo in this case, and six months after Plaintiff filed his claim against KVD, Inc. *See* Exhs. B, C, D and E to Declaration of Gary S. Sedlik filed in Opposition to Defendants' Summary Judgment Motion (Dkt. 45-17); PSUF 13. Defendants cannot retroactively fix what the evidence shows and attempt to avoid liability for their actions merely by claiming that they are not in the business that their own corporate documents show them to be engaged in. For these reasons, the Court should ignore Defendants' arguments and grant Plaintiff's Motion as to all Defendants, including KVD, Inc.

IX.    **Conclusion**

For all of the reasons stated herein and in Plaintiff's Motion, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and enter judgment in favor of Plaintiff on each of his claims against all Defendants.

Dated:  April 4, 2022            SEDLIKGROUP, P.C.
                                 Gary S. Sedlik, Esq.


                                 By:   /s/ Gary S. Sedlik
                                       Gary S. Sedlik

                                 Attorneys for Plaintiff Jeffrey B. Sedlik