GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
*allen@thegolawfirm.com*
John J. Metzidis (SBN 259464)
*john@thegolawfirm.com*
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone:   (310) 315-3009
Facsimile:   (310) 315-1557

Attorneys for Defendants
Katherine Von Drachenberg, Kat Von D, Inc.,
and High Voltage Tattoo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Hon. Dale S. Fischer,<br>U.S. District Judge<br><br>**DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION IN LIMINE NO. 3 TO ALLOW TESTIMONY FROM NON-PARTY BLAKE FARMER ABOUT THE MEANING OF HIS TATTOO**<br><br><u>Final Pretrial Conference:</u><br>Date:      November 14, 2022<br>Time:      1:30 p.m.<br>Place:     Courtroom 7D<br>              First Street Courthouse<br>              350 West 1st Street<br>              Los Angeles, CA 90012<br><br>Action filed:   February 7, 2021<br>Trial:              December 13, 2022 |

## 1. INTRODUCTION

The Court should grant this motion and clarify that non-party Blake Farmer is permitted to testify to the jury about the *meaning or message* of his tattoo, which is the subject of this copyright infringement lawsuit.

Testimony about the meaning or message of the accused work – and how it differs from the meaning or message of the copyrighted work – is directly relevant to the first fair use factor's consideration of transformativeness.

Clarification is needed due to statements in this Court's prior orders. In the earlier order, this Court described Mr. Farmer's testimony about the meaning of his tattoo as "*not dispositive*" on the issue of transformativeness. In a later order, this Court described Mr. Farmer's testimony as "*irrelevant*."

It is one thing to conclude that Mr. Farmer's testimony about the meaning of his tattoo is "not dispositive"; but it's quite another thing to conclude that his testimony on the matter is "irrelevant." To preclude Mr. Farmer from testifying to the jury about the meaning of his tattoo would be prejudicial error. Defendants respectfully request that the Court confirm, via this motion in limine, that Mr. Farmer may testify to the jury about the meaning of his tattoo.

## 2. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Jeffrey Sedlik has sued a tattoo artist, Katherine Von Drachenberg, for copyright infringement over a permanent tattoo she permanently inscribed on her friend's body. That friend who received the tattoo – non-party Blake Farmer – is not a party to this lawsuit. By Plaintiff's choosing, Mr. Farmer was not named as a defendant and was never added to this lawsuit as a defendant.

On May 31, 2022, this Court entered its order on the parties' respective summary judgment motions. Dkt. 69. At one point, in discussing Farmer's submitted testimony about the meaning of his tattoo, the Court's order reasoned

that "the subjective belief of the wearer of a tattoo as to the tattoo's purpose is ***not dispositive*** of transformativeness." *Id.* at 20 (emphasis added).

On June 27, 2022, this Court entered its order on Plaintiff's motion to exclude Defendants' experts. Dkt. 71. At one point, the Court's order stated, "Moreover, as the Court explained in its summary judgment order, the personal meaning that Farmer may ascribe to his tattoo of Miles Davis is ***irrelevant***, so any expert testimony regarding subjective meaning of a tattoo to its wearer is also irrelevant." *Id.* at 7 (emphasis added).

### 3. MR. FARMER'S TESTIMONY ABOUT THE MEANING OF HIS TATTOO IS DIRECTLY RELEVANT AND MUST BE ALLOWED.

The "central purpose" of the first fair use factor is to determine "whether and to what extent the new work is transformative." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). *Campbell* holds that a new work transforms a prior work when "the new work . . . adds something new, with a further purpose or different character, altering the first with ***new expression, meaning or message***." *Id.* (emphasis added). The Supreme Court's most recent decision on fair use expressly reaffirms this language in *Campbell*. *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1202-03 (2021) ("In the context of fair use, we have considered whether the copier's use 'adds something new, with a further purpose or different character, altering' the copyrighted work 'with new expression, meaning or message.'") (quoting *Campbell*). And the Ninth Circuit's leading case on fair use and transformativeness in the context of pictorial and graphic works, *Seltzer v. Green Day, Inc.*, describes this language in *Campbell* as "the most definitive formulation of the test" for transformativeness. *Seltzer*, 725 F.3d 1170, 1176 (9th Cir. 2013).

### A. Under *Seltzer*, Witness Testimony Is a Proper Source for Evidence About the "Meaning" or "Message" of the Works at Issue.

In order to determine whether the new work alters the prior work with "new expression, meaning, or message," the fact-finder must receive evidence of what that new "meaning or message" is. That evidence can come in the form of testimony from the parties, as opposed to a bare examination of the two artistic works. Indeed, this is *exactly* what happened in *Seltzer*. There, the plaintiff's work was a "drawing of a screaming, contorted face" that he called "Scream Icon," and that he plastered across building walls in Los Angeles as street art. 725 F.3d at 1173-74. The defendants' accused work was a video backdrop for a live performance of a rock band's song, throughout which the center of the frame was "dominated by an unchanging, but modified" image of the plaintiff's "Scream Icon" that remained "clearly identifiable in the middle of the screen throughout the video." *Id.* at 1174.

Both the Ninth Circuit and the District Court considered testimony from the parties about the message and meaning of the two works. *See* 725 F.3d at 1177 (citing testimony from plaintiff Seltzer); *id.* at 1174 (citing testimony from defendant Staub that his stated goal was to convey the song's "mood, tone or themes" about "the hypocrisy of some religious people who preach one thing but act otherwise"); *see also Seltzer v. Green Day, Inc.*, 2011 WL 13122367, at *3-4 (C.D. Cal. Aug. 18, 2011) (similar citations to parties' testimony in district court). While the Ninth Circuit concluded that the meaning or message of the plaintiff's original "Scream Icon" image was "debatable," what *was* clear was that the original work "sa[id] nothing about religion," and that the accused video backdrop's use of the image "in the context of a song about the hypocrisy of religion" conveyed a new meaning or message that was "plainly distinct from those of the original piece." 725 F.3d at 1177.

Here, this Court's order on the summary judgment motions recognizes that "[c]ourts do consider the motivation of the parties in analyzing fair use." Dkt. 69 at 19-20. So it is expected that there will be testimony from the two parties – Ms. Von Drachenberg and Mr. Sedlik – about the meaning and message of their respective works. But Mr. Farmer's testimony about the meaning of the tattoo that Ms. Von Drachenberg **_permanently inscribed onto his body_** is just as important as her testimony. As Defendants have previously argued, the Ninth Circuit has expressly recognized that that "a permanent tattoo often carries a **_message quite distinct_** from displaying **_the same words or picture_** through some other medium, and **_provides information about the identity of the speaker_**." *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1067 (9th Cir. 2010) (cleaned up, emphasis added). Mr. Farmer, as the person on whose living skin this tattoo is permanently inscribed, is the "speaker" here. He is arguably in just as good of a position as his tattoo artist, Ms. Von Drachenberg, to testify about the "distinct" message of his tattoo, and how it "provides information about the identity of the speaker." *Id.*

### B. **Farmer's Testimony Is Also Relevant to Show How Objective Observers May Reasonably Perceive the Meaning or Message of His Tattoo.**

This testimony from Mr. Farmer is also not strictly a matter of his subjective beliefs or opinions. It bears directly on the objective question of how an observer may **_reasonably perceive_** his tattoo. It's common knowledge that unique tattoos often provoke observers to ask about the tattoo's origin. The substance of how Mr. Farmer may respond to these kinds of questions is directly relevant to showing how objective observers may reasonably perceive the meaning of his tattoo.

    **C.**    <u>**Due to the Unique Nature of the Accused Work – *a Permanent Tattoo on His Body* – Farmer's Status as a Non-Party Is No Basis to Disregard His Testimony**</u>.

Finally, Mr. Farmer's status as a non-party to this lawsuit does not diminish the importance of his testimony about the meaning of his tattoo or his motivations for getting it. The tattoo that is accused of copyright infringement here is ***permanently inscribed on his body***. He is not in the same position as a wealthy art patron who commissions a portrait to be displayed in his private salon. Nor is he the same as a mere consumer who buys a poster to hang in his bedroom, or a bumper sticker to stick on his car, or a button pin to affix to his lapel. This is a case of first impression involving someone who had ***permanently inscribed onto his living body*** the work that is accused of copyright infringement. To preclude Mr. Farmer's testimony about his motivations for getting his accused tattoo and the meaning of his accused tattoo – simply because Mr. Farmer is not a "party" to this action – would improperly disregard the unique circumstances this case presents.

**4.**    **CONCLUSION**

The Court should grant this motion and confirm that non-party Blake Farmer may testify to the jury about the meaning and message of his tattoo.

Dated: October 25, 2022    Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP
  Allen B. Grodsky
  John J. Metzidis

By:   /s/ John J. Metzidis
        John J. Metzidis

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.