Jonah A. Grossbardt (State Bar No. 283584)
Matthew L. Rollin (State Bar No. 332631)
**SRIPLAW**
8730 Wilshire Blvd.
Suite 350
Beverly Hills, CA 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Joel B. Rothman (admitted *pro hac vice*)
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
Phone: (561) 404-435035
Fax Number: (561) 404-4353
joel.rothman@sriplaw.com

Attorneys for Plaintiff
JEFFREY B. SEDLIK

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>                                    Plaintiff,<br><br>v.<br><br>KATHERINE VAN DRACHENBERG AKA KAT VON D, KAT VON D, INC., AND HIGH VOLTAGE TATTOO, INC.<br><br>                                    Defendants. | Case No.:  2:21-cv-01102-DSF-MRW<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

I.    SUMMARY OF SEDLIK'S CLAIM: COPYRIGHT INFRINGEMENT

AGAINST DEFENDANTS ..................................................................................1

II.   ELEMENTS REQUIRED TO ESTABLISH SEDLIK'S CLAIM FOR

COPYRIGHT INFRINGEMENT ......................................................................1

A.   Sedlik Owns the Work ...........................................................................1

B.   Defendants Directly Infringed the Work and Violated Exclusive Rights

Granted to Sedlik as the Copyright Holder ..........................................2

   1.   *Direct Infringement - § 106(1) Right "To Reproduce The Copyrighted*

   *Work in Copies"*..................................................................................3

   2.   *Direct Infringement - § 106(5) Right to Display the copyrighted work*

   *publicly"*..............................................................................................4

   3.   *Direct Infringement - § 106(2) Right "To Prepare Derivative Work Based*

   *Upon the Copyrighted Work"*..............................................................4

C.   Defendants Vicariously Infringed the Work and Violated Exclusive Rights

Granted to Sedlik as the Copyright Holder ..........................................6

D.   Defendants Contributorily Infringed the Work and Violated Exclusive

Rights Granted to Sedlik as the Copyright Holder ..............................6

III.  ELEMENTS RELEVANT TO SEDLIK'S REQUEST FOR STATUTORY

DAMAGES............................................................................................................7

A.   Statutory Damages: Willful Infringement ...........................................7

B.   Amount of Statutory Damages ............................................................10

C.   Permanent Injunctive Relief................................................................11

IV.   KEY EVIDENCE IN SUPPORT OF SEDLIK'S CLAIMS FOR

COPYRIGHT INFRINGEMENT....................................................................12

2:21-cv-01102-DSF-MRW

**V.    DEFENDANTS' AFFIRMATIVE DEFENSES** ...............................................**13**

   **A.    Defendants' Use was Fair Use** .............................................................**13**

   **B.    Innocent Infringement** ........................................................................**14**

**VI.   BIFURCATION** ...........................................................................................**15**

**VII.  JURY TRIAL** ..............................................................................................**15**

**VIII. SEDLIK'S BASIS FOR THE RECOVERY OF ATTORNEYS' FEES** .....**15**

**IX.   ABANDONMENT OF ISSUES** .................................................................**16**

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

2:21-cv-01102-DSF-MRW

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*A&M Records v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001) ................................................................... 1, 2, 6

*Basic Books, Inc. v. Kinko's Graphics Corp.*,
   758 F. Supp. 1522 (S.D.N.Y. 1991) ................................................................. 8

*Beijing Ciwen Film & TV Prod. Co. v. New Tang Dynasty*,
   2014 WL 12597155 (C.D. Cal. June 11, 2014) ............................................. 12

*Brayton Purcell L.L.P. v. Recordon & Recordon*,
   2007 U.S. Dist. LEXIS 11714 (N.D. Cal. Feb. 6, 2007) ............................... 11

*Cable/Home Commun. Corp. v. Network Prods.*,
   902 F.2d 829 (11th Cir. 1990) ......................................................................... 6

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994) ....................................................................................... 13

*Columbia Pictures Tv v. Krypton Broad. of Birmingham, Inc.*,
   106 F.3d 284 (9th Cir. 1997) ......................................................................... 15

*Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*,
   606 F.3d 612 (9th Cir. 2010) ........................................................................... 1

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   2006 U.S. Dist. LEXIS 92710 (W.D. Wash. Dec. 22, 2006) ........................... 8

*Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*,
   76 U.S.P.Q.2d (BNA) 1949 (S.D.N.Y. Aug. 22, 2005) .................................. 9

*Dream Games of Ariz., Inc. v. PC Onsite*,
   561 F.3d 983 (9th Cir. 2009) ......................................................................... 10

*Dunn & Fenley, L.L.C. v. Allen*,
   2007 U.S. Dist. LEXIS 75292 (D. Or. Oct. 9, 2007) .................................... 16

*Durham Indus. v. Tomy Corp.*,
   630 F.2d 905 (2d Cir. 1980) ............................................................................ 4

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ................................................................................. 11, 12

*Feingold v. RageOn, Inc.*,
   2020 WL 4003152 (S.D.N.Y. July 15, 2020) .................................................. 2

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*,
   807 F.2d 1110 (2d Cir. 1986) ....................................................................... 11

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) ....................................................................................... 16

iv

*CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK*

**SRIPLAW**

*Fox Broad. Co. v. Dish Network L.L.C.*,
747 F.3d 1060 (9th Cir. 2013) ................................................................. 3

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
886 F.2d 1545 (9th Cir. 1989) .............................................................. 15

*Friedman v. Live Nation Merch., Inc.*,
833 F.3d 1180 (9th Cir. 2016) ............................................................... 9

*Funky Films, Inc. v. Time Warner Ent. Co., L.P.*,
462 F.3d 1072 (9th Cir. 2006) ............................................................... 3

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*,
443 F.2d 1159 (2d Cir. 1971) ................................................................ 6

*Greg Young Publ'g, Inc. v. Zazzle, Inc.*,
785 F. App'x 417 (9th Cir. 2019) ........................................................... 2

*Harper & Row, Publrs. v. Nation Enters.*,
471 U.S. 539 (1985) ............................................................................ 13

*Harris v. Emus Records Corp.*,
734 F.2d 1329 (9th Cir. 1984) ......................................................... 7, 10

*Hearst Corp. v. Stark*,
639 F. Supp. 970 (N.D. Cal. 1986) .................................................... 8, 9

*Historical Rsch. v. Cabral*,
80 F.3d 377 (9th Cir. 1996) ................................................................ 16

*In re Aimster Copyright Litig.*,
334 F.3d 643 (7th Cir. 2003) ................................................................ 8

*JBJ Fabrics, Inc. v. Brylane, Inc.*,
714 F. Supp. 107 (S.D.N.Y. 1989) ........................................................ 4

*JBJ Fabrics, Inc. v. India Garments, Inc.*,
1993 U.S. Dist. LEXIS 11744 (S.D.N.Y. Aug. 20, 1993) ................... 4, 5

*Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*,
602 F. Supp. 151 (S.D.N.Y. Nov. 20, 1984) ..................................... 9, 11

*L.A. News Serv. v. Reuters TV Int'l, Ltd.*,
149 F.3d 987 (9th Cir. 1998) .............................................................. 10

*Latimer v. Roaring Toyz, Inc.*,
574 F. Supp. 2d 1265 (M.D. Fla. 2008) ............................................. 5-6

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
658 F.3d 936 (9th Cir. 2011) ................................................................ 8

*Mantolete v. Bolger*,
791 F.2d 784 (9th Cir. 1986) .............................................................. 16

*Matthew Bender & Co. v. W. Publ'g Co.*
158 F.3d 693 (2d Cir. 1998) ................................................................. 6

v

2:21-cv-01102-DSF-MRW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**SRIPLAW**

*MGM Studios, Inc. v. Grokster, Ltd.,*
  518 F. Supp. 2d 1197 (C.D. Cal. 2007) ................................................. 12

*N.A.S. Imp., Corp. v. Chenson Enters.,*
  968 F.2d 250 (2d Cir. 1992) ............................................................... 8

*New Form, Inc. v. Tekila Films, Inc.,*
  357 F. App'x 10 (9th Cir. 2009) ......................................................... 10

*Nike, Inc. v. B & B Clothing Co.,*
  2007 U.S. Dist. LEXIS 37195 (E.D. Cal. May 21, 2007) ................... 11

*Nintendo of Am., Inc. v. Dragon Pac. Int'l,*
  40 F.3d 1007 (9th Cir. 1994) .............................................................. 7

*Odnil Music Ltd. v. Katharsis, L.L.C.,*
  2006 U.S. Dist. LEXIS 68849 (E.D. Cal. Sept. 22, 2006) ............ 15, 16

*Oppenheimer v. Allvoices, Inc.,*
  2014 U.S. Dist. LEXIS 80320 (N.D. Cal. June 10, 2014) ................... 2

*Pasillas v. McDonald's Corp.,*
  927 F.2d 440 (9th Cir. 1991) .............................................................. 3

*Peer Int'l Corp. v. Pausa Records, Inc.,*
  909 F.2d 1332 (9th Cir. 1990) ..................................................... *passim*

*PepsiCo, Inc. v. Cal. Sec. Cans,*
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................. 12

*Perfect 10, Inc. v. Amazon.com, Inc.,*
  508 F.3d 1146 (9th Cir. 2007) ..................................................... *passim*

*Perfect 10, Inc. v. Giganews, Inc.,*
  847 F.3d 657 (9th Cir. 2017) .............................................................. 3

*Playboy Enters. v. Sanfilippo,*
  46 U.S.P.Q.2d (BNA) 1350 (S.D. Cal. Mar. 24, 1998) ................... 9, 15

*Reed Elsevier, Inc. v. Muchnick,*
  559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010) ................. 1-2

*Rosen v. Netfronts, Inc.,*
  2013 WL 3467205 (C.D. Cal. July 9, 2013) ..................................... 14

*S.O.S., Inc. v. Payday, Inc.,*
  886 F.2d 1081 (9th Cir. 1989) ............................................................ 2

*Sega Enters. v. MAPHIA,*
  948 F. Supp. 923 (N.D. Cal. 1996) ..................................................... 8

*SHL Imaging, Inc. v. Artisan House, Inc.,*
  117 F. Supp. 2d 301 (S.D.N.Y. 2000) ................................................. 6

*Sony BMG Music Ent. v. Tenenbaum,*
  660 F.3d 487 (1st Cir. 2011) ........................................................ 10-11

*Spectravest, Inc. v. Fleet St., Ltd.,*
   13 U.S.P.Q.2d (BNA) 1457 (N.D. Cal. Aug. 22, 1989) ...................................... 8, 11

*Twentieth Century Fox Film Corp. v. Ent. Distrib.,*
   429 F.3d 869 (9th Cir. 2005) .................................................................... 16

*UMG Recordings, Inc. v. Disco Azteca Distribs.,*
   446 F. Supp. 2d 1164 (E.D. Cal. 2006) ........................................ *passim*

*Unicolors, Inc. v. Urban Outfitters, Inc.,*
   853 F.3d 980 (9th Cir. 2017) ......................................................... 1, 2, 8

*United Features Syndicate, Inc. v. Spree, Inc.,*
   600 F. Supp. 1242 (E.D. Mich. 1984) ..................................................... 9

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.,*
   704 F.3d 668 (9th Cir. 2012) ................................................................ 8

*Wilson v. Chater,*
   76 F.3d 238 (8th Cir. 1996) .............................................................. 6, 7

*Wojnarowicz v. Am. Family Ass'n,*
   745 F. Supp. 130 (S.D.N.Y. 1990) ...................................................... 5

*Yurman Design, Inc. v. PAJ, Inc.,*
   262 F.3d 101 (2d Cir. 2001) ............................................................. 8

**Statutes**

17 U.S.C. § 101 ................................................................................... 3, 4, 6

17 U.S.C. § 106 .................................................................................. *passim*

17 U.S.C. § 107 ........................................................................................ 13

17 U.S.C. § 502 ........................................................................................ 11

17 U.S.C. § 504 .................................................................................. *passim*

17 U.S.C. § 505 ........................................................................................ 15

17 U.S.C. § 578 ........................................................................................ 13

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Plaintiff JEFFREY B. Sedlik ("Sedlik"), by and through his undersigned counsel, hereby submit the following memorandum of contentions of fact and law.

## I.     SUMMARY OF SEDLIK'S CLAIM: COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS

Sedlik pleads an action for copyright infringement against Defendants KATHERINE VAN DRACHENBERG aka KAT VON D, and HIGH VOLTAGE TATTOO, INC. (collectively referred to herein as "Defendants") for the infringement of Sedlik's registered copyrighted work entitled "Iconic Miles Davis Portrait" (the "Work").

Sedlik will pursue his claim for direct copyright infringement against Defendants. Sedlik will seek statutory damages against Defendants for willful copyright infringement, pursuant to 17 U.S.C. § 504(c).

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *see also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). The rights of 17 U.S.C. § 106 that are involved in this case include the exclusive power to: (1) "reproduce" (e.g., make copies of) the work; (2) "prepare derivative works" based on the work (e.g. to crop, alter, remix, or build upon the work); (3) "distribute copies" of the work "to the public by sale"; and (4) "display the copyrighted work publicly."

## II.     ELEMENTS REQUIRED TO ESTABLISH SEDLIK'S CLAIM FOR COPYRIGHT INFRINGEMENT

### A.     Sedlik Owns the Work

Sedlik holds a copyright registration in the Work. Sedlik is required to show registration as an element of an infringement claim. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615 (9th Cir. 2010) *(citing Reed Elsevier, Inc. v.*

1

*Muchnick*, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010)). "A certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 988 (9th Cir. 2017). Sedlik created the work in or around 1989 and later registered it with the Register of Copyrights on July 6, 1994, receiving registration number VA 645-610. Defendants bear the burden of rebutting the facts set forth in the copyright certificate. *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

**B.     Defendants Directly Infringed the Work and Violated Exclusive Rights Granted to Sedlik as the Copyright Holder**

Ninth Circuit law defines "direct infringement" in terms of a violation of "'at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) *quoting A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Print on demand companies similar to Defendants have been held liable for direct copyright infringement. *See Greg Young Publ'g, Inc. v. Zazzle, Inc.*, 785 F. App'x 417, 418 (9th Cir. 2019); *see also Feingold v. Rageon, Inc.*, 2020 WL 4003152 *5 (S.D.N.Y. July 15, 2020).

"Under Section 106, a copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. Direct copyright infringement does not require intent or any particular state of mind." *Oppenheimer v. Allvoices, Inc.*, 2014 U.S. Dist. LEXIS 80320 *19 (N.D. Cal. June 10, 2014).

"Nothing in the Copyright Act prevents the various rights protected in section 106 from overlapping. Indeed, under some circumstances, more than one right must be infringed in order for an infringement claim to arise." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d at 1161.

SRIPLAW

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.   Direct Infringement - § 106(1) Right "To Reproduce The Copyrighted Work in Copies"

Defendants' use of Sedlik's Work to create a tattoo directly infringes Sedlik's right to "to reproduce the copyrighted work in copies." 17 U.S.C. § 106(1). "Section 101 defines 'copies' as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) *quoting* 17 U.S.C. § 101.

A plaintiff must show "copying" of a protected work to prove copyright infringement. *See Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991). To show copying, Sedlik must show that Defendants copied protected elements of Sedlik's copyrighted works either through evidence of direct copying or through a showing that Defendants had "access" to plaintiffs copyrighted material and that the two works at issue are "substantially similar." *Funky Films, Inc. v. Time Warner Entm't* Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006).

Defendants directly reproduced the Work on Blake Farmer, and further reproduced copies on its Instagram account, publicly displaying the Work.

A showing of direct infringement also requires Sedlik to show causation (also referred to as "volitional conduct") by Defendants. *See Fox Broad.* Co., *Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013). "The so-called "volition" element of direct infringement is not a judicially-created element of intent or knowledge; it is a basic requirement of causation." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017). The evidence will show that Defendants used a copy of Sedlik's Work during the drawing and tattooing process. As evidenced by Defendants' own Instagram post, Defendants used a print-out of the Work as Defendants were tattooing Mr. Farmer. (ECF 1 ¶ 32).

### 2.   Direct Infringement - § 106(5) Right to Display the copyrighted work publicly"

Defendants directly infringed Sedlik's right "to display the copyrighted work publicly" in violation of § 106(5).

When "a person displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory," the copyright holder's display rights under 17 U.S.C. §106(5) is infringed. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. Cal. 2007).

Defendants directly infringed Sedlik's right "to display the copyrighted work publicly" in violation of §106(5) by displaying the Work on its Instagram account. Further, by tattooing the Work on to Mr. Farmer's arm, Defendants have displayed the copyrighted work publicly.

### 3.   Direct Infringement - § 106(2) Right "To Prepare Derivative Work Based Upon the Copyrighted Work"

Defendants directly infringed Sedlik's right "to prepare derivative works" under §106(2). The definition of a "derivative work" is very broad in 17 U.S.C. §101.

> It is well settled that derivative works are protected under the Copyright Act of 1976. *See Durham Industries, Inc., v. Tomy Corp.*, 630 F.2d 905, 909 (2d Cir. 1980) ("Derivative works are explicitly included in the subject matter of copyright as defined by the Copyright Act."). Section 101 of the Copyright Act defines a derivative work as "a work based upon one or more preexisting works, such as . . . [an] art reproduction . . . or any other form in which a work may be recast, transformed or adapted . . . ." 17 U.S.C. § 101. That definition was intended to be very broad, to include "'every copyrightable work that employs preexisting material." *JBJ Fabrics, Inc.* v. *Brylane, Inc.*, 714 F. Supp. 107 at 109 (S.D.N.Y. 1989) n.2 (quoting H.R. REP. No. 94-1476, 94th Cong., 2d Sess., at 57 (1976)).

*JBJ Fabrics, Inc. v. India Garments, Inc.,* 1993 U.S. Dist. LEXIS 11744, 8-9 (S.D.N.Y. Aug. 20, 1993).

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

4

The violation of a right "to prepare derivative works" [§ 106 (2)] typically requires a violation of the right "to reproduce the copyrighted work" [§ 106 (1)]. The Ninth Circuit explains:

> We held that a copyright holder's right to create derivative works is not infringed unless the alleged derivative work "incorporate[s] a protected work in some concrete or permanent 'form.'" *Id*. In other words, in some contexts, the claimant must be able to claim infringement of its reproduction right in order to claim infringement of its right to prepare derivative works.

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1161 (9th Cir. Cal. 2007). *See also Wojnarowicz v. American Family Ass'n*, 745 F. Supp. 130, 142 (S.D.N.Y. 1990) ("By directly copying portions of several of plaintiff's copyrighted artworks, defendants have violated plaintiff's exclusive right 'to reproduce the copyrighted work in copies.' 17 U.S.C. § 106(1). By editing or cropping plaintiff's artworks and presenting the unauthorized modified version, defendants have additionally violated plaintiff's exclusive right to prepare derivative works. 17 U.S.C. § 106(2).")

Courts have held that modifying the size of an infringing image can violate the right to produce derivative works under §106(2).

> It is undisputed that JBJ redrew and modified the size of the initial Kim Clark design in order that it would fit onto the rollers and screens by which it was printed onto fabric. The Second Circuit has held that such efforts, known as "putting a design into repeat," is a sufficiently original contribution to qualify the new fabric pattern as a derivative work.

*JBJ Fabrics, Inc. v. India Garments, Inc.,* 1993 U.S. Dist. LEXIS 11744, 10- 11 (S.D.N.Y. Aug. 20, 1993).

Likewise, cropping an image also infringes the right "to prepare derivative works" under §106(2). *See Latimer v. Roaring Toyz, Inc.*, 574 F. Supp. 2d 1265, 1274 (M.D. Fla. 2008) ("'A cropped photograph of an earlier photograph is a derivative

work.'") *quoting SHL Imaging, Inc. v. Artisan Homes, Inc.*, 117 F.Supp.2d 301, 305-06 (S.D.N.Y. 2000).

Defendants directly infringed plaintiff's works when it "recast, transformed or adapted" (17 U.S.C. §101) infringing tattoo to fit on Blake Farmer's arm.

### C.   Defendants Vicariously Infringed the Work and Violated Exclusive Rights Granted to Sedlik as the Copyright Holder

Ninth Circuit law defines vicarious liability as one that "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). "Financial benefit exists where the availability of infringing material "acts as a draw for customers." *A&M Records, Inc.*, 239 F.3d at 1023 (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 239, 263-64 (9th Cir. 1996).

### D.   Defendants Contributorily Infringed the Work and Violated Exclusive Rights Granted to Sedlik as the Copyright Holder

Ninth Circuit law defines contributary liability as "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). "[L]iability exists if the defendant engages in "personal conduct that encourages or assists the infringement." *A&M Records, Inc.*, 239 F.3d at 1019 (quoting *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998).

When analyzing whether an infringer contributorily infringed, the court looks at knowledge and material contribution. Knowledge is defined as "know or have reason to know." *Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990). Material contribution is defined as providing the "facilities" for

the direct infringement. *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 239, 263 (9th Cir. 1996).

## III.   ELEMENTS RELEVANT TO SEDLIK'S REQUEST FOR STATUTORY DAMAGES

Sedlik seeks statutory damages against Defendants, pursuant to 17 U.S.C. § 504(c). The amount that may be awarded as statutory damages is not less than $750, nor more than $30,000, for each work that was infringed. However, for each work where the infringement was willful, as much as $150,000 may be awarded. 17 U.S.C. § 504(c).

"[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). The Court has "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

### A.   Statutory Damages: Willful Infringement

To establish "willfulness" for the purposes of an award of statutory damages with respect to the infringement of one of Sedlik's copyrighted designs, Sedlik must prove the following two (2) elements:

1.    Defendants engaged in acts that infringed Sedlik's Work; and

2.    Defendants knew or should have known that those acts infringed the copyrighted Work, which may be met by showing Defendants:

A.    Recklessly disregarded the possibility that its conduct constituted infringement; and/or

B.    Made a deliberate effort to avoid guilty knowledge. *UMG Recordings, Inc. v. Disco Azteca Distr., Inc.*, 446 F. Supp. 2d 1164, 1173 (E.D. Cal. 2006) *citing Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir.

1990) and *Washington Shoe* Co. *v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012) ("'[T]o prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights ... .'" *quoting Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) *and In re Aimster Copyright Litigation,* 334 F.3d 643, 650 (7th Cir. 2003) ("deliberate effort to avoid knowledge" sufficient); *see also Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) ("reckless disregard" sufficient) and *Basic Books, Inc. v. Kinko's Graphics Corp*, 758 F. Supp. 1522, 1543 (S.D.N.Y. 1991) ("constructive knowledge" sufficient); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 2006 U.S. Dist. LEXIS 92710 at *32 (W.D. Wash. 2006) ("reckless disregard" sufficient); *Sega Enters. v. MAPHIA*, 948 F. Supp. 923, 926 (N.D. Cal. 1996) ("reckless disregard" sufficient); *Spectravest, Inc. v. Fleet Street, Ltd.*, 13 U.S.P.Q.2d 1457 at *11 (N.D. Cal. 1989) ("knew or should have known"); *Hearst Corp. v. Stark*, 639 F. Supp. 970, 979 (N.D. Cal. 1986).

   Willfulness need not be proven directly but may be inferred from a defendant's conduct. *UMG Recordings,* 446 F. Supp. 2d at 1174 (E.D. Cal. 2006); *See N.A.S. Import, Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 252 (2nd Cir. 1992). Sedlik is not required to show actual knowledge in order to prove willfulness; to show recklessness or willful blindness is sufficient to prove willfulness. *See Unicolors, Inc., 853 F.3d at* 992. "A plaintiff sustains its burden of proving willfulness 'by showing the defendant knew or should have known it infringed the plaintiffs' copyrights . . . . Willful does not mean malicious, rather, it means with knowledge, whether actual or constructive.'" *UMG Recordings, Inc.,* 446 F. Supp. 2d at 1173 (internal modifications omitted) (*quoting Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1543 (S.D.N.Y. 1991), *and Peer Int'l Corp*, 909 F.2d at 1335 (9th Cir. 1990)). To refute evidence of willful infringement, the defendant "'must not only establish its good faith belief in the innocence of its conduct, it must also show that it

was reasonable in holding such a belief.'" *UMG Recordings, Inc.*, 446 F. Supp. 2d at 1173-74 (quoting *Peer Int'l.*, 909 F.2d at 1336).

The following *non-exclusive* list of factors are relevant to the determination of whether or not an act of infringement was willful:

1.      Whether Defendants' actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016).

2.      Whether Defendants are in the business that routinely copies, sells and/or distributes copyrighted works at the time of the infringement. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

3.      Whether Defendants had knowledge of copyright laws at the time of the infringement. *See Hearst Corp. v. Stark*, 639 F. Supp. 970, 979 (N.D. Cal. 1986); *see also Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, 76 U.S.P.Q.2D 1949 at *7-10 (S.D.N.Y. 2005).

4.      Whether Defendants did anything to determine if the "product" of "service" was infringing, apart from relying upon the representations of the supplier. *See UMG Recordings*, 446 F. Supp. 2d at 1174.

5.      Whether Defendants had any procedures or policies to prevent the copying, selling, or distribution of infringing "products" or "services" at the time of the infringement. *See UMG Recordings,* 446 F. Supp. 2d at 117 4; *see also Playboy Enters. v. Sanfilippo*, 46 U.S.P.Q.2D (BNA) 1350 at *15 n9 (S.D. Cal. 1998); *United Features Syndicate, Inc. v. Spree, Inc.*, 600 F. Supp. 1242, 1247 (E.D. Mich. 1984).

6.      Whether there was a high degree of similarity between the two designs which could only be attributable to copying. *See Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F. Supp. 151, 155 (S.D.N.Y. Nov. 20, 1984) ("willful . . . based on the high degree of similarity between the two designs which could only be attributable to copying . . .").

9

To refute evidence of willful infringement, a defendant must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief. *Peer Int'l,* 909 F .2d at 1336 (9th Cir. 1990); *UMG Recordings,* 446 F. Supp. 2d at 1174 (E.D. Cal. 2006); *See* Model Jury Instructions, Ninth Circuit, Civil & 17.37 (2007) at Comment.

Sedlik will show that the above factors support a finding of willfulness. Further, Sedlik will show that Defendants continued to display Work on Defendants' Social Media accounts even after Sedlik had put Defendants on notice that such Work were owned by Sedlik, and that Defendants did not have authorization from Sedlik to display or use the Work.

**B.    Amount of Statutory Damages**

Ninth Circuit Jury Instruction 17.35 does not list any particular factors that a jury must consider in determining the amount of statutory damages. The Comment to Ninth Circuit Jury Instruction 17.35 explains: "There is wide discretion in determining the amount of statutory damages, constrained only by the specified statutory maximum and minimum. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009); *L.A. News* Serv. *v. Reuters Television Int'l,* 149 F.3d 987, 996 (9th Cir. 1998); *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (noting that trier of fact must be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like,' restrained only by qualification that amount be within prescribed maximum or minimum)."

"There is no required nexus between actual and statutory damages under 17 U.S.C. § 504(c)." *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11-12 (9th Cir. 2009). The Ninth Circuit affirmed a district court's refusal to instruct the jury regarding a nexus between actual and statutory damages because such an instruction "would have been a misstatement of the law." *Id.* See *also Sony BMG Music Entm't v.*

10

*Tenenbaum,* 660 F.3d 487, 507 (1st Cir. 2011) (*following New Form* "We join our sister circuits, who have rejected similar objections to jury instructions.")

The following is a *non-exclusive* list of factors relevant to the amount of a statutory damages award for an infringement within the above- prescribed ranges:

1.    The circumstances of the infringement. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F .2d 1332, 1336 (9th Cir. 1990);

2.    The total number of infringements involved in this action. *Id.* at 1337;

3.    Defendants' state of mind, whether willful, knowing, or innocent. *Brayton,* 2007 U.S. Dist. LEXIS 11714 at *11; *Nike*, 2007 U.S. Dist. LEXIS 37195 at *7; *Spectravest*, 13 U.S.P.Q.2D 1457 at *15;

4.    Whether Defendants has cooperated in providing particular records from which to assess the value of the infringing material produced, distributed and/or sold. *See Nike*, 2007 U.S. Dist. LEXIS 37195 at *7; *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F .2d 1110, 1117 (2d Cir. 1986);

5.    The value of the copyright infringed. *See Nike*, 2007 U.S. Dist. LEXIS 37195 at *7; *Fitzgerald,* 807 F.2d at 1117; and

6.    The deterrent effect on Defendants and others. *See Brayton*, 2007 U.S. Dist. LEXIS 11714 at *10; *Nike,* 2007 U.S. Dist. LEXIS 37195 at *7; *Fitzgerald*, 807 F.2d at 1117; *see also Kenbrooke Fabrics, Inc., v. Holland Fabrics, Inc.*, 602 F. Supp. 151, 155 (S.D.N.Y. 1984).

## C.    Permanent Injunctive Relief

The remedies provided by the Copyright Act include injunctive relief to prevent or restrain further infringement of the copyright. 17 U.S.C. § 502(a). Sedlik has the burden under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), to show "(1) that it suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

11

warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.

"Injunctive relief is properly granted if the defendant is likely to repeat its offenses." *Beijing Ciwen Film v. New Tang Dynasty*, 2014 WL 12597155, at *4 (C.D. Cal. 2014) *quoting PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177-78 (C.D. Cal. 2002). "A legal remedy is inadequate if it would require a multiplicity of suits." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 518 F. Supp. 2d 1197, 1220 (C.D. Cal. 2007).

Sedlik is entitled to injunctive relief prohibiting Defendants from further infringing Sedlik's copyrights. During the deposition of Katherine Von Drachenberg, it was made present that she had not removed the Works from any of her websites/social media accounts. (Deposition of Katherine Von Drachenberg ("KVD Tr.") 176:9-16). To date, the posts still remain active.

## IV.   KEY EVIDENCE IN SUPPORT OF SEDLIK'S CLAIMS FOR COPYRIGHT INFRINGEMENT

Sedlik intends to offer the following key evidence in support of its claim for copyright infringement:

1.     Sedlik owns valid copyright registrations for the Work at issue in this litigation.

2.     Sedlik's Work at issue in this litigation have appeared on Defendants' Instagram account and has been tattooed on Blake Farmer.

3.     Defendants in its sole and absolute discretion will determine what designs will be tattooed as Defendants are the ones in control of the tattooing process.

4.     The registration dates for each of the copyrighted Work at issue in this litigation predate the filing of the complaint for this case.

5.     Defendants infringed the Work.

6.     Defendants' copyright infringement was willful as to the Work.

7.      Defendants had knowledge of copyright laws at the time of the infringement.

8.      The degree of similarity between Defendants' infringing design and Sedlik's copyrighted design is very, very high given that the tattoo is based directly on the copyrighted Work.

9.      Defendants displayed the Work on its Instagram and Facebook accounts.

## V.    DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants raise two affirmative defenses.

## A.    Defendants' Use was Fair Use

Defendants contend that the use of the Work to create a tattoo is protected under the doctrine of Fair Use. "Fair use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enterprises.*, 471 U.S. 539, 560 (1985). The doctrine of fair use "permits and requires courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Section 107 of the Copyright Act sets forth the statutory factors that a court considers determining whether a use is protected by the Fair Use doctrine. *Id.* at 578.

Title 17 U.S.C. § 107 sets forth the factors for fair use:

(1) The purpose of and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) The nature of the copyrighted work;
(3) The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4) The effect of the use upon the potential market for or value of the copyrighted work.

*See* 17 U.S.C. § 107.

13

In its order at ECF 69, the Court ruled that the Court could not determine, as a matter of law whether the Defendants' use was not fair use, but instead there were triable issues of fact regarding the first and fourth factor. (ECF 69 pg. 21; 24). The Court also found that the nature of the copyrighted work leaned in favor of fair use (ECF 69 pg. 22) and the amount and substantiality of the portion used weighed against fair use (ECF 69 pg. 23).

Based on the Court's order, there are several triable issues of material fact regarding Defendants' fair use defense, and as a matter of law, Defendants' fair use defense cannot succeed.

## B.   Innocent Infringement

Defendants further hold that even if Defendants did infringe, the infringement was innocent and the Court, at its discretion, should reduce the award of statutory damages to not more than $200.00. *See* 17 U.S.C. 504(c)(2). In order for Defendants to prove their infringement was innocent, Defendants must show that 1) the defendants were not aware that her or its acts constituted infringement of the copyright; and 2) the defendants had no reason to believe that her or its acts constituted an infringement of copyright. *See* 17 U.S.C. 504(c)(2); *see also Rosen v. Netfronts, Inc.*, 2013 WL 3467205 at *4 (C.D. Cal. July 9, 2013). "A defendant has the burden of proving innocent infringement, and to carry this burden, the defendant must show a good faith belief that no infringement occurred and must also show that this believe was objectively reasonable." *Rosen*, 2013 WL 3467205 at *4.

Defendants must prove that Defendants' use of the Work was innocent. To date, Defendants have failed to show that their use was innocent. On the contrary, Defendants own testimony has suggested the opposite. Defendants are artists. (KVD Tr. 14:22). Defendants are aware of intellectual property laws as High Voltage Tattoo has trademarks. (KVD Tr. 71:19). Defendants failed to research the Work prior to giving Mr. Farmer a tattoo of the Work. (KVD Tr. 104:8-11). Defendants knew or should know have known that the Work did not belong to Mr. Farmer and that the

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Work was copyrighted by the author of the Work. Therefore, Defendants will be unable to prove that it acted innocently and that her acts did not constitute copyright infringement and that it had no reason to believe that her acts were copyright infringement.

## VI.   BIFURCATION

Plaintiff seeks to bifurcate the issues of liability and damages. Concurrently filed with this memorandum is Sedlik's Motion in Limine #4 requesting the bifurcation of liability and damages.

## VII.   JURY TRIAL

The parties have demanded a jury trial.

## VIII.   SEDLIK'S BASIS FOR THE RECOVERY OF ATTORNEYS' FEES

After judgment is entered, Sedlik may file a post-judgment motion for attorneys' fee under 17 U.S.C. §505. That section provides:

> In any civil action under this title, the court in its discretion may *allow the recovery of full costs* by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a *reasonable attorney's fee to the prevailing party* as *part of the costs.*

"Generally, the plaintiff in a copyright action is awarded fees by virtue of prevailing in the action." *Playboy Enters.*, 46 U.S.P.Q.2D *1350* at \*19-\*20 (S.D. Cal. 1998) *citing Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F .2d 1545, 1556 (9th Cir. 1989) ("Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action"); *Columbia Pictures TV v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 297 (9th Cir. 1997); *Odnil Music Ltd. v. Katharsis, LLC*, 2006 U.S. Dist. LEXIS 68849 at \*3 (E.D. Cal. 2006). Further, "a plaintiff need not succeed on every claim to be entitled to fees and 'is a prevailing party by

succeeding on any significant issue which achieves some of the benefit sought.'" *Odnil Music*, 2006 U.S. Dist. LEXIS 68849 at \*3-\*4 *citing Mantolete v. Bolger*, 791 F.2d 784, 786 (9th Cir. 1986).

In the event Sedlik prevails and this Court is inclined to examine Sedlik's entitlement to attorney fees beyond that "by virtue of prevailing in the action," it may consider the following factors: (1) Frivolousness; (2) Motivation; (3) Objective unreasonableness (both in the factual and in the legal components of the case); and (4) The need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 fn 19 (1994); *Twentieth Century Fox Film Corp. v. Entertainment Distrib.,* 429 F.3d 869, 883 (9th Cir. 2005).

In exercising its discretion, this Court should be mindful that willful infringement "is an important factor favoring an award of fees." *Historical Research v. Cabral,* 80 F.3d 377, 379 (9th Cir. 1996); *Dunn & Fenley, LLC* v. *Allen,* 2007 U.S. Dist. LEXIS 75292 at \*9 (D. Or. 2007) *citing Historical Research.*

## IX.   ABANDONMENT OF ISSUES

Defendants have abandoned the following affirmative defenses by refusing to raise them in their motion for summary judgment:

Its first affirmative defense, which alleged Plaintiff has failed to allege a claim upon which relief can be granted.

Its second affirmative defense, which alleges Plaintiff's claim is barred by the statute of limitations.

Its fourth affirmative defense, which alleged Plaintiff has suffered no injury or damage as a result of any act of conduct by Defendants.

Its sixth affirmative defense, which alleges Plaintiff's claims for damages are barred because they are speculative and are not susceptible of proof with reasonable certainty.

Its seventh affirmative defense, which alleges Plaintiff has waived his rights.

2:21-cv-01102-DSF-MRW

Its eighth affirmative defense, which alleges Plaintiff is barred by doctrine of estoppel.

Its ninth affirmative defense, which alleges Plaintiff is barred by doctrine of laches.

Its tenth affirmative defense, which alleges Plaintiff is barred by the doctrine of unclean hands.

Its eleventh affirmative defense, which claims Defendants' acts were excused, justified, or privileged.

DATED: October 25, 2022            Respectfully submitted,


                                   /s/ Jonah A. Grossbardt
                                   JONAH A. GROSSBARDT
                                   MATTHEW L. ROLLIN
                                   JOEL B. ROTHMAN
                                   **SRIPLAW**
                                   Attorneys for Plaintiff Jeffrey B. Sedlik

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

17