GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
*allen@thegolawfirm.com*
John J. Metzidis (SBN 259464)
*john@thegolawfirm.com*
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone:   (310) 315-3009
Facsimile:    (310) 315-1557

Attorneys for Defendants Katherine Von
Drachenberg and High Voltage Tattoo, Inc.

Jonah A. Grossbardt (SBN 283584)       Joel B. Rothman (*pro hac vice*)
Matthew L. Rollin (SBN 332631)         SRIPLAW
SRIPLAW                                21301 Powerline Road, Suite 100
8730 Wilshire Blvd., Suite 350         Boca Raton, FL 33433
Beverly Hills, CA 90211                Phone: (561) 404-435035
323.364.6565 – Telephone               Fax Number: (561) 404-4353
561.404.4353 – Facsimile               joel.rothman@sriplaw.com
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff Jeffrey B. Sedlik

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual; | Case No. 2:21-cv-01102-DSF-MRWx |
| Plaintiff, | Before the Hon. Dale S. Fischer, U.S. District Judge |
| vs. | |
| KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive, | **JOINT AGREED-UPON JURY INSTRUCTIONS** |
| | Action filed:    February 7, 2021<br>FPTC:           November 14, 2022<br>Trial:            December 13, 2022 |
| Defendants. | |

1         Pursuant to Section II.B of this Court's May 19, 2021 Order Re: Jury Trial

2  (Dkt. 19), Plaintiff Jeffrey B. Sedlik and Defendants Katherine Von Drachenberg

3  and High Voltage Tattoo, Inc. submit the following joint set of jury instructions on

4  which there is agreement.

5         An index of the joint agreed-upon instructions and the instructions follow

6  below.

7

8  Dated:  November 4, 2022     Respectfully submitted,

9                       GRODSKY, OLECKI & PURITSKY LLP
                            Allen B. Grodsky
                            John J. Metzidis

10

11                      By:   /s/ John J. Metzidis
                              John J. Metzidis

12

13                      Attorneys for Defendants Katherine Von
                      Drachenberg and High Voltage Tattoo, Inc.

14

15  Dated:  November 4, 2022     SRIPLAW
                            Joel B. Rothman

16                            Jonah A. Grossbardt
                            Matthew L. Rollin

17

18                      By:  /s/ Matthew L. Rollin (w/ permission)
                             Matthew L. Rollin

19                      Attorneys for Plaintiff Jeffrey B. Sedlik

20

21

22

23

24

25

26

27

28

## INDEX OF JOINT AGREED-UPON JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| J1 | Duty of Jury | 9th Cir. 1.4 | 6 |
| J2 | Claims and Defenses | 9th Cir. 1.5 | 8 |
| J3 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 10 |
| J4 | Two or More Parties:  Different Legal Rights | 9th Cir. 1.8 | 12 |
| J5 | What is Evidence | 9th Cir. 1.9 | 14 |
| J6 | What is Not Evidence | 9th Cir. 1.10 | 16 |
| J7 | Evidence for Limited Purpose | 9th Cir. 1.11 | 18 |
| J8 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 20 |
| J9 | Ruling on Objections | 9th Cir. 1.13 | 22 |
| J10 | Credibility of Witnesses | 9th Cir. 1.14 | 24 |
| J11 | Conduct of the Jury | 9th Cir. 1.15 | 27 |
| J12 | Taking Notes | 9th Cir. 1.18 | 31 |
| J13 | Stipulations of Fact | 9th Cir. 2.2 | 33 |
| J14 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 35 |
| J15 | Transcript of Recording in English | 9th Cir. 2.5 | 37 |
| J16 | Use of Interrogatories | 9th Cir. 2.11 | 39 |
| J17 | Expert Opinion | 9th Cir. 2.13 | 41 |
| J18 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 43 |

| No. | Title | Source | Page |
|---|---|---|---|
| J19 | Charts and Summaries Received in Evidence | 9th Cir. 2.15 | 45 |
| J20 | Evidence in Electronic Format | 9th Cir. 2.16 | 47 |
| J21 | Duty to Deliberate | 9th Cir. 3.1 | 50 |
| J22 | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 52 |
| J23 | Communication with the Court | 9th Cir. 3.3 | 55 |
| J24 | Return of Verdict | 9th Cir. 3.5 | 57 |
| J25 | Corporations and Partnerships – Fair Treatment | 9th Cir. 4.1 | 59 |
| J26 | Liability of Corporations – Scope of Authority Not In Issue | 9th Cir. 4.2 | 61 |
| J27 | Damages – Proof | 9th Cir. 5.1 | 63 |
| J28 | Preliminary Instruction - Copyright | 9th Cir. 17.1 | 65 |
| J29 | Definition of Copyright (17 U.S.C. § 106) | 9th Cir. 17.2 | 69 |
| J30 | Copyright – Subject Matter – Generally | 9th Cir. 17.3 | 71 |
| J31 | Copyright – Subject Matter – Ideas and Expression (17 U.S.C. § 102(b)) | 9th Cir. 17.4 | 73 |
| J32 | Copyright Infringement – Ownership of Valid Copyright – Definition | 9th Cir. 17.6 | 75 |
| J33 | Copyright Infringement – Copyright Registration Certificate | 9th Cir. 17.7 | 77 |
| J34 | Copying – Access and Substantial Similarity | 9th Cir. 17.10 | 79 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| J35 | Copyright Interests – Derivative Work | 9th Cir. 17.15 | 81 |
| J36 | Copying – Access and Substantial Similarity | 9th Cir. 17.17 | 83 |
| J37 | Copyright Infringement – Copying – Access Defined | 9th Cir. 17.18 | 85 |
| J38 | Secondary Liability – Vicarious Infringement – Elements and Burden of Proof | 9th Cir. 17.20 | 87 |
| J39 | Derivative Liability – Contributory Infringement – Elements and Burden of Proof | 9th Cir. 17.21 | 89 |
| J40 | Copyright – Damages (17 U.S.C. § 504) | 9th Cir. 17.32 | 91 |
| J41 | Copyright – Damages – Statutory Damages (17 U.S.C. § 504(c)) | 9th Cir. 17.35 | 93 |
| J42 | Copyright – Damages – Innocent Infringement (17 U.S.C. § 504(c)(2)) | 9th Cir. 17.36 | 95 |
| J43 | Copyright – Damages – Willful Infringement (17 U.S.C. § 504(c)(2)) | 9th Cir. 17.37 | 97 |

## JOINT AGREED-UPON INSTRUCTION NO. J1

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1     AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J1:

2          Model Civ. Jury Instr. 9th Cir. 1.4 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J2

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendants infringed on plaintiff's copyright and that plaintiff suffered damages as a result of the infringement. The plaintiff has the burden of proving these claims.

The defendants deny those claims and also contend that defendants' use of the work was fair use; [and] that if there was infringement, it was innocent infringement; and that the plaintiff's recovery is limited by the statute of limitations. The defendants have the burden of proof on these affirmative defenses.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J2</u>:

2         Model Civ. Jury Instr. 9th Cir. 1.5 (2017) (underlined text subject to pending

3    motion in limine filed by Plaintiff).

## **JOINT AGREED-UPON INSTRUCTION NO. J3**

### **Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J3</u>:

2         Model Civ. Jury Instr. 9th Cir. 1.6 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J4

### Two or More Parties:  Different Legal Rights

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

1    AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J4:

2         Model Civ. Jury Instr. 9th Cir. 1.8 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J5**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

1   AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J5:

2        Model Civ. Jury Instr. 9th Cir. 1.9 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J6**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1    AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J6:

2         Model Civ. Jury Instr. 9th Cir. 1.10 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>JOINT AGREED-UPON INSTRUCTION NO. J7</u>

### Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J7</u>:

2         Model Civ. Jury Instr. 9th Cir. 1.11 (2017) (with bracketed text removed).

## JOINT AGREED-UPON INSTRUCTION NO. J8

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J8</u>:

2       Model Civ. Jury Instr. 9th Cir. 1.12 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J9

### Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J9</u>:

2         Model Civ. Jury Instr. 9th Cir. 1.13 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J10

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J10</u>:

2       Model Civ. Jury Instr. 9th Cir. 1.14 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT AGREED-UPON INSTRUCTION NO. J11**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you

1  must respond that you have been ordered not to discuss the matter and report the

2  contact to the court.

3

4      Because you will receive all the evidence and legal instruction you properly

5  may consider to return a verdict: do not read, watch or listen to any news or media

6  accounts or commentary about the case or anything to do with it, although I have no

7  information that there will be news reports about this case; do not do any research,

8  such as consulting dictionaries, searching the Internet, or using other reference

9  materials; and do not make any investigation or in any other way try to learn about

10  the case on your own. Do not visit or view any place discussed in this case, and do

11  not use Internet programs or other devices to search for or view any place discussed

12  during the trial. Also, do not do any research about this case, the law, or the people

13  involved—including the parties, the witnesses or the lawyers—until you have been

14  excused as jurors. If you happen to read or hear anything touching on this case in

15  the media, turn away and report it to me as soon as possible.

16

17      These rules protect each party's right to have this case decided only on

18  evidence that has been presented here in court. Witnesses here in court take an oath

19  to tell the truth, and the accuracy of their testimony is tested through the trial

20  process. If you do any research or investigation outside the courtroom, or gain any

21  information through improper communications, then your verdict may be

22  influenced by inaccurate, incomplete or misleading information that has not been

23  tested by the trial process. Each of the parties is entitled to a fair trial by an

24  impartial jury, and if you decide the case based on information not presented in

25  court, you will have denied the parties a fair trial. Remember, you have taken an

26  oath to follow the rules, and it is very important that you follow these rules.

27

28

1        A juror who violates these restrictions jeopardizes the fairness of these
2   proceedings, and a mistrial could result that would require the entire trial process to
3   start over. If any juror is exposed to any outside information, please notify the court
4   immediately.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J11</u>:

2         Model Civ. Jury Instr. 9th Cir. 1.15 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J12

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J12</u>:

2        Model Civ. Jury Instr. 9th Cir. 1.18 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JOINT AGREED-UPON INSTRUCTION NO. J13

## Stipulations of Fact

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J13</u>:

2         Model Civ. Jury Instr. 9th Cir. 2.2 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J14

### Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Jeffrey B. Sedlik was taken on January 11, 2022, and the deposition of Katherine Von Drachenberg was taken on January 18, 2022. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J14</u>:

2         Model Civ. Jury Instr. 9th Cir. 2.4 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT AGREED-UPON INSTRUCTION NO. J15

### Transcript of Recording in English

You are about to watch a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the recording has been played, the transcript will be taken from you.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J15</u>:

2       Model Civ. Jury Instr. 9th Cir. 2.5 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J16

### Use of Interrogatories

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J16</u>:

2          Model Civ. Jury Instr. 9th Cir. 2.11 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J17

### Expert Opinion

You have heard testimony from [*name*] who testified to opinions and the reasons for [*his*] [*her*] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J17</u>:

2        Model Civ. Jury Instr. 9th Cir. 2.13 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J18**

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J18</u>:

2         Model Civ. Jury Instr. 9th Cir. 2.14 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JOINT AGREED-UPON INSTRUCTION NO. J19**

### **Charts and Summaries Received in Evidence**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J19</u>:

2         Model Civ. Jury Instr. 9th Cir. 2.15 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J20**

**Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [*clerk*] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [*clerk*] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [*the clerk*] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

1          The sole purpose of providing the computer in the jury room is to enable

2    jurors to view the exhibits received in evidence in this case. You may not use the

3    computer for any other purpose. At my direction, technicians have taken steps to

4    ensure that the computer does not permit access to the Internet or to any "outside"

5    website, database, directory, game, or other material. Do not attempt to alter the

6    computer to obtain access to such materials. If you discover that the computer

7    provides or allows access to such materials, you must inform the court immediately

8    and refrain from viewing such materials. Do not remove the computer or any

9    electronic data [disk] from the jury room, and do not copy any such data.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J20</u>:

2        Model Civ. Jury Instr. 9th Cir. 2.16 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT AGREED-UPON INSTRUCTION NO. J21

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J21</u>:

2        Model Civ. Jury Instr. 9th Cir. 3.1 (2017).

1   **JOINT AGREED-UPON INSTRUCTION NO. J22**

2   **Consideration of Evidence – Conduct of the Jury**

3

4       Because you must base your verdict only on the evidence received in the case

5   and on these instructions, I remind you that you must not be exposed to any other

6   information about the case or to the issues it involves. Except for discussing the

7   case with your fellow jurors during your deliberations:

8

9       Do not communicate with anyone in any way and do not let anyone else

10  communicate with you in any way about the merits of the case or anything to do

11  with it. This includes discussing the case in person, in writing, by phone or

12  electronic means, via email, via text messaging, or any Internet chat room, blog,

13  website or application, including but not limited to Facebook, YouTube, Twitter,

14  Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to

15  communicating with your family members, your employer, the media or press, and

16  the people involved in the trial. If you are asked or approached in any way about

17  your jury service or anything about this case, you must respond that you have been

18  ordered not to discuss the matter and to report the contact to the court.

19

20      Do not read, watch, or listen to any news or media accounts or commentary

21  about the case or anything to do with it, although I have no information that there

22  will be news reports about this case; do not do any research, such as consulting

23  dictionaries, searching the Internet, or using other reference materials; and do not

24  make any investigation or in any other way try to learn about the case on your own.

25  Do not visit or view any place discussed in this case, and do not use Internet

26  programs or other devices to search for or view any place discussed during the trial.

27  Also, do not do any research about this case, the law, or the people involved—

28  including the parties, the witnesses or the lawyers—until you have been excused as

jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to outside information, please notify the court immediately.

1  <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J22</u>:

2      Model Civ. Jury Instr. 9th Cir. 3.2 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J23

### Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J23</u>:

2         Model Civ. Jury Instr. 9th Cir. 3.3 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J24

**Return of Verdict**

A verdict form has been prepared for you. [*Explain verdict form as needed*.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the [*clerk*] that you are ready to return to the courtroom.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J24</u>:

2        Ninth Circuit Manual of Model Jury Instructions 3.5.

**JOINT AGREED-UPON INSTRUCTION NO. J25**

**Corporations and Partnerships – Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J25</u>:

2         Model Civ. Jury Instr. 9th Cir. 4.1 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JOINT AGREED-UPON INSTRUCTION NO. J26**

**Liability of Corporations – Scope of Authority Not In Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1     <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J26</u>:

2          Model Civ. Jury Instr. 9th Cir. 4.2 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J27**

**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been provided.

Your award must be based on evidence and not upon speculation, guesswork, or conjecture.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J27</u>:

2         Model Civ. Jury Instr. 9th Cir. 5.1 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J28

### Preliminary Instruction – Copyright

The plaintiff, Jeffrey B. Sedlik, claims ownership of copyright and seeks damages against the defendants, Katherine Von Drachenberg and High Voltage Tattoo, Inc., for copyright infringement. The defendants deny infringing the copyright, and assert the affirmative defense that they made a fair use of the work, along with other defenses. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the

1  copyrighted work with the Copyright Office. After determining that the material
2  deposited constitutes copyrightable subject matter and that certain legal and formal
3  requirements are satisfied, the Register of Copyrights registers the work and issues
4  a certificate of registration to the copyright owner.

5

6                          PLAINTIFF'S BURDEN OF PROOF

7          In this case, the Plaintiff, Jeffrey B. Sedlik, contends that Defendants
8  Katherine Von Drachenberg and High Voltage Tattoo, Inc. have infringed the
9  plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of
10  the evidence that the plaintiff is the owner of the copyright and that the defendants
11  copied original expression from the copyrighted works. Preponderance of the
12  evidence means that you must be persuaded by the evidence that it is more probably
13  true than not true that the copyrighted work was infringed.

14         The plaintiff must also prove that the defendants' use of the copyrighted
15  work was substantial.  In determining whether the defendant's use of the
16  copyrighted work was substantial, you may consider how important the copied
17  portion was to the copyrighted work as a whole.

18

19                              PROOF OF COPYING

20         To prove that the defendants copied the plaintiff's work, the plaintiff may
21  show that the defendants had access to the plaintiff's copyrighted work and that
22  there are substantial similarities between the defendants' work and the plaintiff's
23  copyrighted work.

24

25                        LIABILITY FOR INFRINGEMENT

26         One who reproduces, prepares derivative works from, publicly displays, or
27  publicly distributes a copyrighted work without authority from the copyright owner
28  during the term of the copyright, infringes the copyright.

1    Copyright may also be infringed by vicariously or contributorily infringing.

2

3                          VICARIOUS INFRINGEMENT

4    A person is liable for copyright infringement by another if the person has

5    profited directly from the infringing activity and had the right and ability to

6    supervise or control the infringing activity, whether or not the person knew of the

7    infringement.

8

9                         CONTRIBUTORY INFRINGEMENT

10   A person is liable for copyright infringement by another if the person knows

11   or should have known of the infringing activity and induces or materially

12   contributes to the activity.

13

14                          DEFENSES TO INFRINGEMENT

15   The defendants contend that there is no copyright infringement.  There is no

16   copyright infringement when the defendants made fair use of the copyrighted work.

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J28</u>:

2          Model Civ. Jury Instr. 9th Cir. 17.1 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J29

### Definition of Copyright (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1)     reproduce the copyrighted work in copies;

(2)     recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

(3)     distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

(4)     display publicly a copyrighted graphic work.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work or an assignee. In general, copyright law protects against reproduction, adaptation, public distribution, and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J29</u>:

2         Model Civ. Jury Instr. 9th Cir. 17.2 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J30**

**Copyright – Subject Matter – Generally**

The work involved in this trial, the Miles Davis Photograph, is known as a pictorial work.

Pictorial works, such as photographs, prints and art reproductions, can be protected by copyright law.

You are instructed that a copyright may be obtained in the Miles Davis Photograph.

This work can be protected by copyright law.  Only that part of the work comprised of original works of authorship fixed in any tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, concept or principle, regardless of the form in which it is described, explained, illustrated, or embodied.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J30</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.3 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J31

**Copyright – Subject Matter – Ideas and Expression (17 U.S.C. § 102(b))**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work. Only the particular expression of an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J31</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.4 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT AGREED-UPON INSTRUCTION NO. J32**

**Copyright Infringement – Ownership of Valid Copyright – Definition**

The plaintiff is the owner of a valid copyright in the Miles Davis Photograph if the plaintiff proves by a preponderance of the evidence that, with respect to each work:

1.    the plaintiff's work is original; and

2.    the plaintiff is the author or creator of the work, or received a transfer of the copyright.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J32</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.6 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J33**

**Copyright Infringement – Copyright Registration Certificate**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes <u>Exhibit 7</u>, a certificate of copyright registration from the Copyright Office. You are instructed that the certificate is sufficient to establish that there is a valid copyright in the Miles Davis Photograph.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J33</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.7 (2017).

## JOINT AGREED-UPON INSTRUCTION NO. J34

### Copying – Access and Substantial Similarity

Instruction [17.1] states that the plaintiff has the burden of proving that the defendants copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiff's work.

1  AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J34:

2       Model Civ. Jury Instr. 9th Cir. 17.10 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT AGREED-UPON INSTRUCTION NO. J35

### Copyright Interests – Derivative Work

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission, <u>unless the derivative work is itself found to be a fair use</u>.

The copyright owner of the pre-existing work may enforce the right to exclude others in an action for copyright infringement to the extent that the material copied derived from the pre-existing work.

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J35</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.15 (2017) (modified to include exception

3   for fair use).

**JOINT AGREED-UPON INSTRUCTION NO. J36**

**Copying – Access and Substantial Similarity**

Instruction [No. J27] states that the plaintiff has the burden of proving that the defendants copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiff's work.

If you find that the plaintiff has failed to prove either access to the plaintiff's copyrighted work or substantial similarities between the defendants' work and original elements of the plaintiff's work, your verdict should be for the defendants.

1    AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J36:

2        Model Civ. Jury Instr. 9th Cir. 17.17 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT AGREED-UPON INSTRUCTION NO. J37

**Copyright Infringement – Copying – Access Defined**

As part of its burden in the above Instruction, the plaintiff must prove by a preponderance of the evidence that defendants had access to the plaintiff's work at issue and then created the allegedly infringing work.

It is agreed that the defendants had access to the Miles Davis Photograph.

1    AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J37:

2         Model Civ. Jury Instr. 9th Cir. 17.18 (2017) (modified to reflect parties'

3    agreement that access is not in dispute).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J38

**Secondary Liability – Vicarious Infringement – Elements and Burden of Proof**

If you find that one of the defendants infringed the plaintiff's copyright in the Miles Davis Photograph, you must determine whether the other defendant vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.     the other defendant directly benefitted financially from the infringing activity of the defendant that committed direct infringement;

2.     the other defendant had the right and ability to supervise or control the infringing activity of the defendant that committed direct infringement; and

3.     the other defendant failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements as to the defendant accused of vicarious infringement, your verdict should be for the plaintiff if you also find that the other defendant committed direct infringement of plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant accused of vicarious infringement.

1    AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J38:

2         Model Civ. Jury Instr. 9th Cir. 17.20 (2017).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT AGREED-UPON INSTRUCTION NO. J39**

**Derivative Liability – Contributory Infringement –**

**Elements and Burden of Proof**

A defendant may be liable for copyright infringement engaged in by another if the defendant knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that one of the defendants infringed the plaintiff's copyright in the Miles Davis Photograph, you must determine whether the other defendant contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.   the defendant knew or had reason to know of the infringing activity of any of the other defendants; and

2.   the defendant intentionally induced or materially contributed to any of the other defendant's infringing activity.

If you find that one the defendants infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff as those defendants for which these elements were proven. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendants.

1    AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J39:

2         Model Civ. Jury Instr. 9th Cir. 17.21 (2017) (removing bracketed language

3    regarding proof of intent to induce).

**JOINT AGREED-UPON INSTRUCTION NO. J40**

**Copyright – Damages (17 U.S.C. § 504)**

If you find for the plaintiff on the plaintiff's copyright infringement claims, you must determine the plaintiff's damages. <u>The plaintiff is entitled to recover any profits of the defendants attributable to their infringement</u>. The plaintiff must prove these damages by a preponderance of the evidence.

1   AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J40:

2        Model Civ. Jury Instr. 9th Cir. 17.32 (2017) (modified to remove reference to

3   "actual damages suffered as a result of the infringement," as these have been

4   removed from the case as a result of partial summary judgment ruling; underlined

5   language regarding defendants' profits is subject to pending motion in limine

6   brought by defendants).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT AGREED-UPON INSTRUCTION NO. J41

### Copyright – Damages – Statutory Damages (17 U.S.C. § 504(c))

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

If you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J41</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.35 (2017).

**JOINT AGREED-UPON INSTRUCTION NO. J42**

**Copyright – Damages – Innocent Infringement (17 U.S.C. § 504(c)(2))**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.    the defendant was not aware that her or its acts constituted infringement of the copyright; and

2.    the defendant had no reason to believe that her or its acts constituted an infringement of the copyright.

1    <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J42</u>:

2         Model Civ. Jury Inst. 9th Cir. 17.36 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT AGREED-UPON INSTRUCTION NO. J43

**Copyright – Damages – Willful Infringement (17 U.S.C. § 504(c)(2))**


An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:


1.      the defendants engaged in acts that infringed the copyright; and


2.      the defendants knew that those acts infringed the copyright, or the defendants acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

1   <u>AUTHORITY FOR JOINT AGREED-UPON INSTRUCTION NO. J43</u>:

2        Model Civ. Jury Instr. 9th Cir. 17.37 (2017).

1

## **COMPLIANCE WITH LOCAL RULE 5-4.3.4**

2       Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories

3   listed, and on whose behalf this filing is submitted, concur in this filing's content

4   and have authorized this filing.

5

6   Dated:  November 4, 2022          By:   /s/ John J. Metzidis
                                            John J. Metzidis

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28