Jonah A. Grossbardt (State Bar No. 283584)
Matthew L. Rollin (State Bar No. 332631)
**SRIPLAW**
8730 Wilshire Blvd., Suite 350
Beverly Hills, CA 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Joel B. Rothman (admitted *pro hac vice*)
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
Joel.rothman@sriplaw.com

Attorneys for Plaintiff
JEFFREY B. SEDLIK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE VAN DRACHENBERG aka KAT VON D, KAT VON D, INC., and HIGH VOLTAGE TATTOO, INC.,<br><br>Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Hon. Dale S. Fischer, U.S. District Judge<br><br>**PLAINTIFF'S PROPOSED AND DISPUTED JURY INSTRUCTIONS**<br><br>Judge: Hon. Dale S. Fischer |

Pursuant to Section II.B of this Court's May 19, 2021, Order Re: Jury Trial (Dkt. 19), Plaintiff Jeffery B. Sedlik submit the following proposed jury instructions for which there is not agreement from Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc.

An index of Plaintiff's proposed instructions and the proposed instructions follow below. Plaintiff reserves the right to modify or supplement these proposed instructions.

DATED: November 4, 2022          Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Jonah A. Grossbardt*
　　　　　　　　　　　　　　　　　JONAH A. GROSSBARDT
　　　　　　　　　　　　　　　　　MATTHEW L. ROLLIN
　　　　　　　　　　　　　　　　　JOEL B. ROTHMAN (Pro Hac Vice)
　　　　　　　　　　　　　　　　　**SRIPLAW**
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Jeffrey B. Sedlik

# INDEX OF PLAINTIFF'S PROPOSED AND DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| P1 | Copyright Infringement – Elements – Ownership and Copying | 9th Cir. 17.5 | 4 |
| P2 | Substantial Similarity – Extrinsic Test; Intrinsic Test | 9th Cir. 17.19 | 7 |
| P3 | Copyright—Affirmative Defense—Fair Use | 9th Cir. 17.22 | 10 |
| P4 | Copyright – Damages – Actual Damages | 9th Cir. 17.33 | 13 |
| P5 | Copyright – Damages – Defendants' Profits | 9th Cir. 17.34 | 16 |

**PLAINTIFF'S PROPOSED INSTRUCTION NO. P1**

**Copyright Infringement—Elements—Ownership and Copying**

**(17 U.S.C. § 501(a)–(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright. For each of plaintiff's copyright infringement claims, the plaintiff has the burden of proving by a preponderance of the evidence that:

    1. the plaintiff is the owner of a valid copyright; and

    2. the defendant copied original expression from the copyrighted work.

If you find that the plaintiff has proved both of these elements with respect to the work at issue, your verdict should be for the plaintiff as to that work. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendants.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 17.5 (2017).

**PLAINTIFF'S STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P1:**

Plaintiff requests that the Court adopts his instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes this jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.5 and complies with the Court's Standing Order.

Defendants modified the jury instruction to include "and that the plaintiff's claim is not otherwise barred by an affirmative defense (which I will discuss later). Plaintiff believes this instruction is improper as it modifies the model jury instruction to discuss affirmative defenses at a time in which affirmative defenses are not to be considered. Instruction 17.5 deals with ownership and copying only; not defenses.

**DEFENDANTS' STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P1:**

Using the <u>unmodified</u> Ninth Circuit Model Instruction No. 17.5 would be confusing in this case, because it states, "If you find that the plaintiff has proved both of these elements," – i.e., ownership and copying – then "your verdict should be for the plaintiff."  NCMJI No. 17.5 (Rev. 9/2020).  This language ignores the possibility that the jury could find "ownership and copying," and yet still conclude an affirmative defense has been proved.

Defendants' proposed Instruction No. D1 is a slightly modified version of Ninth Circuit Model Instruction No. 17.5.  It is necessary to add the underlined language in Defendants' proposed instruction – "and that the plaintiff's claim is not otherwise barred by an affirmative defense" – to avoid jury confusion.  Two

affirmative defenses – fair use and the three-year bar – are significant issues for the trial.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. P2
### Substantial Similarity—Extrinsic Test; Intrinsic Test

A plaintiff must prove both substantial similarity under the "extrinsic test" and substantial similarity under the "intrinsic test." The "extrinsic test" is an objective comparison of specific expressive elements. The "intrinsic test" is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.

In comparing the Miles Davis Photograph to the accused infringement(s), we examine the similarities in their "objective details in appearance," including "the subject matter, shapes, colors, materials, and arrangement of the representations."

Photographs like the Miles Davis Photograph are entitled to "broad" copyright protection. You must decide "whether an ordinary reasonable observer would consider the copyrighted and challenged works substantially similar."

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 17.19 (2017).

**PLAINTIFF'S STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P2:**

Plaintiff requests that the Court adopts his instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes this jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.19 and complies with the Court's Standing Order.

Plaintiff's instruction, unlike Defendants' instruction, is based off the model jury instruction. While Plaintiff's instruction does expand and elaborate on the model instruction, it does so at a far less degree than Defendants' instruction. Defendants' instruction expands on the instruction by referring to multiple cases to discuss the tests instead of using the model to describe what the two tests are.

Defendants' instruction is broken down into three different instructions which may unnecessarily confuse the jury. A single instruction regarding the intrinsic and extrinsic test would not be prejudicial on the Defendants.

**DEFENDANTS' STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P2:**

Plaintiff's proposed instruction is dead wrong on Ninth Circuit law for how the extrinsic test is supposed to be applied where the copyrighted work is a photograph. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119-20 (9th Cir. 2018). Defendants propose that the Court give Defendants' Proposed Instruction Nos. D2, D3, and D4 instead, for the reasons stated in support of those proposed instructions. In short, the jury needs to be instructed on the extrinsic test that "***a photographer's copyright is limited to 'the particular selection and arrangement' of the elements as expressed in the copyrighted image***." *Rentmeester*, 883 F.3d at 1120 (emphasis added). Plaintiff's proposed instruction does not state this, and includes confusing

-8-

language (without authority) that the jury should just broadly consider the similarities of the two works in their "objective details in appearance." Further, it is argumentative and unfairly prejudicial to Defendants to have this instruction refer to Defendants' works (the tattoo and social media posts) as "the accused infringement(s)."

    Plaintiff's proposed instruction also improperly conflates the extrinsic test with the intrinsic test, and improperly instructs the jury that Plaintiff's Photograph is entitled to "broad" protection. To the contrary, if there is to be any instruction to the jury on the strength of protection in the Photograph, it should be that the Photograph is entitled only to "thin" protection. *See generally Reece v. Island Treasures Art Gallery, Inc.*, 468 F. Supp. 2d 1197, 1206-08 (D. Haw. 2006); *Dyer v. Napier*, 2006 WL 2730747, at *8 (D. Ariz. Sept. 25, 2006) (pre-*Rentmeester*, explaining the narrow scope of copyright in photographs that are realistic depictions of living beings) (quoting *Satava v. Lowry*, 323 F.3d 805, 812-13 (9th Cir. 2003)); *see also Harney v. Sony Pictures Television, Inc.*, 704 F.3d 173, 177 (1st Cir. 2013) (appearance of humans in photo is largely unprotectable); *Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*, 575 F.2d 62, 65 (3d Cir. 1978) (artists have a "weak" copyright claim when the "reality of [their] subject matter" is not easily separable from their artistic expression of it); *Psihoyos v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 268, 278-80 (S.D.N.Y. 2009); *Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp 2d 382, 393 (S.D.N.Y. 2005); *Kisch v. Ammirati & Puris Inc.*, 657 F. Supp. 380, 382 (S.D.N.Y. 1987).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. P3**

**Copyright—Affirmative Defense—Fair Use**

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendants contends that they made fair use of the copyrighted work. The defendants have the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:
> (1) the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole;
> (4) the effect of the use upon the potential market for or value of the copyrighted work; and

If you find that the defendants have proved by a preponderance of the evidence that the defendants made a fair use of the plaintiff's work, your verdict should be for the defendants.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 17.22 (2017).

**PLAINTIFF'S STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P3:**

Plaintiff requests that the Court adopts his instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes this jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Similar to the above instruction, Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction has been modified by case law and does not follow the model jury instructions. Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The vast amount of fair use instructions will be prejudicial to the plaintiff and cause confusion among the jurors.

**DEFENDANTS' STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P3:**

It would be grave error for the Court to give ***only*** Ninth Circuit Model Instruction No. 17.22 on the issue of fair use. Defendants have instead proposed extensive instructions (Defendants' Instruction Nos. D5 through D16) on the issue of fair use. Those instructions are based off of NCMJI No. 17.22 and the fair use instructions given in the fair use jury trial in Oracle v. Google. *See Oracle Am., Inc. v. Google, Inc.*, N.D. Cal. Case No. 3:10-cv-03561-WHA, Final Charge to the Jury (Phase One) (ECF No. 1981, filed 5/26/16); *see also Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183 (affirming jury's verdict of fair use).

The Comment to NCMJI No. 17.22 makes clear that it is just a "basic instruction" that "could be supplemented by the court to suggest how the presence or absence of any particular factor may tend to support or detract from a finding of fair use." The Comment then identifies "numerous cases involving application of the fair use factors" that "might be consulted concerning facts helpful to assessing whether a particular fair use factor exists." **It is absolutely necessary to do so here.** For example, the word "transformative" appears nowhere in the Model Instruction, and yet this Court's summary judgment ruling made clear transformativeness here was a triable issue for the jury. Dkt. 69 at 21. As the Comment recognizes, the Court here must elaborate upon each of the fair use factors. *See also* David Nimmer, *Juries and the Development of Fair Use Standards*, 31 Harv. J. of Law & Tech. 563, 588-89 (2018) ("The court could quote the four factors set forth in the statute – but each is subject to sub-factors, and the enumeration changes constantly with developments in jurisprudence."). The fair use jury trial in *Oracle v. Google* "represents perhaps the most famous exemplar of all time" of a jury determination of fair use. Nimmer, *supra*, at 596. Defendants' proposed Instruction No. D5, and subsequent instruction Nos. D6-D12 and D15-D16 are modeled after the jury instructions developed by District Judge Alsup in that case.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. P4**

**Copyright—Damages—Actual Damages**

**17 U.S.C. § 504(b)**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages mean the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

1 AUTHORITY:

2 Model Civ. Jury Instr. 9th Cir. 17.33 (2017).

**PLAINTIFF'S STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P4:**

Plaintiff requests that the Court adopts his instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes this jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.33 and complies with the Court's Standing Order. Plaintiff disagrees with Defendants that the Court's order at ECF 69 granted Defendants' summary judgment on the issue of actual damages. Plaintiff believes that this instruction is necessary as it follows with the next instruction, 17.34 "Defendants' Profits."

**DEFENDANTS' STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P4:**

Defendants object to Plaintiff's inclusion of a jury instruction on actual damages. Defendants sought partial summary judgment on the remedies of actual damages and Defendants' profits. Dkt. 31 at 2:22-24 (notice of motion); Dkt. 32 at 29:15-31:9 (brief). This Court's summary judgment ruling granted *in part* Defendants' motion for partial summary judgment as to remedies, and removed the issue of actual damages from the case. Dkt. 69 at 28-29 ("The Court GRANTS in part and DENIES in part Defendants' motion for partial summary judgment as to remedies"; "Defendant[] argues Sedlik cannot prove actual damages . . . . Sedlik does not address this argument, and indeed he has put forward no such evidence.").

Plaintiff was also untimely and prejudicial in his proposal of a jury instruction on actual damages. Plaintiff's Memorandum of Contentions of Fact and Law does not state that Plaintiff is seeking actual damages; it states *only* that he is seeking statutory damages and injunctive relief. Dkt. 82 at 7-12 (internal

pagination). No actual damages instruction was proposed by Plaintiff when counsel met-and-conferred in person on October 28 to review the existing drafts of jury instructions; nor was it proposed by Plaintiff during the October 18 meet-and-confer to discuss motions in limine and other pre-trial matters; nor was it proposed in the multiple drafts of jury instructions exchanged between October 28 and November 3. Yet following those discussions, Plaintiff's counsel then proposed an actual damages instruction at approximately 9:15 a.m. on Friday, November 4, the date of the deadline to file Set Two of the pretrial documents (which was ***extended*** from November 1 at the request of Plaintiff, *see* Dkts. 90-91). By so delaying, Plaintiff prevented Defendants from filing a motion in limine to address issues of actual damages and thereby prejudiced Defendants.

# PLAINTIFF'S PROPOSED INSTRUCTION NO. P5
## Copyright—Damages—Defendants' Profits
## 17 U.S.C. § 504(b)

In addition to actual damages, the copyright owner is entitled to any profits of the defendants attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendants' profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendants' gross revenue.

The defendants' profit is determined by deducting all expenses from the defendants' gross revenue.

The defendants' gross revenue is all of the defendants' receipts from the sale of a product containing or using the copyrighted work. The plaintiff has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all costs incurred in producing the defendants' gross revenue. The defendants have the burden of proving the defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from use of the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendants have the burden of proving the percentage of the profit, if any, attributable to factors other than copyright or infringing the copyrighted work.

AUTHORITY:

Model Civ. Jury Instr. 9th Cir. 17.34 (2017).

**PLAINTIFF'S STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P5:**

Plaintiff requests that the Court adopts his instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes this jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.34 and complies with the Court's Standing Order. Plaintiff believes that this instruction which contains the language "actual damages" is necessary as it is connected directly with the previous instruction, 17.33. Plaintiff believes that the Court's order at ECF 69 did not grant summary judgment for Defendants in favor of actual damages.

**DEFENDANTS' STATEMENT RE: PLAINTIFF'S PROPOSED INSTRUCTION NO. P5:**

Defendants oppose Plaintiff's request for an instruction on profits. Defendants have a pending motion in limine to preclude Plaintiff from introducing evidence or making any argument regarding either of the Defendants' profits. Dkts. 78-79. Further, Plaintiff's Memorandum of Contentions of Fact and Law does not state that Plaintiff is seeking profits as monetary recovery; it states *only* that he is seeking statutory damages and injunctive relief. Dkt. 82 at 7-12 (internal pagination).

This Court's summary judgment ruling also granted, in part, partial summary judgment to Defendants on the remedy of *direct* profits. Dkt. 69 at 28-29 ("so Sedlik cannot establish direct profits"). To the extent Defendants' motion in limine as to *indirect profits* is denied and that remedy remains available to be tried, Plaintiff's proposed instruction improperly conflates the standards for direct profits and indirect profits. Plaintiff's proposed instruction also improperly references

"actual damages," which should not even be put to the jury for the reasons discussed above with respect to Plaintiff's Proposed Instruction No. P4.