Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Blvd., Suite 350
Beverly Hills, CA 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Joel B. Rothman (admitted *pro hac vice*)
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile
Joel.rothman@sriplaw.com

Attorneys for Plaintiff
JEFFREY B. SEDLIK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JEFFREY B. SEDLIK, | Case No.: 2:21-cv-01102-DSF-MRW |
|---|---|
| Plaintiff, | **UNOPPOSED *EX PARTE* APPLICATION FOR SRIPLAW TO WITHDRAW AS COUNSEL FOR PLAINTIFF JEFFREY B. SEDLIK; MEMORANDUM IN SUPPORT** |
| vs. | |
| KATHERINE VAN DRACHENBERG aka KAT VON D, KAT VON D, INC., and HIGH VOLTAGE TATTOO, INC., | Judge: Hon. Dale S. Fischer<br>Courtroom: 7D |
| Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

1  Plaintiff's Counsel, SRIPLAW, P.A. ("SRIP") moves *ex parte* to withdraw as counsel for Plaintiff, Jeffrey B. Sedlik.

This *ex parte* Motion is unopposed by the defendants and based on the attached memorandum of points and authorities, all pleadings, records and files in this action. This motion is made following the conference of counsel which took place on November 15, 2022.

Pursuant to Local Rule 7-19, Defendants' Counsel's contact information is as follows:

Allen B. Grodsky (SBN 111064)
John J. Metzidis (SBN 259464)
**Grodsky, Olecki & Puritsky LLP**
11111 Santa Monica Boulevard
Suite 1070
Los Angeles, CA 90025
(310) 315-3009 – Telephone
(310) 315-1557 – Facsimile
allen@thegolawfirm.com
john@thegolawfirm.com

DATED:  November 15, 2022

                                             */s/ Jonah A. Grossbardt*
                                             JONAH A. GROSSBARDT
                                             MATTHEW L. ROLLIN
                                             JOEL B. ROTHMAN (Pro Hac Vice)
                                             **SRIPLAW**
                                             Attorneys for Plaintiff Jeffrey B. Sedlik

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

SRIPLAW, P.A. ("SRIP"), Joel Rothman, Jonah Grossbardt, and Matthew Rollin, currently counsel of record of this matter for Plaintiff, Jeffrey B. Sedlik, seek leave of the court to withdraw as counsel for plaintiff Sedlik.

Irreconcilable differences that preclude SRIP and its attorneys from representing Mr. Sedlik in this matter have arisen. The relationship between Mr. Sedlik and SRIP and its attorneys has broken down making it impossible for SRIP and its attorneys to continue to represent Mr. Sedlik in this action.

Therefore, SRIP respectfully requests this Court to grant this motion and relieve it as counsel of record, pursuant to Local Rules 83-2.3.

## II. STATEMENT OF FACTS

Plaintiff retained SRIP as its counsel of record for this litigation on May 16, 2022. (Declaration of Joel Rothman ("Rothman Decl.") ¶ 2). Following the pretrial conference on November 14, 2022, the relationship between Plaintiff and its counsel has broken down and irreconcilable differences have arisen that preclude counsel from continuing to represent the Plaintiff. (Rothman Decl. ¶ 3).

## III. LEGAL STANDARD

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863, at *1 (C.D. Cal. July 288, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of the court." *See* Local Rule 83-2.3. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action … and must be supported by good cause." *Id*.

In determining whether good cause is shown, a court may consider: "(1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4)

the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal-Bay Int'l, Inc.*, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007).

Rule 3-700(C) of the California Rules of Professional Conduct further set forth circumstances constituting good cause for permissive withdrawal, including if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." *See* Cal. Prof. Conduct Rule 3-700(C)(1)(d).

## IV. ARGUMENT

### A. Irreconcilable Differences and a Breakdown of Trust and Communication

The relationship between Plaintiff and SRIP has broken down and irreconcilable differences have arisen between Plaintiff and SRIP such that SRIP is not able to continue representing Plaintiff. (Rothman Decl. ¶ 5).

There has been a breakdown in trust, confidence, and communication between attorneys and client due to an insurmountable dispute that has arisen between counsel and Mr. Sedlik. (Rothman Decl. ¶ 6).

Trial is scheduled for the near future and SRIP and its attorneys cannot effectively represent Mr. Sedlik at trial due to the breakdown in the attorney-client relationship. (Rothman Decl. ¶ 7).

The motion is not made due to a failure to pay. The engagement agreement with Mr. Sedlik permits SRIP and its attorneys to withdraw under these circumstances. (Rothman Decl. ¶¶ 8-9).

A break down in the attorney-client relationship and irreconcilable differences between counsel and their client preclude counsel from continuing to represent Plaintiff in this litigation and provides good cause to grant an order to withdraw as counsel.

### B. Granting SRIP's Moton to Withdraw Will Not Prejudice the Rights of the Plaintiff, Defendants, Harm the Administration of Justice, or Unreasonably Delay this Litigation

This case is set for trial on December 13, 2022. There are impending deadlines. However, Mr. Sedlik has indicated that he agreed to a continuance of the trial until after the Supreme Court's decision in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, currently pending in the U.S. Supreme Court.

Defendants have indicated that they do not object to the withdrawal of SRIP or its attorneys. Mr. Rothman of SRIP notified Mr. Sedlik of the firm and its attorneys' intent to withdraw. (Rothman Decl. ¶ 11).

Mr. Sedlik stated that he did not consent to our firm withdrawing at this time, but he also indicated that he intended to identify and retain counsel to advise him regarding the withdrawal by our firm and its attorneys. (Rothman Decl. ¶ 13).

Since Mr. Sedlik has appeared personally as plaintiff there is no impediment to *pro se* representation.

## V. CONCLUSION

SRIP and its attorneys respectfully request this Court to grant the motion to withdraw.

DATED: November 15, 2022

                                                   */s/ Jonah A. Grossbardt*
                                                   JONAH A. GROSSBARDT
                                                   MATTHEW L. ROLLIN
                                                   JOEL B. ROTHMAN (Pro Hac Vice)
                                                   **SRIPLAW**
                                                   Attorneys for Plaintiff Jeffrey Sedlik