ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LARA A. PETERSEN (SBN 318475)
lpetersen@glaserweil.com
JASON C. LINGER (SBN 323031)
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

ALLEN B. GRODSKY (SBN 111064)
allen@thegolawfirm.com
GRODSKY, OLECKI & PURITSKY LLP
11111 Santa Monica Boulevard
Suite 1070
Los Angeles, California 90025
Telephone:  (310) 315-3009
Facsimile:   (310) 315-1557

Attorneys for Defendants
KATHERINE VON DRACHENBERG,
KAT VON D, INC., and HIGH
VOLTAGE TATTOO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY B. SEDLIK,

              Plaintiff,

v.

KATHERINE VON DRACHENBERG
(a.k.a. "KAT VON D""), an individual;
KAT VON D., INC., a California
corporation; HIGH VOLTAGE
TATTOO, INC., a California corporation;
and DOES 1 through 10, inclusive,

              Defendants.

Case No.: 2:21-cv-01102-DSF (MRWx)

Hon. Dale S. Fischer

**JOINT STATUS REPORT**

2306000.1

The parties, by and through their respective counsel of record, hereby respectfully submit this Joint Status Report, to apprise the Court of the current status of various issues in this case.  The parties are prepared to discuss these issues at a status conference should the Court deem one to be necessary.

## I.   **Status of Settlement Discussions**

### A.   **Plaintiff's Statement**

The Court ordered the parties to engage in further efforts to settle this case. ECF No. 135. From June 8 to July 10, 2023, the parties engaged in mediation with Magistrate Judge Wilner.  The parties were unable to reach a settlement.

### B.   **Defendants' Statement**

Defendants agree with Plaintiff's statement.

## II.   **Reconsideration of Summary Judgment Decision**

### A.   **Plaintiff's Statement**

On May 31, 2022, the Court denied Plaintiff's motion for summary judgment and granted-in-part and denied-in-part Defendants' motion for summary judgment (the "Order").  ECF No. 69.  On the issue of Defendants' fair use defense, the Court found triable issues as to the fair use factors, and that the issue should be decided by a jury.  Order, 17-25.  On November 21, 2022, the Court stayed the case pending the U.S. Supreme Court's decision in *Warhol v. Goldsmith*, No. 21-869, involving fair use and other issues.  ECF No. 118.  On May 18, 2023, the U.S. Supreme Court issued its decision in *Warhol*.  On May 26, 2023, the Court lifted the stay and ordered the parties "to meet and confer concerning the impact, if any, of the [*Warhol*] decision."  ECF No. 135.

Additionally, on August 3, 2022, the Ninth Circuit Court of Appeals issued its decision in *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149 (9th Cir. 2022), which addressed other aspects of the fair use analysis not addressed in *Warhol*.  The parties

have met and conferred and agree that *Warhol* has a significant impact on the application of the fair use defense in this case.  During the meet and confer, counsel for Defendants also indicated that they would not oppose Plaintiff's request to address *McGucken*.

Accordingly, pursuant to L.R. 7-18, Plaintiff intends to file a motion for reconsideration of the Court's Order so that it may address *Warhol* and *McGucken*.

Further, Plaintiff intends to seek reconsideration of the portion of the Court's order on the issue of substantial similarity.  Since the issuance of the Court's Order, both the Ninth Circuit (in *Lorador v. Kolev*, No. 22-15491, 2023 WL 3477834, at *1 (9th Cir. May 16, 2023) (unpublished)) and district courts in the Ninth Circuit, including in this District, have held that, substantial similarity is considered *only* when there is no direct evidence of copying.  Because Defendants admit direct copying, the substantial similarity test should not have been applied.  Thus, the Ninth Circuit's decision in *Rentmeester v. Nike, Inc*., 883 F.3d 1111 (9th Cir. 2018) (relied on by this Court), which did not involve direct copying, does not apply here. Pursuant to L.R. 7-18, Plaintiff intends to file a motion for reconsideration to address this new law regarding substantial similarity that issued after the Order and to correct and supplement the record on the matters discussed at the November 14, 2022 hearing, as granted by the Court on November 21, 2022 (11/21/22 Tr. at 11:11-17).

Should the Court agree to allow such motion to be filed, Plaintiff proposes the following briefing schedule:

Motions to be filed:    August 7, 2023

Oppositions to be filed:    August 21, 2023

Replies to be filed:   August 30, 2023

Hearing date:   September 18, 2023

**B.    Defendants' Statement**

Defendants agree that the *Warhol* has a significant impact on the application of

the fair use defense in this case and believe it provides a basis for reconsideration of the Court's denial in part of Defendants' summary judgment motion (the "Court's Order") as it relates to Defendants' fair use defense.  Defendants do not agree that *McGucken* or _Lorador_ have any impact on, or are in any way inconsistent with, the Court's summary judgment ruling.

Based on the *Warhol* decision, Defendants seek to file their own motion pursuant to Local Rule 7-18 for reconsideration of the Court's Order.  Defendants do not object to Plaintiff's request to file a motion for reconsideration (though they will oppose any such motion on the merits).

In order for these motions for reconsideration to be heard, the Court will have to modify its Order re: Jury Trial which required that all motions be noticed to be heard prior to April 18, 2022.  (Dkt 19.)  Defendants do not oppose a modification of that order to permit each side to file a single motion for reconsideration based on a change in the law pursuant to Local Rule 7-18.  Defendants believe that allowing these motions to be heard may well narrow the issues for trial (or potentially eliminate the need for a trial).

Should the Court agree to allow such motions to be filed, Defendants agree to Plaintiff's proposed briefing schedule.

## III.   Claims in the Case

### A.    Plaintiff's Statement

Irrespective of any statements by Professor Sedlik's former counsel to the contrary at the November 2022 hearings before the Court, Professor Sedlik retains all of his claims for relief arising from Defendants' copyright infringements, including, without limitation, Defendants' infringement by copying the Miles Davis photograph (the "Photograph") onto Mr. Farmer as a derivative tattoo, copying the Photograph in the traced drawing, and all other copies of the Photograph (such as photocopies, stencils, and printouts), whether used in the intermediate process of the tattoo

2306000.1

creation, or in previous and subsequent instances of reproduction, distribution, display, and adaptation of the Photograph and derivative tattoo by Defendants and others.

Additionally, in addition to statutory damages and infringer's profits, Professor Sedlik retains the right to seek actual damages based on the fair market value of a license to use the Photograph as a tattoo. While the Court granted Defendants' summary judgment in part as to actual damages based upon Professor Sedlik's failure to put forward evidence to establish the market value of the Photograph and whether it decreased as a result of the tattoo (ECF No. 69, 29), the Court was silent as to the calculation of actual damages based upon the showing of the fair market value of a license of the Photograph for use in connection with the tattoo. Indeed, Professor Sedlik provided evidence showing that there is a market for the licensing of the Photograph and that the fair market value of such license is able to be calculated. *See, e.g.*, ECF No. 37, 8; ECF No. 37-1, ¶ 7; ECF No. 50, 21-22; ECF No. 50-2, 46-50, 60, 65, 71; ECF No. 50-5, 17-18; *see also* ECF No. 50-3, 4 (evidentiary objections).

## B. Defendants' Statement

Defendant disagrees with the contention that there is any remaining issue of actual damages in the case.

Defendants' motion sought partial summary judgment that "Plaintiff cannot establish evidence of Plaintiff's actual damages." (Dkt. 31, p., 2:23-24.) In its order granting in part and denying in part Defendants' motion, the Court confirmed that "Defendants move in the alternative for partial summary judgment as to remedies because Sedlik cannot establish actual damages or profits." (Dkt. 69, p. 28.) The Court found a triable issue as to profits, but held that, with respect to actual damages, "Sedlik does not address this argument, and indeed he has put forward no such evidence." (Dkt. 69, p. 29.) The Court then stated that it "GRANTS in part and DENIES in part Defendants' motion for partial summary judgment as to remedies." (Id.) In so stating, the Court plainly granted Defendants' motion as to actual damages

and there is no claim for actual damages left in the case and no basis for this issue to be revisited.

## IV.  Defendants' Motion *In Limine* No. 1

### A.  Plaintiff's Statement

Defendants' Motion *In Limine* No. 1 (the "MIL") sought to preclude Professor Sedlik, a renowned expert in the field of photography licensing, from testifying as a rebuttal expert regarding the methods of using photos as source material, photo licensing practices, and the photo licensing marketplace.  Professor Sedlik has testified before on these topics in other cases, and he should be permitted to do so here.  At the November 21, 2022 hearing, the Court stated that it would withhold issuing its written order on the MIL until supplemental briefing was filed.

On April 25, 2023, the Court, pursuant to a joint stipulation between the parties, ordered that no party shall submit supplemental briefing on the MIL until after the stay of the case had been lifted, and that after the stay was lifted, the parties shall file a proposed briefing schedule. ECF No. 134.  On May 26, 2023, the Court lifted the stay.  ECF No. 135.

Plaintiff proposes the following briefing schedule: motion due October 4, 2023; opposition due October 18, 2023; and reply due October 25, 2023.

### B.  Defendants' Statement

Defendants have no objection to the filing of supplemental briefing on Motion in Defendants' Limine No. 1, but do not believe three additional briefs are necessary. Plaintiff is the one who sought additional briefing based on the Court's tentative ruling to grant the motion.  Defendants propose that Plaintiff file any supplemental briefing by October 4, 2023 and Defendant may then file any response by October 18, 2023.

# V.   Trial Date

## A.   Plaintiff's Statement

The Court ordered the parties to propose dates for a further pretrial conference and trial.  ECF No. 135. Plaintiff proposes Monday, October 30, 2023, for the pretrial conference, and Tuesday, November 28, 2023, for the first day of trial.

## B.   Defendants' Statement

Defendants agree to the dates proposed by Plaintiff for the pretrial conference and the first day of trial.

DATED:  July 14, 2023                    GLASER WEIL FINK HOWARD
                                         JORDAN & SHAPIRO LLP


                                         By: /s/ Robert E. Allen
                                         _____

                                         ROBERT E. ALLEN
                                         LARA A. PETERSEN
                                         JASON C. LINGER

                                         *Attorneys for Plaintiffs*

DATED:  July 14, 2023                    GRODSKY, OLECKI & PURITSKY LLP


                                         By: /s/ Allen B. Grodsky
                                         _____

                                         ALLEN B. GRODSKY

                                         *Attorneys for Defendants*