ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LARA A. PETERSEN (SBN 318475)
lpetersen@glaserweil.com
JASON C. LINGER (SBN 323031)
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>          Plaintiff,<br><br>v.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D""), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 2:21-cv-01102-DSF (MRWx)<br><br>Before the Hon. Dale S. Fischer, U.S. District Court Judge<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: September 18, 2023<br>Time:         1:30 p.m.<br>Place:        Courtroom 7D<br>                 First Street Courthouse<br>                 350 West 1st Street<br>                 Los Angeles, CA 90012<br><br>Action filed:    February 7, 2021<br>Trial Date:     November 28, 2023 |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2023, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Hon. Dale S. Fischer in Courtroom 7D of the First Street Courthouse, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Jeffrey B. Sedlik will and hereby does move for reconsideration of the order granting in part and denying in part Defendants' motion for summary judgment and partial summary judgment (ECF 69).

Plaintiff files this motion pursuant to the Court's July 18, 2023 Order regarding, among other things, the briefing schedule for motions for reconsideration of the Court's Summary Judgment Order (ECF 139), the Court's order lifting the stay (ECF 135) and L.R. 7-18(a) and (b).

Since the date of the Court's summary judgment decision on May 31, 2022, the United States Supreme Court has altered the analysis of the first factor of the test for fair use under 17 U.S.C. § 107(1) in *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 143 S. Ct. 1258 (2023) and the Ninth Circuit has clarified the analysis of factors two through four of that test under 17 U.S.C. § 107(2)-(4) in *McGucken v. Pub. Ocean Ltd.*, 42 F.4th 1149 (9th Cir. 2022). Additionally, the Ninth Circuit and numerous district court decisions in the Ninth Circuit have recently confirmed that a court does not engage in substantial similarity analysis where there is direct evidence of copying. *See, e.g., Lorador v. Kolev*, No. 22-15491, 2023 WL 3477834 (9th Cir. May 16, 2023) (unpublished).

Further and also pursuant to L.R. 7-18(a) and (b), there are new material facts that occurred after the Court's order. First, *Warhol* clarified that a photographer may license his creative works to serve as a reference for an artist, and that such licenses are how photographers make a living. *Warhol,* 143 S. Ct. at 1278. As a result, Defendants' admission of her use of Mr. Sedlik's photograph as a reference, her lack of use of any other materials in creating the tattoo (including her memory), and the

similarities between the photograph and the tattoo prove Defendants' copyright infringement. Second, Defendants took the deposition of Bryan Vanegas, pursuant to the Court's prior order (which was stayed, pending the outcome of *Warhol*). Mr. Vanegas confirmed that he obtained a license from Mr. Sedlik to use the Miles Davis photograph as a reference for creating a tattoo.

Based upon all of the above, the Court should grant Plaintiff's motion for summary judgment because Defendants have admitted to copying Plaintiff's photograph of Miles Davis (the "Davis Photograph") by (1) tracing the Davis Photograph to create a tattoo of it (the "Tattoo"), (2) using the Davis Photograph as a reference in creating the Tattoo, (3) publicly displaying both the Davis Photograph and the Tattoo on the Internet. As to the Tattoo, Defendants admit that only the Davis Photograph was used to create it, including anything from memory. The Court should also deny Defendants' motion for summary judgment because pursuant to *Warhol* and *McGucken*, Defendants cannot prove that any of the factors favor fair use as a matter of law.

This motion is and will be based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, as well as the pleadings and papers on file with the Court, and any argument or evidence that may be presented to or considered by the Court at or prior to its ruling.

This motion is made following the conference of counsel pursuant to C.D. Cal. L.R. 7-3, which took place on June 24, 2023 and July 11, 2023.

DATED: August 7, 2023

GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP


By: */s/ Robert E. Allen*

ROBERT E. ALLEN
LARA A. PETERSEN
JASON C. LINGER
*Attorneys for Plaintiffs*