# EXHIBIT 1

```
                                                                      1

               UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
       HONORABLE DALE S. FISCHER, U.S. DISTRICT JUDGE



JEFFREY B. SEDLIK,

              Plaintiff,

  v.                                    Case No.
                                        2:21-cv-01102-DSF-MRW
KATHERINE VON DRACHENBERG, et
al.,

              Defendant.
_____



               REPORTER'S TRANSCRIPT OF PROCEEDINGS
                    FINAL PRETRIAL CONFERENCE

                    Monday, November 14, 2022
                            3:10 P.M.

                      LOS ANGELES, CALIFORNIA
```

JUDY K. MOORE, CRR, RMR
FEDERAL OFFICIAL COURT REPORTER
350 WEST 1ST STREET, #4455
LOS ANGELES, CALIFORNIA 90012
213.894.3539

2

1                         APPEARANCES

2  FOR THE PLAINTIFF:
   MR. JOEL B. ROTHMAN
3  Sriplaw
   8730 Wilshire Boulevard, Suite 350
4  Beverly Hills, California 90211

5  FOR THE DEFENDANT:
   MR. ALLEN B. GRODSKY
6  Grodsky Olecki & Puritsky, L.L.P.
   1111 Santa Monica Boulevard, Suite 1070
7  Los Angeles, California 90025

Case 2:21-cv-01102-DSF-MRW   Document 155-2   Filed 10/04/23   Page 4 of 6   Page ID #:3063

18

next Monday so I can take a look at them and rule on them if I can at this point without waiting to see what the evidence is. I prefer not to make -- not to have to make a lot of decisions on the fly. It tends to work better if I can think about them.

The Defense Motion Number 1 had to do with Mr. Sedlik acting as an expert. I had never seen that issue before from one aspect of it, and it was really quite interesting. I do think Daubert motion probably fit within the definition of motions in limine, so I'm not going to be concerned about the timeliness of this, although maybe I'll change my order to have them filed sooner. There is a split in authority about whether a party can serve as his or its own expert. I'm sure you know this, many lawyers don't, a District Court decision is not at all binding on me. It's always nice when there are some out there so that you can read what many of my esteemed colleagues have to say, but in reality, as I often say, it's really the same thing as if I were to walk across the hall and say to my good friend Judge Walter, hey, Jack, what do you think? So it's really -- and maybe it's because I served on the State Court for six and a half years first where there are no published trial court decisions, so the most anybody would come in and say, the judge down the hall said I could do this, your Honor, so you should, too. And so I just am not as convinced as some of my colleagues are that it's not appropriate for a party to be his own expert. I mean, the bias is so completely

1  obvious that it's not like he's going to put one over on
2  anybody.  I think it's -- it's very different from having an --
3  quote, unquote, independent expert who is not, quote, unquote,
4  independent because he or she is on a contingency basis.
5          So I think I would not be inclined to exclude Mr.
6  Sedlik for that reason, but I don't think I really need to
7  decide that because -- and I guess I can think of this some
8  more after hearing what you're actually suing about, but it
9  seems like his testimony is even less likely to be relevant in
10 this case than it was before.  So first, as the defense pointed
11 out, much of it is not rebuttal at all to the extent that it's
12 percipient testimony.  Of course, he can give that, as I think
13 I had previously indicated, but he's not going to testify about
14 shunning, for example.  He can't testify one way or the other
15 as to whether tattooers need a license.  That's not for him to
16 say.  If it were relevant, then the Court would give the law,
17 not an expert of any kind.  Even a legal expert we would not
18 have here testifying to that because I'm the legal expert.  So
19 I don't think also that his explanation of how visual artists
20 license their works, blah, blah, blah, and monetization
21 opportunities I don't think he can present as expert testimony.
22 I suppose he could testify about his own efforts, but I'd have
23 to wait and see what the testimony is.  So to the extent he's
24 not an expert in the tattoo industry, he can't testify about
25 things relating to that.  No legal opinions.  So I don't really

CERTIFICATE OF OFFICIAL REPORTER

COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )

      I, JUDY K. MOORE, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

      DATED THIS 20TH DAY OF NOVEMBER, 2022.


      /s/Judy K. Moore
      _____
      JUDY K. MOORE, CRR, RMR
      FEDERAL OFFICIAL COURT REPORTER