GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
*allen@thegolawfirm.com*
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone: (310) 315-3009
Facsimile: (310) 315-1557

Attorneys for Defendants
Katherine Von Drachenberg, Kat Von D, Inc.,
and High Voltage Tattoo, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Hon. Dale S. Fischer, U.S. District Judge<br><br>**DEFENDANTS' AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Action filed: February 7, 2021<br>FPTC: October 30, 2023<br>Trial: November 28, 2023 |

# TABLE OF CONTENTS

1.  L.R. 16-4.1 Claims and Defenses ................................................................. 5

    (a)  Summary statement of the claims Plaintiff has pleaded and plans to pursue ............................................................................................... 5

    (b)  The elements required to establish Plaintiff's claims .......................... 5

    (c)  A brief description of the key evidence in opposition to each of the claims ............................................................................................. 6

    (d)  A summary statement of the affirmative defenses Defendants have pleaded and plan to pursue ......................................................... 7

    (e)  The elements required to establish Defendant's affirmative defenses ................................................................................................ 8

    (f)  A brief description of the key evidence relied on in support of each affirmative defense ....................................................................... 9

    (g)  Similar statements for all third parties ............................................... 10

    (h)  Identification of any anticipated evidentiary issues, together with the party's position on those issues ............................................ 11

    (i)  Identification of any issues of law, such as the proper interpretation of a governing statute, which are germane to the case, together with the party's position on those issues ............................................ 11

2.  L.R. 16-4.3 Bifurcation of Issues ................................................................ 12

3.  L.R. 16-4.4 Jury Trial ................................................................................. 13

4.  L.R. 16-4.5 Attorneys' Fees ....................................................................... 13

5.  L.R. 16-4.6 Abandonment of Issues ........................................................... 14

# TABLE OF AUTHORITIES

**Cases:** **Pages:**

Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith,
   143 S.Ct. 1258 (2023) ................................................................................. 9

Feltner v. Columbia Pictures Television, Inc.,
   523 U.S. 340 (1998) .................................................................................. 13

Fogerty v. Fantasy, Inc.,
   510 U.S. 517 ............................................................................................. 13

Google LLC v. Oracle Am., Inc.,
   141 S.Ct. 1183 (2021) .......................................................................... 9, 13

Lieb v. Topstone Industries, Inc.,
   788 F.2d 151 (3d Cir. 1986) ..................................................................... 13

MGM Studios Inc. v. Grokster, Ltd.,
   545 U.S. 913 (2005) .................................................................................... 6

Perfect 10, Inc. v. Giganews, Inc.,
   847 F.3d 657 (9th Cir. 2017) ...................................................................... 5

Perfect 10, Inc. v. Visa Int'l Service Ass'n,
   494 F.3d 788 (9th Cir. 2007) ...................................................................... 5

Polar Bear Prods., Inc. v. Timex Corp.,
   384 F.3d 700 (9th Cir. 2004) ...................................................................... 8

Rentmeester v. Nike, Inc.,
   883 F.3d 1111 (9th Cir. 2018) .................................................................... 5

Roley v. New World Pictures, Ltd.,
   19 F.3d 479 (9th Cir. 1994) ........................................................................ 8

Segal Enterprises Ltd. v. Accodlate, Inc.,
   977 F.2d 1510 (9th Cir. 1992) .................................................................... 9

# TABLE OF AUTHORITIES
(Continued)

Seltzer v. Green Day, Inc.,
　　725 F.3d 1170 (9th Cir. 2013)........................................................................10

Skidmore v. Led Zeppelin,
　　952 F.3d 1051 (9th Cir.) ..................................................................................5

Starz Entm't, LLC v. MGM Domestic Television Distr., LLC,
　　39 F.4th 1236 (9th Cir. 2022)..........................................................................8

VHT, Inc. v. Zillow Grp., Inc.,
　　918 F.3d 723 (9th Cir. 2019)...........................................................................6

Whitmill v. Warner Bros. Entm't, Inc.,
　　E.D. Mo. Case No. 4:11-cv-00752-CDP..........................................................12

**Statutes:**

17 U.S.C. § 101...................................................................................................12
17 U.S.C. § 107.....................................................................................................9
17 U.S.C. § 505...................................................................................................12
17 U.S.C. § 507(b) ................................................................................................8
17 U.S.C. § 106(1) ..............................................................................................11
17 U.S.C. § 106(2) ..............................................................................................12
17 U.S.C. § 507(b) ................................................................................................8
17 U.S.C. § 1201   ...............................................................................................12
17 U.S.C. § 1202   ...............................................................................................12

**Other:**

David Nimmer, Copyright in the Dead Sea Scrolls: Originality and Authorship,
　　38 Hous. L. Rev. 1 (2001)..............................................................................12

Ninth Circuit Model Jury Instruction §17.36 .........................................................9

Pursuant to C.D. Cal. Local Rule 16-4, Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. (together, "Defendants") submit the following as their Amended Memorandum of Contentions of Fact and Law:

**1.     L.R. 16-4.1 Claims and Defenses.**

    **(a)     Summary statement of the claims Plaintiff has pleaded and plans to pursue.**

Claim 1: Defendants directly infringed the copyright owned by Plaintiff.
Claim 2: Defendants vicariously infringed the copyright owned by Plaintiff.
Claim 3: Defendants contributorily infringed the copyright owned by Plaintiff.

    **(b)     The elements required to establish Plaintiff's claims.**

Elements Required To Establish Plaintiff's claim for Copyright Infringement
    1.     Plaintiff owns a valid copyright in the photograph at issue; and
    2.     Each of the Defendants copied protected aspects of the work.

*Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir.), *cert. denied*, 141 S. Ct. 453 (2020); *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119-20 (9th Cir. 2018).

Elements Required To Establish Plaintiff's Claim for Vicarious Copyright Infringement

  1. The defendant has the right and ability to supervise the infringing conduct; and

  2. The defendant has a direct financial interest in the infringing activity.

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670, 673 (9th Cir. 2017), quoting, *Perfect 10, Inc. v. Visa Int'l Service Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007)).

-5-

<u>Elements Required To Establish Plaintiff's Claim for Vicarious Copyright Infringement</u>

1. Defendant has knowledge of another's infringement; and
2. Defendant either (a) materially contributes to or (b) induces that infringement.

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (quoting *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citation and quotation omitted).

**(c) <u>A brief description of the key evidence in opposition to each of the claims</u>.**

<u>Key evidence in opposition to direct copyright infringement claim:</u>
1. Photograph and video of the tattoo at issue;
2. Copyright registration and copyright deposit filing showing photograph at issue;
3. Testimony of Katherine Von Drachenberg re: creation of tattoo and how photograph was used as a reference;
4. Testimony of Blake Farmer re: creation of tattoo and visual inspection of tattoo on Farmer's arm;
5. Screenshots of social media posts depicting tattoo;
6. Texts between Farmer and representatives of Von Drachenberg re: tattoo.

<u>Key evidence in opposition to vicarious copyright infringement claim:</u>
1. Photograph and video of the tattoo at issue;

      2.     Copyright registration and copyright deposit filing showing photograph at issue;

      3.     Testimony of Katherine Von Drachenberg re: creation of tattoo and how photograph was used as a reference;

      4.     Testimony of Blake Farmer re: creation of tattoo and visual inspection of tattoo on Farmer's arm;

      5.     Screenshots of social media posts depicting tattoo;

      6.     Texts between Farmer and representatives of Von Drachenberg re: tattoo.

Key evidence in opposition to contributory copyright infringement claim:

      1.     Photograph and video of the tattoo at issue;

      2.     Copyright registration and copyright deposit filing showing photograph at issue;

      3.     Testimony of Katherine Von Drachenberg re: creation of tattoo and how photograph was used as a reference;

      4.     Testimony of Blake Farmer re: creation of tattoo and visual inspection of tattoo on Farmer's arm;

      5.     Screenshots of social media posts depicting tattoo;

      6.     Texts between Farmer and representatives of Von Drachenberg re: tattoo.

**(d)    A summary statement of the affirmative defenses Defendants have pleaded and plan to pursue.**

Second Affirmative Defense: Plaintiff's claims for copyright infringement are barred, in whole or in part, by the three-year statute of limitations in 17 U.S.C. § 507(b).

<u>Third Affirmative Defense</u>:  Plaintiff's claims for copyright infringement are barred by the doctrine of fair use.

<u>Fifth Affirmative Defense</u>:  To the extent Plaintiff can establish infringement, Defendants' conduct was innocent.

### (e) **The elements required to establish Defendant's affirmative defenses.**

<u>Elements Required to Establish Defendants' Second Affirmative Defense of Statute of Limitations</u>

1. Plaintiff discovered or should have discovered the alleged infringement prior to February 7, 2018.

17 U.S.C. § 507(b); *Starz Entm't, LLC v. MGM Domestic Television Distr., LLC*, 39 F.4th 1236, 1237-38 (9th Cir. 2022); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 705-07 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).

<u>Elements Required to Establish Defendants' Third Affirmative Defense of Fair Use</u>

Fair use is established based on consideration and weighing of the following factors:

1. The purpose and character of the use, including whether the use is of a commercial nature;
2. The nature of the copyrighted work;
3. The amount and substantiality of the portion used in relations to the copyrighted work as a whole;

  4. The effect of the use upon the potential market for or value of the copyrighted work; and

  5. Other non-statutory factors relevant to the context of the particular case.

17 U.S.C. § 107; *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 143 S.Ct. 1258, 1273 (2023), *Google LLC v. Oracle Am., Inc.*, 141 S.Ct. 1183, 1197 (2021); *Seltzer v. Green Day,* Inc., 725 F.3d 1170, 1175 (9th Cir. 2013); *Segal Enterp., Ltd. v. Accodlate Inc.,* 977 F.2d 1510, 1522 (9th Cir. 1992).

<u>Elements Required to Establish Defendants' Fifth Affirmative Defense of Innocent Infringement</u>

  1. Defendants were not aware that her or its acts constituted infringement of the copyright; and

  2. Defendants had no reason to believe that her or its acts constituted an infringement of the copyright.

<u>Ninth Circuit Model Jury Instruction §17.36.</u>

  **(f)** **<u>A brief description of the key evidence relied on in support of each affirmative defense.</u>**

<u>Key evidence in support of statute of limitations defense</u>

  1. Sedlik testimony about alleged "discovery" of tattoo and efforts to find infringements.

<u>Key evidence in support of fair use defense</u>

  1. Photograph and video of the tattoo at issue;

    2.    Copyright registration and copyright deposit filing showing photograph at issue;

    3.    Testimony of Katherine Von Drachenberg re: creation of tattoo and how photograph was used as a reference, lack of payment or other consideration given for the tattoo; her social media posts.

    4.    Testimony of Blake Farmer re: lack of payment or other consideration given for the tattoo, and visual inspection of tattoo on Farmer's arm;

    5.    Screenshots of social media posts depicting tattoo;

    6.    Documents produced by Sedlik reflecting his typical use of the photograph in magazines and as prints for sale;

    7.    Texts between Farmer and representatives of Von Drachenberg re: tattoo;

    8.    Sedlik testimony re: lack of damages and the sole "license" he claims to have given for use of any photograph as a reference for a tattoo;

    9.    Testimony of Vanegas regarding interaction with Sedlik and circumstances by which Sedlik sent a $0 license which Vanegas never executed;

    10.    Expert testimony of Lane or Montie.

<u>Key evidence in support of innocent infringement defense</u>

    1.    Testimony of Von Drachenberg regarding her lack of knowledge of tattoo artists obtaining licenses to use photographic references;

    2.    Testimony of Montie or Lane re: lack of custom and practice in the tattoo industry of obtaining licenses to use photographic references.

    **(g)**    **<u>Similar statements for all third parties.</u>**

Not applicable.

1     **(h)**     **Identification of any anticipated evidentiary issues, together with**
2                   **the party's position on those issues.**

3     On October 10, 2023, Plaintiff added two witnesses to the amended witness list: Rian Gittens and Stephanie Davidson. These two witnesses had been listed on a draft version of the original joint witness list (prior to the Court's stay) but after Defendants met and conferred about a motion in limine to exclude them, Plaintiff's previous counsel removed them from the list and the ultimately filed joint witness list did not include those witnesses. (Dkt. 91.)

    Neither witness should be permitted to testify. They were not identified by name in Plaintiff's "initial" disclosures (served for the first time a month after discovery cut-off), nor were any supplemental disclosures served in which they were identified. Under Rule 37(c)(1), as a result of Plaintiff's failure to identify these witnesses as required by Rule 26(a) and (e), Plaintiff "is not allowed to use that . . . witness . . . at a trial unless the failure was substantially justified or is harmless." There is no substantial justification for the failure to identify those witnesses, and the failure is not harmless as Defendants were denied the opportunity to take depositions of these witnesses. In addition, there is no relevance to the testimony of either witness.

    **(i)**     **Identification of any issues of law, such as the proper interpretation of a governing statute, which are germane to the case, together with the party's position on those issues.**

    Defendants contend that a living human's body, onto which a permanent tattoo is made, is not a medium upon which a claim for copyright infringement can be based.

    A living human's body cannot be the basis for a violation of a copyright holder's exclusive rights under 17 U.S.C. § 106(1) ("to reproduce the copyrighted work in copies . . ."), because a living human's body does not fall within the Copyright Act's definition of "copies" under 17 U.S.C. § 101 (defining "copies" as

"<u>material objects</u> . . . in which a work is fixed by any method now known or later developed").  (Emphases added.)  Among other things, a living human's body is not a "material object" within the meaning of the statutory definition of "copies."

A living human's body cannot the basis for a violation of a copyright holder's exclusive rights under 17 U.S.C. § 106(2) ("to prepare <u>derivative works</u> based upon the copyrighted work"), because a living human's body does not fall within the Copyright Act's definition of "derivative work" under 17 U.S.C. § 101 (defining "derivative works" as something "such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, <u>art reproduction</u>, abridgment, condensation, <u>or any other form</u> in which a work may be recast, transformed, or adapted").  (Emphases added.)  Among other things, a living human's body is neither an "art reproduction" nor "any other form" within the meaning of the statutory definition of "derivative works."

*See also* 5/20/2011 Declaration of David Nimmer, filed at Dkt. 29-6 & 27-7, in <u>Whitmill v. Warner Bros. Entm't, Inc.</u>, E.D. Mo. Case No. 4:11-cv-00752-CDP (arguing that copyright protection cannot subsist in a work – a permanent tattoo – that is incorporated into a human body); David Nimmer, <u>Copyright in the Dead Sea Scrolls:  Originality and Authorship</u>, 38 Hous. L. Rev. 1, 29-30, 209 (2001) (arguing that "a body, even as augmented, simply is not subject to copyright protection"; cited in 5/20/2011 Nimmer Decl.)

Defendants are otherwise unaware of any issues of law that were not addressed by the Court in its order on the summary judgment motions.

**2. L.R. 16-4.3 Bifurcation of Issues**.

Defendants do not request bifurcation of any issues.

3.     **L.R. 16-4.4 Jury Trial.**

Copyright infringement claims are triable to a jury, even when the plaintiff is seeking statutory damages. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 354-55 (1998). The fair use defense is triable to the jury, but only where the material, historical facts are in dispute. *Google*, 141 S. Ct. at 1200.

Plaintiff timely demanded a jury in his complaint (Dkt 01) and Defendants timely demanded a jury in their answer (Dkt. 13).

4.     **L.R. 16-4.5 Attorneys' Fees.**

On a copyright claim, the Court may award reasonable attorney's fees to the prevailing party at the Court's discretion. 17 U.S.C. § 505. Similarly, the Court may in its discretion award reasonable attorney's fees to the prevailing party on a claim for violation of 17 U.S.C. §§ 1201 and 1202 (re: misuse of copyright management information ("CMI").

In determining whether to award such fees, Courts consider the following non-exclusive factors: (1) success obtained, (2) frivolousness, (3) motivation, (4) "objective unreasonableness (both in the factual and in the legal components of the case)," and (5) any case-specific need to "advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19*, quoting Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d. Cir. 1986).

On its summary judgment motion, Defendant Kat Von D, Inc. prevailed on both the copyright infringement claims and on the CMI claims. The Court found that Plaintiff has presented no facts sufficient to establish any of those claims. As such, attorney's fees should be awarded to Kat Von D, Inc.

The Court also granted summary judgment in favor of Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. on the CMI claims. Should these Defendants prevail at trial on the copyright infringement claims, they intend to move for their fees as well.

-13-

5. **L.R. 16-4.6 Abandonment of Issues.**

Defendants have abandoned the following affirmative defenses: Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh.

Dated: October 10, 2023

Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP

By: /s/ Allen B. Grodsky
Allen B. Grodsky

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.

-14-