ROBERT E. ALLEN - State Bar No. 166589
rallen@glaserweil.com
LARA A. PETERSEN - State Bar No. 318475
lpetersen@glaserweil.com
JASON C. LINGER - State Bar No. 323031
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>    Plaintiff,<br><br>v.<br><br>KATHERINE VON DRACHENBERG aka KAT VON D; KAT VON D, INC.; and HIGH VOLTAGE TATTOO, INC.,<br><br>    Defendants. | CASE NO.: 2:21-cv-01102-DSF-MRW<br><br>Hon. Dale S. Fischer<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference: October 30, 2023<br>Trial Date: November 28, 2023 |

Plaintiff Jeffrey B. Sedlik ("Sedlik"), by and through his undersigned counsel, hereby submits the following memorandum of contentions of fact and law.

## I.   SUMMARY OF SEDLIK'S CLAIMS FOR RELIEF (L.R. 16-4.1(A))

Sedlik has plead and plans to pursue the first through third claims for relief, as follows:

### A.   Sedlik's First Claim for Relief: Copyright Infringement

Defendants Katherine Von Drachenberg aka Kat Von D and High Voltage Tattoo, Inc. (collectively, "Defendants") infringed Sedlik's copyright in the photographic portrait depicting Miles Davis (the "Photograph"), which is registered with the United States Copyright Office as Registration No. VA645-610.

### B.   Sedlik's Second Claim for Relief: Vicarious Copyright Infringement

Defendants vicariously infringed Sedlik's copyright in the Photograph.

### C.   Sedlik's Third Claim for Relief: Contributory Copyright Infringement

Defendants induced or materially contributed to the infringement of Sedlik's copyright in the Photograph.

## II.   ELEMENTS REQUIRED TO ESTABLISH SEDLIK'S CLAIMS FOR RELIEF (L.R. 16-4.1(B))

### A.   Elements Required to Establish Sedlik's Claim for Copyright Infringement

1. Sedlik is the owner of a valid copyright; and
2. The defendant copied original expression from the copyrighted work.

Model Civ. Jury Instr. 9th Cir. 17.5 (2020).

The Court has already ruled that Defendants do not dispute that (a) Sedlik owns a valid copyright in the Photograph (ECF 69, 10) or (b) Defendants copied the Photograph (*Id.*). Defendants only dispute that they copied "protectible elements" of the Photograph. (*Id.*).

### B.   Elements Required to Establish Sedlik's Claim for Vicarious

**Copyright Infringement**

1. The other Defendant profits directly from the infringing activity of the Defendant that committed direct infringement;
2. The other Defendant had the right and ability to supervise or control the infringing activity of the Defendant that committed direct infringement; and
3. The other Defendant failed to exercise that right and ability.

Model Civ. Jury Instr. 9th Cir. 17.20 (2019). *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, *Ltd.*, 545 U.S. 913, 930 n.9 (2005).

### C. Elements Required to Establish Sedlik's Claim for Contributory Copyright Infringement

1. The defendant knew or had reason to know of the infringing activity of any of the other defendants; and
2. The defendant intentionally induced or materially contributed to any of the other defendant's infringing activity.

Model Civ. Jury Instr. 9th Cir. 17.21 (2019).

### D. Elements Required for Recovery of Statutory Damages.

1. The defendant engaged in acts that infringed the copyright in the Photograph.

Model Civ. Jury Instr. 9th Cir. 17.35 (2023).

### E. Elements Required to Establish Willful Infringement.

1. The defendant engaged in acts that infringed the copyright in the Photograph; and
2. The defendant knew or should have known that those acts infringed the copyright in the Photograph, which may be met by showing that the defendant:

    A. Recklessly disregarded the possibility that its conduct constituted infringement; and/or

  B. Made a deliberate effort to avoid guilty knowledge (willful blindness).

Model Civ. Jury Instr. 9th Cir. 17.37 (2023); *see Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012).

## III. DESCRIPTION OF THE KEY EVIDENCE IN SUPPORT OF SEDLIK'S CLAIMS FOR RELIEF (L.R. 16-4.1(c))

Sedlik intends to offer the following key evidence in support of its claims for copyright infringement, vicarious copyright infringement, and induced copyright:

1. Documents showing Sedlik's valid copyright registrations for the Photograph.
2. Testimony and documents showing that Defendants used the Photograph as a reference in the making of a tattoo affixed to Blake Farmer (the "Tattoo")
3. Testimony and documents showing that Defendants copied the Photograph as an intermediate step in making the Tattoo.
4. Testimony and documents showing that the Tattoo was an unauthorized derivative work of the Photograph.
5. Testimony and documents showing that Defendants publicly displayed both the Tattoo and the Photograph on social media on the Internet without a license.
6. Testimony and documents showing that Defendants copied protectible elements of the Photograph when making the Tattoo.
7. Testimony and documents showing that Defendants profited directly from the infringement, had the right and ability to supervise the direct infringer and failed to exercise that right and ability.
8. Testimony and documents showing that Defendants knew or had reason to know of the infringing activity by the direct infringer, and intentionally induced or materially contributed to the direct infringer's

infringing activity.

9. Documents showing that the registration date for the Photograph predates the date of the commencement of the initial infringements of the Photograph.

10. Testimony and documents showing that Defendants' copyright infringement of the Photograph was willful.

11. Testimony and documents showing that Defendants had knowledge of copyright laws at the time of the infringement.

12. Testimony and documents showing that the degree of similarity between the Tattoo and the Photograph is high, especially given that the Tattoo is based entirely on the Photograph.

## IV. SUMMARY OF DEFENDANTS' AFFIRMATIVE DEFENSES (L.R. 16-4.1(d))

Defendants have raised the following affirmative defenses:

### A. Defendants' Third Affirmative Defense: Fair Use

Defendants allege that Sedlik's claims are barred because Defendants' use of the Photograph constitutes fair use.

### B. Defendants' Fifth Affirmative Defense: Innocent Infringement

Defendants allege that to the extent Defendants engaged in copyright infringement, such infringement was innocent and was not willful or intentional.

Sedlik disputes that there is a factual basis for either of the foregoing defenses.

## V. ELEMENTS REQUIRED TO ESTABLISH DEFENDANTS' AFFIRMATIVE DEFENSES (L.R. 16-4.1(e))

### A. Elements Required to Establish Defendants' Third Affirmative Defense of Fair Use

Defendants have the burden of proving that their use of the Photograph was fair for the purpose of criticism, comment, news reporting, teaching scholarship, or research (or some other valid purpose), considering the following factors:

1. The purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;
2. The nature of the copyrighted work;
3. The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
4. The effect of the use upon the potential market for or value of the copyrighted work.

Model Civ. Jury Instr. 9th Cir. 17.22 (2021); *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1157 (9th Cir. 2022).

### B. Elements Required to Establish Defendants' Fifth Affirmative Defense of Innocent Infringement.

Each Defendant has the burden of proving both that:

1. The defendant was not aware that his, her, or its acts constituted infringement of the copyright; and
2. The defendant had no reason to believe that his, her, or its acts constituted an infringement of the copyright.

Model Civ. Jury Instr. 9th Cir. 17.36 (2023).

## VI. DESCRIPTION OF THE KEY EVIDENCE IN OPPOSITION TO DEFENDANTS' AFFIRMATIVE DEFENSES (L.R. 16-4.1(f))

Sedlik intends to offer the following key evidence in opposition to Defendants' affirmative defenses:

### A. Third Affirmative Defense of Fair Use

There is no evidence in support of Defendants' contention that its use of the Photograph constitutes fair use. However, Sedlik intends to offer:

1. Testimony and documents showing that Defendants' use of the Photograph, both in making the unauthorized derivative Tattoo and publicly displaying the Tattoo and the Photograph on the Internet, was not transformative and was not for nonprofit educational use about the

Photograph.

2. Testimony and documents showing that the nature of the copyrighted Photograph weighed against fair use;

3. Testimony and documents showing that Defendants used a substantial amount of the Photograph when making the unauthorized derivative Tattoo, especially given that that the Tattoo is based entirely on the Photograph, and that Defendants used both the Tattoo and the Photograph in their entirety in their public display on the Internet.

4. Testimony and documents showing that Defendants' use of the Photograph harms both the existing and potential market for the Photograph, both as to the license market for the artist reference use of the Photograph and the license market to create derivative works.

**B.     Fifth Affirmative Defense of Innocent Infringement**

There is no evidence in support of Defendants' contention that infringement was innocent and was not willful or intentional. Further, Defendants are precluded from arguing that their infringement was innocent. 17 U.S.C. § 401(d). However, Sedlik intends to offer:

1. Testimony and documents showing that Defendants' copyright infringement of the Photograph was willful, as to (a) the use as a reference; (b) making of the unauthorized Tattoo; and (c) the public display of both the Tattoo and the Photograph on the Internet.

2. Testimony and documents showing that Defendants had knowledge of copyright laws at the time of the infringement.

**VII.   ANTICIPATED EVIDENTIARY ISSUES (L.R. 16-4.1(h))**

The parties do not anticipate any evidentiary issues.

**VIII.  ISSUES OF LAW (L.R. 16-4.1(i))**

Sedlik anticipates the following legal issues:

1. Whether Defendants' use of the Photograph as an artistic reference

without a license in making the Tattoo constitutes copyright infringement. Sedlik asserts that Defendants have infringed the Photograph.

2. Whether Defendants' copying of the Photograph as an intermediary step in making the Tattoo constitutes copyright infringement. Sedlik asserts that Defendants have infringed the Photograph.

3. Whether Defendants' copying the Photograph in making the unauthorized derivative Tattoo constitutes copyright infringement. Sedlik asserts that Defendants have infringed the Photograph.

4. Whether Defendants' public display of both the Tattoo and the Photograph on the Internet and at the tattoo shop constitutes copyright infringement. Sedlik asserts that Defendants have infringed the Photograph.

5. Whether Defendants have vicariously infringed the copyrighted in the Photograph. Sedlik asserts that Defendants have vicariously infringed the copyrighted in the Photograph.

6. Whether Defendants have induced or materially contributed to infringement of the copyright in the Photograph. Sedlik asserts that Defendants have induced or materially contributed to infringement of the copyrighted Photograph.

7. Whether Defendants' use of the Photograph as a reference for the making of the Tattoo constitutes fair use. Sedlik asserts that it does not.

8. Whether Defendants' copying of the Photograph as an intermediary step in making the Tattoo constitutes fair use. Sedlik asserts that it does not.

9. Whether Defendants' copying the Photograph in making the unauthorized derivative Tattoo constitutes fair use. Sedlik asserts that it does not.

10. Whether all of Defendants' public displays of the Tattoo on the Internet

or at the tattoo shop constitutes fair use. Sedlik asserts that it does not.

11. Whether all of Defendants' public displays of the Photograph on the Internet and the tattoo shop constitutes fair use. Sedlik asserts that it does not.

12. Whether any of Defendants' infringements of the Photograph was willful and thereby entitled to enhanced statutory damages. Sedlik asserts that one or more of Defendants' infringements of the Photograph was willful and therefore entitled to enhanced statutory damages.

13. Whether all of Defendants' infringements of the Photograph were innocent and therefore entitling Defendants to be considered for a reduction of statutory damages. Sedlik asserts that one or more of Defendants' infringements of the Photograph was not innocent and that such defense is precluded under 17 U.S.C. § 401(d)..

## IX. BIFURCATION OF ISSUES (L.R. 16-4.3)

Sedlik seeks to bifurcate the issues of liability and damages. On October 25, 2022, Sedlik filed Motion in Limine No. 4 requesting bifurcation of liability and damages. *See* Dkt. 86.

## X. JURY TRIAL (L.R. 16-4.4)

A timely demand for a jury trial has been made by Sedlik. All issues are triable the jury; however, in light of the Supreme Court's recent decision in *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 143 S. Ct. 1258 (2023) and the Ninth Circuit's recent decision in *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149 (9th Cir. 2022), as argued in Sedlik's motion for reconsideration (ECF 142 and 150), Defendants' cannot prove fair use as a matter of law.

## XI. DAMAGES

### A. Actual Damages

Pursuant to 17 U.S.C. § 504(b), Sedlik is entitled to recover his actual damages suffered by him as a result of Defendants' infringement of the Photograph.

Sedlik will not be arguing for actual damages based on the decrease in the market value of the Photograph. Rather, Sedlik will be proving his actual damages based upon the hypothetical-license theory, which is calculated based on "the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by [Defendants] of the [Photograph]." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014) (internal citation omitted).

### B. Infringer Profits

Pursuant to 17 U.S.C. § 504(b), in addition to actual damages, Sedlik is entitled to recover any profits of Defendants attributable to the infringement to the extent that they are not taken into account in computing damages.

### C. Statutory Damages

At his election, Sedlik also has the right to recover statutory damages under 17 U.S.C. § 504(c)(1). Further, because Defendants' infringement of the Photograph was willful, Sedlik is entitled to have the award of statutory damages increased to a maximum of $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## XI. ATTORNEYS' FEES (L.R. 16-4.5)

After judgement is entered in Sedlik's favor, Sedlik will file a post-judgment motion for attorneys' fees under 17 U.S.C. § 505, which provides, in relevant part, "the court in its discretion may allow the recovery of full costs by or against any party…the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

"Generally, the plaintiff in a copyright action is awarded fees by virtue of prevailing in the action." *Playboy Enters.*, 46 U.S.P.Q.2D 1350 at *19-*20 (S.D. Cal. 1998) *citing Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989) ("Plaintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action"); *Columbia Pictures TV v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 297 (9th Cir. 1997); *Odnil Music Ltd. v. Katharsis,*

*LLC*, 2006 U.S. Dist. LEXIS 68849 at *3 (E.D. Cal. 2006). Further, "a plaintiff need not succeed on every claim to be entitled to fees and 'is a prevailing party by succeeding on any significant issue which achieves some of the benefit sought.'" *Odnil Music*, 2006 U.S. Dist. LEXIS 68849 at *3-*4 *citing Mantolete v. Bolger*, 791 F.2d 784, 786 (9th Cir. 1986).

If the Court, in its discretion, determines Sedlik is entitled to attorneys' fees "by virtue of prevailing in the action," it may consider the following factors: (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and legal components of the case; and (4) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005). In exercising its discretion, this Court should be mindful that willful infringement "is an important factor favoring an award of fees." *Historical Research v. Cabral,* 80 F.3d 377, 379 (9th Cir. 1996); *Dunn & Fenley, LLC* v. *Allen,* 2007 U.S. Dist. LEXIS 75292 at *9 (D. Or. 2007) *citing Historical Research.*

## XII.  ABANDONMENT OF ISSUES (L.R. 16-4.6)

Defendants have abandoned the following affirmative defenses by refusing to raise them in their motion for summary judgment:

- First Affirmative Defense: Defendants alleged that Sedlik failed to allege a claim upon which relief may be granted.
- Second Affirmative Defense: Defendants alleged that the alleged infringements, or remedies Sedlik seeks, are barred by the statutes of limitation, including, inter alia, 17 U.S.C. § 507(b).
- Fourth Affirmative Defense: Defendants alleged that Sedlik has suffered no injury or damage as a result of any act or conduct by Defendants, nor are Defendants' revenues or profits attributable to the allegedly infringing conduct.
- Sixth Affirmative Defense: Defendants alleged that Sedlik's claims for

damages are barred because they are speculative and are not susceptible of proof with reasonable certainty.

- **Seventh Affirmative Defense**: Defendants alleged that Sedlik's claims are barred by the doctrine of waiver.
- **Eighth Affirmative Defense**: Defendants alleged that Sedlik's claims are barred by the doctrine of estoppel.
- **Ninth Affirmative Defense**: Defendants alleged that Sedlik's claims are barred by the doctrine of laches.
- **Tenth Affirmative Defense**: Defendants alleged that Sedlik's claims are barred by the doctrine of unclean hands.
- **Eleventh Affirmative Defense**: Defendants alleged that Defendants' acts were excused, justified, or privileged.

DATED: October 10, 2023

GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP

By: /s/ Robert E. Allen

ROBERT E. ALLEN
LARA A. PETERSEN
JASON C. LINGER

*Attorneys for Plaintiff*