1   GRODSKY, OLECKI & PURITSKY LLP
    Allen B. Grodsky (SBN 111064)
2   *allen@thegolawfirm.com*
    11111 Santa Monica Boulevard, Suite 1070
3   Los Angeles, California 90025
    Telephone:  (310) 315-3009
4   Facsimile:   (310) 315-1557

5   Attorneys for Defendants Katherine Von
    Drachenberg and High Voltage Tattoo, Inc.
6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11

    JEFFREY B. SEDLIK, an individual;       Case No. 2:21-cv-01102-DSF-MRWx
12
            Plaintiff,                        Before the Hon. Dale S. Fischer,
13                                            U.S. District Judge
            vs.
14
    KATHERINE VON                             **DEFENDANTS' AMENDED**
15  DRACHENBERG (a.k.a. "KAT                  **PROPOSED AND DISPUTED JURY**
    VON D"), an individual; KAT               **INSTRUCTIONS**
16  VON D., INC., a California
    corporation; HIGH VOLTAGE
17  TATTOO, INC., a California
    corporation; and DOES 1 through 10,      Action filed:   February 7, 2021
18  inclusive,                               FPTC:           October 30, 2023

19          Defendants.                      Trial:          November 28, 2023

20

21

22

23

24

25

26

27

28

1   Pursuant to Section II.B of this Court's May 19, 2021 Order Re: Jury Trial
2   (Dkt. 19), Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc.
3   submit the following amended proposed jury instructions for which there is not
4   agreement from Plaintiff Jeffrey Sedlik.
5   An index of Defendants' proposed instructions and the proposed instructions
6   follow below.  Defendants reserve the right to modify or supplement these
7   proposed instructions.

8
9   Dated:  October 17, 2023           Respectfully submitted,

10                                     GRODSKY, OLECKI & PURITSKY LLP

11

12                                     By:   /s/ Allen B. Grodsky
13                                              Allen B. Grodsky

14                                     Attorneys for Defendants Katherine Von
                                       Drachenberg and High Voltage Tattoo, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INDEX OF DEFENDANTS' PROPOSED AND
# DISPUTED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| D1 | Copyright Infringement – Elements – Ownership and Copying | 9th Cir. 17.5 | 6 |
| D2 | Substantial Similarity – Extrinsic Test; Intrinsic Test | 9th Cir. 17.19 (rev. 6/22) | 9 |
| D3 | Substantial Similarity – Extrinsic Test (for Photographs) | 9th Cir. 17.19; *Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th 2018). | 12 |
| D4 | Substantial Similarity – Intrinsic Test | 9th Cir. 17.19; *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). | 17 |
| D5 | Copyright – Affirmative Defense – Fair Use (modified) | 9th Cir. 17.22; Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 143 S.Ct. 1258, 1273, 1276 (2023).  *).* | 20 |
| D6 | Introduction to First Fair Use Factor | Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 143 S.Ct. 1258, 1273, 1275-76 (2023). | 25 |

| No. | Title | Source | Page |
|---|---|---|---|
| D7 | First Fair Use Factor – Transformative | Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 143 S.Ct. 1258, 1273-79, 1283-84 (2023); Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 581 (1994)(. | 28 |
| D8 | First Fair Use Factor – Commercial Use | *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1204 (2021); Hannley v. Mann, 2023 WL 3407183, at *3 (C.D. Cal. Mar. 8, 2023); Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 449 (1984). | 31 |
| D9 | Second Fair Use Factor | *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013); Kelly v. Arriba Soft Corp., 336 F.3d 811, 820 (9th Cir. 2003 Monge v. Maya Mags., Inc., 688 F.3d 1164, 1177 (9th Cir. 2012). | 35 |
| D10 | Third Fair Use Factor | Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 586 (1994);*Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178-79 (9th Cir. 2013). Kelly v. Arriba Soft Corp., 336 F.3d 811, 820–21 (9th Cir. 2003)(" | 38 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| D11 | Fourth Fair Use Factor | *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013). *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 652 (9th Cir. 2020); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1206, 1208 (2021); Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 592 (1994) | 41 |
| D12 | Fifth Fair Use Factor: Personal Expression and Bodily Integrity | 9th Cir. 17.22; *Eldred v. Ashcroft*, 537 U.S. 186, 219-20 (2003); *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Cruzan v. Director*, 497 U.S. 261, 269 (1990); *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1068 (9th Cir. 2010). | 44 |
| D13 | Concluding Remarks on Fair Use | *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994); *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 652 (9th Cir. 2020) | 47 |
| D14 | Copyright – Statute of Limitations and Three-Year Bar | *Starz Entm't, LLC v. MGM Domestic Television Distr., LLC*, 510 F. Supp. 3d 878, 882-89 (C.D. Cal. 2021), *aff'd*, 39 F. 4th 1236 (9th Cir. 2022). | 50 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTION NO. D1**

**Copyright Infringement – Elements – Ownership and Copying**

    Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

    On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

    1. the plaintiff is the owner of a valid copyright; and

    2. the defendants copied original expression from the copyrighted work.

    If you find that the plaintiff has proved both of these elements, <u>and that the plaintiff's claim is not otherwise barred by an affirmative defense (which I will discuss later)</u>, then your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendants.

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED**
**INSTRUCTION NO. D1:**

Defendants' proposed Instruction No. D1 is a slightly modified version of Ninth Circuit Model Instruction No. 17.5.  It is necessary to add the underlined language – "and that the plaintiff's claim is not otherwise barred by an affirmative defense" – to avoid jury confusion.  Two affirmative defenses – fair use and the three-year bar – are significant issues for the trial.

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED**
**INSTRUCTION NO. D1:**

As the Court has already found, "Defendants do not dispute that Sedlik owns a valid copyright in the Portrait. "  ECF 69, 10. Defendants' instruction sets forth both the ownership and copying prongs, and then states they should win if "the plaintiff has failed to prove either of these elements."  The instruction should make clear that Plaintiff has proved the ownership prong.  Additionally, the Court has already found that Plaintiff has satisfied the "copying prong," with the only outstanding issue being whether Defendants have copied enough of the protected expression from the Miles Davis Photograph to render the works substantially similar with the Tattoo (Defendants do not dispute that they publicly displayed an exact copy of the Photograph in their social media posts).  *Id.*  Accordingly, the instruction should make clear that Plaintiff has proved the "copying prong" with respect to all of Defendants' uses, and that Plaintiff's burden is only to prove that the Photograph and Tattoo are substantially similar.

Further, Defendants modified the jury instruction to include "and that the plaintiff's claim is not otherwise barred by an affirmative defense (which I will discuss later). Plaintiff believes its instruction is improper as it modifies the model jury instruction to discuss affirmative defenses at a time in which affirmative

1  defenses are not to be considered. Instruction 17.5 deals with ownership and
2  copying only; not defenses.
3       Plaintiff believes that the Court should instead adopt Plaintiff's instruction
4  because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff
5  proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury
6  Instruction 17.5 and complies with the Court's Standing Order.

## DEFENDANTS' PROPOSED INSTRUCTION NO. D2
### Substantial Similarity – Extrinsic Test; Intrinsic Test

In order to establish copyright infringement, plaintiff must prove by a preponderance of the evidence that the defendant's work is substantially similar to <u>what is protected by copyright law</u> in the plaintiff's work.

Substantial similarity is determined by an extrinsic and intrinsic test, and the plaintiff must satisfy both tests to meet his burden.

<u>I will discuss the extrinsic test and the intrinsic test in the next two instructions.</u>

1 **<u>DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED</u>**

2 **<u>INSTRUCTION NO. D2</u>:**

3       The current version of Ninth Circuit Model Instruction No. 17.19 provides

4 ***no*** default model instruction for all cases and, instead, "recommends that the court

5 and counsel specifically craft instructions on substantial similarity based on the

6 particular work(s) at issue, the copyright in question, and the evidence developed at

7 trial."  Because of the additional details required for the extrinsic test in the context

8 of photographs, Defendants recommend breaking out the extrinsic test and intrinsic

9 test into two separate instructions (Nos. D3 and D4, below), and including the

10 above instruction (No. D2) as an introductory instruction.

11       The Comment then identifies cases that may provide guidance for

12 formulating substantial similarity instructions in specific areas, but includes no

13 suggestions for photographs.

14       For the introductory instruction (No. D2), Defendants have followed the

15 language of *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062 (9th Cir. 2016), which

16 block-quoted in the Comment to Ninth Circuit Model Instruction No. 17.19, with

17 one modification.  That quotation referred to "specific expressive element<u>s</u>" but in

18 the context of copyrights in ***photographs***, such a reference is inapplicable and will

19 confuse the jury.  The Ninth Circuit has held that "[p]hotographs ***cannot be***

20 ***dissected*** into protected and unprotected elements in the same way" as other works.

21 *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018) (emphasis added).

22 Rather, "[w]hat ***is*** protected by copyright is the photographer's selection and

23 arrangement of the photo's otherwise unprotected elements," and "a photographer's

24 copyright is limited to 'the particular selection and arrangement' of the elements as

25 expressed in the copyrighted image."  *Id.* at 1119-20.  Defendants thus propose

26 using the words "what is protected by copyright law," instead of "specific

27 expressive elements," for purposes of this introductory instruction.

28

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D2:**

Defendants' instruction expands beyond the model instruction by referring to multiple cases to discuss the intrinsic and extrinsic tests and also adding superfluous language. Defendants' instruction is broken down into three different instructions which may unnecessarily confuse the jury. A single instruction regarding the intrinsic and extrinsic test would not be prejudicial to the Defendants.

Defendants' instruction also fails to consider the Ninth Circuit's decisions in *Norse* and *Range Road*, which held that a substantial similarity analysis is irrelevant and unnecessary in a case such as this one involving direct copying of the copyrighted work. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012); *Norse v. Henry Holt and Co.*, 991 F.2d 563, 566 (9th Cir. 1993).

Plaintiff believes that the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.19 and complies with the Court's Standing Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' PROPOSED INSTRUCTION NO. D3

### Substantial Similarity – Extrinsic Test (for Photographs)

The first step is the extrinsic test.  At this step, you are to examine the similarities between <u>what is protected by copyright law</u> in the plaintiff's photograph, on the one hand, with each of the accused infringements, on the other hand.

In the context of photographs, what is it that copyright law protects? Photographs can be broken down into elements that reflect the various creative choices the photographer made in composing the image.  These creative choices are elements such as the photograph's subject matter, pose, lighting, camera angle, depth of field, and the like.

When viewed in isolation, none of these elements is, by itself, protected by copyright law.  A photographer cannot copyright a lighting technique or a camera angle, by themselves, even if they are highly original or novel.  Nor can a photographer get a monopoly on the right to photograph a particular subject matter, like a famous person, just because the photographer was the first to capture that subject or famous person on film.  And even if a photographer directs his subject to pose in an unusual or distinctive way, that pose, by itself, is not separately protectible by copyright.

Rather, what <u>is</u> protected by copyright is limited to the particular combination, selection, and arrangement of these elements, as they are expressed in the copyrighted photograph.

It is the plaintiff's burden to identify the particular combination, selection, and arrangement of elements expressed in his photograph that he claims is protected by copyright law.

It is also the plaintiff's burden to show that each of the accused infringements is substantially similar to this particular combination, selection, and arrangement of elements as they are expressed in his photograph.

If there is no substantial similarity at this first step, then the plaintiff has not met his burden.

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D3:**

As discussed above with respect to Defendants' Instruction No. D2, the Comment to the current Ninth Circuit Instruction No. 17.19 "recommends that the court and counsel specifically craft instructions on substantial similarity based on the particular work(s) at issue, the copyright in question, and the evidence developed at trial." Defendants' Instruction No. D3, on the extrinsic test in the context of photographs, comes directly from the Ninth Circuit's leading case on that subject, *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119-20 (9th Cir. 2018). The first four paragraphs of Instruction No. D3 come from *Rentmeester*'s central holding that "***a photographer's copyright is limited to 'the particular selection and arrangement' of the elements as expressed in the copyrighted image***," 883 F.3d at 1120 (emphasis added), and *Rentmeester*'s explanation that: "Photo[graphs] can be broken down into objective elements that reflect the various creative choices the photographer made in composing the image – choices related to subject matter, pose, lighting, camera angle, depth of field, and the like.  * * *  But none of those elements is subject to copyright protection when viewed in isolation."; "What *is* protected by copyright is the photographer's selection and arrangement of the photo's otherwise unprotected elements. If sufficiently original, the combination of subject matter, pose, camera angle, etc., receives protection, not any of the individual elements standing alone." *Id.* at 1119-20. Other cases confirm the limited nature of the copyright that may exist in photographs. *See, e.g., Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1074-75 (9th Cir. 2000) ("such decisions by the photographer – or, more precisely, the elements of photographs that *result* from these decisions – are worthy of copyright protection"); *Reece v. Island Treasures Art Gallery, Inc.*, 468 F. Supp. 2d 1197, 1206-08 (D. Haw. 2006); *Dyer v. Napier*, 2006 WL 2730747, at *8 (D. Ariz. Sept. 25, 2006) (pre-*Rentmeester*, explaining the narrow scope of copyright in photographs that are realistic depictions of living

beings) (quoting *Satava v. Lowry*, 323 F.3d 805, 812-13 (9th Cir. 2003)); *see also Harney v. Sony Pictures Television, Inc.*, 704 F.3d 173, 177 (1st Cir. 2013) (appearance of humans in photo is largely unprotectable); *Leibovitz v. Paramount Pictures Corp.*, 137 F.3d 109, 116 (2d Cir. 1998) ("Only the photographer's particular expression of such a body is entitled to protection."); *Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*, 575 F.2d 62, 65 (3d Cir. 1978) (artists have a "weak" copyright claim when the "reality of [their] subject matter" is not easily separable from their artistic expression of it); *Psihoyos v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 268, 278-80 (S.D.N.Y. 2009); *Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp 2d 382, 393 (S.D.N.Y. 2005); *Kisch v. Ammirati & Puris Inc.*, 657 F. Supp. 380, 382 (S.D.N.Y. 1987).

The last three paragraphs of the proposed instruction reflect Ninth Circuit law on the plaintiff's burden on the extrinsic test. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) (under the extrinsic test, the plaintiff must first identify the alleged similarity between his work and the defendant's work). This Court also noted Plaintiff's obligation to carry this burden in its summary judgment ruling. Dkt. 69 at 10-11.

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D3:**

Defendants' instruction expands beyond the model instruction by referring to multiple cases to discuss the intrinsic and extrinsic tests, adds superfluous language and is not consistent with applicable law. Defendants' instruction is broken down into three different instructions which may unnecessarily confuse the jury. A single instruction regarding the intrinsic and extrinsic test would not be prejudicial to the Defendants.

First, Defendants' instruction fails to consider the Ninth Circuit's decisions in *Norse* and *Range Road*, which held that a substantial similarity analysis is

irrelevant and unnecessary in a case such as this one involving direct copying of the copyrighted work. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012); *Norse v. Henry Holt and Co.*, 991 F.2d 563, 566 (9th Cir. 1993).

Second, Defendants misstate the law by claiming that "what is protected by copyright is limited to the particular combination, selection, and arrangement of these elements." *See Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1074-75 (9th Cir. 2000) ("we have noted that "courts have recognized repeatedly that the creative decisions involved in producing a photograph may render it sufficiently original to be copyrightable and 'have carefully delineated selection of subject, posture, background, lighting, and perhaps even perspective alone as protectable elements of a photographer's work.'" (quoting *Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 794 (9th Cir. 1992)).

Third, Defendants' instruction does not consider *Rentmeester*'s holding that "the photographer's selection and arrangement of the photo's otherwise unprotected elements" is protected by copyright. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018). "If sufficiently original, the combination of subject matter, pose, camera angle, etc., receives protection, not any of the individual elements standing alone." *Id.* "[T]he greater the range of creative choices that may be made, the broader the level of protection that will be afforded to the resulting image." *Id.*

Fourth, Defendants provided prejudicial and one-sided examples of what is not protectible, which will be confusing to the jury without examples showing what is protectible.

Plaintiff believes that the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.19 and complies with the Court's Standing Order.

1

2

## **DEFENDANTS' PROPOSED INSTRUCTION NO. D4**

3

### **Substantial Similarity – Intrinsic Test**

4

5

　　The second step is the intrinsic test.  This is a subjective comparison that

6

focuses on whether the ordinary, reasonable audience would find the works

7

substantially similar in the total concept and feel of the works.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D4:**

As discussed above with respect to Defendants' Instruction Nos. D2 and D3, the Comment to the current Ninth Circuit Instruction No. 17.19 "recommends that the court and counsel specifically craft instructions on substantial similarity based on the particular work(s) at issue, the copyright in question, and the evidence developed at trial." Defendants' Instruction No. D4, on the intrinsic test, comes from language in *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) ("The 'intrinsic test' is a subjective comparison that focuses on 'whether the ordinary, reasonable audience' would find the works substantially similar in the 'total concept and feel of the works.'"). This Court also cited this language (as quoted in *Rentmeester*) in its summary judgment ruling. Dkt. 69 at 16.

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D4:**

Defendants' instruction expands beyond the model instruction by referring to multiple cases to discuss the intrinsic and extrinsic tests. Defendants' instruction is broken down into three different instructions which may unnecessarily confuse the jury. A single instruction regarding the intrinsic and extrinsic test would not be prejudicial to the Defendants.

Defendants' instruction does not consider *Rentmeester*'s holding that "the photographer's selection and arrangement of the photo's otherwise unprotected elements" is protected by copyright. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018). "If sufficiently original, the combination of subject matter, pose, camera angle, etc., receives protection, not any of the individual elements standing alone." *Id.* "[T]he greater the range of creative choices that may be made, the broader the level of protection that will be afforded to the resulting image." *Id.*

1

2     Defendants' instruction also fails to consider the Ninth Circuit's decisions in

3   *Norse* and *Range Road*, which held that a substantial similarity analysis is

4   irrelevant and unnecessary in a case such as this one involving direct copying of the

5   copyrighted work. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d

6   1148, 1154 (9th Cir. 2012); *Norse v. Henry Holt and Co.*, 991 F.2d 563, 566 (9th

7   Cir. 1993).

8     Plaintiff believes that the Court should adopt Plaintiff's instruction because it

9   is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his

10  jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction

11  17.19 and complies with the Court's Standing Order.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. D5

### Copyright – Affirmative Defense – Fair Use (modified)

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendants Katherine Von Drachenberg and High Voltage Tattoo contend that they made fair use of the copyrighted work for the purpose of using it as a reference to create a tattoo of Miles Davis on the body of Kat Von D's client, Blake Farmer, in a sketch made during the process of making the tattoo, and in various social media posts..  The Defendants have the burden of proving this defense by a preponderance of the evidence.

In this dispute, the question of fair use is for you, the jury, to decide.

In determining whether the use made of the work was fair, you should consider the following factors, which I will explain in more detail in subsequent instructions:

(1)     the degree to which the use has a further purpose or different character weighed against whether the use is commercial as opposed to non-profit;

(2)     the nature of the copyrighted work;

(3)     the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

(4)     the effect of the use upon the potential market for or value of the copyrighted work; and

<u>(5)</u>     <u>the fundamental rights that individuals have to personal expression and bodily integrity</u>.

If you find that Defendants Katherine Von Drachenberg and High Voltage Tattoo have proved by a preponderance of the evidence that they made a fair use of Plaintiff Jeffrey Sedlik's copyrighted work, <u>then</u> your verdict should be for the Defendants.

<u>Now I will further explain each of the five fair use factors.</u>

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D5:**

Defendant's Proposed Instruction No. D5 is based on the Ninth Circuit's Model Instruction No. 17.22, and the recent case *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 143 S.Ct. 1258, 1273, 1276 (2023)(*Warhol*).

The Comment to Model Instruction No. 17.22 makes clear that it is just a "basic instruction" that "could be supplemented by the court to suggest how the presence or absence of any particular factor may tend to support or detract from a finding of fair use." The Comment then identifies "numerous cases involving application of the fair use factors" that "might be consulted concerning facts helpful to assessing whether a particular fair use factor exists." ***It is absolutely necessary to do so here.*** To give Model Instruction No. 17.22 alone, without any elaboration on the four statutory factors, would be a grave error, in particular given *Warhol*. As the Comment recognizes, the Court here must elaborate upon each of the fair use factors. *See also* David Nimmer, *Juries and the Development of Fair Use Standards*, 31 Harv. J. of Law & Tech. 563, 588-89 (2018) ("The court could quote the four factors set forth in the statute – but each is subject to sub-factors, and the enumeration changes constantly with developments in jurisprudence.").

Defendants' proposed Instruction No. D5 identifies a fifth factor that should be charged to the jury. The Comment to Model Instruction No. 17.22 expressly calls on the Court to "insert any other factor that bears on the issue of fair use," and that the four statutory factors "are by no means exhaustive or exclusive." Defendants elaborate on their proposed fifth factor below, in Defendants' Proposed Instruction No. D14.

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED
INSTRUCTION NO. D5:**

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction has been modified by case law and does not follow the model jury instructions. Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. This Court has rejected Defendants' arguments that a tattoo creates a different meaning by virtue of its location on the human body or that tattoo artists should be treated differently than other artists for purposes of the fair use analysis. The U.S. Copyright Office recently stated that it will treat tattoos no different than other works under copyright law and classify tattoos as derivative works when based upon non-tattoo art. (ECF 150-4.) The vast amount of fair use instructions will be prejudicial to the plaintiff and cause confusion among the jurors.

Defendants misstates the law by deviating from The Ninth Circuit Model Instructions 17.22, which is based on the exact language of 17 U.S.C. § 107. Specifically, both Instruction 17.22 and § 107 state "the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes." Defendants fail to justify any deviation from that language.

1        Second, Factors two and three have already been found by the Court to weigh

2   against fair use, and thus the instruction needs to include that those factors have

3   already been determined by the Court to weigh against fair use.

4        Third, the Court has already found that Defendants do not have a

5   transformative purpose with respect to factor one.

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. D6**

2

**Introduction to First Fair Use Factor**

3

4        The first fair use factor concerns the purpose and character of the accused

5   use.  This factor requires a balancing of:

6

7        (1)     whether and to what extent the accused use has a further purpose or

8                different character;, and

9

10       (2)     whether the accused use is commercial as opposed to non-profit.

11

12       A use that has a further purpose or different character is said to be

13   "transformative."

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED
INSTRUCTION NO. D6:**

This proposed instruction is based off of *Warhol* 143 S.Ct. at 1273, 1275-76
(2023).

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED
INSTRUCTION NO. D6:**

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily
long and confusing and will prejudice Plaintiff. Defendants break up the "fair use
instruction" into several modified instructions. Instead, the Court should adopt
Plaintiff's instruction because it is evenhanded, straightforward, unbiased and
follows the law. Plaintiff proposes his jury instruction that is based on the Ninth
Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing
Order.

Defendants proposed fair use instruction is overreaching and is likely to
confuse the jury. Plaintiff proposes a single page of fair use instructions. On the
other hand, Defendants propose twelve different fair use instructions, some of
which are multiple instructions for a single factor. Almost every single instruction
has been modified by case law and does not follow the model jury instructions.
Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The
vast amount of fair use instructions will be prejudicial to the plaintiff and cause
confusion among the jurors.

Defendants misstates the law by deviating from The Ninth Circuit Model
Instructions 17.22, which is based on the exact language of 17 U.S.C. § 107.
Specifically, both Instruction 17.22 and § 107 state "the purpose and character of
the use, including whether the use is of a commercial nature or is for nonprofit
educational purposes." Defendants fail to justify any deviation from that language.

Further, Defendants misstate the law by attempting to create a two-factor
balancing test between the "further purpose and character" and commerciality.

-26-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

That is not the law, as stated in § 107.  Nor is what is articulated recently by the U.S. Supreme Court in *Warhol*.  "[T]he first fair use factor instead focuses on whether an allegedly infringing use has a further purpose or different character, which is a matter of degree, and the degree of difference ***must be weighed against other considerations***, like commercialism."  *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 143 S.Ct. 1258, 1273 (2023); *accord Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 584 (1994) ("The language of the statute makes clear that the commercial or nonprofit educational purpose of a work is only one element of the first factor enquiry into its purpose and character.").

This Court has already found that Defendants' tattoo is not transformative. Defendants' instruction essentially invites the jury to reconsider that finding by the Court.

## **DEFENDANTS' PROPOSED INSTRUCTION NO. D7**

### **First Fair Use Factor – Transformative**

A work is transformative when it adds something new, with a further purpose or different character, altering the first with new expression, meaning or message.

Analysis of this factor requires review of the specific use that is claimed to be an infringement.  The same copying may be fair when used for one purpose but not another.

You should compare the challenged uses with the typical use of the original work.  If the environments are distinct and different, this factor weighs in favor of fair use,  If, on the other hand, the challenged use supersedes the objects of the original work, this factor weighs against fair use.

The first factor relates to the justification of the use.   A use that has a distinct purpose is justified.  A use that shares the purpose of a copyrighted work is not.

The meaning or message of the challenged worksshould be considered to the extent necessary to determine whether the purpose of the use is distinct from the original, for instance, because the use comments on, criticizes, or provides unavailable information about the original.

**DEFENDANTS' STATEMENT RE:  DEFENDANTS' PROPOSED
INSTRUCTION NO. D7:**

This proposed instruction is based off of *Andy Warhol Foundation for the
Visual Arts, Inc. v. Goldsmith*, 143 S.Ct. 1258, 1273-79, 1283-84 (2023). *See also
Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 581 (1994)("A work is
transformative when it 'adds something new, with a further purpose or different
character, altering the first with new expression, meaning, or message[]'").

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED
INSTRUCTION NO. D7:**

This Court has already found that Defendants' tattoo is not transformative.
Defendants' instruction essentially invites the jury to reconsider that finding by the
Court.  Moreover, Defendants continue to advance the erroneous argument, which
the Court has already rejected, that a derivative work is transformative because it
appears in a distinct or different medium or environment.  *Rogers v. Koons*, 960
F.2d 301, 312 (2d Cir. 1992) (not fair use to use a photograph as a reference to
make a derivative sculpture).

Defendants' instruction is not consistent with *Warhol*. Under *Warhol*, the
justification for the use of a copyrighted work must be "compelling," and the use of
the work must be necessary to provide comment or have critical bearing on the
original work.  *Warhol*, 143 S. Ct. at 1276-77, 1285-86.  The requirement to
comment on the original work also applies to intermediate copies.  *Disney
Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 862 & n.12 (9th Cir. 2017)
(finding that intermediate copies of movies were not fair use because they were not
done for "study or examination" of the original works, but for commercial
purposes).

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction has been modified by case law and does not follow the model jury instructions. Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The vast amount of fair use instructions will be prejudicial to the plaintiff and cause confusion among the jurors.

# DEFENDANTS' PROPOSED INSTRUCTION NO. D8

## First Fair Use Factor – Commercial Use

In evaluating the first fair use factor, the extent of the commercial nature of the accused use must also be considered.

You must consider the degree to which the Defendants exploited the copyright for commercial gain, as opposed to incidentally using the copyrighted material as part of a commercial enterprise.

Finding that the use was not commercial tips the scales in favor of fair use. However, the inverse is not necessarily true:  a use can be indisputably commercial but still be found to be a fair use.

To put it differently, the more transformative an accused work, the more other factors, such as commercialism, will decrease in importance. By contrast, the less transformative the accused work, the more other factors like commercialism will increase in importance.

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D8:**

This proposed instruction is based off *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013) ("Furthermore, although the statute instructs us to consider the 'commercial nature' of a work . . 'the degree to which the new user exploits the copyright for commercial gain—as opposed to incidental use as part of a commercial enterprise—affects the weight we afford commercial nature as a factor.'"); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1204 (2021) ("There is no doubt that a finding that copying was not commercial in nature tips the scales in favor of fair use. But the inverse is not necessarily true, as many common fair uses are indisputably commercial."); *Hannley v. Mann,* 2023 WL 3407183, at *3 (C.D. Cal. Mar. 8, 2023)("Noncommercial or nonprofit use of a copyrighted work is presumptively fair."), *citing Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 449 (1984).

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D8:**

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction

has been modified by case law and does not follow the model jury instructions.
Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The
vast amount of fair use instructions will be prejudicial to the plaintiff and cause
confusion among the jurors.

Defendants' instruction fails to apply the Ninth Circuit's test in *Worldwide
Church of God* regarding the profit/nonprofit distinction, which this Court cited in
its decision on reconsideration. "The crux of the profit/nonprofit distinction is not
whether the sole motive of the use is monetary gain but whether the user stands to
profit from exploitation of the copyrighted material without paying the customary
price." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d
1110, 1117 (9th Cir. 2000).

Further, the U.S. Supreme Court has rejected Defendants' claim that non-
commercial use is "presumptively fair." "The language of the statute makes clear
that the commercial or nonprofit educational purpose of a work is only one element
of the first factor enquiry into its purpose and character. Section 107(1) uses the
term 'including' to begin the dependent clause referring to commercial use, and the
main clause speaks of a broader investigation into 'purpose and character.'"
*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 584 (1994). "Accordingly, the
mere fact that a use is educational and not for profit does not insulate it from a
finding of infringement, any more than the commercial character of a use bars a
finding of fairness." *Id.*

Defendants' reliance on *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183,
1204 (2021) is also misplaced. That case is specifically limited to cases involving
computer programs that are primarily functional and does not apply to other cases,
like creative works, involving fair use. *Id.* at 1208.

Finally, the Supreme Court's clarifications of the first fair use factor in *Andy
Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, supersedes prior Ninth
Circuit caselaw, including *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1176 (9th Cir.
2013). Specifically, both *Warhol* and § 107(1) make clear that the question is

1  "whether such use is of a commercial nature or is for nonprofit educational

2  purposes." 143 S. Ct. 1258, 1266, 1272, 1274, 1287 (2023) (stating this exact

3  dichotomy four separate times); *accord Campbell v. Acuff-Rose Music, Inc.*, 510

4  U.S. 569, 584 (1994) ("The language of the statute makes clear that the commercial

5  or nonprofit educational purpose of a work is only one element of the first factor

6  enquiry into its purpose and character."); *Monge v. Maya Magazines, Inc.*, 688 F.3d

7  1164, 1172 (9th Cir. 2012) (same); *Worldwide Church of God v. Philadelphia*

8  *Church of God, Inc.*, 227 F.3d 1110, 1117 (9th Cir. 2000) (same).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' PROPOSED INSTRUCTION NO. D9

### Second Fair Use Factor

The second fair use factor is the nature of the copyrighted work. The more creative the copyrighted work is, the more this factor weighs against fair use.

You must also consider the extent to which the copyrighted work has been published. When a copyrighted work has already been published, the artist has been able to control the first public appearance of his or her work. Thus, the more that a copyrighted work has been previously published, the more this factor weighs in favor of fair use.

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D9:**

This proposed instruction is based off of *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013) ("Mitigating this factor in favor of Green Day is that we are instructed to consider the extent to which a work has been published."; "The fact that a work is unpublished is a critical element of its 'nature.'") (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 546 (1985)); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003) ("Published works are more likely to qualify as fair use because the first appearance of the artist's expression has already occurred."); *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012);

("Under the second factor, we address two aspects of the work: the extent to which it is creative and whether it is unpublished.")

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D9:**

No instruction is needed on the second factor because the Court already found on reconsideration that the second factor weighs against fair use.  (ECF No. 160, 9-10, n.6.)  The jury should be informed of the Court's finding and instructed to accept it.  Defendants' instruction invites the jury to reconsider the Court's finding, which would be entirely improper.  As the Court found, publication does not weigh in favor of use, contrary to Defendants' instruction.  *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 456 (9th Cir. 2020) ("[N]either Harper & Row nor any principle of fair use counsels that the publication of the copyrighted work weighs in favor of fair use.").

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing, and adds one-sided superfluous language that will prejudice

Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction has been modified by case law and does not follow the model jury instructions. Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The vast amount of fair use instructions will be prejudicial to the plaintiff and cause confusion among the jurors.

1    **DEFENDANTS' PROPOSED INSTRUCTION NO. D10**

2    **Third Fair Use Factor**

3

4    The third fair use factor is the amount and substantiality of the portion used

5    in relationship to the copyrighted work as a whole.  This factor looks to the

6    quantitative amount and qualitative value of the original work used, and how that

7    use relates to the justification for it use.

8

9    When an accused work copies little of the original work, then this factor

10   weighs in favor of fair use.  Conversely, when an accused work copies most of the

11   quantitative amount and qualitative value of the original work, then this factor

12   weighs against fair use.

13

14   However, if the original work is not capable of being divided up into

15   meaningful portions, and if the secondary user only copies as much as is necessary

16   for a transformative use, then this factor will not weigh against fair use, even if the

17   secondary user copies the whole of the original work.

18

19   The extent of permissible copying varies with the purpose and character of

20   the use, which relates back to the first fair use factor.

21

22

23

24

25

26

27

28

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D10:**

This proposed instruction is based off of *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 586 (1994)("The third factor asks whether 'the amount and substantiality of the portion used in relation to the copyrighted work as a whole,' . . . (or, in Justice Story's words, 'the quantity and value of the materials used,' . . . are reasonable in relation to the purpose of the copying");  *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178-79 (9th Cir. 2013) ("However, unlike an episode of the Ed Sullivan show or a book manuscript, *Scream Icon* is not meaningfully divisible. Given that fact, this court has acknowledged that this factor will not weigh against an alleged infringer, even when he copies the whole work, if he takes no more than is necessary for his intended use.) *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820–21 (9th Cir. 2003)("If the secondary user only copies as much as is necessary for his or her intended use, then this factor will not weigh against him or her").

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D10:**

No instruction is needed on the third factor because the Court already found that the third factor weighs against fair use.  (ECF No. 69, 23.)  The jury should be informed of the Court's finding and instructed to accept it.   Defendants' instruction invites the jury to reconsider this finding, which would be entirely improper.

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

1    Defendants proposed fair use instruction is overreaching and is likely to

2    confuse the jury. Plaintiff proposes a single page of fair use instructions. On the

3    other hand, Defendants propose twelve different fair use instructions, some of

4    which are multiple instructions for a single factor. Almost every single instruction

5    has been modified by case law and does not follow the model jury instructions.

6    Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The

7    vast amount of fair use instructions will be prejudicial to the plaintiff and cause

8    confusion among the jurors.

## DEFENDANTS' PROPOSED INSTRUCTION NO. D11

### Fourth Fair Use Factor

The fourth fair use factor is the effect of the accused infringer's use on the potential market for or value of the copyrighted work.  This factor weighs against fair use if the accused use materially impairs the marketability or value of the copyrighted work.  This factor considers three issues.

The first issue that the fourth fair use factor considers is whether the accused work is offered or used as a substitute for the original copyrighted work.  If the accused work serves a different market function, and does not substitute for the original copyrighted work, then this factor weights in favor of fair use.

The second issue that the fourth fair use factor considers is whether unrestricted and widespread use of the copyrighted materials of the sort engaged in by the accused infringer would result in a substantially adverse impact on the potential market for or value of the copyrighted work.

In considering potential markets for derivative works, you should give little or no weight to licensing opportunities that the copyright owner did not realize. Instead, you should consider the impact on licensing opportunities that are traditional, reasonable, or likely to be developed.

The third issue that the fourth fair use factor considers is whether there are public benefits that are likely to be produced by allowing the kind of copying engaged in by the Defendants, such as whether allowing the kind of use engaged in by the Defendants would produce a public benefit of encouraging the creative production of new expression.

1  **DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED**

2  **INSTRUCTION NO. D11:**

3    This proposed instruction is based off of ; *Seltzer v. Green Day, Inc.*, 725

4  F.3d 1170, 1179 (9th Cir. 2013) ("Where the allegedly infringing use does not

5  substitute for the original and serves a 'different market function,' such factor

6  weighs in favor of fair use."); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569,

7  592 (1994) ("The market for potential derivative uses includes only those that

8  creators of original works would in general develop or license others to develop")

9  *Seltzer*, 725 F.3d at 1179 ("The fourth factor asks what effect the allegedly

10 infringing use has on the 'potential market for or value of the copyrighted work.' . .

11 . This factor should consider 'the extent of market harm caused by the particular

12 actions of the alleged infringer [and] also whether unrestricted and widespread

13 conduct of the sort engaged in by the defendant would result in a substantially

14 adverse impact on the potential market for the original.'; "This factor also considers

15 any impact on 'traditional, reasonable, or likely to be developed markets.'");

16 *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1207 (2021) (citing Prof.

17 Nimmer's treatise to "caution[] against the 'danger of circularity posed' by

18 considering unrealized licensing opportunities because 'it is a given in every fair

19 use case that plaintiff suffers a loss of a potential market if that potential is defined

20 as the theoretical market for licensing the very use at bar"); *Tresona Multimedia,*

21 *LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 652 (9th Cir. 2020)

22 (same); *Google LLC*, 141 S. Ct. at 1206 ("Further, we must take into account the

23 public benefits the copying will likely produce. Are those benefits, for example,

24 related to copyright's concern for the creative production of new expression?"); *id*.

25 at 1208 (concluding that "the risk of creativity-related harms to the public," when

26 taken with other considerations, "convince that this fourth factor—market effects—

27 also weighs in favor of fair use").

28

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED
INSTRUCTION NO. D11:**

Defendants' instruction (including on the burden of proof and unrealized licensing opportunities) conflicts directly with the Ninth Circuit's recent decision in *McGucken*, a case involving the unauthorized use of copyrighted photographs. *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022). Defendants, as the proponents of the fair use defense, "must bring forward favorable evidence about relevant markets." *Id.* "To negate fair use, [the plaintiff] need only show that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work." *Id.* Further, there is a presumption of likely market harm where works are found to be not transformative. *Disney Enters. Inc. v. VidAngel, Inc.,* 869 F.3d 848, 861 (9th Cir. 2017).

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction has been modified by case law and does not follow the model jury instructions. Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The vast amount of fair use instructions will be prejudicial to the plaintiff and cause confusion among the jurors.

**DEFENDANTS' PROPOSED INSTRUCTION NO. D12**

**Fifth Fair Use Factor:  Personal Expression and Bodily Integrity**

The fifth fair use factor you should consider is the following.  You should consider the fundamental rights of Katherine Von Drachenberg's client, Blake Farmer, to personal expression and bodily integrity.  And you should also consider the fundamental rights of Katherine Von Drachenberg to personal expression as a tattoo artist.

It is settled law that tattoos themselves, and the process of tattooing, are forms of pure expression that are fully protected by the First Amendment to the United States Constitution.

It is also settled law that individuals have, in general, a fundamental right to bodily integrity, which means a right to make decisions about control over one's own body.

In deciding whether the use of the Miles Davis Photograph to create a tattoo was a fair use, you should consider the fundamental rights of Blake Farmer to make decisions about how to express himself through permanent markings on his body.

1  **DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED**

2  **INSTRUCTION NO. D12:**

3       The Comment to Ninth Circuit Model Instruction No. 17.22 expressly calls

4  on the Court to "insert any other factor that bears on the issue of fair use," and that

5  the four statutory factors "are by no means exhaustive or exclusive."  The unique

6  circumstances of this case – the first trial in American legal history over whether a

7  permanent tattoo on a living human's body constitutes copyright infringement –

8  calls for consideration of a special non-statutory factor.  Defendants' previously

9  raised this in their summary judgment briefing.  Dkt. 32 at 22-23.

10      The Supreme Court has twice emphasized that the fair use doctrine, along

11 with the idea/expression dichotomy, are vital protections against overexpansion of

12 copyright monopolies to protect the First Amendment interests that subsequent

13 speakers have in building on existing works.  *See Golan v. Holder*, 565 U.S. 302,

14 328 (2012) ("Both are recognized in our jurisprudence as 'built-in First Amendment

15 accommodations'"); *Eldred v. Ashcroft*, 537 U.S. 186, 219-20 (2003) (same).

16      Closely related to the vital First Amendment interests in free expression are

17 the fundamental rights of individuals to express themselves through permanent

18 markings on their bodies.  This ties in with the fundamental right individuals have

19 to bodily integrity.  *See Cruzan v. Director, Mo. Dept. of Health*, 497 U.S. 261, 269

20 (1990) ("Every human being of adult years and sound mind has a right to determine

21 what shall be done with his own body."); *Washington v. Glucksberg*, 521 U.S. 702,

22 720 (1997) (identifying "bodily integrity" as among the "fundamental rights and

23 liberty interests" for which the Due Process Clause "provides heightened protection

24 against government interference").  In the context of deciding the constitutionality

25 of a municipality's ban on tattoo parlors, the Ninth Circuit has expressly held "that

26 the tattoo itself, the process of tattooing, and the business of tattooing are forms of

27 pure expression fully protected by the First Amendment."  *Anderson v. City of*

28 *Hermosa Beach*, 621 F.3d 1051, 1068 (9th Cir. 2010).

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D12:**

There is no fifth factor in the statute or Ninth Circuit Model Instructions. This Court has rejected Defendants' arguments that a tattoo creates a different meaning by virtue of its location on the human body or that tattoo artists should be treated differently than other artists for purposes of the fair use analysis. The U.S. Copyright Office recently stated that it will treat tattoos no different than other works under copyright law and classify tattoos as derivative works when based upon non-tattoo art. (ECF 150-4.) Moreover, the only party who could possibly claim body integrity is Mr. Farmer, who is not a party to this litigation. This case is about the unauthorized reproduction, creation of a derivative work, public display and distribution of a photograph by the Defendants. Second, Defendants contend that the First Amendment protects their activities. Such statement is false and has been rejected by the U.S. Supreme Court. "Copyright laws are not restrictions on freedom of speech as copyright protects only form of expression and not the ideas expressed." *Harper & Row Publrs. v. Nation Enters.*, 471 U.S. 539, 556 (1984) ("[C]opyright's idea/expression dichotomy '[strikes] a definitional balance between the First Amendment and the Copyright Act by permitting free communication of facts while still protecting an author's expression.").

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

**DEFENDANTS' PROPOSED INSTRUCTION NO. D13**

**Concluding Remarks on Fair Use**

It is up to you to decide whether all relevant factors, when considered fully and together, favor or disfavor fair use.  All of these factors must be explored, discussed, and evaluated by you.  No single factor is dispositive.  Your evaluation of all factors must be weighed together in light of the purpose of copyright law, which is to promote the progress of science and useful arts.

Some factors may weigh in favor of fair use and some against fair use.  You must decide, after giving the factors such weight as you find appropriate based on the evidence and my instructions, whether or not, on balance, the Defendants have shown by a preponderance of the evidence that they made a fair use.

If you find in favor of fair use, then your verdict on the copyright infringement claims should be for the Defendants.

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D13:**

This proposed instruction is based off of *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994)("Nor may the four statutory factors be treated in isolation, one from another. All are to be explored, and the results weighed together, in light of the purposes of copyright"); *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 652 (9th Cir. 2020)("We weigh each of these factors in light of the Copyright Act's purpose "to stimulate artistic creativity for the general public good.")

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D13:**

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing and will prejudice Plaintiff. Defendants break up the "fair use instruction" into several modified instructions. Instead, the Court should adopt Plaintiff's instruction because it is evenhanded, straightforward, unbiased and follows the law. Plaintiff proposes his jury instruction that is based on the Ninth Circuit Model Civil Jury Instruction 17.22 and complies with the Court's Standing Order.

Defendants proposed fair use instruction is overreaching and is likely to confuse the jury. Plaintiff proposes a single page of fair use instructions. On the other hand, Defendants propose twelve different fair use instructions, some of which are multiple instructions for a single factor. Almost every single instruction has been modified by case law and does not follow the model jury instructions. Further, Defendants propose a fifth factor, that is not part of 17 U.S.C. § 107. The vast amount of fair use instructions will be prejudicial to the plaintiff and cause confusion among the jurors.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Additionally, Defendants have omitted from the instruction critical language from Ninth Circuit Model Civil Jury Instruction 17.22 that it is Defendants' burden to prove fair use: "If you find that the defendant has proved by a preponderance of the evidence that the defendant made a fair use of the plaintiff's work, your verdict should be for the defendant."

Further, the Court has already determined as a matter of law that: (1) Defendants uses were not transformative; (2) the second factor weights against fair use; and (3) the third factor weighs against fair use. Accordingly, the above instruction is confusing and prejudicial to the jury because it asks the jury to make a factual determination that has already been determined by the Court. The jury should be instructed to accept the Court's previous findings relating to fair use.

**DEFENDANTS' PROPOSED INSTRUCTION NO. D14**

**Copyright – Statute of Limitations and Three-Year Bar**

To ensure that claims are brought to court reasonably promptly, copyright law generally bars the Plaintiff from recovering damages for infringing acts that occurred prior to three years before he filed his lawsuit.  I will refer to this limitation as the "three-year bar."

There is an exception to the three-year bar.  The exception is this:  if, prior to the critical date of three years before filing the lawsuit, the Plaintiff was unaware of the infringement, and his lack of knowledge was reasonable under the circumstances, then the three-year bar does not apply.

In our case, the Plaintiff filed this lawsuit on February 7, 2021.  Thus, the critical date of three years before he filed the lawsuit is February 7, 2018.

If you find that the Plaintiff discovered or should have discovered the alleged infringement prior to February 7, 2018, then the three-year bar applies, and you may award damages only for acts occurring after February 7, 2018.

If you find that the Plaintiff was unaware of the alleged infringement prior to February 7, 2018, and that his lack of knowledge was reasonable under the circumstances, then the three-year bar does not apply, and you may award damages for acts occurring both before and after February 7, 2018.

**DEFENDANTS' STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D14:**

This instruction is based on existing Ninth Circuit law on the Copyright Act's time limitations doctrines – the "discovery rule" for the treatment of the "accrual" question, and the "rolling approach" / "separate-accrual" rule for the treatment of the "continuing infringement" question.  *See Starz Entm't, LLC v. MGM Domestic Television Distr., LLC*, 510 F. Supp. 3d 878, 882-89 (C.D. Cal. 2021) (discussing time limitations doctrines of 17 U.S.C. § 507(b)), *aff'd*,  39 F. 4th 1236, 1239-41 (9th Cir. 2022);  *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 705-07 (9th Cir. 2004)).

**PLAINTIFF'S STATEMENT RE: DEFENDANTS' PROPOSED INSTRUCTION NO. D14:**

Plaintiff believes that Defendants' instruction is overreaching, unnecessarily long and confusing, not in accordance with existing law, and will prejudice Plaintiff. Defendants' instruction sets forth a "but for" test, regrading Plaintiff's knowledge being reasonable under the circumstances but fails to define "reasonable."

First, Plaintiff believes this instruction is unnecessary because no evidence exists that Plaintiff either discovered or should have discovered any of Defendants' infringements prior to three years before the suit was filed.  As with all affirmative defenses, the burden is on Defendants to prove this.

Second, this instruction is not in accordance with the law.  "A copyright infringement claim is subject to a three-year statute of limitations, which runs separately for each violation. [A] copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Oracle Am., Inc. v. Hewlett Packard*

*Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020) (quoting 17 U.S.C. § 507(b);
*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014)); *see also Starz
Ent., LLC v. MGM Domestic Television Distribution, LLC,* 39 F.4th 1236, 1240
(9th Cir. 2022) (a copyright claim "accrues at 'the moment when the copyright
holder has knowledge of a violation or is chargeable with such knowledge,' and
therefore 'the three-year clock begins upon discovery of the infringement.'"
(quoting *Polar Bear Prod. Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004)).
Therefore, "§ 507(b) does not prohibit the recovery of damages for infringing acts
that occurred outside the three-year window so long as the copyright plaintiff was
unaware of the infringement, and that lack of knowledge was reasonable under the
circumstances." *Id.*(internal citation omitted). It is Defendants' burden to prove
that Plaintiff was aware, or should have been aware, of the infringement.

Third, Plaintiff has alleged that Defendants have committed different
infringements (reproduction, preparation of a derivative work, distribution and
public display) with respect to the tattoo, the materials used to prepare the tattoo,
and the public display of both the tattoo and the photograph.  Defendant has the
burden of proving that the statute of limitations bars recovery of damages beyond
three years with respect to each separate act of infringement.

Thus, this open-ended instruction is prejudicial to Plaintiff and flips the
burden of proof. Instead of Defendants needing to prove that the Statute of
Limitations applies, this instruction requires Plaintiff to prove that he did not have
knowledge of the infringement and that his lack of knowledge was "reasonable
under the circumstances."