GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
allen@thegolawfirm.com
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone: (310) 315-3009
Facsimile: (310) 315-1557

Attorneys for Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:21-cv-01102-DSF-MRWx <br><br> Before the Hon. Dale S. Fischer, U.S. District Judge <br><br> **DEFENDANTS' AMENDED PROPOSED SPECIAL VERDICT FORM AND STATEMENTS IN SUPPORT THEREOF AND IN OPPOSITION THERETO** <br><br> [*Defendants' proposed special verdict form attached hereto*] <br><br> Action filed: February 7, 2021 <br> FPTC: October 30, 2023 <br><br> Trial: November 28, 2023 |

      Pursuant to Section II.B of this Court's May 19, 2021 Order Re: Jury Trial (Dkt. 19), Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. submit their amended proposed special verdict form.

      Defendants' proposed special verdict form is attached hereto as an attachment. The statement of Defendants in support, and the statement of Plaintiff Jeffrey Sedlik in opposition, appear below.

      Defendants' statement in opposition to *Plaintiff's* proposed special verdict form is filed with Plaintiff's separate submission of his proposed special verdict form.

**DEFENDANTS' STATEMENT IN SUPPORT OF DEFENDANTS' PROPOSED SPECIAL VERDICT FORM:**

      Defendants' proposed special verdict form consists of six questions that properly cover all issues to be decided by the jury. Question 1 covers the fundamental question of whether the accused works – the tattoo itself, the sketch, and the social media posts of the tattoo – are "substantially similar" to Plaintiff's copyrighted photograph. If the answers to all parts of this question are "No," then there is nothing further for the jury to do.

      Question 2 then asks the jury to decide the fair use question. Similarly, if the answers to all parts of this question are "Yes," then that completes the jury's work.

      Question 3 then asks for the jury's finding regarding the Defendants' statute of limitations defense. A "yes" answer will limit the universe of conduct that can form the basis for a damage award; a "no" answer will mean no such limit applies. *See Starz Entm't, LLC v. MGM Domestic Television Distr., LLC*, 510 F. Supp. 3d 878, 882-89 (C.D. Cal. 2021) (discussing time limitations doctrines of 17 U.S.C. § 507(b)), *aff'd*, 39 F. 4th 1236, 1239-41 (9th Cir. 2022)

      Questions 4 and 5 then ask additional questions relevant to fixing the range of statutory damages that maybe awarded (innocent infringement or willful

infringement). And finally, Question 6 asks the jury for its statutory damage award, and guides the jury on the limitations on the amount it may award as a result of its answers to Questions 3, 4, and 5.

**PLAINTIFF'S STATEMENT IN OPPOSITION TO DEFENDANTS' PROPOSED SPECIAL VERDICT FORM:**

Plaintiff lodges the following objections to Defendants' proposed special verdict form:

1. Preliminary observation: Defendants' proposed special verdict form contains questions that are fairly described as follows:

    ➢ Question 1: Fact issue on substantial similarity
    ➢ Question 2: Fact issue on fair
    ➢ )
    ➢ Question 3: Fact issue on statute of limitation defense (plaintiff's awareness)
    ➢ Question 4: Fact issue on damages (innocent infringement)
    ➢ Question 5: Fact issue on damages (willful infringement)
    ➢ Question 6: Damages award (statutory)

2. Objection One: Plaintiff objects to Defendants' Proposed Special Verdict Form in its entirety, and instead propose using Plaintiff's Proposed Verdict Form filed concurrently herewith.

3. Objection Two: Defendants' proposed special verdict form fails to meet the elements of the claims as instructed to the jury in the proposed jury instructions, including in the proposed instructions agreed to by both parties. Fed. R. Civ. P. Rule 49(a)(2) requires the court to "give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue." Fed Rules Civ Proc R 49(a)(2). Neither party proposed instructions or explanations covering the detailed topics that the Defendants' verdict form covers. The special verdict form is unnecessarily detailed, inserts issues not relevant to the

determination of liability and damages that the jury is required to make, and goes beyond the instructions and explanations provided to the jury in the jury instructions.

    4.    Objection Three: Defendants' proposed special verdict form fails to "fully and fairly present[] to the jury the issues [the jury will be] called upon to decide." *United States v. 20832 Big Rock Drive,* 51 F.3d 1402, 1409 (9th Cir. 1995) quoting *Mateyko* v. *Felix,* 924 F.2d 824, 827 (9th Cir. 1990). Specifically:

- The jury must decide whether defendants violated at least one of plaintiff's exclusive rights under the Copyright Act, but no question is posed on this issue.
- It makes no sense to ask the jury about substantial similarity in question 1 because Defendants have admitted to direct copying of the Photograph, and where there is direct copying, a substantial similarity analysis is irrelevant. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012); *Norse v. Henry Holt and Co.*, 991 F.2d 563, 566 (9th Cir. 1993).
- Second, even if there were to be a substantial similarity analysis, the Court has already found that Defendants copied the Photograph, and thus the only question of fact for the jury is whether Defendants have copied enough of the protected expression from the Miles Davis Photograph to render the works "substantially similar." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018).
- The jury is asked to decide substantial similarity, but is not asked *first* to decide striking similarity which would obviate the need to determine substantial similarity if striking similarity was affirmatively found. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019) ("To allege actionable

copying, Malibu was required to plead facts plausibly showing either (1) 'that the two works in question are strikingly similar,' or (2) 'that [the works] are substantially similar and that [Defendants] had access to the [Subject Work].'")

- ➢ The jury must decide whether the violation of plaintiff's exclusive rights was a fair use, but in the defendants' verdict form the jury is asked to decide yes or no only with respect to some of the infringements, not all of them—there are 17 separate social media posts, including one video on YouTube.
- ➢ The jury verdict form contains a statute of limitations question for the jury but this affirmative defense was waived. Regardless, the question in misleading because it doesn't make clear that only damages from infringements that occurred more than three years from that discovery should be excluded.
- ➢ The jury verdict form contains no provision for an actual damages/profits award.
- ➢ The jury verdict form on statutory damages, the innocent infringer reduction, and the willful infringer enhancement, are confusing and unnecessary complicated, as well as suggestive (by saying, e.g., "the range for your award may be as low as $750 and as high as $150,000" instead of simply prompting the jury to enter an amount within the correct range, i.e. $750 to $30,000 or up to $150,000).
- ➢ The jury verdict form doesn't take into account that Plaintiff need only show one of the infringements to be willfull in order to qualify for enhanced statutory damages, regardless if all of the other infringements are not.
- ➢ There are no questions regarding secondary infringement.

5. The damages instructions are out of order. The jury first decides the amount of statutory damages for infringement. Then are asked to award enhanced damages for willful infringement, and if found non-willful the defendant can obtain a reduction for innocent infringement. See 17 U.S.C. § 504.

Dated: October 17, 2023

Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP

By:   /s/ Allen B. Grodsky
       Allen B. Grodsky

Attorneys for Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc.