ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LARA A. PETERSEN (SBN 318475)
lpetersen@glaserweil.com
JASON C. LINGER (SBN 323031)
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

Allen B. Grodsky (SBN 111064)
**GRODSKY, OLECKI & PURITSKY LLP**
11111 Santa Monica Boulevard
Suite 1070
Los Angeles, CA 90025
(310) 315-3009 – Telephone
(310) 315-1557 – Facsimile
allen@thegolawfirm.com

Attorneys for Defendants
Katherine Van Drachenberg aka Kat
Von D, Kat Von D, Inc., and High
Voltage Tattoo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>        Plaintiff,<br><br>v.<br><br>KATHERINE VAN DRACHENBERG<br>aka KAT VON D; KAT VON D, INC.;<br>and HIGH VOLTAGE TATTOO, INC.,<br><br>        Defendants. | CASE NO.: 2:21-cv-01102-DSF-MRW<br><br>Hon. Dale S. Fischer<br><br>**PROPOSED AMENDED FINAL<br>PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conference: October 30, 2023<br>Trial Date:   November 28, 2023 |

*Glaser Weil*

2336875

Following pretrial proceedings, pursuant to Fed. R. Civ. P. Rule 16 and Local Rule 16, IT IS ORDERED:

**1.     The Parties:**

**PLAINTIFF**

Jeffrey B. Sedlik

**DEFENDANTS**

Katherine Van Drachenberg aka Kat Von D, Kat Von D, Inc. (was a Defendant but summary judgment was issued in its favor) and High Voltage Tattoo, Inc.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

- The Complaint (ECF 1); and
- Answer (ECF 13).

**2.     Federal Jurisdiction And Venue Are Invoked Upon The Grounds:**

- This is an action arising under the Copyright Act, 17 U.S.C. § 501.
- This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).
- Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants are alleged to have engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.
- The facts requisite to federal jurisdiction are admitted.

**3.     Trial Estimate:**

- Plaintiff: 3-4 Days
- Defendants: 2-3 Days

**4.     Trial Type – Jury Trial:**

At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery:

2

2336875

- Proposed jury instructions as required by L.R. 51-1; and
- Any special questions requested to be asked on voir dire.

5.    **The Following Facts Are Admitted And Require No Proof:**

    a.  Plaintiff Sedlik registered the copyright in and to his Miles Davis Photo – and was issued registration no. VA 645-610 The Certificate of Registration is marked as Exhibit 7.

    b.  Sedlik's Complaint was filed on February 7, 2021 (ECF 1).

    c.  Defendants had access to the Miles Davis Photograph prior to creating the Tattoo and used the Photograph as a reference during the creation of the Tattoo.

    d.  Exhibit 203 is an Instagram Post made on the @thekatvond Instagram page on March 18, 2017.

    e.  Exhibit 204 is a Facebook Post made on the Kat Von D Facebook page on March 18, 2017.

    f.  Exhibit 207 is an Instagram Post made on the @thekatvond Instagram page on May 16, 2017.

    g.  Exhibit 208 is a Facebook Post made on the Kat Von D Facebook page on May 16, 2017.

    h.  Exhibit 209 is an Instagram Post made on the @thekatvond Instagram page on May 16, 2017.

    i.  Exhibit 210 is a Facebook Post made on the Kat Von D Facebook page on May 16, 2017.

    j.  Exhibit 211 is an Twitter Post made on the @thekatvond Twitter page on May 16, 2017.

    k.  Exhibit 212 is an Instagram Post made on the @highvoltagetat Instagram page on March 17, 2017.

    l.  Exhibit 213 is a Facebook Post made on the High Voltage Tattoo Facebook page on March 17, 2017.

m. Exhibit 214 is an Instagram Post made on the @highvoltagetat Instagram page on April 15, 2017.

n. Exhibit 215 is a Facebook Post made on the High Voltage Tattoo Facebook page on April 15, 2017.

o. Exhibit 216 is an Instagram Post made on the @highvoltagetat Instagram page on April 26, 2018.

**6.     The Following Facts, Though Stipulated, Shall Be Without Prejudice To Any Evidentiary Objection:**

None.

**7.     Claims and Defenses:**

**Plaintiff:**

**a.  Plaintiff Plans to Pursue the Following Claims Against the Following Defendants:**

Claim 1: Defendants Katherine Van Drachenberg aka Kat Von D and High Voltage Tattoo, Inc. committed direct copyright infringement.

Claim 2: Defendants Katherine Van Drachenberg aka Kat Von D and High Voltage Tattoo, Inc. committed vicarious copyright infringement.

Claim 3: Defendants Katherine Van Drachenberg aka Kat Von D and High Voltage Tattoo, Inc. committed contributory copyright infringement.

**b.  The Elements Required to Establish Plaintiff's Claims Are:**

Claim 1: On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of evidence that:

1.  The plaintiff is the owner of a valid copyright; and
2.  The defendant copied original expression from the copyrighted work.

Manual of Model Civil Jury Instructions 17.5 – Copyright Infringement – Elements

Claim 2: If you find that the Defendants infringed the plaintiff's copyright, you

Glaser Weil

must determine whether the other Defendants vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence.

1. The other defendants profit directly from the infringing activity of the Defendants.

2. The other defendants had the right and ability to supervise or control the infringing activity of the Defendants that committed direct infringement; and

3. The defendant failed to exercise that right and ability.

Manual of Model Civil Jury Instructions 17.20 – Secondary Liability – Vicarious; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005).

Claim 3: A defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally materially contributed to that infringing activity. If you find that the Defendants infringed the plaintiff's copyright, you must determine whether the defendants contributorily infringed that copyright. The plaintiff has a burden of proving both of the following elements by a preponderance of the evidence:

1. The defendant knew or had reason to know of the infringing activity of any of the other Defendants.

2. The defendant intentionally induced or materially contributed to any of the other Defendants' infringing activity.

Manual of Model Civil Jury Instructions 17.21 – Derivative Liability - Contributory

**c. In Brief, Key Evidence Plaintiff Relies on for Each of the Claims is:**

Claim 1: Deposition Testimony of Katherine Van Drachenberg, Testimony of Jeffrey B. Sedlik, Testimony of Kathern Van Drachenberg and Exhibits.

PROPOSED AMENDED FINAL PRETRIAL CONFERENCE ORDER

2336875

Claim 2: Deposition Testimony of Katherine Van Drachenberg, Testimony of
Jeffrey B. Sedlik, Testimony of Kathern Van Drachenberg and Exhibits.

Claim 3: Deposition Testimony of Katherine Van Drachenberg, Testimony of
Jeffrey B. Sedlik, Testimony of Kathern Van Drachenberg and Exhibits.

**Defendants:**

    **a.**    **Defendants Plan to Pursue the Following Affirmative Defenses:**

Affirmative Defense 1: Fair Use (Third Affirmative Defense in ECF 13)

Affirmative Defense 2: Statute of Limitations (Second Affirmative Defense in
ECF 13)

Affirmative Defense 3: Innocent Infringement (Fifth Affirmative Defense in
ECF 13)

    **b.**    **The Elements Required to Established Defendants' Affirmative
Defenses Are:**

Affirmative Defense 1: Fair Use

    Fair Use is established based on consideration and weighing of the
following factors:

- The purpose and character of the use, including whether the use is of a
  commercial nature or is for nonprofit educational purposes;
- The nature of the copyrighted work;
- The amount and substantiality of the portion used in relations to the
  copyrighted work as a whole;
- The effect of the use upon the potential market for or value of the
  copyrighted work; and
- Other non-statutory factors relevant to the context of the particular case.
  17 U.S.C. § 107; Google LLC v. Oracle Am., Inc., 141 S.Ct. 1183, 1197
  (2021); Segal Enterprises Ltd. v. Accodlate, Inc., 977 F.2d 1510, 1522
  (9th Cir. 1992).

Affirmative Defense 2: Statute of Limitations:

2336875

- Plaintiff discovered or should have discovered the alleged infringement prior to February 7, 2018. 17 U.S.C. § 507(b); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 705-07 (9th Cir. 2004); Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994).

Affirmative Defense 3: Innocent Infringement:

- Defendants were not aware that her or its acts constituted infringement of the copyright; and

- Defendants had no reason to believe that her or its acts constituted an infringement of the copyright. Ninth Circuit Model Jury Instruction §17.36.

**c.    In Brief, Key Evidence Defendants Rely On For Each Affirmative Defense Is:**

Affirmative Defense 1: Fair Use

1.    Photograph and video of the tattoo at issue;

2.    Copyright registration and copyright deposit filing showing photograph at issue;

3.    Testimony of Katherine Von Drachenberg re: creation of tattoo and how photograph was used as a reference;

4.    Testimony of Blake Farmer re: creation of tattoo, lack of payment for tattoo, and visual inspection of tattoo on Farmer's arm;

5.    Screenshots of social media posts depicting tattoo;

6.    Texts between Farmer and representatives of Von Drachenberg re: tattoo;

7.    Sedlik testimony re: lack of damages and the sole "license" he claims to have given for use of photograph as tattoo reference;

8.    Testimony of Vanegas regarding interaction with Sedlik and circumstances by which Sedlik sent a $0 license which Vanegas never executed.

7

2336875

Affirmative Defense 2: Statute of Limitations:

    1.    Texts reflecting dates tattoo was created;

    2.    Social media posts reflecting date such posts were made;

    3.    Sedlik testimony about alleged "discovery" of tattoo and efforts to find infringements.

Affirmative Defense 3: Innocent Infringement:

    1.    Testimony of Von Drachenberg regarding her lack of knowledge of tattoo artists obtaining licenses to use photographic references;

    2.    Testimony of Montie (or Lane) re: lack of custom and practice in the tattoo industry of obtaining licenses to use photographic references.

    3.    Expert report of Montie

**8.    In View of The Admitted Facts And The Elements Required To Establish The Claims, Counterclaims And Affirmative Defenses, The Following Issues Remain To Be Tried:**

    a.    Whether Defendants Directly Infringed Sedlik's Copyright?

    b.    Whether Defendants Contributory Infringed Sedlik's Copyright?

    c.    Whether Defendants Vicariously Infringed Sedlik's Copyright?

    d.    Whether Sedlik is entitled to Damages, and what amount?

    e.    Whether the tattoo, the sketches, and social media posts depicting the tattoo are a fair use?

    f.    Whether Plaintiff's claims are barred by the statute of limitations?

    g.    To the extent infringement is found, whether that infringement is innocent?

**9.    All Discovery Is Complete.**

**10.    All Disclosures under Fed. R. Civ. P. 26(a)(3) Have Been Made.**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed

PROPOSED AMENDED FINAL PRETRIAL CONFERENCE ORDER

2336875

below:

Plaintiff objects to Exhibit Nos. 2, 12, 13, 200, 217, 236, 237, 238, 239, 245, 246, 247, 248, 249, 261, 262, 263, 265, 266, and 267.

Defendant objects to Exhibit Nos. 3, 10, 16, 17, 18, 19, 20, 21, 232, 233, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 297, 298, 299, 302, 303, 305, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 322, 323, 324, 325, 326, 328, 330, and 335.

The objections and grounds therefore are contained in Exhibit A (Plaintiff) and Exhibit B (Defendants) attached hereto.

**11.  Witness Lists of the Parties Have Been Filed With the Court.**

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

**12.  The Following Law and Motion Matters and Motions in Limine, and No Others, Are Pending or Contemplated:**

1.  Plaintiff's Motion in Limine #4 To Bifurcate the Trial into Liability and Damages;

2.  Plaintiff's Motion in Limine #5 To Prevent Defendants from Questioning the Validity of the Vanegas License Agreement

3.  Defendants' Motion in Limine #1 To Prevent Jeffrey Sedlik from Testifying as an Expert; Supplemental Briefing Regarding Same

**13.  Bifurcation of the Following Issues Ordered:**

Bifurcation for trial has not been ordered, but Plaintiff has a pending motion in limine to bifurcate liability and damages.

**14.  The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.**

PROPOSED AMENDED FINAL PRETRIAL CONFERENCE ORDER

Dated: _____, 2023

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2023

Approved as to form and content.

*/s/ Robert E. Allen*
Attorney for Plaintiff

*/s/ Allen B. Grodsky*
Attorney for Defendant

Glaser Weil

1

## **ATTESTATION**

Pursuant to Local Rule 5.4.3.4(2)(i), all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Robert E. Allen*

ROBERT E. ALLEN

Glaser Weil

2336875