ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LARA A. PETERSEN (SBN 318475)
lpetersen@glaserweil.com
JASON C. LINGER (SBN 323031)
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D""), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:21-cv-01102-DSF (MRWx)<br><br>Hon. Dale S. Fischer<br><br>**PLAINTIFF'S AMENDED PROPOSED VERDICT FORM AND STATEMENTS IN SUPPORT THEREOF AND IN OPPOSITION THERETO**<br><br>Pretrial Conference: October 30, 2023<br>Trial Date: November 28, 2023 |

Pursuant to Section II.B of this Court's May 19, 2021 Order Re: Jury Trial (Dkt. 19), Plaintiff Jeffrey B. Sedlik submits his proposed verdict form.

Plaintiff's proposed verdict form is attached hereto as an attachment. The statement of Plaintiff in support, and the statement of Defendants in opposition, appear below.

Plaintiff's statement in opposition to *Defendants'* proposed special verdict form is filed with Defendants' separate submission of their proposed special verdict form.

**PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S PROPOSED VERDICT FORM:**

Plaintiff's proposed verdict form consists of seven questions that cover all of the issues to be decided by the jury. Question 1 goes directly to copyright infringement. Question 2 goes directly to defendants' affirmative defense of fair use. Questions 3-7 relate to damages if copyright infringement has been found.

Each question directly relates to the next question. If the jury finds a "no" for Question 1, the jury is done. If the jury finds a "yes" for question one, they proceed to Question 2. Same thing for Questions 2, 5 and 6. The remaining questions, Questions 4, 5 and 7 are monetary fill in the blank questions.

The verdict form was designed to be straightforward based off of the jury instructions. These questions will not confuse the jury.

**DEFENDANTS' STATEMENT IN OPPOSITION TO PLAINTIFF'S PROPOSED VERDICT FORM:**

Defendants lodge the following objections to Plaintiff's proposed verdict form:

1. General Objection: Defendants object to Plaintiff's Proposed Verdict Form in its entirety, and instead propose using Defendants' Proposed Special Verdict Form filed concurrently herewith.

2. Objection to "Question 1": This question as phrased to the jury improperly asks whether Defendants "copied, displayed, created derivative works of, or distributed" protected expression from Plaintiff's copyrighted work. As phrased,

this is compound and confusing. More important, the question does not ask the crucial question for the infringement analysis: whether the accused works (the tattoo and the social media posts) are "substantially similar" to Plaintiff's copyrighted work.

   3.   Objection to "Question 1" and "Question 2": Both questions fail to distinguish between the accused uses: the tattoo itself, the various social media posts, and the sketch. The jury needs to be asked about these uses separately for both the question of substantial similarity and the question of fair use. *See Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 143 S.Ct. 1258, 1277 (2023).

   4.   General Objection: Defendants object to the failure to include any question about Defendants' statute of limitations defense.

   5.   Objection to "Question 3": Defendants object that, as phrased, this question is compound, confusing, and improper. It asks both about "actual damages" and "profits." "Actual damages" have been removed as an issue from the case as a result of the Court's summary judgment ruling. See Dkt. 69 at 28-29. "Profits" were also partially removed from the case as a result of the Court's summary judgment ruling. See Dkt. 69 at 29 ("Sedlik cannot establish direct profits"). Defendants otherwise have a pending motion in limine on the issue of "indirect" profits. See Dkt. 78-79. To the extent the "indirect" profits question is even put to the jury, Plaintiff's "Question 3" improperly conflates the profits of Defendant Von Drachenberg with the profits of Defendant High Voltage Tattoo, Inc.

   6.   Objection to "Question 4": Defendants object to the temporal placement of this question, and its improper inclusion of the note, "Please enter an amount from $750 up to $30,000." Prior to being asked the amount the jury awards as statutory damages, the jury should first be asked whether they find the infringement was innocent, willful, or neither. Their answers to these questions, along with their finding as to the statute of limitations question, should then be used to limit the range of amounts they award as statutory damages. Defendants' proposed special verdict form does this in Questions 5 through 8 therein.

7. Objection to "Question 5" and "Question 6": Defendants again object to the temporal placement of these two questions, concerning willful and innocent infringement. They should come prior to what is currently "Question 4" on Plaintiff's proposed verdict form.

8. Further Objection to "Question 6": The subsequent instruction to this question is also improper. It instructs that if the jury answers "Yes" (meaning they found the infringement to be "innocent"), then they should go on to Question 7, which is a question that asks them "What additional amount do you award as willful statutory damages?" (Emphasis added.)

9. Objection to "Question 7": This question improperly states the law on willful infringement, and is also confusing to the jury. The question as phrased is confusing to the jury because there is no provision in Section 504 for awarding "additional" statutory damages based on willful infringement. As phrased, Plaintiff's "Question 7" essentially asks the jury to re-do the work they did previously in Plaintiff's "Question 4." Further, neither "Question 7" nor any other question instructs the jury on the range of statutory damages they may award if they find the infringement to be "innocent" (which range is $200 to $30,000, see 17 U.S.C. § 502(c)(1)-(2)). Defendants instead propose that the Court follow the approach in Defendants' special verdict form.

DATED: October 17, 2023                Respectfully Submitted,

By: /s/ Robert E. Allen
ROBERT E. ALLEN
LARA A. PETERSEN
JASON C. LINGER

*Attorneys for Plaintiff*