GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
allen@thegolawfirm.com
TIM B. HENDERSON (SBN 281159)
tim@thegolawfirm.com
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone: (310) 315-3009
Facsimile:  (310) 315-1557

Attorneys for Defendants
Katherine Von Drachenberg, Kat Von D, Inc.,
and High Voltage Tattoo, Inc. and
Third Party Blake Farmer

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Hon. Dale S. Fischer, U.S. District Judge<br><br>**DEFENDANTS' AND THIRD PARTY BLAKE FARMER'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL (L.R. 37-3)**<br><br>Hearing Date: January 22, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 7D<br><br>Action filed: February 7, 2021<br>Trial: February 23, 2024 |

   Plaintiff's motion to compel compliance with the trial subpoena served on third party Blake Farmer is primarily based on the argument that Farmer's failure to serve written objections within 14 days of service of the subpoena waives his right to assert those objections in his timely filed motion to quash. In the joint statement, Defendants cited several cases that held that Plaintiff's argument was wrong, and that the 14-day time limit applies only to the service of written objections and not if the subpoenaed party files a motion to quash, setting it to be heard prior to production.

   The following are additional cases and authorities for that same proposition. *See, e.g., Arthur J. Gallagher & Co. v. O'Neill*, 2017 WL 5713361, at *2 (E.D. La. Nov. 27, 2017)("As the leading commentators and the case law they rely upon explain, the '14-day requirement to object to a subpoena is not relevant to a motion to quash a subpoena, . . .'"), *quoting* 9 Wright, Miller, et al. *Federal Practice and Procedure* § 2463 (3d ed. 2017); *Whiteside v. State Farm Fire & Cas. Co.*, 2021 WL 1390805, at *2 (D. N.M. Apr. 13, 2021)("Because All Star chose to file a motion to quash under Rule 45(d)(3) rather than objections under Rule 45(d)(2)(B), any argument regarding the timeliness of objections is irrelevant"); *Bond v. Ripa & Assocs., LLC*, 2009 WL 10670731, at *2 (M.D. Fla. July 8, 2009)("In arguing that the deadlines in Rule 45(c)(2) apply to motions to quash, Defendant overlooks that 'the plain language of Rule 45 provides for different time periods for serving objections and for filing a motion to quash'"); *Cent. States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009)(" Rule 45(c)(2)(B) is permissive in nature, and merely describes one avenue down which a person served with a subpoena may challenge the subpoena.").

   Therefore, Farmer did not waive the right to assert objections because he timely moved to quash.[1] As set forth in the joint stipulation, Plaintiff's trial

---

[1]  Moreover, Defendants have standing to move to quash the subpoena on the basis that it untimely seeks discovery. *See Inland Empire Foods, Inc. v. Zateca Foods, LLC*, 2010 WL 11519370, at *3 (C.D. Cal. 4/27/2010) (granting

subpoena untimely seeks discovery long after the discovery cut-off (and despite making no effort during discovery to obtain these documents). Plaintiff's twisted explanation that it needs the documents to refresh Farmer's recollection (when Farmer clearly recalls that he did not provide anything, directly or indirectly, to Kat Von D in exchange for the tattoo she inked on him without charge) is not a basis to require Farmer to provide this confidential information about what he charges third party production companies.

      For these reasons and all the reasons set forth in the joint stipulation, Plaintiff's motion to compel should be denied.

Dated: January 8, 2024         Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP
   Allen B. Grodsky
   Tim B. Henderson

By:   */s/ Allen B. Grodsky*
         Allen B. Grodsky

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.

---

Defendants' motion to quash trial subpoenas to third parties as seeking discovery); *Ferreira v. Penzone*, 2018 WL 1706212, at *1 (D. Ariz. Apr. 9, 2018)(the general rule regarding standing to file a motion to quash "does not apply, however, when a party moves to quash a third party subpoena on the basis of its untimeliness," specifically, where the trial subpoena seeks discovery after the discovery cut off).

-3-