GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
allen@thegolawfirm.com
Tim B. Henderson (SBN 281159)
tim@thegolawfirm.com
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone:  (310) 315-3009
Facsimile:   (310) 315-1557

Attorneys for Defendants
Katherine Von Drachenberg, Kat Von D, Inc.,
and High Voltage Tattoo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual; | Case No. 2:21-cv-01102-DSF-MRWx |
| Plaintiff, | Before the Hon. Dale S. Fischer, U.S. District Judge |
| vs. | |
| KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive, | **DEFENDANTS' TRIAL BRIEF (L.R. 16-10)** |
| | Action filed:  February 7, 2021 |
| Defendants. | Trial:  November 28, 2023 |

Pursuant to Local Rule 16-10, Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. submit the following trial brief:

1. **Plaintiff May Not Seek Actual Damages Because The Court Already Granted Summary Judgment on This Issue.**

In Section XI.A of Plaintiff's Memorandum of Contentions of Fact and Law, Plaintiff claims to be entitled to recover actual damages based upon a hypothetical license theory. Indeed, Plaintiff has submitted a jury instruction on actual damages. Plaintiff cannot, however, seek actual damages because Defendants already prevailed on their partial summary judgment motion as to actual damages.

In their motion, Defendants moved for partial summary judgment as to remedies on the ground that Sedlik could not establish actual damages or profits. (ECF 69, p. 28.) Defendants argued that Sedlik could not prove actual damages because Sedlik cannot establish the market value of his photograph and whether it decreased in value as a result of Kat Von D's tattoo. (*Id*. at 29.) In its summary judgment order, the Court noted: "Sedlik does not address this argument, and indeed he has put forth no such evidence." (*Id.*) As a result, the Court granted the summary judgment motion as to actual damages. (*Id.*)

That Plaintiff has now come up with some new theory as to how he can prove actual damages is immaterial. The time to present evidence of a hypothetical license theory of actual damages was in opposition to Defendants' summary judgment motion. Plaintiff did not do so. Summary judgment has been granted on the issue of actual damages and no evidence of this new hypothetical license theory should be admitted and the jury should not be instructed on the issue of actual damages.

2. **Defendants Should Be Allowed To Call Blake Farmer Out Of Order.**

As the Court knows, Blake Farmer is the person on whose arm Defendants Kat Von D inked the tattoo at issue. Defendants seek to call Blake Farmer as a witness (1) to testify that he did not pay or provide any services for the tattoo and (2) to show the jury the tattoo on his arm. *See* ECF 201(in which the Court "deems

this to be relevant and potentially helpful testimony"). In the joint witness list, Defendants estimate Mr. Farmer's testimony to be no more than ½ hour and Plaintiff anticipates 15 minutes cross-examination. (Dkt 158.)

Mr. Farmer is a professional lighting director. (Dkt. 194-2, ¶ 2.) Mr. Farmer, due to work obligations, must travel out of town by the evening of January 24, and will be out of town from January 25 through 29. He is, however, available to testify on January 24. Counsel for Defendants notified counsel for Plaintiff of Mr. Farmer's work conflict and requested that, should the trial begin as scheduled on January 23rd, Mr. Farmer be allowed to testify out of order on the 24th. Plaintiff's counsel responded that "Plaintiff opposes any request to call Mr. Farmer out of order."

Paragraph 3.D.5 of the Civil Trial Order provides that the Court "attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence." The Civil Trial Order goes on to require Counsel to "anticipate any such possibility and discuss it with opposing counsel." The Civil Trial Order concludes: "If there is an objection, counsel must confer with the Court in advance."

Counsel for Defendants has raised the issue with opposing counsel as required by the Civil Trial Order. As there is an objection, Defendants are raising the issue now in advance. Given that Mr. Farmer's testimony is relevant and "potentially helpful," and that he is a witness whose testimony will be very short, Defendants request that he be permitted to testify out of order on January 24, should the trial begin on January 23.

Dated: January 16, 2024

GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky
Tim B. Henderson

By:   /s/ Allen B. Grodsky
         Allen B. Grodsky

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.