ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LARA A. PETERSEN (SBN 318475)
lpetersen@glaserweil.com
JASON C. LINGER (SBN 323031)
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>   Plaintiff,<br><br>v.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D", an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 2:21-cv-01102-DSF-MRW<br><br>Hon. Dale S. Fischer<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' HEARSAY OBJECTIONS**<br><br>Action Filed: February 7, 2021<br><br>Trial Date:   January 23, 2024 |

**Plaintiff's Responses to Defendant's Objections to Exhibits on Hearsay Grounds**

| Ex. No. | Plaintiff's Response |
|---|---|
| 3 | This is a document prepared by Plaintiff on Plaintiff's business letterhead describing his relationship and sessions with Miles Davis.<br><br>Not Hearsay: The exhibit is not being offered to prove the truth of the statements in the document (e.g., that Davis' strap on his overalls was twisted), but instead, to show that Plaintiff and Davis developed a close relationship and that Plaintiff and Davis admired each other's work.<br><br>Hearsay Exceptions: Then-Existing Mental, Emotional, or Physical Condition (FRE 803(3)), Records of a Regularly Conducted Activity (FRE 803(6)), Reputation Concerning Character (FRE 803(21)), Statements in Ancient Documents (FRE 803(16)), Recorded Recollection (FRE 803(5)), Residual Exception (FRE 807).  Sedlik wrote this document as part of his photography business to provide to customers who purchase prints of the Miles Davis photograph.  Sedlik is describing his thoughts and recollections from his photography sessions with Davis as well as aspects of Davis' personality and character.  Sedlik will testify that he wrote the description prior to 1998. |
| 10 | Plaintiff agrees to withdraw this exhibit. |
| 17 | This is an email communication between Plaintiff and Shane Wallin, a tattoo artist located in San Diego. |

| | |
|---|---|
| | Not Hearsay: The exhibit is not being offered to prove the truth of the statements in the document (e.g., that Plaintiff actually has a "solid argument"), but instead, to show that a particular tattoo artist believes that Plaintiff has a strong case.<br><br>Hearsay Exceptions: Present Sense Impression (FRE 803(1)), Excited Utterance (FRE 803(2)), Then-Existing Mental, Emotional, or Physical Condition (FRE 803(3)), Records of a Regularly Conducted Activity (FRE 803(6)).  Wallin writes "You have a solid argument here!" in response to see Kat Von D's use of the Davis Photograph.  Sedlik routinely solicits comments and feedback regarding licensing from other photographers as part of Sedlik's licensing and photography work. |
| 18 | This is an email communication sent by Plaintiff to the Alliance of Professional Tattooists.<br><br>Not Hearsay: The exhibit does not contain any statements that are attempted to be proven.  Instead, the document would be used to show that Plaintiff contacted the Alliance of Professional Tattooists regarding the existence of any copyright guidelines in the tattoo industry.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)).  Plaintiff, a photography professor and someone who licenses his photographs to others, regularly communicates with industry groups regarding licensing. |
| 19 | This is an email communication between Plaintiff and photographer |

| | |
|---|---|
| | Daniel Bergeron.<br><br>Not Hearsay: (1) The communications relate to an offer to enter into a contract for the use of a photograph, thus having independent legal significance and is not hearsay. (2) The exhibit also does not contain any statements that are attempted to be proven. Instead, the document would authenticate a communication (Exhibit 20) that Plaintiff received from Bergeron regarding a license that was sought from Bergeron for a tattoo.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)). Plaintiff, a photography professor and someone who licenses his photographs to others, regularly communicates with other photographers regarding licensing. |
| 20 | This is an email communication between Plaintiff and photographer Daniel Bergeron, which forwards an earlier communication between Bergeron and Jonathan Lee, a person seeking permission to use Bergeron's photograph for a tattoo.<br><br>Not Hearsay: (1) The communications relate to an offer to enter into a contract for the use of a photograph, thus having independent legal significance and is not hearsay. (2) The exhibit is not being offered to prove the truth of the statements in the document (e.g., that the client is "not intending to sell the art"), but instead, to show that another photographer issued a license for a tattoo.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)). Plaintiff, a photography professor and someone who |

| | | |
|---|---|---|
| | | licenses his photographs to others, regularly communicates with other photographers regarding licensing. |
| | 21 | This is an email communication between Plaintiff and a well-known tattoo artist named "Mister Chris."<br><br>Not Hearsay: The exhibit is not being offered to prove the truth of the statements in the document, but to show the state of mind of another tattoo artist regarding intellectual property.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)). Plaintiff, a photography professor and someone who licenses his photographs to others, regularly communicates with other photographers regarding licensing. |
| | 295 | Plaintiff agrees to withdraw this exhibit. |
| | 299 | This is a license and related communications between Plaintiff and the Missouri Historical Society.<br><br>Not Hearsay:  The license is a contract, which is a writing that has independent legal significance and is not hearsay.  A contract is a verbal act and has legal reality independent of the truth of any statement contained in it.  The communications relate to the offer and acceptance of the contract and similarly have independent legal significance and are not hearsay.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807).  Plaintiff regularly |

| | | |
|---|---|---|
| | | licenses his photographs to others to generate income and earn a living. This business record was produced to Defendants during discovery. |
| | 302 | This is a settlement agreement and related communications between Plaintiff and Denard Stalling. <br><br> Not Hearsay: The agreement is a contract, which is a writing that has independent legal significance and is not hearsay. A contract is a verbal act and has legal reality independent of the truth of any statement contained in it. The communications relate to the offer and acceptance of the contract and similarly have independent legal significance and are not hearsay. <br><br> Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807). Plaintiff regularly licenses his photographs to others to generate income and earn a living. This business record was produced to Defendants during discovery. |
| | 303 | This is Professor Sedlik's rebuttal report. Plaintiff agrees to withdraw Sedlik's report pursuant to the Court's motion *in limine* ruling. Plaintiff intends to keep the exhibits attached to Sedlik's report, which Sedlik created personally and can testify about as an individual. |
| | 308 | These are excerpts from a tattoo reference book called "Droppin A Deuce" by Tony Ciavarro. |

| | | |
|---|---|---|
| | | Not Hearsay: (1) The excerpts relate to the granting of limited rights to use tattoo designs, thus having independent legal significance and is not hearsay. (2) The exhibit is not being offered to prove the truth of the statements in the document, but instead, to show that tattoo artists state of mind regarding the protection of IP rights.<br><br>Hearsay Exception: Statements in Learned Treatises, Periodicals, or Pamphlets (FRE 803(18)); Market Reports and Similar Commercial Publications (FRE 803(17)). Ciavarro is a well-known tattoo artist. Ciavarro's "Droppin A Deuce" is a tattoo "flash book" containing over one hundred sketches that can be used by other tattoo artists for inspiration and ideas. |
| | 309 | This is an email communication between Plaintiff and Greg Brunswick regarding a license.<br><br>Not Hearsay: The email relates to an offer to enter into a contract for the use of a photograph, thus having independent legal significance and is not hearsay.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807). Plaintiff regularly licenses his photographs to others to generate income and earn a living. This business record was produced to Defendants during discovery. |
| | 310 | This is a screenshot from the Tattoo Johnny website.<br><br>Not Hearsay: (1) A statement that may be objectionable as hearsay |

| | | |
|---|---|---|
| | | must be a statement of a person, not a computer.  (2) The webpage relates to an offer to enter into a contract for the use of a tattoo design, thus having independent legal significance and is not hearsay.<br><br>Hearsay Exception: Statements in Learned Treatises, Periodicals, or Pamphlets (FRE 803(18)), Market Reports and Similar Commercial Publications (FRE 803(17)).  Tattoo Johnny is a website used by tattoo artists to generate tattoo stencils from images. |
| | 311 | This is a screenshot from a tattoo artist's website known as MiaOhki.com.  Mia Ohki is a well-known tattoo artist that has a large following on social media.<br><br>Not Hearsay:  (1) A statement that may be objectionable as hearsay must be a statement of a person, not a computer.  (2) The webpage relates to an offer to enter into a contract for the use of a tattoo design, thus having independent legal significance and is not hearsay.  (3) The exhibit is not being offered to prove the truth of the statements in the document, but instead, to show that tattoo artists understand and protect IP rights.<br><br>Hearsay Exception: Statements in Learned Treatises, Periodicals, or Pamphlets (FRE 803(18)). |
| | 313 | This is a screenshot from a tattoo artist's website known as Stargarden.gallery.  Stargarden Gallery is operated by a well-known tattoo artist named Quincy Washington, who has a large following |

| | | |
|---|---|---|
| | | on social media.<br><br>Not Hearsay: (1) A statement that may be objectionable as hearsay must be a statement of a person, not a computer.  (2) The webpage relates to an offer to enter into a contract for the use of a tattoo design, thus having independent legal significance and is not hearsay.  (3) The exhibit is not being offered to prove the truth of the statements in the document, but instead, to show that tattoo artists understand and protect IP rights.<br><br>Hearsay Exception: Statements in Learned Treatises, Periodicals, or Pamphlets (FRE 803(18)). |
| | 314 | This is a screenshot from a Google Images search for "miles davis portrait."  This image was generated by Plaintiff when investigating Defendants' infringement.<br><br>Not Hearsay: (1) A statement that may be objectionable as hearsay must be a statement of a person, not a computer.  (2) The exhibit does not contain any statements that are attempted to be proven.  The document shows the results of a Google Image search.<br><br>Hearsay Exception: Statements in Learned Treatises, Periodicals, or Pamphlets (FRE 803(18)), Market Reports and Similar Commercial Publications (FRE 803(17)). |
| | 316 | This is a printout from the website "TheFeedStyle" containing images from a Pinterest account named "Kat Von D." This printout was generated by Plaintiff when investigating Defendants' |

| | |
|---|---|
| | infringement.<br><br>Not Hearsay: (1) A statement that may be objectionable as hearsay must be a statement of a person, not a computer. (2) if attributable to Kat Von D, an Opposing Party's Statement is not hearsay Under FRE 801(d)(2).<br><br>Hearsay Exception: Statements in Learned Treatises, Periodicals, or Pamphlets (FRE 803(18)) |
| 320 | This is a license agreement between Jeff Sedlik Photography and Timothy Parfitt.<br><br>Not Hearsay:  The license is a contract, which is a writing that has independent legal significance and is not hearsay.  A contract is a verbal act and has legal reality independent of the truth of any statement contained in it.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807).  Plaintiff regularly licenses his photographs to others to generate income and earn a living. |
| 322 | This is a license agreement between Jeff Sedlik Photography and Jay Johansen Studios LLC.<br><br>Not Hearsay:  The license is a contract, which is a writing that has independent legal significance and is not hearsay.  A contract is a verbal act and has legal reality independent of the truth of any |

| | | |
|---|---|---|
| | | statement contained in it.

Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807).  Plaintiff regularly licenses his photographs to others to generate income and earn a living. |
| | 324 | This is an invoice between Jeff Sedlik Studio and Henrik Steenfeldt-Foss.

Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807).  Plaintiff regularly licenses his photographs to others to generate income and earn a living. |
| | 326 | This is a license agreement between Plaintiff and JAZZIZ.

Not Hearsay:  The license is a contract, which is a writing that has independent legal significance and is not hearsay.  A contract is a verbal act and has legal reality independent of the truth of any statement contained in it.

Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807).  Plaintiff regularly licenses his photographs to others to generate income and earn a living. |
| | 330 | This is a license agreement between Plaintiff and Kevin Maher. |

| |
|---|
| Not Hearsay: The license is a contract, which is a writing that has independent legal significance and is not hearsay. A contract is a verbal act and has legal reality independent of the truth of any statement contained in it.<br><br>Hearsay Exceptions: Records of a Regularly Conducted Activity (FRE 803(6)), Residual Exception (FRE 807), Statements in Ancient Documents (FRE 803(16)). Plaintiff regularly licenses his photographs to others to generate income and earn a living. |

DATED: January 16, 2024           Respectfully Submitted,

By: */s/ Robert E. Allen*

ROBERT E. ALLEN
LARA A. PETERSEN
JASON C. LINGER
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

*Attorneys for Plaintiff*