ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LARA A. PETERSEN (SBN 318475)
lpetersen@glaserweil.com
JASON C. LINGER (SBN 323031)
jlinger@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Plaintiff
JEFFREY B. SEDLIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK, | Case No.: 2:21-cv-01102-DSF-MRW |
| Plaintiff, | Hon. Dale S. Fischer |
| v. | **PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' TRIAL BRIEF** |
| KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D", an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive, | Action Filed: February 7, 2021 |
| | Trial Date:   January 23, 2024 |
| Defendants. | |

Plaintiff Jeffrey B. Sedlik ("Plaintiff" or "Sedlik") hereby responds and objects to Defendants' Trial Brief (ECF 202). Defendants' Trial Brief raises two issues: (1) whether Plaintiff is entitled to seek damages in the form of a hypothetical-license fee, and (2) whether Defendants' third-party witness Blake Farmer should be permitted to testify out of sequence, as part of Plaintiff's case-in-chief.

## I. **Plaintiff is Entitled to Seek Actual Damages Based on a Hypothetical License Fee.**

Well past the Court's October 10, 2023 deadline to file motions *in limine*, and on the Tuesday before trial is set to begin, Defendants have filed a brief seeking to preclude Plaintiff from seeking actual damages at trial. Defendants' "trial brief" – which is more like a motion *in limine* – is untimely and an improper attempt to circumvent the Court's rules and orders. Defendants have long been aware of Plaintiff's position that he intends to seek hypothetical-license damages, as Plaintiff's instruction on this issue was contained in Plaintiff's initial, proposed jury instructions filed on **November 4, 2022**. (ECF 104, 13.)

As Plaintiff explained in his Memorandum of Contentions of Fact and Law, Plaintiff is entitled to seek his actual damages caused as a result of Defendants' infringement. (ECF 161, 8-9.) Plaintiff will *not* be seeking damages based on the decrease in "the market value" of the Davis Photograph.

In its summary judgment order, the Court granted summary judgment in part on the issue of remedies, finding that Plaintiff put forward no evidence to "establish the market value of the [Photograph] and whether it decreased as a result of the Tattoo." (ECF 69, 29.) The Court's summary judgment order makes *no* decision on hypothetical-license-fee damages, only the decrease in market value. (*Id.*)

Defendants' motion for summary judgment effectively recognizes that a decrease in market value and hypothetical-license damages are distinct forms of actual damages. (ECF 32, 29-30 (""[a]ctual damages represent the extent to which infringement has *injured or destroyed the market value* of the copyrighted work. ***In***

*addition, a plaintiff may recover 'hypothetical-license damages'* based on 'the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by [the infringer] of the plaintiff's work.'").) At summary judgment, there was a genuine issue of fact between the parties regarding the issue of hypothetical-license damages, making summary judgment on this issue inappropriate. (ECF 50-2, 71.)

To recover a hypothetical or lost license fee, "[P]laintiff must show that a license would have been available for the type of use at issue, and that the fee sought is reasonable." 6 PATRY ON COPYRIGHT § 22:111. Plaintiff's burden "may be satisfied by evidence of comparable licenses." *Id.* Plaintiff will satisfy his burden by presenting comparable licenses for the Davis Photograph and other of Plaintiff's photographs. In the record, there are numerous licenses between Plaintiff and various individuals and entities, including a tattoo artist named Bryan Vanegas. (*See* Exhibits 258, 299, 301, 302, 320, 321, 322, 332, 333, 335.) Plaintiff will testify that one of these licenses of the Davis Photograph, to a painter named Jay Johansen, is on track to generate over $100,000 in licensing fees and other compensation to Plaintiff. (Exhibit 322 (ECF 144-2, 4-8.).)

Accordingly, the Court should not preclude Plaintiff from seeking actual damages in the form of hypothetical-license damages. There is strong evidence of comparable licenses for Plaintiff's photographs.

## II. Mr. Farmer Is Not A Professional Witness, and He Should Not Be Called Out of Order As Part of Plaintiff's Case-in-Chief.

The Court has already determined that Mr. Farmer may not testify as to his personal reasoning and meaning behind the tattoo. (ECF 201, 4.) Defendants represent that they intend to call third-party Blake Farmer to testify on two limited topics: (1) his alleged non-payment for the tattoo, and (2) "to show the jury the tattoo on his arm." (ECF 202, 2.) Plaintiff does not oppose allowing Mr. Farmer to testify *remotely* during *Defendants'* case-in-chief. But Plaintiff opposes calling Mr. Farmer

on the second day of trial, in the middle of *Plaintiff's* case-in-chief.

It would be disruptive, inefficient, and prejudicial to Plaintiff to present Mr. Farmer, who is allegedly Ms. Von D's "friend," in the middle of the presentation of Plaintiff's case-in-chief. Plaintiff intends to call its witnesses in the following order: (1) Jeffrey B. Sedlik, (2) Brad Lyon, (3) Rhian Gittins, (4) Katherine Von Drachenberg, and (5) Stephanie Davidson. If Mr. Farmer is called on Wednesday, January 24, he will likely be called **before** Ms. Von D. The jury may not understand or be confused by aspects of Mr. Farmer's testimony if Ms. Von D does not present a foundation for his testimony (e.g., that she tattooed Mr. Farmer).

Both of the topics on which Defendants say Farmer will testify will be explored through other testimony and evidence. Ms. Von D will likely testify that she did not charge Mr. Farmer a fee for the tattoo. The tattoo can be seen in its final form on Mr. Farmer's arm in numerous exhibits, including Exhibits 209, 210, 211, 214, 215, 216, and 217. There is no need for Mr. Farmer to roll up his sleeve and show off his arm to the jury. At the October 30, 2023 pre-trial conference, even the Court expressed surprise that Defendants were planning to call Mr. Farmer to show his arm to the jury.

Defendants cite the Court's Civil Trial Order, which states that "The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence." Mr. Farmer, however, is not a professional witness who is being compensated for his testimony in this case. He is a third-party fact witness.

This case has been scheduled for trial on January 23 since November. The Court should deny Defendants' request to call Mr. Farmer in the middle of Plaintiff's case-in-chief. Plaintiff does not oppose Mr. Farmer testifying remotely during Defendants' case-in-chief.

/ / /

/ / /

/ / /

DATED: January 18, 2024         Respectfully Submitted,

By:  /s/ Robert E. Allen
ROBERT E. ALLEN
LARA A. PETERSEN
JASON C. LINGER
GLASER WEIL FINK HOWARD & SHAPIRO LLP

*Attorneys for Plaintiff*