# **INSTRUCTION NO**

The first fair use factor concerns the purpose and character of the accused use. It considers whether the use of a copyrighted work has a further purpose or different character, which is a matter of degree, and the degree of difference must be balanced against the commercial nature of the use.

If an original work and a secondary use share the same or highly similar purposes, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use.

The fair use analysis, and the first factor in particular, requires an analysis of each specific use of a copyrighted work that is alleged to be an infringement. The same copying may be fair when used for one purpose but not another.

A work that has a different purpose is said to be "transformative." But to be transformative, the secondary work must have a purpose that goes beyond that required to qualify as a derivative work.

The court has already determined that the tattoo is not transformative, meaning that it does not imbue the copyrighted work with a new purpose beyond recasting the copyrighted work in a new visual medium, like turning a painting into a sculpture. You must decide whether the tattoo is of a commercial nature. If you find that it is, the first factor should weigh against fair use.

For each social media post, you must determine whether the post has a further purpose or different character than the copyrighted work. You must ~~and~~ then determine whether each social media post is of a commercial nature. Then you must balance the degree of difference against the commercial nature, if any, of the post.