**F I L E D**
CLERK, U.S. DISTRICT COURT

1/26/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pk _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY B. SEDLIK,

            Plaintiff,

v.

KATHERINE VON DRACHENBERG
aka KAT VON D, et al.,

            Defendants.

2:21-cv-01102-DSF-MRW

**JURY INSTRUCTIONS**

1

### <u>INSTRUCTION NO. 1</u>

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION NO. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 3

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# **INSTRUCTION NO. 4**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence.

**<u>INSTRUCTION NO. 5</u>**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and at other times, and will say in their closing arguments is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a garden hose that was left turned on, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

# **INSTRUCTION NO. 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# <u>INSTRUCTION NO. 8</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Jeffrey B. Sedlik was taken on January 11, 2022, and the deposition of Katherine Von Drachenberg was taken on January 18, 2022. The deposition of Brian Vanegas was taken on July 31, 2023.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

# INSTRUCTION NO. 9

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing

1  such materials. Do not remove the computer or any electronic data from the jury

2  room, and do not copy any such data.

# INSTRUCTION NO. 10

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

# INSTRUCTION NO. 11

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

# INSTRUCTION NO. 12

The plaintiff, Jeffrey B. Sedlik, claims ownership of a copyright and seeks damages from the defendants, Katherine Von Drachenberg and High Voltage Tattoo, Inc., for copyright infringement. The defendants deny infringing the copyright, and assert the affirmative defense that they made fair use of the work. To help you understand the evidence, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff contends that defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. have infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that he is the owner of the copyright and that the defendants copied original expression from the copyrighted works. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was

infringed.

The plaintiff must also prove that the defendants' use of the copyrighted work was substantial. In determining whether the defendant's use of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

PROOF OF COPYING

To prove that the defendants copied the plaintiff's work, the plaintiff may show that the defendants had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendants' work and the plaintiff's copyrighted work.

LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, publicly displays, or publicly distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

DEFENSES TO INFRINGEMENT

The defendants contend (1) that they did not copy protectible elements in the copyrighted work and (2) there is no copyright infringement because the defendants made fair use of the work.

# INSTRUCTION NO. 13

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) reproduce the copyrighted work in copies;

(2) recast, transform, or adapt the work, that is prepare derivative works based on the copyrighted work;

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

(4) display publicly a copyrighted graphic work.

It is the owner of a copyright who may exercise these exclusive rights. In general, copyright law protects against reproduction, adaptation, public distribution, and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

# INSTRUCTION NO. 14

The work involved in this trial, the Miles Davis Photograph, is a pictorial work that can be protected by copyright law.

Only that part of the work comprised of original works of authorship fixed in any tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, concept or principle, regardless of the form in which it is described, explained, illustrated, or embodied.

# **INSTRUCTION NO. 15**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work. Only the particular expression of an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.

# **INSTRUCTION NO. 16**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

Plaintiff is the owner of a valid copyright in the Miles Davis Photograph.  For each of plaintiff's copyright infringement claims, the plaintiff has the burden of proving by a preponderance of the evidence that the defendants copied original expression from the copyrighted work.

If you find that the plaintiff has proved this, your verdict should be for the plaintiff unless you find that plaintiff's claim is barred by an affirmative defense, which I will discuss later.

If, on the other hand, you find that the plaintiff has failed to prove that the defendants copied original expression from the copyrighted work, your verdict should be for the defendants.

# **INSTRUCTION NO. 17**

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as an art reproduction or any other form in which the pre-existing work is recast, transformed, or adapted. The owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission, unless the derivative work is itself found to be a fair use.

The copyright owner of the pre-existing work may enforce the right to exclude others in an action for copyright infringement to the extent that the material copied derived from the pre-existing work.

# **INSTRUCTION NO. 18**

The plaintiff may show the defendants copied from the work by proving by a preponderance of the evidence that the defendants had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendants' work and original elements of the plaintiff's work.

There is no dispute that Defendants had access to Plaintiff's copyrighted work. If you find that the plaintiff has failed to prove substantial similarities between the defendants' work and original elements of the plaintiff's work, your verdict should be for the defendants.

# **INSTRUCTION NO. 19**

In order to establish copyright infringement, plaintiff must prove by a preponderance of the evidence that the defendant's work is substantially similar to what is protected by copyright law in the plaintiff's work.

Substantial similarity is determined by an extrinsic and intrinsic test, and the plaintiff must satisfy both tests to meet his burden.

# INSTRUCTION NO. 20

For the extrinsic test, you are to examine the similarities between what is protected by copyright law in the Miles Davis Photograph, on the one hand, with each of the accused infringements, on the other hand.

Photographs can be broken down into elements that reflect the various creative choices the photographer made in composing the image. These creative choices are elements such as the photograph's subject matter, pose, lighting, camera angle, depth of field, and almost every other variant involved in the works.

The individual elements standing alone are not copyrightable.  But if sufficiently original, the combination of subject matter, pose, camera angle, etc., receives protection as original expression.  It is the plaintiff's burden to identify the particular combination, selection, or arrangement of elements in his photograph that he claims is protected by copyright law. He must show that each of the accused infringements is substantially similar to this particular combination, selection, or arrangement.

If there is no substantial similarity at this first step, then the plaintiff has not met his burden.

# **INSTRUCTION NO. 21**

The intrinsic test is a holistic comparison that focuses on whether the works are substantially similar in the total concept and feel of the works.

# INSTRUCTION NO. 22

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendants contend that they made fair use of the Miles Davis Photograph. Defendants have the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

(1) the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

(4) the effect of the use on the potential market for or value of the copyrighted work.

If you find that the defendants have proved by a preponderance of the evidence that the defendants made fair use of the plaintiff's work, your verdict should be for the defendants as to that particular use.

# INSTRUCTION NO. 23

The first fair use factor concerns the purpose and character of the accused use. It considers whether the use of a copyrighted work has a further purpose or different character, which is a matter of degree, and the degree of difference must be balanced against other considerations like commercialism.

If an original work and a secondary use share the same or highly similar purposes, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use.

The fair use analysis, and the first factor in particular, requires an analysis of each specific use of a copyrighted work that is alleged to be an infringement. The same copying may be fair when used for one purpose but not another.

A work that has a different purpose is said to be "transformative." But to be transformative, the secondary work must have a purpose that goes beyond that required to qualify as a derivative work. For example, criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, and research are all different purposes. The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to gain a benefit or advantage from exploitation of the copyrighted material without paying the customary price.

The court has already determined that the tattoo is not transformative, meaning that it does not imbue the copyrighted work with a new purpose beyond recasting the copyrighted work in a new visual medium, like turning a painting into a sculpture. You must decide whether the tattoo is of a commercial nature. If you find that it is, the first factor should weigh against fair use.

For each social media post, you must determine whether the post has a further purpose or different character than the copyrighted work. You must then determine whether each social media post is of a commercial nature. Then you must balance the

1   degree of difference against the commercial nature, if any, of the post.

## **INSTRUCTION NO. 24**

The second fair use factor is the nature of the copyrighted work. Copyrighted works that are creative in nature are more protected.  It is agreed that the Miles Davis Photo is creative in nature, and therefore this factor is more likely to weigh against fair use.

# **INSTRUCTION NO. 25**

The third fair use factor is the amount and substantiality of the portion used in relationship to the copyrighted work as a whole. This factor looks to the amount of the original work used and the importance of the portion copied.

When an accused work copies little of the original work, this factor weighs in favor of fair use. When an accused work copies most of the original work or its most important parts, then this factor more likely weighs against fair use. If the secondary user copies only as much as is necessary for a transformative use, then this factor will not weigh against fair use.

# INSTRUCTION NO. 26

The fourth fair use factor is the effect of the accused infringer's use on the potential market for or value of the copyrighted work. This is the single most important factor, but it must be weighed with all other factors and is not necessarily dispositive.  It weighs against fair use if the accused use materially impairs the marketability or value of the copyrighted work. In connection with the fourth factor, the term "potential market for or value of" refers to the value of the entire copyrighted work itself and licensing opportunities for the copyrighted work via derivative works in traditional, reasonable, or likely to be developed markets.

A derivative work, as I explained earlier, is a work based on one or more preexisting copyrighted works, such as a musical arrangement, dramatization, or art reproduction based on a book, to name only three specifics, or any other form in which a work may be recast, transformed or adapted.

Defendants have the burden of bringing forward favorable evidence about relevant markets. To negate fair use, plaintiff need only show that if the copying should become widespread, it would hurt the potential market for the copyrighted work or its derivatives.

# **INSTRUCTION NO. 27**

It is up to you to decide whether all relevant factors, when considered fully and together, favor or disfavor fair use. All of these factors must be explored, discussed, and evaluated by you. No single factor is dispositive. Your evaluation of all factors must be weighed together in light of the purpose of copyright law, which is to promote the progress of science and useful arts. Some factors may weigh in favor of fair use and some against fair use. You must decide, after giving the factors such weight as you find appropriate based on the evidence and my instructions, whether or not, on balance, the defendants have shown by a preponderance of the evidence that they made a fair use.   If you find that the defendants have proved by a preponderance of the evidence that the defendants made a fair use of plaintiff's work, then your verdict on the copyright infringement claim should be for the defendants on the particular alleged infringement.

# **INSTRUCTION NO. 28**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been proved.

Your award must be based on evidence and not upon speculation, guesswork, or conjecture.

# **INSTRUCTION NO. 29**

The copyright owner is entitled to recover hypothetical license damages - that is, the amount a willing licensor would have been reasonably required to pay a willing licensee at the time of the infringement for the actual use made by the infringer of the copyright owner's work.  The amount is not what the licensor would have charged, but what a willing licensor would have charged after negotiation, that is the fair market value of the license for that particular use.

## **INSTRUCTION NO. 30**

If you find for the plaintiff on the copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for the work infringed. Its purpose is not only to compensate the plaintiff for his losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, or more than $30,000.

If you find the infringement was innocent, you may award as little as $200.

However, if you find the infringement was willful, you may award as much as $150,000.

# **INSTRUCTION NO. 31**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that her or its acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that her or its acts constituted an infringement of the copyright.

# **INSTRUCTION NO. 32**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendants engaged in acts that infringed the copyright; and

2. the defendants knew that those acts infringed the copyright, or the defendants acted with reckless disregard for, or willful blindness to, the copyright holder's rights

# **INSTRUCTION NO. 33**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 34

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to

tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to outside information, you must notify the court immediately.

## <u>INSTRUCTION NO. 35</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# **INSTRUCTION NO. 36**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.