| | |
|---|---|
| 1 | GRODSKY, OLECKI & PURITSKY LLP |
| 2 | Allen B. Grodsky (SBN 111064) |
|   | *allen@thegolawfirm.com* |
| 3 | Tim B. Henderson (SBN 281159) |
|   | *tim@thegolawfirm.com* |
| 4 | 11111 Santa Monica Boulevard, Suite 1070 |
| 5 | Los Angeles, California 90025 |
|   | Telephone:  (310) 315-3009 |
| 6 | Facsimile:   (310) 315-1557 |
| 7 | Attorneys for Defendants |
|   | Katherine Von Drachenberg, Kat Von D, Inc., |
| 8 | and High Voltage Tattoo, Inc. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br>            Plaintiff,<br>     vs.<br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br>            Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Hon. Dale S. Fischer, U.S. District Judge<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS KATHERINE VON DRACHENBERG AND HIGH VOLTAGE TATTOO, INC.'S NOTICE OF MOTION AND MOTION TO TAX COSTS FOR VISUAL AIDS PURSUANT TO 28 U.S.C. 1920(4) AND LOCAL RULE 54-3.12(a)**<br><br>**Hearing**<br>Date:  March 18, 2024<br>Time: 1:30 p.m.<br>Place: First Street Courthouse<br>           350 West 1st Street<br>           Courtroom 7D<br>           Los Angeles, CA |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. seek an order that costs incurred to prepare visual aids for trial are taxable per 28 U.S.C. § 1920(4) and Local Rule 54-3.12(a).

Defendants incurred $11,550 in costs for the preparation of PowerPoint presentations used in Defendants' opening statement and closing argument. Defendants secured a total victory at trial winning on every single question presented to the jury, and the visual aids were key to Defendants setting forth their winning positions.

The Court should grant the Motion and award $11,550 in costs for the preparation of visual aids.[1]

## II. PERTINENT FACTS

This copyright infringement case concerned various visual depictions, including the photograph taken by Plaintiff, the tattoo inked by Von Drachenberg, a sketch made by Von Drachenberg, and social media posts about the tattoo and its creation. Both sides offered significant testimony about the various images at issue and whether they constituted copyright infringement and whether the fair use defense applied. Defendants presented their interpretation of those various images in the context of the copyright infringement and fair use analysis via PowerPoint presentations in opening statement and closing argument. Declaration of Allen B. Grodsky ("Grodsky Decl.") ¶ 3.

Defendants hired John Whitney to assist in the creation of the PowerPoint presentations. Whitney worked at the direction of Defendants' counsel. All strategic decisions about what to say and how to say it in the presentations were made by counsel, and none of the fees incurred by counsel to provide strategic

---

[1] Defendants are concurrently submitting form CV-59, which lists other taxable costs claimed by Defendants.

advice are included in this Motion. Counsel's directions to Whitney about what to say and how to say it in the PowerPoint presentations were conveyed both in emails and in conferences with counsel. Whitney did not provide any consulting or strategy services. Grodsky Decl. ¶ 2.

The jury's verdict was entirely in Defendants' favor. (Dkt. 217.) Judgment was entered for Defendants on January 30, 2024. (Dkt. 223.)

The cost for Mr. Whitney's services was $11,550. Grodsky Decl. ¶ 4, Exs. 1-3.

### III. LEGAL STANDARD

"[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Taxable costs include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Central District Local Rules also state that costs for "physical preparation and duplication of . . . [s]ummaries . . . charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial" may be taxed as "[u]pon order of the Court." L.R. 54-3.12(a); *Little Oil Co., Inc. v. Atlantic Richfield Co.*, 852 F.2d 441, 448 (9th Cir. 1988) ("Costs for items such as summaries, computations, charts, graphs, etc. are recoverable under 28 U.S.C. § 1920 and Local Rule [54-3.12] for the Central District of California.").

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 932 (9th Cir. 2015) (quotation omitted).

## IV. ARGUMENT

Defendants seek reimbursement for visual aids used at trial. These costs are taxable because they were "visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial." C.D. Cal. L.R. 54–3.12(a).

As a preliminary matter, Defendants are entitled to recover costs because they are undeniably the prevailing parties having succeeded in every claim against them. (Dkt. 223.)

The cost of preparing visual aids is taxable here because the presentations were reasonably necessary to aid the jury and the Court in understanding the issues at trial. As the Court knows well, this trial revolved around various visual images of the Plaintiff's photograph, the tattoo inked by Von Drachenberg, a sketch by Von Drachenberg, and social media posts about the tattoo and its creation. Both sides offered significant testimony about the various images at issue. Presenting Defendants' interpretation of those various images in the context of substantial similarity and fair use analysis was at the forefront of Defendants' PowerPoint presentations in opening statement and closing argument. Grodsky Decl. ¶ 3.

Furthermore, the copyright issues the jury was asked to decide were complicated, involving multiple steps with various factors and subfactors. Defendants' PowerPoint presentations were highly useful in breaking down the substantial similarity and fair use analyses, and providing the jury with Defendants' view of how the various factors should be weighed. These charts were critical to Defendants' case and summation for the jury. Grodsky Decl. ¶ 3.

And finally, the amount of costs sought, $11,550, is reasonable and lower than other awards for visual aids. *See Enovsys LLC v. AT&T Mobility LLC*, 2016 WL 7430618, at *10 (C.D. Cal. June 15, 2016) (awarding $76,622.50 for costs of production of visual aids); *Andresen v. Int'l Paper Co.*, 2015 WL 3648972, at *9 (C.D. Cal. June 10, 2015) (awarding $15,725 in taxable costs for visual aids, which was subsequently discounted due to prevailing party's settlement with one party).

For these reasons, the Court should find that the costs incurred to create the visual aids were reasonably necessary to assist the jury and the Court, and therefore are taxable.

**V.   CONCLUSION**

The Motion should be granted and Defendants' $11,550 in costs to prepare visual aids deemed taxable.

Dated:  February 13, 2024          Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP
  Allen B. Grodsky
  Tim B. Henderson

By:   /s/ Tim B. Henderson
           Tim B. Henderson

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.