## TAB 2

## INDEX OF COSTS FOR FEES FOR SERVICE OF PROCESS (L.R. 54-3.2)

| Tab No. | Amount Claimed | Supporting Documents |
|---------|----------------|----------------------|
| Tab 2A | $298.00 | 11/11/22 invoice for service of subpoena on Bryan Vanegas |
| Tab 2B | $298.00 | 7/31/23 invoice for service of subpoena on Bryan Vanegas |

Total . . . . . . $596.00

T (213) 249-9999 | F (213) 249-9990

| Invoice No. | Customer No. |
|---|---|
| 00000050259 | LA676 |
| INVOICE DATE: | Total Due |
| 11/11/2022 | $ 338.00 |

Attention: Accounts Payable
GRODSKY, OLECKI & PURITSKY LLP
11111 Santa Monica Blvd., Suite 1070
Los Angeles, CA 90025
T (310) 315-3009 F (310) 315-1557

PLEASE MAKE REMITTANCE TO:

Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
TAX ID # 20-8284527

| Customer No. | Invoice No. | Period Ending | Amount Due | Page |
|---|---|---|---|---|
| LA676 | 00000050259 | 11/11/2022 | $ 338.00 | 1 |

| Date | Order No | Service Detail | | Charges | Units | Total |
|---|---|---|---|---|---|---|
| 11/11/2022 LA331182 033 - SPECIAL PROCESS (IMME | | GRODSKY, OLECKI & PURITSKY LLP 11111 Santa Monica Blvd., Suite 1070 Los Angeles, CA 90025 Caller: John J. Metzidis Case Title: Jeffrey B. Sedlik vs. Katherin Docs: SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION Attorney Name: John J. Metzidis, Esq. | Brian Vanegas 15A Division St Somerville, NJ 088762901 Case Number: 2:21-cv-01102-DSF-MRW Client/Matter: 7565-1 Description: You may begin service attempts today, as soon as you receive the subpoena.  The subject should be at this address (his work address, a tattoo parlor called "Artisanal Tattoo") until about 8:00 p.m. Eastern today.  The subject should also be at this address tomorrow (Saturday 11/12) from noon to 8:00 p.m. Eastern.  If you can't get him by Saturday, try coming back on Tuesday November 15; he doesn't work on Sunday or Monday.  The subject is cooperative and knows the subpoena is coming. | Anywhere in the Country-Base : Fees Advanced : PDF / Page Count / Affiliate : Total: | | $ 295.00 $ 40.00 $ 3.00 $ 338.00 |
| | | | Total Charges for Ref. - 7565-1: Total | | | $ 338.00 $ 338.00 |

**INVOICE PAYMENT DUE UPON RECEIPT**

**NATIONWIDE**
**LEGAL**

**INVOICE RECAP**

**INVOICE DATE:** 11/18/2022

legal@nationwidelegal.com

FEIN: 20-8284527

| WORKORDER | INVOICE DATE | JOB TYPE | ITEM | TOTAL |
|---|---|---|---|---|

| MATTER NUMBER | ORDERS | ADVANCED FEES | TOTAL COSTS |
|---|---|---|---|
| 7565-1 | 1 | 40.00 | $ 338.00 |
| | | TOTALS $ 40.00 | 338.00 |

**Nationwide Legal, LLC**

**11/18/2022**

| Invoice No. | Customer No. |
|---|---|
| 00000060242 | LA676 |
| INVOICE DATE: | Total Due |
| 7/31/2023 | $ 655.00 |

PLEASE MAKE REMITTANCE TO:

GRODSKY, OLECKI & PURITSKY LLP
11111 Santa Monica Blvd., Suite 1070
Los Angeles, CA 90025
T (310) 315-3009 F (310) 315-1557

Nationwide Legal, LLC
1609 James M Wood Blvd
Los Angeles, CA 90015
TAX ID # 20-8284527

| Customer No. | Invoice No. | Period Ending | Amount Due | Page |
|---|---|---|---|---|
| LA676 | 00000060242 | 7/31/2023 | $ 655.00 | 2 |

| Date | Order No | Service Detail | | Charges | Units | Total |
|---|---|---|---|---|---|---|
| 7/14/2023 LA418222 033 - SPECIAL PROCESS (IMME | | GRODSKY, OLECKI & PURITSKY LLP 11111 Santa Monica Blvd., Suite 1070 Los Angeles, CA 90025 Caller: Stacy Ferguson Docs: SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION Attorney Name: Tim B. Henderson | BRYAN VANEGAS 15A Division St Somerville, NJ 088762901 Case Number: 2:21-cv-01102-DSF-MRW Client/Matter: 7565-001 Description: ***Advance Fees: ($40.00)***; Please attempt on a Special Same Day Service for (Tuesday – 7/18/23); Personal Service Only to: (Bryan Vanegas); The service will be at a tattoo shop, and the witness is a tattoo artist there named Bryan Vanegas (I think he also goes by Vega); The witness has agreed to the deposition and is expecting service to happen on (Tuesday – July 18, 2023); The tattoo shop looks like it opens at noon, so please have the subpoena served on Tuesday sometime after that. | Anywhere in the Country-Base : Fees Advanced : PDF / Page Count / Affiliate : Total: | | $ 295.00 $ 40.00 $ 3.00 $ 338.00 |

Case Title: Jeffrey B. Sedlik vs. Katherin

**INVOICE PAYMENT DUE UPON RECEIPT**

**TAB 5**

**INDEX OF COSTS FOR FEES FOR DEPOSITIONS (L.R. 54-3.5)**

| Tab No. | Amount Claimed | Supporting Documents |
|---------|---------------|----------------------|
| Tab 5A | $2,528.90 | 01/20/22 invoice for deposition of Jeffrey B. Sedlik (used at trial and in Dkt. 35-12, 143-9) |
| Tab 5B | $1,119.45 | 01/27/22 invoice for deposition of Katherine Von Drachenberg (used at trial and in Dkt. 35-11, 37-4, 43-4, 51-5) |
| Tab 5C | $955.45 | 03/16/22 invoice for deposition of Anna Felicity Friedman (used in Dkt. 34-3, 44-2) |
| Tab 5D | $1,733.80 | 08/07/23 invoice for deposition of Bryan Vanegas (used at trial and in Dkt. 143-4, 176-1) |

Total . . . . . . $6,337.60

# Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-la@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Maria | | |
|---|---|---|---|
| | Grodsky Olecki & Puritsky LLP | **Invoice #:** | **5524630** |
| | 11111 Santa Monica Bl. | **Invoice Date:** | **1/20/2022** |
| | Ste 1070 | **Balance Due:** | **$0.00** |
| | Los Angeles, CA, 90025 | | |

| **Case: Sedlik, Jeffrey v. Drachenberg, Katherine (2:21cv01102DSFMRWx)** | **Proceeding Type: Depositions** |
|---|---|

Job #: 5017528   |   Job Date: 1/11/2022   |   Delivery: Normal

| Location: | Los Angeles, CA |
|---|---|
| Billing Atty: | John Metzidis Esq |
| Scheduling Atty: | John Metzidis Esq | Grodsky Olecki & Puritsky LLP |

| **Witness: Jeffrey B. Sedlik** | **Quantity** | **Amount** |
|---|---|---|
| Transcript Services - Original Transcript(s) | 236.00 | $1,298.00 |
| Attendance - Full Day | 1.00 | $300.00 |
| Exhibits | 86.00 | $55.90 |
| Veritext Exhibit Package (ACE) | 1.00 | $45.00 |
| Litigation Package - Secure File Suite | 1.00 | $55.00 |
| Production & Processing | 1.00 | $50.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $35.00 |
| | **Quantity** | **Amount** |
| Exhibit Share | 1.00 | $395.00 |
| Veritext Virtual Primary Participants | 1.00 | $295.00 |

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:** Veritext
**Bank Name:** BMO Harris Bank
**Bank Addr:** 311 W. Monroe Chicago, IL 60606
**Account No:** 4353454 **ABA:** 071000288
**Swift:** HATRUS44

**Invoice #:** 5524630
**Invoice Date:** 1/20/2022
**Balance Due:** $0.00

Pay by Credit Card: www.veritext.com

# Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-la@veritext.com
Fed. Tax ID: 20-3132569



| Notes: | Invoice Total: | $2,528.90 |
|---|---|---|
| | Payment: | ($2,566.83) |
| | Credit: | $0.00 |
| | Interest: | $37.93 |
| | Balance Due: | $0.00 |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

**Invoice #:**  5524630
**Invoice Date:**  1/20/2022
**Balance Due:**  $0.00

Pay by Credit Card: www.veritext.com

44810

## Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-la@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Maria | | |
|---|---|---|---|
| | Grodsky Olecki & Puritsky LLP | **Invoice #:** | **5540437** |
| | 11111 Santa Monica Bl. | **Invoice Date:** | **1/27/2022** |
| | Ste 1070 | **Balance Due:** | **$0.00** |
| | Los Angeles, CA, 90025 | | |

| **Case: Sedlik, Jeffrey B.  v. Von Drachenberg, Katherine (2:21cv01102DSFMRWx)** | **Proceeding Type: Depositions** |
|---|---|

Job #: 5028861   |   Job Date: 1/18/2022   |   Delivery: Normal

| Location: | Los Angeles, CA |
|---|---|
| Billing Atty: | Allen B. Grodsky Esq |
| Scheduling Atty: | Gary Sedlik | SedlikGroup, P.C. |

| **Witness: Katherine Von Drachenberg** | **Amount** |
|---|---|
| Transcript Services | $958.65 |
| Exhibits | $20.80 |
| Logistics, Processing & Electronic Files | $140.00 |

| Notes: | **Invoice Total:** | **$1,119.45** |
|---|---|---|
| | **Payment:** | **($1,136.24)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$16.79** |
| | **Balance Due:** | **$0.00** |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

| **Remit to:**<br>Veritext<br>P.O. Box 71303<br>Chicago IL 60694-1303<br>Fed. Tax ID: 20-3132569 | **Pay By ACH (Include invoice numbers):**<br>**A/C Name:**Veritext<br>**Bank Name:**BMO Harris Bank<br>**Bank Addr:**311 W. Monroe Chicago, IL 60606<br>**Account No:**4353454 **ABA:**071000288<br>**Swift:** HATRUS44 | **Invoice #:  5540437**<br><br>**Invoice Date:   1/27/2022**<br><br>**Balance Due:   $0.00** |
|---|---|---|

Pay by Credit Card: www.veritext.com

## Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-la@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Maria |
| | Grodsky Olecki & Puritsky LLP |
| | 11111 Santa Monica Bl. |
| | Ste 1070 |
| | Los Angeles, CA, 90025 |

| Invoice #: | **5646405** |
| **Invoice Date:** | 3/16/2022 |
| **Balance Due:** | **$0.00** |

| **Case: Sedlik, Jeffrey B.  v. Von Drachenberg, Katherine (2:21cv01102DSFMRWx)** | **Proceeding Type: Depositions** |

Job #: 5109657   |   Job Date: 3/1/2022   |   Delivery: Normal

| Location: | Los Angeles, CA |
| Billing Atty: | John Metzidis Esq |
| Scheduling Atty: | Gary Sedlik | SedlikGroup, P.C. |

| **Witness: Anna Felicity Friedman** | **Amount** |
|---|---|
| Transcript Services | $773.85 |
| Exhibits | $41.60 |
| Logistics, Processing & Electronic Files | $140.00 |

| Notes: | **Invoice Total:** | **$955.45** |
| | **Payment:** | **($955.45)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

**Invoice #:  5646405**

**Invoice Date:   3/16/2022**

**Balance Due:   $0.00**

Pay by Credit Card: www.veritext.com

## Veritext, LLC - California Region

Tel. 877-955-3855 Email: calendar-la@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Maria | | |
|---|---|---|---|
| | Grodsky Olecki & Puritsky LLP | **Invoice #:** | **6757873** |
| | 11111 Santa Monica Bl. | **Invoice Date:** | **8/7/2023** |
| | Ste 1070 | **Balance Due:** | **$0.00** |
| | Los Angeles, CA, 90025 | | |

| Case: Jeffrey B. Sedlik v. Katherine Von Drachenberg (2:21cv01102DSFMRWx) | Proceeding Type: Depositions |
|---|---|

Job #: 6019441   |   Job Date: 7/31/2023   |   Delivery: Normal                 Reference#: 7565-001

| Location: | Los Angeles, CA |
|---|---|
| Billing Atty: | Allen B. Grodsky Esq |
| Scheduling Atty: | Allen B. Grodsky Esq | Grodsky Olecki & Puritsky LLP |

| Witness: Bryan Vanegas | Amount |
|---|---|
| Transcript Services | $669.30 |
| Professional Attendance | $175.00 |
| Exhibits | $19.50 |
| Logistics, Processing & Electronic Files | $150.00 |

| Non Witness Specific Charges | Amount |
|---|---|
| Virtual Services | $720.00 |

| Notes: | **Invoice Total:** | **$1,733.80** |
|---|---|---|
| | **Payment:** | **($1,759.81)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$26.01** |
| | **Balance Due:** | **$0.00** |

TERMS:  Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

| Remit to: | Pay By ACH (Include invoice numbers): | Invoice #: 6757873 |
|---|---|---|
| Veritext | A/C Name:Veritext | Invoice Date: 8/7/2023 |
| P.O. Box 71303 | Bank Name:BMO Harris Bank | Balance Due: $0.00 |
| Chicago IL 60694-1303 | Bank Addr:311 W. Monroe Chicago, IL 60606 | |
| Fed. Tax ID: 20-3132569 | Account No:4353454 ABA:071000288 | |
| | Swift: HATRUS44 | |

Pay by Credit Card: www.veritext.com

**TAB 6**

**INDEX OF COSTS FOR FEES FOR WITNESS FEES (L.R. 54-3.6)**

| Tab No. | Amount Claimed | Supporting Documents |
|---------|----------------|----------------------|
| Tab 6A | $40.00 | 11/11/22 invoice for Witness Fees to Bryan Vanegas |
| Tab 6B | $40.00 | 07/31/23 invoice for Witness Fees to Bryan Vanegas |

Total . . . . . . $80.00

# NATIONWIDE LEGAL

# INVOICE

T (213) 249-9999 | F (213) 249-9990

| Invoice No. | Customer No. |
|---|---|
| 00000050259 | LA676 |
| INVOICE DATE: | Total Due |
| 11/11/2022 | $ 338.00 |

Attention: Accounts Payable
GRODSKY, OLECKI & PURITSKY LLP
11111 Santa Monica Blvd., Suite 1070
Los Angeles, CA 90025
T (310) 315-3009 F (310) 315-1557

PLEASE MAKE REMITTANCE TO:

Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
TAX ID # 20-8284527

| Customer No. | Invoice No. | Period Ending | Amount Due | Page |
|---|---|---|---|---|
| LA676 | 00000050259 | 11/11/2022 | $ 338.00 | 1 |

| Date | Order No | Service Detail | | Charges | Units | Total |
|---|---|---|---|---|---|---|
| 11/11/2022<br>LA331182<br><br>033 - SPECIAL PROCESS  (IMME | | GRODSKY, OLECKI & PURITSKY LLP<br>11111 Santa Monica Blvd., Suite 1070<br>Los Angeles, CA 90025<br>Caller: John J. Metzidis<br>Case Title: Jeffrey B. Sedlik vs. Katherin<br>Docs: SUBPOENA TO TESTIFY AT A<br>DEPOSITION IN A CIVIL ACTION<br>Attorney Name: John J. Metzidis, Esq. | Brian Vanegas<br>15A Division St<br>Somerville, NJ 088762901<br>Case Number: 2:21-cv-01102-DSF-MRW<br>Client/Matter: 7565-1<br>Description: You may begin service attempts today, as soon as you receive the subpoena.  The subject should be at this address (his work address, a tattoo parlor called "Artisanal Tattoo") until about 8:00 p.m. Eastern today.  The subject should also be at this address tomorrow (Saturday 11/12) from noon to 8:00 p.m. Eastern.  If you can't get him by Saturday, try coming back on Tuesday November 15; he doesn't work on Sunday or Monday.  The subject is cooperative and knows the subpoena is coming. | Anywhere in the<br>Country-Base :<br>Fees Advanced :<br>PDF / Page Count /<br>Affiliate :<br>Total: | | $ 295.00<br>$ 40.00<br><br>$ 3.00<br>$ 338.00 |
| | | | Total Charges for Ref. - 7565-1:<br>Total | | | $ 338.00<br>$ 338.00 |

## INVOICE PAYMENT DUE UPON RECEIPT

# NATIONWIDE
LEGAL

**INVOICE RECAP**

**INVOICE DATE** 11/18/2022

legal@nationwidelegal.com

FEIN: 20-8284527

| WORKORDER | INVOICE DATE | JOB TYPE | ITEM | TOTAL |
|-----------|--------------|----------|------|-------|

| MATTER NUMBER | ORDERS | ADVANCED FEES | TOTAL COSTS |
|---------------|--------|---------------|-------------|
| 7565-1 | 1 | 40.00 | $ 338.00 |
| | | TOTALS $ 40.00 | 338.00 |

**Nationwide Legal, LLC**

**11/18/2022**

**NATIONWIDE LEGAL**

# INVOICE

**PHONE (213) 249-9999**

| Invoice No. | Customer No. |
|---|---|
| 00000060242 | LA676 |
| INVOICE DATE: | Total Due |
| 7/31/2023 | $ 655.00 |

PLEASE MAKE REMITTANCE TO:

GRODSKY, OLECKI & PURITSKY LLP
11111 Santa Monica Blvd., Suite 1070
Los Angeles, CA 90025
T (310) 315-3009 F (310) 315-1557

Nationwide Legal, LLC
1609 James M Wood Blvd
Los Angeles, CA 90015
TAX ID # 20-8284527

| Customer No. | Invoice No. | Period Ending | Amount Due | Page |
|---|---|---|---|---|
| LA676 | 00000060242 | 7/31/2023 | $ 655.00 | 2 |

| Date / Order No | Service Detail | | Charges | Units | Total |
|---|---|---|---|---|---|
| 7/14/2023<br>LA418222<br>033 - SPECIAL PROCESS  (IMME | GRODSKY, OLECKI & PURITSKY LLP<br>11111 Santa Monica Blvd., Suite 1070<br>Los Angeles, CA 90025<br>Caller: Stacy Ferguson<br>Docs: SUBPOENA TO TESTIFY AT A<br>DEPOSITION IN A CIVIL ACTION<br>Attorney Name: Tim B. Henderson | BRYAN VANEGAS<br>15A Division St<br>Somerville, NJ 088762901<br>Case Number: 2:21-cv-01102-DSF-MRW<br>Client/Matter: 7565-001<br>Description: ***Advance Fees: ($40.00)***; Please attempt on a Special Same Day Service for (Tuesday – 7/18/23); Personal Service Only to: (Bryan Vanegas); The service will be at a tattoo shop, and the witness is a tattoo artist there named Bryan Vanegas (I think he also goes by Vega); The witness has agreed to the deposition and is expecting service to happen on (Tuesday – July 18, 2023); The tattoo shop looks like it opens at noon, so please have the subpoena served on Tuesday sometime after that. | Anywhere in the Country-Base :<br>Fees Advanced :<br>PDF / Page Count / Affiliate :<br>Total: | | $ 295.00<br>$ 40.00<br><br>$ 3.00<br>$ 338.00 |
| | | | Total Charges for Ref. - 7565-001:<br>Total | | $ 338.00<br>$ 655.00 |

**INVOICE PAYMENT DUE UPON RECEIPT**

## TAB 10(a)

## INDEX OF COSTS FOR FEES FOR COPIES OF DOCUMENTS NECESSARILY FILED AND SERVED (L.R. 54-3.10(a))

| Tab No. | Amount Claimed | Supporting Documents |
|---|---|---|
| Tab 10A | $40.00 | 02/16/22 - invoice for Stipulation and Order (Dkt. 27) |
| Tab 10B | $206.08 | 03/16/22 - invoice for Motion for Summary Judgment exhibit binders (Dkt. 31) |
| Tab 10C | $100.00 | 03/17/22 - invoice for mandatory chambers copy delivery of Motion for Summary Judgment (Dkt. 31-36) |
| Tab 10D | $58.50 | 03/29/22 - invoice for mandatory chambers copy delivery of Opposition to Motion for Summary Judgment (Dkt. 41) |
| Tab 10E | $80.50 | 04/05/22 - invoice for mandatory chambers copy delivery of Reply re Motion for Summary Judgment (Dkt. 51-52) |
| Tab 10F | $21.79 | 05/18/22 - invoice for mandatory chambers copy delivery of Joint Report (Dkt. 63) |
| Tab 10G | $97.75 | 10/26/22 - invoice for mandatory chambers copy delivery of Motion in Limine (Dkt.75-81) |
| Tab 10H | $119.25 | 11/07/22 - invoice for mandatory chambers copy delivery of trial documents (Dkt. 92-99) |
| Tab 10I | $313.43 | 11/17/22 - invoice for copying objected to trial exhibits |
| Tab 10J | $101.50 | 08/08/23 - invoice for mandatory chambers copy delivery of Motion for Reconsideration (Dkt. 140-143) |
| Tab 10K | $23.26 | 08/21/23 - invoice for mandatory chambers copy delivery of Aug 21 filings (Dkt. 145-147) |
| Tab 10L | $23.21 | 08/30/23 - invoice for mandatory chambers copy delivery of Reply re Motion for Reconsideration (Dkt. 149) |
| Tab 10M | $55.00 | 10/11/23 - invoice for mandatory chambers copy delivery of Amended Contentions of Law (Dkt. 161) |
| Tab 10N | $130.25 | 10/18/23 - invoice for mandatory chambers copy delivery of Trial Documents and Motions in Limine (Dkt. 163-167) |
| Tab 10O | $385.42 | 11/13/23 - invoice for Exhibit Copying |
| Tab 10P | $32.85 | 11/15/23 - invoice for binding of Depositions for trial |

| Tab No. | Amount Claimed | Supporting Documents |
|---------|----------------|----------------------|
| Tab 10Q | $22.81 | 12/18/23 - invoice for mandatory chambers copy delivery of Motion to Quash Farmer Subpoena (Dkt. 194) |
| Tab 10R | $70.59 | 12/27/23 - invoice for mandatory chambers copy delivery of Reply re Motion to Quash (Dkt.196) |
| Tab 10S | $40.00 | 01/08/24 - invoice for mandatory chambers copy delivery of Supplemental Memorandum in Opposition of Motion to Compel (Dkt. 199) |
| Tab 10T | $47.50 | 01/17/24 - invoice for mandatory chambers copy delivery of Defendants' Trial Brief (Dkt. 202) |
| Tab 10U | $113.14 | 01/18/24 - invoice for printing of trial documents |
| Tab 10V | n/a | Judge Dale Fischer's Standing Order requiring Mandatory Chambers Copies (see p. 3) |
| Tab 10W | n/a | 05/19/21 – Order Re Jury Trial requiring chambers copies and copies of certain documents (Dkt. 19) (see pp. 2-4, 7, 9-10, 15) |

Total Tab 10(a). . . . . .$2,082.83



# APEX
LEGAL SERVICES

**611 Wilshire Blvd,, Suite 700, Los Angeles, CA 90017**

Accounts Payable
Grodsky, Olecki & Puritsky LLP
11111 Santa Monica Blvd.
Suite 1070
Los Angeles, CA, 90025

## Invoice

Number: **65730**

Date:    **3/3/2022**

| DATE | CUSTOMER P.O. / REFERENCE # / DESCRIPTION | CONFIRMATION # | AMOUNT |
|---|---|---|---|
| 02/16/22 | 7565-001 | 24111 | $40.00 |

| | | Total | $40.00 |

Terms are: Net 30 days from the invoice date. A minimum fee of $2.00 will apply for each past due invoice. Otherwise, interest will be charged at 1.5% per month.

TAX ID: 95-4877099

| 0 - 30 days | 31 - 60 days | 61 - 90 days | > 90 days | Total |
|---|---|---|---|---|
| $40.00 | $0.00 | $0.00 | $0.00 | $40.00 |

**APEX ATTORNEY SERVICES**

TEL (213) 488-1500 ○ (310) 300-1200
FAX (213) 488-1550

DATE: 02/16/22
CONF. NO: 24111
REF. NO: 7565-001    38

☐ SPECIAL  ☑ REGULAR  ☐ OUT OF COUNTY  ☐ SCH. P/U

| CLIENT: | |
|---|---|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite 1070<br>Los Angeles, CA 90025<br><br>stacey@thegolawfirm.com | ☐ COURT FILING  ☐ SERVICE OF PROCESS  ☐ INDEX/DOC. RESEARCH  ☑ OTHER<br><br>COURT: USDC - Central - First Street Courthouse<br><br>CASE NAME: Sedlik v. Von Drachenberg<br><br>CASE NO: 2:21-cv-01102-DSF-MRWx  FILE/COPY DOC(S) BY: |
| ATTY/SEC:                              EXT. NO: | |
| DOCUMENTS TO FILE/ SERVE/ COPY:<br>1. Stipulation (filed - Dkt. 27); and<br>2. Proposed Order (unfiled ord version) | SERVE (Please indicate name exactly as it should appear on proof of service). |
| | BEST TIME:                           LAST DAY TO SERVE: |
| | ADDRESS (ES): |
| SPECIAL INSTRUCTIONS:<br><br>Please deliver BY NOON 2/17 to Judge Fischer's mailbox outside the Clerk's Office on the Fourth Floor of the First Street Courthouse | Judge Fischer's mailbox outside the Clerk's Office on the Fourth Floor of the First Street Courthouse |
| | PHONE:                                               OK TO SUB-SERVE?  YES ☐  NO ☐ |
| | DESCRIPTION: |

FILING FEE: $ _____    WITNESS FEE: $ _____

COPY FEE: $ _____

CHECK WRITTEN BY: ☐ CLIENT   CHECK NO: _____ ☐ APEX

PERSON SERVED/TITLE:

SERVER:

| COURT FILING | SERVICE OF PROCESS | INDEX / DOC. RESEARCH | WAITING TIME STAKE OUT | MILEAGE | FEES ADVANCED | CHECK CHARGE | SPECIAL HANDLING | OTHER | OTHER | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | -0- |

DATE/TIME SERVED:

RECIPIENT'S NAME: _____

WHITE - APEX COPY   [Print Form]   [Send via Email]   GOLD - CLIENT COPY   SIGNATURE: _____   [Clear Form]

*(handwritten)* DEL COURTESY COPIES.
11:22   02.17.2022



**Please remit to:**

iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/21/2022 | 87991 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?  please call:* **(310) 556-7777***, or email* **ap@idiscoverglobal.com**

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| 7565-001 | 7565-001 | CC55208 | Net 30 | Col | 3/16/2022 | Stacey Ferguson |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Job Description: 38 documents which need to be printed, 3-hole punched (using a 13/32" hole punch (not the standard 9/32')) and side-tabbed. We'll need the following side-tab numbers:Ex. 3, Ex. 7, Ex. 8, Ex. 26, Ex. 27, Ex. 28, Ex. 29, Ex. 30, Ex. 31, Ex. 201, Ex. 202, Ex. 203, Ex. 204, Ex. 207, Ex. 208, Ex. 209, Ex. 210, Ex. 211, Ex. 212, Ex. 213, Ex. 214, Ex. 215, Ex. 216, Ex. 217, Ex. 218, Ex. 224. Also, when printing, please be sure to print comments and mark-ups so that the comment boxes show on the printed pdf depo pages. | | |
| 236 | Blowback – with Assembly | 0.10 | 23.60T |
| 26 | Tabs Only | 0.25 | 6.50T |
| 186 | Blowback Color | 0.85 | 158.10T |
| | CA Sales Tax | 9.50% | 17.88 |

| | |
|---|---|
| **Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 1.5% per month. | **Sub Total** $206.08 |
| | **Payments/Credits** $0.00 |
| | **Balance Due** $206.08 |

## *Thank you for choosing iDiscover!*

***Did you know iDiscover also provides forensic data and eDiscovery services?***
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*  **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.
Tel: (310) 556-7777 | Fax: (310) 556-8686 | www.idiscoverglobal.com

## APEX ATTORNEY SERVICES

**TEL (213) 488-1500  •  (310) 300-1200**
**FAX (213) 488-1550**

☑ SPECIAL   ☐ REGULAR   ☐ OUT OF COUNTY   ☐ SCH. P/U

DATE: 03/17/22
CONF. NO: 24748
REF. NO: 7565-001          38

| | |
|---|---|
| ☐ COURT FILING | ☐ SERVICE OF PROCESS | ☐ INDEX/DOC. RESEARCH | ☑ OTHER |

**CLIENT:**

Grodsky, Olecki & Puritsky LLP
11111 Santa Monica Blvd., Suite 1070
Los Angeles, CA 90025

stacey@thegolawfirm.com

ATTY/SEC:                    EXT. NO:

**COURT:** USDC - Central

**CASE NAME:** Sedlik v. Von Drachenberg

**CASE NO:** CV-21-1102 DSF (MRWx)   FILE/COPY DOC(S) BY:

**SERVE:** (Please indicate name exactly as it should appear on proof of service.)

BEST TIME:                    LAST DAY TO SERVE:

**ADDRESS (ES):**
USDC - Central
First Street Courthouse
350 West 1st Street
LA 90012

**DOCUMENTS TO FILE/ SERVE/COPY:**

**SPECIAL INSTRUCTIONS:**

Please (1) LODGE documents & thumb drive with main window at USDC-Central; and (2) deliver mandatory chambers copies binder to Hon. Dale S. Fischer, Ctrm 7D, First Street Courthouse

OK TO SUB-SERVE?   YES ☐   NO ☐

PHONE:

DESCRIPTION:

FILING FEE: $              WITNESS FEE: $
COPY FEE: $                CHECK NO:
CHECK WRITTEN BY: ☐ CLIENT   ☐ APEX

PERSON SERVED/TITLE:

SERVER:                    DATE/TIME SERVED:

| COURT FILING | SERVICE OF PROCESS | INDEX / DOC. RESEARCH | WAITING TIME STAKE OUT | MILEAGE | FEES ADVANCED | CHECK CHARGE | SPECIAL HANDLING | OTHER | OTHER | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | 95- | 5- | 100 - |

RECIPIENT'S NAME:                    SIGNATURE: 5681

WHITE - APEX COPY   [Print Form]   [Send via Email]   GOLD - CLIENT COPY   [Clear Form]

DEL TO CLERK ON THE Forror FLR.

# STERLING MESSENGER SERVICES

## PO BOX 34758, LOS ANGELES, CA 90034
## Phone: (310) 839-7000 • Fax: (310) 839-9999

**INVOICE TO:**

GRODSKY, OLECKI & PURITSKY LLC
11111 SANTA MONICA BLVD
1070
WEST LA, CA 90025

| | |
|---|---|
| **Invoice No:** | A123347 |
| **Invoice Run:** | 4476 |
| **Invoice Date:** | 04/03/2022 |
| **Cut Off Date:** | 04/03/2022 |
| **Account No:** | GROL |

| Date<br>Service<br>Docket # | Booked By<br>Reference<br>POD | Pickup & Delivery Addresses | | Surcharges | Total |
|---|---|---|---|---|---|
| 03/29/2022<br>PRIORITY<br>708143 | STACEY 818-321-4722<br>7565-002<br>DROP BOX | GRODSKY, OLECKI & PURITSKY LLC<br>11111 SANTA MONICA BLVD<br>WEST LA<br><br>DISTRICT COURT<br>350 W 1ST STREET<br>DOWNTOWN | Base Rate : | 58.50 | 58.50 |

| | |
|---|---|
| **SUB-TOTAL:** | 58.50 |
| **ADMIN:** | 0.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 58.50 |

Our liability in connection with all shipments is limited to $50 unless you declare a higher value and pay an additional charge at the time of placing the order.
Please also note our terms are NET 10 days.

Visa, Mastercard and American Express accepted.

# STERLING MESSENGER SERVICES

**PO BOX 34758, LOS ANGELES, CA 90034**
**Phone: (310) 839-7000 • Fax: (310) 839-9999**

**INVOICE TO:**

GRODSKY, OLECKI & PURITSKY LLC
11111 SANTA MONICA BLVD
1070
WEST LA, CA 90025

| | |
|---|---|
| **Invoice No:** | A123387 |
| **Invoice Run:** | 4479 |
| **Invoice Date:** | 04/10/2022 |
| **Cut Off Date:** | 04/10/2022 |
| **Account No:** | GROL |

| Date<br>Service<br>Docket # | Booked By<br>Reference<br>POD | Pickup & Delivery Addresses | Surcharges | | | Total |
|---|---|---|---|---|---|---|
| 04/05/2022<br>PRIORITY<br>708279 | STACEY 818-321-4722<br><br>OK TO LEAVE | GRODSKY, OLECKI & PURITSKY LLC<br>11111 SANTA MONICA BLVD<br>WEST LA<br><br>DISTRICT COURT<br>350 W 1ST STRET<br>DOWNTOWN | Base Rate :<br>Waiting :<br>Layout : | 20 | 58.50<br>15.00<br>7.00 | 80.50 |

| | |
|---|---|
| **SUB-TOTAL:** | 80.50 |
| **ADMIN:** | 0.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 80.50 |

Our liability in connection with all shipments is limited to $50 unless you declare a higher value and pay an additional charge at the time of placing the order. Please also note our terms are NET 10 days.

Visa, Mastercard and American Express accepted.

# FedEx®

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 7-769-61751 | May 27, 2022 | 2757-9284-5 | 2 of 3 |

## FedEx Express Shipment Detail By Payor Type (Original)

**Ship Date:** May 18, 2022    **Cust. Ref.:** 7565-001    **Ref.#2:**
**Payor:** Shipper    **Ref.#3:**

Fuel Surcharge - FedEx has applied a fuel surcharge of 24.25% to this shipment.
Distance Based Pricing, Zone 2

| | | | |
|---|---|---|---|
| Automation | INET | **Sender** | **Recipient** |
| Tracking ID | 776899676355 | John J. Metzidis | Hon. Dale S. Fischer |
| Service Type | FedEx Priority Overnight | Grodsky, Olecki & Puritsky LLP | USDC |
| Package Type | FedEx Envelope | 11111 Santa Monica Blvd. | 350 West 1st Street |
| Zone | 02 | LOS ANGELES CA 90025 US | LOS ANGELES CA 90012 US |
| Packages | 1 | | |
| Rated Weight | N/A | | |
| Delivered | May 19, 2022 09:42 | Transportation Charge | 28.04 |
| Svc Area | A1 | Discount | -10.50 |
| Signed by | M.REV | Fuel Surcharge | 4.25 |
| FedEx Use | 000000000/186/_ | **Total Charge**     **USD** | **$21.79** |

**Ship Date:** May 23, 2022    **Cust. Ref.:**    **Ref.#2:**
**Payor:** Shipper    **Ref.#3:**

Fuel Surcharge - FedEx has applied a fuel surcharge of 23.00% to this shipment.
Distance Based Pricing, Zone 2

### ® Billing Online

FedEx Billing Online allows you to efficiently manage and pay your FedEx invoices online.  It's free, easy and secure.  FedEx Billing Online helps you streamline your billing process.  With all your FedEx shipping information available in one secure online location, you never have to worry about misplacing a paper invoice or sifting through reams of paper to find information for past shipments. Go to fedex.com to sign up today!

# STERLING MESSENGER SERVICES

## PO BOX 34758, LOS ANGELES, CA 90034
## Phone: (310) 839-7000 • Fax: (310) 839-9999

**INVOICE TO:**

GRODSKY, OLECKI & PURITSKY LLC
11111 SANTA MONICA BLVD
1070
WEST LA, CA 90025

| | |
|---|---|
| **Invoice No:** | A124228 |
| **Invoice Run:** | 4568 |
| **Invoice Date:** | 10/30/2022 |
| **Cut Off Date:** | 10/30/2022 |
| **Account No:** | GROL |

| Date<br>Service<br>Docket # | Booked By<br>Reference<br>POD | Pickup & Delivery Addresses | Surcharges | | | Total |
|---|---|---|---|---|---|---|
| 10/26/2022<br>PRIORITY<br>711548 | STACEY 818-321-4722<br>7565-001.<br>MAIL BOX | GRODSKY, OLECKI & PURITSKY LLC<br>11111 SANTA MONICA BLVD<br>WEST LA<br><br>FEDERAL COURT HOUSE<br>350 W 1ST STREET<br>DOWNTOWN | Base Rate :<br>Waiting :<br>Layout : | 15 | 79.50<br>11.25<br>7.00 | 97.75 |

| | |
|---|---|
| **SUB-TOTAL:** | 97.75 |
| **ADMIN:** | 0.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 97.75 |

Our liability in connection with all shipments is limited to $50 unless you declare a higher value and pay an additional charge at the time of placing the order. Please also note our terms are NET 10 days.

Visa, Mastercard and American Express accepted.

# STERLING MESSENGER SERVICES

## PO BOX 34758, LOS ANGELES, CA 90034
## Phone: (310) 839-7000 • Fax: (310) 839-9999

**INVOICE TO:**

GRODSKY, OLECKI & PURITSKY LLC
11111 SANTA MONICA BLVD
1070
WEST LA, CA 90025

| | |
|---|---|
| **Invoice No:** | A124287 |
| **Invoice Run:** | 4576 |
| **Invoice Date:** | 11/13/2022 |
| **Cut Off Date:** | 11/13/2022 |
| **Account No:** | GROL |

| Date Service Docket # | Booked By Reference POD | Pickup & Delivery Addresses | Surcharges | | Total |
|---|---|---|---|---|---|
| 11/07/2022 PRIORITY 711747 | STACEY 818-321-4722 7565001 SMITH | GRODSKY, OLECKI & PURITSKY LLC 11111 SANTA MONICA BLVD WEST LA <br><br> USDC 350 W 1ST STREET DOWNTOWN | Base Rate : Extended Hours : | 79.50 39.75 | 119.25 |

| | |
|---|---|
| **SUB-TOTAL:** | 119.25 |
| **ADMIN:** | 0.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 119.25 |

Our liability in connection with all shipments is limited to $50 unless you declare a higher value and pay an additional charge at the time of placing the order. Please also note our terms are NET 10 days.

Visa, Mastercard and American Express accepted.



**Please remit to:**
iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/18/2022 | 91182 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?  please call:* **(310) 556-7777**, *or email* **ap@idiscoverglobal.com**

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| 7565-001 | 7565-001 | CC57850 | Net 30 | Col | 11/17/2022 | Stacey Ferguson |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Client's instructions:<br>- 76 total documents. Any that contain color, please print in color.<br>- Of the 76 documents, 16 are slip sheets which reference video files; please brand and print those slip sheets with the rest.<br>- Again, please: brand per the instructions we discussed (i.e., essentially slightly shrink the exhibit, and the branding gets printed in the margin on the bottom right. It's usually the exhibit number followed by a dot followed by a page number. E.g., "EX 209.0001");<br>- print color for color<br>- 2 copies<br>- 3-hole side-punch<br>- Return tomorrow or, at the latest, first thing Monday morning.<br>- Client reference is 7565-001; Sedlik v. Von Drachenberg, USDC Case No. 2:21-cv-01102-DSF-MRWx. | | |
| 365 | Stamping / Endorsement | 0.01 | 3.65 |
| 420 | Printing (Blowbacks) with assembly | 0.12 | 50.40T |
| 310 | Printing (Blowbacks) – Color | 0.75 | 232.50T |
| | CA Sales Tax | 9.50% | 26.88 |

**Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 1.5% per month.

| | |
|---|---|
| **Sub Total** | $313.43 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $313.43 |

## Thank you for choosing iDiscover!

*Did you know iDiscover also provides forensic data and eDiscovery services?*
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*  **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.
Tel: (310) 556-7777 | Fax: (310) 556-8686 | www.idiscoverglobal.com

# STERLING MESSENGER SERVICES

## PO BOX 34758, LOS ANGELES, CA 90034
## Phone: (310) 839-7000 • Fax: (310) 839-9999

**INVOICE TO:**

GRODSKY, OLECKI & PURITSKY LLC
11111 SANTA MONICA BLVD
1070
WEST LA, CA 90025

| | |
|---|---|
| **Invoice No:** | A125315 |
| **Invoice Run:** | 4672 |
| **Invoice Date:** | 08/13/2023 |
| **Cut Off Date:** | 08/13/2023 |
| **Account No:** | GROL |

---

| Date<br>Service<br>Docket # | Booked By<br>Reference<br>POD | Pickup & Delivery Addresses | | Surcharges | Total |
|---|---|---|---|---|---|
| 08/08/2023<br>PRIORITY<br>715602 | STACEY 818-321-4722<br>7565001<br>OTL | GRODSKY, OLECKI & PURITSKY LLC<br>11111 SANTA MONICA BLVD<br>WEST LA<br><br>USDC<br>350 W 1ST<br>DOWNTOWN | Base Rate :<br>Waiting :   20<br>Layout : | 79.50<br>15.00<br>7.00 | 101.50 |

|  |  |
|---|---|
| **SUB-TOTAL:** | 101.50 |
| **ADMIN:** | 0.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 101.50 |

Our liability in connection with all shipments is limited to $50 unless you declare a higher value and pay an additional charge at the time of placing the order. Please also note our terms are NET 10 days.

Visa, Mastercard and American Express accepted.

**FedEx**®

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-235-05441 | Aug 25, 2023 | 2757-9284-5 | 2 of 2 |

## FedEx Express Shipment Detail By Payor Type (Original)

| | | |
|---|---|---|
| **Ship Date:** Aug 21, 2023 | **Cust. Ref.:** 7565-001 | **Ref.#2:** |
| **Payor:** Shipper | **Ref.#3:** | |

Fuel Surcharge - FedEx has applied a fuel surcharge of 17.75% to this shipment.
Distance Based Pricing, Zone 2
Package Delivered to Recipient Address - Release Authorized

| | | **Sender** | **Recipient** | |
|---|---|---|---|---|
| Automation | INET | | | |
| Tracking ID | 773121321540 | Allen B. Grodsky | Hon. Dale S. Fischer | |
| Service Type | FedEx Priority Overnight | Grodsky, Olecki & Puritsky LLP | United States District Court | |
| Package Type | FedEx Envelope | 11111 SANTA MONICA BLVD | 350 West 1st Street | |
| Zone | 02 | LOS ANGELES CA 90025 US | LOS ANGELES CA 90012 US | |
| Packages | 1 | | | |
| Rated Weight | N/A | | | |
| Delivered | Aug 22, 2023 09:53 | Transportation Charge | | 30.25 |
| Svc Area | A1 | Discount | | -10.50 |
| Signed by | see above | Fuel Surcharge | | 3.51 |
| FedEx Use | 000000000/186/02 | **Total Charge** | **USD** | **$23.26** |

| | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$23.26** |
| **Total FedEx Express** | **USD** | **$23.26** |

## FedEx® Billing Online

FedEx Billing Online allows you to efficiently manage and pay your FedEx invoices online. It's free, easy and secure. FedEx Billing Online helps you streamline your billing process. With all your FedEx shipping information available in one secure online location, you never have to worry about misplacing a paper invoice or sifting through reams of paper to find information for past shipments. Go to fedex.com to sign up today!

**FedEx**®

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-248-84301 | Sep 08, 2023 | 2757-9284-5 | 2 of 2 |

## FedEx Express Shipment Detail By Payor Type (Original)

| | | |
|---|---|---|
| **Ship Date:** Aug 30, 2023 | **Cust. Ref.:** 7565-001 | **Ref.#2:** |
| **Payor:** Shipper | **Ref.#3:** | |

Fuel Surcharge - FedEx has applied a fuel surcharge of 17.50% to this shipment.
Distance Based Pricing, Zone 2
Package Delivered to Recipient Address - Release Authorized

| | | **Sender** | **Recipient** | |
|---|---|---|---|---|
| Automation | INET | | | |
| Tracking ID | 773256121140 | Allen B. Grodsky | Hon. Dale S. Fischer | |
| Service Type | FedEx Priority Overnight | Grodsky, Olecki & Puritsky LLP | FIRST STREET COURTHOUSE | |
| Package Type | FedEx Envelope | 11111 SANTA MONICA BLVD | 350 W. 1st Street | |
| Zone | 02 | LOS ANGELES CA 90025 US | LOS ANGELES CA 90012 US | |
| Packages | 1 | | | |
| Rated Weight | N/A | | | |
| Delivered | Aug 31, 2023 10:02 | Transportation Charge | | 30.25 |
| Svc Area | A1 | Discount | | -10.50 |
| Signed by | see above | Fuel Surcharge | | 3.46 |
| FedEx Use | 000000000/186/02 | **Total Charge** | **USD** | **$23.21** |

| | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$23.21** |
| **Total FedEx Express** | **USD** | **$23.21** |

**FedEx® Billing Online**

FedEx Billing Online allows you to efficiently manage and pay your FedEx invoices online.  It's free, easy and secure.  FedEx Billing Online helps you streamline your billing process.  With all your FedEx shipping information available in one secure online location, you never have to worry about misplacing a paper invoice or sifting through reams of paper to find information for past shipments. Go to fedex.com to sign up today!

**MESSENGER INVOICE**

TAX ID 95-4877099

# APEX
## LEGAL SERVICES

611 Wilshire Boulevard, Ste 700, Los Angeles, CA 90017
Phone: (213) 488-1500   Fax: (213) 624-0022
www.apex.legal

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **GROOL** | **10/20/2023** | **39411** |

**Bill To:**

GRODSKY, OLECKI & PURITSKY  LLP
11111 Santa Monica Blvd Ste 1070
Los Angeles, CA 900250439
Ordered By: STACEY

Billing Ref. No: **7565-001**
Case No:
Plaintiff: **JEFFREY B. SEDLIK**
Defendant: **KATHERINE VON DRACHENBERG**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Courtesy Copies** | | | 47.50 |
| **15 Pages** | **15.00** | **.50** | 7.50 |

**Description: Delivered from GRODSKY, OLECKI & PURITSKY  LLP @ 11111 Santa Monica Blvd Ste 1070 Los Angeles, CA, 90025-0439 to DELIVERED @ 350 W. FIRST STREET, LOS ANGELES, CA, 90012**
Delivery Date/Time: 10/11/2023   10:30 AM
**Delivery Address:**
USDC
350 W. FIRST STREET
LOS ANGELES, CA 90012
**Documents:** DEFENDANT'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW
• Print;
• Blueback;
• Two-hole top-punch; and

| | |
|---|---|
| **TOTAL DUE** | **$ 55.00** |

Thank you for choosing Apex Legal Services!



| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **GROOL** | **10/20/2023** | **39411** |

**Remit To:**

## Apex Legal Services
### 611 Wilshire Boulevard, Ste 700
### Los Angeles, CA 90017

**TOTAL DUE:** | $  55.00

**1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.**

**2. MAKE CHECKS PAYABLE TO  Apex Legal Services**

Order#:39411/INVOICEM

# STERLING MESSENGER SERVICES

## PO BOX 34758, LOS ANGELES, CA 90034
## Phone: (310) 839-7000 • Fax: (310) 839-9999

**INVOICE TO:**

GRODSKY, OLECKI & PURITSKY LLC
11111 SANTA MONICA BLVD
1070
WEST LA, CA 90025

| | |
|---|---|
| **Invoice No:** | A125568 |
| **Invoice Run:** | 4696 |
| **Invoice Date:** | 10/22/2023 |
| **Cut Off Date:** | 10/22/2023 |
| **Account No:** | GROL |

| Date<br>Service<br>Docket # | Booked By<br>Reference<br>POD | Pickup & Delivery Addresses | Surcharges | | Total |
|---|---|---|---|---|---|
| 10/18/2023<br>PRIORITY<br>716356 | STACEY 818-321-4722<br>7565-001.<br>DROP BOX - READ | GRODSKY, OLECKI & PURITSKY LLC<br>11111 SANTA MONICA BLVD<br>WEST LA<br><br>USDC<br>350 W 1ST ST<br>DOWNTOWN | Base Rate :<br>Waiting :<br>Layout : | 45 | 79.50<br>42.75<br>8.00 | 130.25 |

|  |  |
|---|---|
| **SUB-TOTAL:** | 130.25 |
| **ADMIN:** | 0.00 |
| **TAX:** | 0.00 |
| **AMOUNT DUE:** | 130.25 |

Our liability in connection with all shipments is limited to $50 unless you declare a higher value and pay an additional charge at the time of placing the order.
Please also note our terms are NET 10 days.

Visa, Mastercard and American Express accepted.



**Please remit to:**
iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/15/2023 | 95659 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?  please call:  **(310) 556-7777**, or email  **ap@idiscoverglobal.com***

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| KVD vs Sedlik | KVD vs Sedlik | CC61778 | Net 30 | Col | 11/13/2023 | Allen Grodsky |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Job Description: Exhibits sent via Hightail | | |
| | | | |
| 390 | Printing (Blowbacks) with assembly | 0.12 | 46.80T |
| 146 | Tabs | 0.35 | 51.10T |
| 238 | Printing (Blowbacks) – Color | 0.95 | 226.10T |
| 1 | Binders – 2" | 12.99 | 12.99T |
| 1 | Binders – 3" | 14.99 | 14.99T |
| | CA Sales Tax | 9.50% | 33.44 |

| | | |
|---|---|---|
| **Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 3% per month. | **Sub Total** | $385.42 |
| | **Payments/Credits** | $0.00 |
| | **Balance Due** | $385.42 |

### *Thank you for choosing iDiscover!*

*Did you know iDiscover also provides forensic data and eDiscovery services?*
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*   **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.
Tel: (310) 556-7777 | Fax: (310) 556-8686 | www.idiscoverglobal.com



# Invoice

**Please remit to:**
iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

| Date | Invoice # |
|------|-----------|
| 11/15/2023 | 95664 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?  please call:* **(310) 556-7777**, *or email* **ap@idiscoverglobal.com**

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| 7565-001 | 7565-001 | CC61792 | Net 30 | Col | 11/15/2023 | Stacey Ferguson |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Job Description: 2 redwelds | | |
| 6 | Velo Binding | 5.00 | 30.00T |
| | CA Sales Tax | 9.50% | 2.85 |

**Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 3% per month.

| | |
|---|---|
| **Sub Total** | $32.85 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $32.85 |

### *Thank you for choosing iDiscover!*

*Did you know iDiscover also provides forensic data and eDiscovery services?*
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*  **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.
Tel: (310) 556-7777 | Fax: (310) 556-8686 | www.idiscoverglobal.com

**FedEx**®

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-356-01457 | Dec 22, 2023 | 2757-9284-5 | 2 of 2 |

## FedEx Express Shipment Detail By Payor Type (Original)

| **Ship Date:** Dec 18, 2023 | **Cust. Ref.:** 7565-001 | **Ref.#2:** |
|---|---|---|
| **Payor:** Shipper | **Ref.#3:** | |

Fuel Surcharge - FedEx has applied a fuel surcharge of 15.50% to this shipment.
Distance Based Pricing, Zone 2
Package Delivered to Recipient Address - Release Authorized

| | | **Sender** | **Recipient** | |
|---|---|---|---|---|
| Automation | INET | | | |
| Tracking ID | 774530142338 | Tim B. Henderson | Hon. Dale S. Fischer | |
| Service Type | FedEx Priority Overnight | Grodsky, Olecki & Puritsky LLP | USDC | |
| Package Type | FedEx Envelope | 11111 SANTA MONICA BLVD | 350 West 1st Street | |
| Zone | 02 | LOS ANGELES CA 90025 US | LOS ANGELES CA 90012 US | |
| Packages | 1 | | | |
| Rated Weight | N/A | | | |
| Delivered | Dec 19, 2023 10:08 | Transportation Charge | | 30.25 |
| Svc Area | A1 | Discount | | -10.50 |
| Signed by | see above | Fuel Surcharge | | 3.06 |
| FedEx Use | 000000000/186/02 | **Total Charge** | **USD** | **$22.81** |

| | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$22.81** |
| **Total FedEx Express** | **USD** | **$22.81** |

**FedEx® Billing Online**

FedEx Billing Online allows you to efficiently manage and pay your FedEx invoices online.  It's free, easy and secure.  FedEx Billing Online helps you streamline your billing process.  With all your FedEx shipping information available in one secure online location, you never have to worry about misplacing a paper invoice or sifting through reams of paper to find information for past shipments. Go to fedex.com to sign up today!

**FedEx**®

| Invoice Number | Invoice Date | Account Number | Page |
|---|---|---|---|
| 8-369-82639 | Jan 05, 2024 | 2757-9284-5 | 2 of 2 |

## FedEx Express Shipment Detail By Payor Type (Original)

| | | |
|---|---|---|
| **Ship Date:** Dec 27, 2023 | **Cust. Ref.:** 7565-001 | **Ref.#2:** |
| **Payor:** Shipper | **Ref.#3:** | |

Fuel Surcharge - FedEx has applied a fuel surcharge of 15.25% to this shipment.
Distance Based Pricing, Zone 2
Package Delivered to Recipient Address - Release Authorized

| | | **Sender** | **Recipient** | |
|---|---|---|---|---|
| Automation | INET | | | |
| Tracking ID | 774616135975 | Allen B. Grodsky, Esq. | Hon. Dale S. Fischer | |
| Service Type | FedEx First Overnight | Grodsky, Olecki & Puritsky LLP | USDC - First Street Courthouse | |
| Package Type | FedEx Envelope | 11111 Santa Monica Blvd. | 350 West 1st Street | |
| Zone | 02 | LOS ANGELES CA 90025 US | LOS ANGELES CA 90012 US | |
| Packages | 1 | | | |
| Rated Weight | N/A | | | |
| Delivered | Dec 28, 2023 07:50 | | | |
| Svc Area | A1 | Transportation Charge | | 61.25 |
| Signed by | see above | Fuel Surcharge | | 9.34 |
| FedEx Use | 000000000/3/02 | **Total Charge** | **USD** | **$70.59** |

| | | |
|---|---|---|
| **Shipper Subtotal** | **USD** | **$70.59** |
| **Total FedEx Express** | **USD** | **$70.59** |

## FedEx® Billing Online

FedEx Billing Online allows you to efficiently manage and pay your FedEx invoices online.  It's free, easy and secure.  FedEx Billing Online helps you streamline your billing process.  With all your FedEx shipping information available in one secure online location, you never have to worry about misplacing a paper invoice or sifting through reams of paper to find information for past shipments. Go to fedex.com to sign up today!

# MESSENGER INVOICE

TAX ID 95-4877099

**APEX**
LEGAL SERVICES

611 Wilshire Boulevard, Ste 700, Los Angeles, CA 90017
Phone: (213) 488-1500   Fax: (213) 624-0022
www.apex.legal

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **GROOL** | **1/19/2024** | **41820** |

**Bill To:**

**GRODSKY, OLECKI & PURITSKY  LLP**
**11111 Santa Monica Blvd Ste 1070**
**Los Angeles, CA 900250439**
**Ordered By: Stacey Ferguson**

Billing Ref. No:  **7565-001**
Case No:
Plaintiff:  **JEFFREY B. SEDLIK**
Defendant:  **KATHERINE VON DRACHENBERG**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Courtesy Copies** | | | **40.00** |
| | | | |
| **Description: Delivered from GRODSKY, OLECKI & PURITSKY  LLP @ 11111 Santa Monica Blvd Ste 1070 Los Angeles, CA, 90025-0439 to  @  350 W. FIRST STREET, LOS ANGELES, CA, 90012**<br>Delivery Date/Time: 1/08/2024<br>**Delivery Address:**<br>UNITED STATES DISTRICT CO<br>350 W. FIRST STREET<br>LOS ANGELES, CA 90012<br>**Documents:** SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL | | | |
| | | **TOTAL DUE** | **$ 40.00** |

Thank you for choosing Apex Legal Services!



| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **GROOL** | **1/19/2024** | **41820** |

**Remit To:**

**Apex Legal Services**
**611 Wilshire Boulevard, Ste 700**
**Los Angeles, CA 90017**

**TOTAL DUE:**      **$  40.00**

**1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.**

**2. MAKE CHECKS PAYABLE TO  Apex Legal Services**

**MESSENGER INVOICE**

TAX ID 95-4877099

# APEX
## LEGAL SERVICES

611 Wilshire Boulevard, Ste 700, Los Angeles, CA 90017
Phone: (213) 488-1500   Fax: (213) 624-0022
www.apex.legal

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **GROOL** | **1/26/2024** | **42110** |

**Bill To:**

**GRODSKY, OLECKI & PURITSKY  LLP**
**11111 Santa Monica Blvd Ste 1070**
**Los Angeles, CA 900250439**
**Ordered By: Stacey Ferguson**

Billing Ref. No: **7565-001**
Case No:
Plaintiff: **JEFFREY B. SEDLIK**
Defendant: **KATHERINE VON DRACHENBERG**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Courtesy Copies** | | | **47.50** |
| **Description: Delivered from GRODSKY, OLECKI & PURITSKY  LLP @ 11111 Santa Monica Blvd Ste 1070 Los Angeles, CA, 90025-0439 to  @ 350 W. FIRST STREET, LOS ANGELES, CA, 90012** Delivery Date/Time: 1/17/2024 **Delivery Address:** UNITED STATES DISTRICT CO 350 W. FIRST STREET LOS ANGELES, CA 90012 **Documents:** DEFENDANT'S TRIAL BRIEF | | | |
| | | **TOTAL DUE** | **$ 47.50** |

Thank you for choosing Apex Legal Services!



| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **GROOL** | **1/26/2024** | **42110** |

**Remit To:**

**Apex Legal Services**
611 Wilshire Boulevard, Ste 700
Los Angeles, CA 90017

**TOTAL DUE:**          **$  47.50**

**1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.**

**2. MAKE CHECKS PAYABLE TO  Apex Legal Services**

Order#:42110/INVOICEM



**Please remit to:**
iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/19/2024 | 96416 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?  please call:* **(310) 556-7777**, *or email* **ap@idiscoverglobal.com**

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| 7565-001 | 7565-001 | CC62470 | Net 30 | Col | 1/18/2024 | Stacey Ferguson |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Job Description: Sent via email | | |
| | | | |
| 736 | Printing (Blowbacks) with assembly | 0.12 | 88.32T |
| 3 | Velo Binding | 5.00 | 15.00T |
| | CA Sales Tax | 9.50% | 9.82 |

| | | |
|---|---|---|
| **Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 3% per month. | **Sub Total** | $113.14 |
| | **Payments/Credits** | $0.00 |
| | **Balance Due** | $113.14 |

### *Thank you for choosing iDiscover!*

*Did you know iDiscover also provides forensic data and eDiscovery services?*
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*  **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.
Tel: (310) 556-7777 | Fax: (310) 556-8686 | www.idiscoverglobal.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| [PLAINTIFF], | [CASE NO.] |
| Plaintiff(s), | |
| | STANDING ORDER FOR CASES |
| v. | ASSIGNED TO JUDGE DALE S. |
| | FISCHER |
| [DEFENDANT], | |
| Defendant(s). | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

Counsel for plaintiff must immediately serve this order on all parties, including any new parties to the action.  If this case was removed from state court, the defendant that removed the case must serve this Order on all other parties.

Plaintiffs who have electronically filed a complaint are ordered to provide a paper copy of the conformed complaint to Judge Fischer's mailbox on the Fourth Floor of the First Street Courthouse.

**Counsel must advise the Court immediately if the case or any pending matter has been resolved.**

**All counsel who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines that appear on the Court's website under Attorney Information.  Failure to do so may result in sanctions.**

### 1.    Presence of Lead Counsel

**Lead trial counsel must attend any proceeding <u>set by this Court</u>, including all scheduling, pretrial, and settlement conferences.  Only <u>ONE</u> attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.  Counsel should not claim to be co-lead trial counsel for the purpose of avoiding this requirement.  If counsel purport to be co-lead trial counsel, both must attend the pretrial conference. Unless lead trial counsel's absence is excused by the Court for good cause in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling such proceeding as lead counsel for all purposes.  Failure of lead counsel to appear will be grounds for sanctions.**

### 2.    Discovery

All discovery matters are referred to the assigned magistrate judge.  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel should not deliver Chambers copies of these documents to Judge Fischer.

Proposed protective orders pertaining to discovery must be submitted to the assigned magistrate judge.  Proposed protective orders should not purport to allow, without further order of Judge Fischer, the filing under seal of pleadings or documents filed in connection with a dispositive motion (including a class certification motion) or trial before Judge Fischer.  The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

### 3.    Filing Requirements

#### a.    Documents with Declarations, Exhibits, and Other Attachments

If a filed or lodged document has declarations, exhibits, or other attachments, each of these must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 2 - License Agreement, 29-3 Request for Judicial Notice).

#### b.    Proposed Orders

Proposed orders should not contain attorney names, addresses, etc. on the caption page, should not contain a footer with the document name or other information, and should not contain a watermark or designation of the firm name, etc. in the margin. Proposed orders must have Judge Fischer's name spelled correctly and her correct title: United States District Judge.  Documents that do not meet this requirement may be stricken.

### c.      Mandatory Paper Chambers Copies

**Documents will not be considered until paper Chambers copies are submitted, so paper Chambers copies of all documents for which priority processing is requested should be submitted on the same day as the filing.** Paper Chambers copies should **not** require the signature of the recipient.

The Court requires paper Chambers copies of only the following: Initial pleadings (notices of removal and related documents, complaints, counterclaims, cross claims, and answers); Joint Rule 26(f) Reports, motion papers, including motions in limine (motions, oppositions, replies, and related documents); ex parte applications for temporary restraining orders; and all pre-trial documents (memoranda of fact and law, witness and exhibit lists, pretrial conference statement, jury instructions, verdict forms, etc.).

**All** exhibits must be separated by a tab divider on the right or bottom of the document.  If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the Chambers copy must be in a separately tabbed binder and include a Table of Contents.  If such evidence exceeds 200 pages, the Chambers copy of such evidence, including a Table of Contents, must be placed in a Slant D-Ring binder with each item of evidence separated by a tab divider on the right or the bottom.  All documents contained in the binder must be three-hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.  Failure to comply with this requirement may result in the Court striking the motion or declining to consider the exhibits.

### 4.      Motions - General Requirements

### a.      Time for Filing and Hearing Motions

This Court hears civil motions on Mondays, beginning at 1:30 p.m.  If Monday is a court holiday, motions will be heard on the next Monday.  If the motion date selected is not available, the Court will issue a minute order continuing the date.  Opposition papers due on a Monday holiday may be filed the following Tuesday.  In such cases, reply papers may be filed on the next Tuesday.

Adherence to the timing requirements is mandatory for Chambers' preparation of motion matters.  The parties may stipulate to a different briefing schedule, so long as the schedule provides at least two weeks between the filing of the reply and the hearing date.

**If the parties are able to resolve the issue, or if a party intends to withdraw or declines to oppose a motion, the Court must be notified as soon as possible, but no later than seven days before the hearing date.  Failure to oppose a motion will likely result in the motion being granted immediately after the opposition would have been due.**

### b.  Pre-filing Requirement

Counsel **must** comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.  **The *pro per* status of one or more parties does not eliminate this requirement.  Failure to comply with this Rule will be grounds for sanctions.  If fault is attributed to the moving party, the Court may decline to hear the motion.**

### c.  Length and Format of Motion Papers

Memoranda of points and authorities in support of or in opposition to motions must not exceed 25 pages.  Replies must not exceed 12 pages.  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

### d.  Citations to Authority

Citations to case law must identify not only the case cited, but the specific page referenced.  When citing to legal databases (which is not encouraged), whenever possible cite to Westlaw rather than Lexis.

Statutory references must cite to the United States Code and not solely a section of a particular act.  Citations to treatises, manuals, and other materials should include the volume, section, and relevant pages.  If these materials are not readily accessible, copies should be attached.  This is especially important for historical materials, *e.g.*, older legislative history.

Citations that support a statement in the main text must be included in the main text, not in footnotes.  String cites are discouraged and generally are not helpful.

## 5.  Specific Motion Requirements

### a.  Motions Pursuant to Rule 12

Motions to dismiss are strongly discouraged.  Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment).

If the Court grants a motion to dismiss with leave to amend, the plaintiff must file an amended complaint within the time period specified by the Court.  A "redlined" version of the amended complaint must be delivered to Chambers and Chambers email indicating all additions and deletions to the prior version of the complaint.  Failure to file an amended complaint within the time allotted will result in dismissal of the action or the relevant claim(s) with prejudice.

### b. Motions to Amend Pleadings

The motion must state the effect of the amendment, and must state the page, line numbers, and wording of any proposed change or addition of material. A "redlined" version of the proposed amended pleading must be delivered to Chambers (in paper form) and to Chambers email indicating all additions and deletions to the prior version of the pleading. In addition to the requirements of the Local Rules, all amended pleadings must be serially numbered to differentiate the amendment from previous amendments.

### c. Motions for Summary Judgment

Please refer to Judge Fischer's Standing Order re Motions for Summary Judgment at www.cacd.uscourts.gov.

## 6. Telephonic Hearings

The Court is unlikely to agree to a telephonic appearance in the absence of extraordinary circumstances preventing counsel from appearing in person.

## 7. Ex Parte Applications (Including Applications for Temporary Restraining Orders)

In addition to the requirements of Local Rule 7-19, the moving party must notify the opposition that opposing papers are to be filed no later than 48 hours (or two court days) following service. The Court generally will not rule on any application for such relief for at least 48 hours (or two court days) after the party subject to the requested order has been served, unless service is excused. Opposing counsel should advise the courtroom deputy clerk as soon as possible whether the opposing party intends to oppose the ex parte application. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. The application will not be considered until a mandatory chambers copy has been provided. Sanctions may be imposed for misuse of ex parte applications.

## 8. Applications or Stipulations for Extension of Time

No stipulation extending the time to file any required document or to continue any date is effective until and unless the Court approves it, or unless the Federal Rules of Civil Procedure provide for an automatic extension. Both applications and stipulations must set forth:

1. The existing due date or hearing date, the discovery cut-off date, the last day for hearing motions, the pretrial conference date, and the trial date;

2. Specific reasons (contained in a detailed declaration) supporting good cause for granting the extension or continuance. (A statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing settlement negotiations. The possibility of settlement ordinarily will not be grounds for continuance.);

3. Whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court; and

4. A description of the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.

The request must be made before the date to be continued. The Court grants continuances only on a showing of good cause. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.

### 9. Cases Removed from State Court

If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 7. If a removed action contains a "form pleading" *i.e.* a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within 30 days of the filing of the notice of removal.

### 10. Class Actions

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. The motion must be filed no later than 120 days from the date <u>initially set</u> for the scheduling conference, without regard to any continuances, unless the Court orders otherwise.

### 11. Status of Fictitiously Named Defendants

This Court adheres to the following procedures when a complaint with fictitiously named defendants is removed to this Court on diversity grounds. *See* 28 U.S.C. §§ 1441(a) and 1447.

1. Plaintiff must ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference. The Court generally will dismiss Doe defendants on the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

2. If plaintiff believes (by reason of the necessity for discovery or otherwise) that all fictitiously named defendants cannot be identified within that period, a request to extend the time must be made in the Joint Rule 26 Report. Counsel should be prepared to state the reasons why fictitiously named defendants have not been identified and served.

3. If a plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff must first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter

should thereafter be remanded to the superior court if diversity is destroyed by the addition of the newly substituted party.  *See* 28 U.S.C. § 1447(c) and (e).

**12.   ERISA Cases Concerning Benefit Claims**

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record.  There will be a court trial (usually confined to oral argument) on the administrative record.  Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue.  If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) in the moving papers and explain why summary judgment is not precluded.

**13.   Bankruptcy Appeals**

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the district court.  The matter is deemed under submission on the filing of the appellant's reply brief.  The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

**14.   Communications with Chambers**

Counsel must not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means unless contact has been first initiated by Chambers staff.  Counsel may contact the **courtroom deputy clerk** with **appropriate** inquiries.  The preferred method of communication with the courtroom deputy clerk is email.  To facilitate communication with the courtroom deputy clerk, counsel should list their email addresses along with their telephone numbers on all papers.

**15.   Parties Appearing *in Propria Persona***

*Pro per* litigants are required to comply with all local rules, including Local Rule 16.  In this Order, the term "counsel" includes parties appearing *in propria persona*.  Only individuals may represent themselves.

**16.   "Notice of Unavailability"**

While the Court expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable, a "Notice of Unavailability" has no force or effect in this Court and should not be filed.  The filing of such a document may result in sanctions.

**17.   Consent to Magistrate Judge**

The parties may consent to have a United States Magistrate Judge preside over the entire case, including trial.  The parties are free to select from among all magistrate judges available for this purpose, not just the magistrate judge assigned to this case.  Please consult the court's website for the list of available magistrate judges.

**CAVEAT:  If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if counsel fail to appear at the scheduling conference, the pretrial conference, or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court: (1) the cause will be dismissed for failure to prosecute, if the failure occurs on the part of the plaintiff, (2) the answer will be stricken and default (and thereafter default judgment) will be entered if such failure occurs on the part of the defendant, or (3) the Court may take such other action as it deems appropriate.**

IT IS SO ORDERED.


Date: _____          _____

Dale S. Fischer
United States District Judge

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                           CENTRAL DISTRICT OF CALIFORNIA
7

8    JEFFREY B. SEDLIK                          CASE NO:
                                                2:21−cv−01102−DSF−MRW
         Plaintiffs,
9
                                                **ORDER RE JURY TRIAL**
     v.
10
     KATHERINE VON DRACHENBERG , et al.          **I.     DEADLINES**
11

12                                               A.    Motion to Amend Pleadings or Add
                                                       Parties Cut-off:
           Defendants.                                 12/13/2021
13
                                                 B.    Discovery Cut−Off:
14                                                     2/1/2022

15                                               C.    Expert Witness Exchange Deadline:
                                                       Initial: 1/25/2022;
                                                       Rebuttal: 2/8/2022;
16                                                     Cut−off: 3/1/2022

17                                               D.    Motion Hearing Cut−off:
                                                       4/18/2022
18
                                                 E.    ADR Cut−off:
19                                                     5/3/2022

20                                               F.    Trial Documents (Set One):
                                                       6/7/2022
21
                                                 G.    Trial Documents (Set Two):
22                                                     6/14/2022

23                                               H.    Final Pre-Trial Conference:
                                                       6/27/2022 at  03:00 PM
24
                                                 I.    Trial Date:
25                                                     7/26/2022 at  08:30 AM

26                                               **II.    TRIAL PREPARATION**

27                                               **III.   CONDUCT OF ATTORNEYS
                                                          AND PARTIES**
28

## DEADLINES

A.    PARTIES/PLEADINGS

The Court has established a cut−off date for adding parties or amending

pleadings. All motions to add parties or to amend the pleadings must be noticed

to be <u>heard</u> on or before the cut−off date. All unserved parties will be dismissed at

the time of the pretrial conference pursuant to Local Rule 16−8.1.

B.    DISCOVERY AND DISCOVERY CUT−OFF

1. <u>Discovery Cut−off</u>:  The Court has established a cut−off date for

discovery and expert discovery if applicable. This is not the date by which

discovery request must be served; it is the date by which all discovery, <u>including</u>

<u>all hearing on any related motions,</u> is to be completed. The parties should review

carefully any motion requirements of the assigned magistrate judge to ensure that

motions are made timely.

2. <u>Discovery Disputes</u>:  Counsel are expected to comply with all Local

Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever

possible, the Court expects counsel to resolve discovery problems among

themselves in a courteous, reasonable, and professional manner. The Court

expects that counsel will adhere strictly to the Civility and Professionalism

Guidelines, which can be found on the Court's website under "Attorney

Information>Attorney Admissions."

3. <u>Discovery Motions</u>:  Any motion challenging the adequacy of discovery

responses must be filed, served, and calendared sufficiently in advance of the

discovery cut-off date to permit the responses to be obtained before that date if the

motion is granted

4. <u>Depositions</u>:  All depositions must commence sufficiently in advance of

the discovery cut-off date to permit their completion and to permit the deposing

party enough time to bring any discovery motions concerning the deposition

before the cut-off date.

5. <u>Written Discovery</u>:  All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. <u>Expert Discovery</u>:  All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C.    <u>MOTIONS</u>

The Court has established a cut-off date for the <u>hearing</u> of motions. All motions must be noticed so that the <u>hearing</u> takes place on or before the motion cut-off date. Counsel must provide Chambers with conformed paper chambers copies of all documents. Chambers copies should not be put in envelopes. Counsel should consult the Court's Standing Order, previously provided, to determine the Court's requirements concerning motions. A copy of the Standing Order is also available on the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules>Hon. Dale S. Fischer.

D.    <u>PRETRIAL CONFERENCE</u>

1.    A pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8. Each party appearing in this action must be represented at the pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party, unless excused for good cause. Counsel should not claim to be co-lead trial counsel for the purpose of avoiding this requirement. If counsel purport to be co-lead trial counsel, **both** must attend the pretrial conference. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or

summaries, time limits, stipulations to admissions of exhibits and undisputed facts.

2.     STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS. THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES FROM THE REQUIREMENTS OF RULE 16. Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit lists, and a proposed pretrial conference order must be submitted in accordance with the Rules and this Order, and the format of the proposed pretrial conference order must conform to the format set forth in Appendix A to the Local Rules. Failure of documents to comply with these requirements may result in the pretrial conference being taken off-calendar or continued, or in other sanctions.

3.  The memoranda of contentions of fact and law, witness lists, and the joint exhibit list must be filed not later than the dates set by the Court.

4.  In addition to the requirements of Local Rule 16, the witness lists must include a brief (one or two paragraph) description of the testimony, and a time estimate for both direct and cross-examination (separately stated). If two or more witnesses will testify on the same topics, counsel must explain why more than one witness is necessary. A separate version of the witness list containing only the names of the witnesses and a separate column to insert the dates on which the witness testified, and the joint exhibit list, must be submitted to the Chambers email box in Word format. Mandatory paper chambers copies must also be submitted.

5.  Other documents to be filed in preparation for, and issues to be addressed at, the pretrial conference are discussed below.

E.     ALTERNATIVE DISPUTE RESOLUTION (ADR)

PROCEDURES/NOTICE OF SETTLEMENT

1.  Counsel must complete an ADR proceeding no later than the date set by the Court.

2.  No case will proceed to trial unless all parties, including an officer of all corporate parties (with _full_ authority to settle the case), have appeared personally at an ADR proceeding.

3.  If settlement is reached, it must be reported immediately to the courtroom deputy clerk (CRD) as required by Local Rule 16-15.7 regardless of the day or time settlement is reached. In addition, counsel must immediately send a notification of the settlement to the Chambers email box

4.  In all cases set for jury trial, the parties must notify the Court no later than the Wednesday preceding the Tuesday trial date of any settlement so that the necessary arrangements can be made to schedule a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed on that date.

5.  Failure to comply with these notification requirements will cause counsel/parties to be charged for the costs related to proceeding jurors and may result in the imposition of sanctions on counsel for one or more parties, their clients, or both.

# II

# ADDITIONAL TRIAL PREPARATION

A.    MOTIONS _IN LIMINE_

All motions _in limine_ must be filed by the date established by the Court. Each side is limited to five motions _in limine_ unless the Court orders otherwise for good cause shown. Counsel are to meet and confer to determine whether opposing counsel intends to introduce the disputed evidence, etc. and to attempt to reach an agreement that would obviate the motion. Opposition must be filed by the date established by the Court. The Court generally will rule on motions _in limine_ at the pretrial conference. Motions in _limine_ should address specific issues (i.e., _not_ "to exclude all hearsay," etc.). Motions _in limine_ should not be disguised motions for summary adjudication of issues.

## B.   JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION

1.  At least fourteen days before the meeting of counsel required by Local Rule 16−2 (which must occur at least 40 days before the date set for the pretrial conference), plaintiff(s) counsel must serve on defense counsel proposed jury instructions and proposed verdict/special verdict forms. Within 7 days, defense counsel must serve objections, if any, to those instructions and verdict forms, as well as any proposed alternative or additonal instructions and verdict forms. Before or at the Rule 16-2 meeting, counsel must attempt to come to agreement on the proposed jury instructions and verdict forms.

2.   When the Manual of Model Jury Instructions for the Ninth Circuit provide an applicable jury instructions, the parties should submit the most recent versions, modified and supplemented to fit the circumstances of this case. Where language appears in brackets, the appropriate language should be selected. All blanks should be completed. Where California law applies, counsel should use the current edition of California Jury Instructions - - Civil (BAJI or CACI). If neither is applicable, counsel should consult the instructions manuals from other circuits or states, as applicable. When submitting other than Ninth Circuit or California instructions, counsel should be sure that the law on which the instructioins is based is the same as Ninth Circuit law (or California or other state law, if applicable) on the subject. Counsel may submit alternatives to the Ninth Circuit model jury instructions, or BAJI or CACI, only if counsel has a reasoned argument that those instructions do not properly state the law or they are incomplete.

3.  The Court has its own introductory instructions (instructions read before opening statements). Counsel should provide only instructions to be read after the evidence has been submitted or that may be appropropriate during trial.

4.  Each requested instruction must (a) cite the authority or source of the

instructions, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principals of law contained in any other requested instructions.

5. By the date set by the Court, counsel must file with the Court and submit (electronically to the Chambers email box and in paper form) a JOINT set of jury instructions on which there is agreement. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions, unless that party wishes to waive jury trial.

6. At the same time, each party must file with the Court and submit (electronically to the Chambers email box in paper form) its proposed jury instructions that are objected to by any other party. Each disputed instruction must have attached a short (one or two paragraph) statement, including points and authorities in support of the instructionsas well as brief statement, including points and authorities, in support of any objections. A proposed alternative instruction must be provided, if applicable. If the Court believes there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court will determine that the matter is not yet ready to be tried, and will order counsel to continue to meet and confer until most of the disputes are resolved.

7. Counsel must provide the documents described in paragraphs 5 and 6 to the Chambers email box in Word format at the time they file their proposed jury instructions.

8. The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations. Therefore, in addition to the copies described above, the Chambers email versions must contain a "clean" set of jury instructions, containing only the text of the instructions (one per page) with the

caption "Instruction No. [Leave blank] at the top (eliminating table of contents, titles, supporting authority, etc.). This document must have page numbers.

9. Counsel must provide an index of all instructions submitted, which must include the following:

a. The number of the instruction.

b. The title of the instruction;

c. the source of the instruction and any relevant case citations;

d. The page number of the instruction.

For example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Duty of the Jury | 9th Cir. 1.4 | 1 |

10. **FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.**

11. During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

12. At the time of lodging the proposed pretrial conference order, counsel should file a jointly prepared one or two page statment of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

13. The Court will conduct the voir dire. The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors.) Counsel may, but are not required to, file and submit (electronically to the Chambers email box and in paper form in Word format) a list of proposed case-specific voir dire questions at the time they lodge the proposed pretrial conference order

14.  In most cases the Court will conduct its initial voir dire of 16 prospective jurors who will be seated in the jury box. Generally the Court will select eight jurors.

15.  Each side will have three peremptory challenges. Once all challenges for cause and peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury. If fewer than eight jurors remain, the Court may decide to proceed with six or seven jurors.

C.  <u>GLOSSARY, TRIAL EXHIBITS WITNESS LISTS, ETC.</u>

1.  All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhbits that may be received into evidence at the start of the trial.

2.  At least one week before trial, counsel must send to the Chambers email box in Word format:

a.  A case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology;

b.  The party's witness list, with a column to add the date on which the witness testified;

c.  The joint exhibit list in the form specified in Local Rule 16-6. An annotated exhibit list identifying the exhibits to be received into evidence at the start of the trial must also be provided.

3.  On the first morning of trial, counsel must submit to the CRD:

a.  All original exhibits (except those to be used for impeachment only), with official exhibit tags attached and bearing the same number shown on the exhibit list. Exhibit tags may be obtained from the receptionist in the Public

Intake Section, located on the 1st floor of the Edward R. Roybal Federal Building at 255 East Temple St., Room 180. Digital exhibit tags are also available on the Court's website under Court forms>General forms>Form G-14A (plaintiff) and G-14B (defendant). Exhibit must be numbered 1, 2, 3, etc., <u>NOT</u> 1.1, 1.2, etc. and in accordance with Local Rule 16-6. The defense exhibit numbers must not duplicate plaintiff's numbers. If a "blow-up" is an enlargement of an existing exhibit, it must be designated with the number of the original exhibit followed by an "A.";

b. Two sets of the exhibits that can be reproduced (one for the Court and one for witnesses) placed in three-ring binders with divider tabs containing the exhibit numbers. The face and spine of the binders must be marked with the case name and number, the volume number, and the number range of the exhibits in the binder. Each binder must contain an index of the exhibits included in the volume.

4. A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Counsel must review and approve the exhibit list with the CRD before the list is given to the jury.

5. Where a significant number of exhibits will be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be intelligible to the jury while it is being presented. Counsel should consider such devices as jury notebooks for admitted exhibits, or enlargements of important exhibits. The Court has an Elmo and other equipment available for use during trial. Information concerning training on the use of electronic equipment is available. Details are posted on the Court's website. To make reservations for training, call 213-894-3061 The Court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

6. Counsel must not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made.

D. <u>TRIAL</u>

1. On the day of jury selection, trial will begin at 9:00 a.m. Counsel must be prepared to go on the record at 8:30 a.m. Thereafter, trial days are generally Tuesday through Friday, 8:00 a.m. to 2:00 p.m., with three fifteen-minute breaks. When necessary, trials may continue beyond the normal schedule. If counsel contemplate that this schedule will be problematic due to the availability of witnesses, counsel should provide details to the Court at the pretrial conference.

2. On the day of jury selection, the Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters. Jury selection will begin promptly at 9:00 a.m. or as soon as jurors are available. Thereafter, legal and adminstrative matters must be addressed between 7:45 a.m. and 8:00 a.m. All counsel are urged to anticipate matters that may need to be addressed outside of the presence of the jury and to raise them during this period or at the end of the day. The Court does not make jurors wait while counsel discuss matters that should have been addressed previously. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues as early as possible. Short briefs addressing such disputed issues are welcome.

3. Before trial begins, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the court of any concerns or accommodations that are requested for parties or witnesses. During trial, if there are any matters to be discussed outside the presence of the jury, counsel must advise the CRD of the request. The Court discourages sidebars during trial.

4. All orders for transcripts must be ordered through the court reporters, Pat Cuneo, who can be contacted through www.patcuneo.com

### III

### CONDUCT OF ATTORNEYS AND PARTIES

A. OPENING STATEMENTS, EXAMINIG WITNESSES, AND SUMMATION

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. The Court will establish reasonable time estimates for opening and closing, arguments, examination of witnesses, etc.

B. OBJECTIONS TO QUESTIONS

1. Counsel must not use objectins for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

C. GENERAL DECORUM

1. Counsel should not approach the CRD or the witness box without specific permission. If permission is given, counsel should return to the lecturn when the purpose has been accomplished. Counsel should not question a witness at the witness stand.

2. Counsel and parties should rise when adddressing the Court, and when the Court or the jury enters or leaves the courtroom.

3. Counsel should address all remarks to the Court. Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel

while on the record. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any request for the re-reading of questions or answers must be addressed to the Court. Such requests should be limited and are not likely to be granted.

4. Counsel should not address or refer to witnesses or parties by first name alone. Young witnesses (under 14) may, however, be addressed and referred to by first name.

5. Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses unless permission has been granted in advance.

7. Counsel should not be facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness, statements or arguments by opposing counsel, or rulings by the Court. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyers, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D. PROMPTNESS OF COUNSEL AND WITNESSES

1. The Court makes every effort to begin proceedins at the time set. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, the trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances. The Court will

advise other courts that counsel are engaged in trial in this Court on request.

2.  If a witness was on the stand at a recess or adjournment, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3.  Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.  No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

5.  The Court attempts to cooperate with professional witnesses and will, except in extradinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

E.  <u>EXHIBITS</u>

1.  Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2.  Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.  An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in court.

4.  Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

5.  When referring to an exhibit, counsel should refer to its exhibit number

whenever possible. Witnesses should be asked to do the same.

6. Counsel must not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

F. <u>DEPOSITIONS</u>

1. All depositions to be used at trial, either as evidence or potentially for impeachment, must be lodged with the CRD on the first day of trial or such earlier date as the Court may order. Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2. In using depositions of an adverse party for impeachment, either one of the following procedures may be used:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel must first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Counsel may either ask the witness further questions on the matter and then read the quotations, or read the quotations and then ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining layer asks the questions, or (b) have counsel read both the questions and answers.

G. <u>USING NUMEROUS ANSWERS AND INTERROGATORIES AND</u>

REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admission extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel.

H. <u>ADVANCE NOTICE OF DIFFICULT OR UNUSUAL ISSUES</u>

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. THE COURT WILL NOT KEEP JURORS WAITING.

**N.B. "COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *IN PROPRIA PERSONA*.**

**IT IS SO ORDERED.**

DATED: May 19, 2021                    _/s/ Dale S. Fischer_
                                       Dale S. Fischer
                                       United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ) | CASE NO. CV        DSF( x) |
| ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff(s),   ) | |
| ) | **EXHIBIT LIST** |
| vs.              ) | |
| ) | |
| ) | |
| ) | *SAMPLE FORMAT* |
| ) | |
| Defendant(s).   ) | |
| ) | |

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---------|-------------|------------|----------|
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |

Case 2:21-cv-01102-DSF-MRW   Document 19   Filed 05/19/21   Page 18 of 18   Page ID #:138

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____

TRIAL DATE: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X–EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| TOTAL ESTIMATES THIS PAGE: | | | | | |

Instructions:

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one–half hours would be 1.5. An estimate of three–quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter;" (5) Entries may be in handwriting if very neat and legible.

18

revised as of 06–5–20

**TAB 10(b)**

**INDEX OF COSTS FOR FEES FOR COPIES OF DOCUMENTS ADMITTED INTO EVIDENCE (L.R. 54-3.10(b))**

| Tab No. | Amount Claimed | Supporting Documents |
|---------|----------------|----------------------|
| Tab 10X | $35.57 | 11/15/23 - invoice for printing of Trial Exhibits |
| Tab 10Y | $1,166.79 | 11/17/23 - invoice for printing of Trial Exhibits |
| Tab 10Z | n/a | 05/19/21 – Order Re Jury Trial requiring chambers copies and copies of certain documents (Dkt. 19) (see pp. 2-4, 7, 9-10, 15) |

Total Tab 10(b). . . . . .$1,202.36



**Please remit to:**
iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/20/2023 | 95677 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?*  *please call:*  **(310) 556-7777**, *or email* **ap@idiscoverglobal.com**

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| KVD vs Sedlik | KVD vs Sedlik | CC61797 | Net 30 | Col | 11/15/2023 | Allen Grodsky |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Job Description: Send via PDF | | |
| | | | |
| 14 | Printing (Blowbacks) with assembly | 0.12 | 1.68T |
| 12 | Tabs | 0.35 | 4.20T |
| 28 | Printing (Blowbacks) – Color | 0.95 | 26.60T |
| | CA Sales Tax | 9.50% | 3.09 |

**Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 3% per month.

| | |
|---|---|
| **Sub Total** | $35.57 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $35.57 |

### *Thank you for choosing iDiscover!*

*Did you know iDiscover also provides forensic data and eDiscovery services?*
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*  **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.
Tel: (310) 556-7777 | Fax: (310) 556-8686 | www.idiscoverglobal.com



**Please remit to:**

iDiscover, LLC
8909 West Olympic Blvd.
Suite 100
Beverly Hills, CA 90211

Tax ID: 90-0727968

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/20/2023 | 95676 |

**Electronic Discovery & Litigation Support Services**

| Bill To: | Ship To: |
|----------|----------|
| Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 | Grodsky, Olecki & Puritsky LLP<br>11111 Santa Monica Blvd., Suite #1070<br>Los Angeles, CA  90025 |

*Questions?  please call:* **(310) 556-7777**, *or email* **ap@idiscoverglobal.com**

| Case Name | Client Matter # | Job # | Terms | Rep | Order Date | Client Contact |
|-----------|-----------------|-------|-------|-----|------------|----------------|
| KVD vs Sedlik | KVD vs Sedlik | CC61806 | Net 30 | Col | 11/17/2023 | Stacey Ferguson |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | Job Description :Sent via download link and email | | |
| | | | |
| 1,170 | Printing (Blowbacks) with assembly | 0.12 | 140.40T |
| 584 | Tabs | 0.35 | 204.40T |
| 704 | Printing (Blowbacks) – Color | 0.95 | 668.80T |
| 4 | Binders – 2" | 12.99 | 51.96T |
| | CA Sales Tax | 9.50% | 101.23 |

| | | |
|--|--|--|
| **Payment Terms:** Client agrees to pay all amounts due within the terms indicated on the invoice. Late payments accrue interest at 3% per month. | **Sub Total** | $1,166.79 |
| | **Payments/Credits** | $0.00 |
| | **Balance Due** | $1,166.79 |

## *Thank you for choosing iDiscover!*

*Did you know iDiscover also provides forensic data and eDiscovery services?*
*Since 2007, iDiscover has provided mission-critical eDiscovery support for all types of complex cases. For a complete list of all iDiscover products and services, go to:*  **www.idiscoverglobal.com**

© 2020 iDiscover, LLC. All rights reserved.

1
2
3
4
5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

6
7

JEFFREY B. SEDLIK

Plaintiffs,

v.

KATHERINE VON DRACHENBERG , et al.

Defendants.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO:
2:21−cv−01102−DSF−MRW

**ORDER RE JURY TRIAL**

## I.  DEADLINES

A.   Motion to Amend Pleadings or Add
     Parties Cut-off:
      12/13/2021

B.   Discovery Cut−Off:
     2/1/2022

C.   Expert Witness Exchange Deadline:
     Initial: 1/25/2022;
     Rebuttal: 2/8/2022;
     Cut−off: 3/1/2022

D.   Motion Hearing Cut−off:
     4/18/2022

E.   ADR Cut−off:
     5/3/2022

F.   Trial Documents (Set One):
     6/7/2022

G.   Trial Documents (Set Two):
     6/14/2022

H.   Final Pre-Trial Conference:
     6/27/2022 at  03:00 PM

I.   Trial Date:
     7/26/2022 at  08:30 AM

## II.   TRIAL PREPARATION

## III.   CONDUCT OF ATTORNEYS
       AND PARTIES

# DEADLINES

### A.   PARTIES/PLEADINGS

The Court has established a cut−off date for adding parties or amending pleadings. All motions to add parties or to amend the pleadings must be noticed to be <u>heard</u> on or before the cut−off date. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16−8.1.

### B.   DISCOVERY AND DISCOVERY CUT−OFF

1. <u>Discovery Cut−off</u>:  The Court has established a cut−off date for discovery and expert discovery if applicable. This is not the date by which discovery request must be served; it is the date by which all discovery, <u>including all hearing on any related motions,</u> is to be completed. The parties should review carefully any motion requirements of the assigned magistrate judge to ensure that motions are made timely.

2. <u>Discovery Disputes</u>:  Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines, which can be found on the Court's website under "Attorney Information>Attorney Admissions."

3. <u>Discovery Motions</u>:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted

4. <u>Depositions</u>:  All depositions must commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition

before the cut-off date.

5. <u>Written Discovery</u>: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. <u>Expert Discovery</u>: All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C.    <u>MOTIONS</u>

The Court has established a cut-off date for the <u>hearing</u> of motions. All motions must be noticed so that the <u>hearing</u> takes place on or before the motion cut-off date. Counsel must provide Chambers with conformed paper chambers copies of all documents. Chambers copies should not be put in envelopes. Counsel should consult the Court's Standing Order, previously provided, to determine the Court's requirements concerning motions. A copy of the Standing Order is also available on the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules>Hon. Dale S. Fischer.

D.    <u>PRETRIAL CONFERENCE</u>

1.    A pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8. Each party appearing in this action must be represented at the pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party, unless excused for good cause. Counsel should not claim to be co-lead trial counsel for the purpose of avoiding this requirement. If counsel purport to be co-lead trial counsel, **both** must attend the pretrial conference. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or

summaries, time limits, stipulations to admissions of exhibits and undisputed facts.

2.  STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS. THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES FROM THE REQUIREMENTS OF RULE 16. Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit lists, and a proposed pretrial conference order must be submitted in accordance with the Rules and this Order, and the format of the proposed pretrial conference order must conform to the format set forth in Appendix A to the Local Rules. Failure of documents to comply with these requirements may result in the pretrial conference being taken off-calendar or continued, or in other sanctions.

3.  The memoranda of contentions of fact and law, witness lists, and the joint exhibit list must be filed not later than the dates set by the Court.

4.  In addition to the requirements of Local Rule 16, the witness lists must include a brief (one or two paragraph) description of the testimony, and a time estimate for both direct and cross-examination (separately stated). If two or more witnesses will testify on the same topics, counsel must explain why more than one witness is necessary. A separate version of the witness list containing only the names of the witnesses and a separate column to insert the dates on which the witness testified, and the joint exhibit list, must be submitted to the Chambers email box in Word format. Mandatory paper chambers copies must also be submitted.

5.  Other documents to be filed in preparation for, and issues to be addressed at, the pretrial conference are discussed below.

E.  ALTERNATIVE DISPUTE RESOLUTION (ADR)

    PROCEDURES/NOTICE OF SETTLEMENT

1.  Counsel must complete an ADR proceeding no later than the date set by the Court.

2.  No case will proceed to trial unless all parties, including an officer of all corporate parties (with <u>full</u> authority to settle the case), have appeared personally at an ADR proceeding.

3.  If settlement is reached, it must be reported immediately to the courtroom deputy clerk (CRD) as required by Local Rule 16-15.7 regardless of the day or time settlement is reached. In addition, counsel must immediately send a notification of the settlement to the Chambers email box

4.  In all cases set for jury trial, the parties must notify the Court no later than the Wednesday preceding the Tuesday trial date of any settlement so that the necessary arrangements can be made to schedule a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed on that date.

5.  Failure to comply with these notification requirements will cause counsel/parties to be charged for the costs related to proceeding jurors and may result in the imposition of sanctions on counsel for one or more parties, their clients, or both.

## II

## ADDITIONAL TRIAL PREPARATION

A.  <u>MOTIONS *IN LIMINE*</u>

All motions *in limine* must be filed by the date established by the Court. Each side is limited to five motions *in limine* unless the Court orders otherwise for good cause shown. Counsel are to meet and confer to determine whether opposing counsel intends to introduce the disputed evidence, etc. and to attempt to reach an agreement that would obviate the motion. Opposition must be filed by the date established by the Court. The Court generally will rule on motions *in limine* at the pretrial conference. Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

B.   JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION

1.  At least fourteen days before the meeting of counsel required by Local Rule 16−2 (which must occur at least 40 days before the date set for the pretrial conference), plaintiff(s) counsel must serve on defense counsel proposed jury instructions and proposed verdict/special verdict forms. Within 7 days, defense counsel must serve objections, if any, to those instructions and verdict forms, as well as any proposed alternative or additonal instructions and verdict forms. Before or at the Rule 16-2 meeting, counsel must attempt to come to agreement on the proposed jury instructions and verdict forms.

2.     When the Manual of Model Jury Instructions for the Ninth Circuit provide an applicable jury instructions, the parties should submit the most recent versions, modified and supplemented to fit the circumstances of this case. Where language appears in brackets, the appropriate language should be selected. All blanks should be completed. Where California law applies, counsel should use the current edition of California Jury Instructions - - Civil (BAJI or CACI). If neither is applicable, counsel should consult the instructions manuals from other circuits or states, as applicable. When submitting other than Ninth Circuit or California instructions, counsel should be sure that the law on which the instructioins is based is the same as Ninth Circuit law (or California or other state law, if applicable) on the subject. Counsel may submit alternatives to the Ninth Circuit model jury instructions, or BAJI or CACI, only if counsel has a reasoned argument that those instructions do not properly state the law or they are incomplete.

3.  The Court has its own introductory instructions (instructions read before opening statements). Counsel should provide only instructions to be read after the evidence has been submitted or that may be appropropriate during trial.

4.  Each requested instruction must (a) cite the authority or source of the

instructions, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principals of law contained in any other requested instructions.

5. By the date set by the Court, counsel must file with the Court and submit (electronically to the Chambers email box and in paper form) a JOINT set of jury instructions on which there is agreement. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions, unless that party wishes to waive jury trial.

6. At the same time, each party must file with the Court and submit (electronically to the Chambers email box in paper form) its proposed jury instructions that are objected to by any other party. Each disputed instruction must have attached a short (one or two paragraph) statement, including points and authorities in support of the instructionsas well as brief statement, including points and authorities, in support of any objections. A proposed alternative instruction must be provided, if applicable. If the Court believes there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court will determine that the matter is not yet ready to be tried, and will order counsel to continue to meet and confer until most of the disputes are resolved.

7. Counsel must provide the documents described in paragraphs 5 and 6 to the Chambers email box in Word format at the time they file their proposed jury instructions.

8. The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations. Therefore, in addition to the copies described above, the Chambers email versions must contain a "clean" set of jury instructions, containing only the text of the instructions (one per page) with the

caption "Instruction No. [Leave blank] at the top (eliminating table of contents, titles, supporting authority, etc.). This document must have page numbers.

9.  Counsel must provide an index of all instructions submitted, which must include the following:

      a. The number of the instruction.

      b. The title of the instruction;

      c. the source of the instruction and any relevant case citations;

      d. The page number of the instruction.

For example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Duty of the Jury | 9th Cir. 1.4 | 1 |

10.  **FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.**

11.  During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

12.  At the time of lodging the proposed pretrial conference order, counsel should file a jointly prepared one or two page statment of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

13.  The Court will conduct the voir dire. The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors.) Counsel may, but are not required to, file and submit (electronically to the Chambers email box and in paper form in Word format) a list of proposed case-specific voir dire questions at the time they lodge the proposed pretrial conference order

14.  In most cases the Court will conduct its initial voir dire of 16 prospective jurors who will be seated in the jury box. Generally the Court will select eight jurors.

15.  Each side will have three peremptory challenges. Once all challenges for cause and peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury. If fewer than eight jurors remain, the Court may decide to proceed with six or seven jurors.

C.  GLOSSARY, TRIAL EXHIBITS WITNESS LISTS, ETC.

1.  All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhbits that may be received into evidence at the start of the trial.

2.  At least one week before trial, counsel must send to the Chambers email box in Word format:

a.  A case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology;

b.  The party's witness list, with a column to add the date on which the witness testified;

c.  The joint exhibit list in the form specified in Local Rule 16-6. An annotated exhibit list identifying the exhibits to be received into evidence at the start of the trial must also be provided.

3.  On the first morning of trial, counsel must submit to the CRD:

a.  All original exhibits (except those to be used for impeachment only), with official exhibit tags attached and bearing the same number shown on the exhibit list. Exhibit tags may be obtained from the receptionist in the Public

Intake Section, located on the 1st floor of the Edward R. Roybal Federal Building at 255 East Temple St., Room 180. Digital exhibit tags are also available on the Court's website under Court forms>General forms>Form G-14A (plaintiff) and G-14B (defendant). Exhibit must be numbered 1, 2, 3, etc., <u>NOT</u> 1.1, 1.2, etc. and in accordance with Local Rule 16-6. The defense exhibit numbers must not duplicate plaintiff's numbers. If a "blow-up" is an enlargement of an existing exhibit, it must be designated with the number of the original exhibit followed by an "A.";

       b.  Two sets of the exhibits that can be reproduced (one for the Court and one for witnesses) placed in three-ring binders with divider tabs containing the exhibit numbers. The face and spine of the binders must be marked with the case name and number, the volume number, and the number range of the exhibits in the binder. Each binder must contain an index of the exhibits included in the volume.

    4.  A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Counsel must review and approve the exhibit list with the CRD before the list is given to the jury.

    5.  Where a significant number of exhibits will be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be intelligible to the jury while it is being presented. Counsel should consider such devices as jury notebooks for admitted exhibits, or enlargements of important exhibits. The Court has an Elmo and other equipment available for use during trial. Information concerning training on the use of electronic equipment is available. Details are posted on the Court's website. To make reservations for training, call 213-894-3061 The Court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

6. Counsel must not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made.

D. <u>TRIAL</u>

1. On the day of jury selection, trial will begin at 9:00 a.m. Counsel must be prepared to go on the record at 8:30 a.m. Thereafter, trial days are generally Tuesday through Friday, 8:00 a.m. to 2:00 p.m., with three fifteen-minute breaks. When necessary, trials may continue beyond the normal schedule. If counsel contemplate that this schedule will be problematic due to the availability of witnesses, counsel should provide details to the Court at the pretrial conference.

2. On the day of jury selection, the Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters. Jury selection will begin promptly at 9:00 a.m. or as soon as jurors are available. Thereafter, legal and adminstrative matters must be addressed between 7:45 a.m. and 8:00 a.m. All counsel are urged to anticipate matters that may need to be addressed outside of the presence of the jury and to raise them during this period or at the end of the day. The Court does not make jurors wait while counsel discuss matters that should have been addressed previously. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues as early as possible. Short briefs addressing such disputed issues are welcome.

3. Before trial begins, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the court of any concerns or accommodations that are requested for parties or witnesses. During trial, if there are any matters to be discussed outside the presence of the jury, counsel must advise the CRD of the request. The Court discourages sidebars during trial.

4. All orders for transcripts must be ordered through the court reporters, Pat Cuneo, who can be contacted through www.patcuneo.com

## III

## CONDUCT OF ATTORNEYS AND PARTIES

### A. OPENING STATEMENTS, EXAMINIG WITNESSES, AND SUMMATION

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. The Court will establish reasonable time estimates for opening and closing, arguments, examination of witnesses, etc.

### B. OBJECTIONS TO QUESTIONS

1. Counsel must not use objectins for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

### C. GENERAL DECORUM

1. Counsel should not approach the CRD or the witness box without specific permission. If permission is given, counsel should return to the lecturn when the purpose has been accomplished. Counsel should not question a witness at the witness stand.

2. Counsel and parties should rise when adddressing the Court, and when the Court or the jury enters or leaves the courtroom.

3. Counsel should address all remarks to the Court. Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel

while on the record. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any requset for the re-reading of questions or answers must be addressed to the Court. Such requests should be limited and are not likely to be granted.

4.  Counsel should not address or refer to witnesses or parties by first name alone. Young witnesses (under 14) may, however, be addressed and referred to by first name.

5.  Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6.  While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses unless permission has been granted in advance.

7.  Counsel should not be facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness, statements or arguments by opposing counsel, or rulings by the Court. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8.  Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.  Where a party has more than one lawyers, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D.  PROMPTNESS OF COUNSEL AND WITNESSES

1.  The Court makes every effort to begin proceedins at the time set. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, the trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances. The Court will

advise other courts that counsel are engaged in trial in this Court on request.

2. If a witness was on the stand at a recess or adjournment, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4. No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

5. The Court attempts to cooperate with professional witnesses and will, except in extradinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

E. <u>EXHIBITS</u>

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in court.

4. Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

5. When referring to an exhibit, counsel should refer to its exhibit number

whenever possible. Witnesses should be asked to do the same.

6. Counsel must not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

F. DEPOSITIONS

1. All depositions to be used at trial, either as evidence or potentially for impeachment, must be lodged with the CRD on the first day of trial or such earlier date as the Court may order. Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2. In using depositions of an adverse party for impeachment, either one of the following procedures may be used:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel must first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Counsel may either ask the witness further questions on the matter and then read the quotations, or read the quotations and then ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining layer asks the questions, or (b) have counsel read both the questions and answers.

G. USING NUMEROUS ANSWERS AND INTERROGATORIES AND

REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admission extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel.

H.  ADVANCE NOTICE OF DIFFICULT OR UNUSUAL ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. THE COURT WILL NOT KEEP JURORS WAITING.

**N.B. "COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *IN PROPRIA PERSONA*.**

**IT IS SO ORDERED.**

DATED: May 19, 2021

 /s/ *Dale S. Fischer*
Dale S. Fischer
United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | ) CASE NO. CV         DSF( x) |
| vs. | **EXHIBIT LIST** |
| Defendant(s). | *SAMPLE FORMAT* |

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Case 2:21-cv-01102-DSF-MRW   Document 19   Filed 05/19/21   Page 18 of 18   Page ID #:138

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

CASE: _____

TRIAL DATE: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X–EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| | TOTAL ESTIMATES THIS PAGE: | | | | |

Instructions:

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one–half hours would be 1.5. An estimate of three–quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter;" (5) Entries may be in handwriting if very neat and legible.

revised as of 06–5–20

18

## **TAB 12**

## **INDEX OF COSTS FOR FEES FOR OTHER COSTS (L.R. 54-3.12)**

| Tab No. | Amount Claimed | Supporting Documents |
|---------|----------------|----------------------|
| Tab 12A | $1,200.00 | 12/08/22 invoice for Trial Graphics and Template Designs |
| Tab 12B | $5,400.00 | 11/22/23 invoice for Opening Trial Graphics |
| Tab 12C | $4,950.00 | 02/01/24 invoice for Closing Trial Graphics |
| Tab 12D | n/a | Motion to Tax Costs of Visual Aids (filed 2/13/24) |

Total . . . . . . $11,550.00



**JOHN MUIR WHITNEY**

3080 HOMEWOOD DRIVE
RENO, NV 89509

JOHN@THINKTWICELEGAL.COM
415.971.9088

December 8, 2022

**INVOICE**

No. 1280

**TO**

Allen Grodsky
2001 Wilshire Blvd UNIT 210
Santa Monica, CA 90403

Re: Kat Von D

**FOR**

| Date | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 11/21/22 | Process graphic and template design | 2.5 | $300/hour | $750.00 |
| 11/22/22 | Finish process graphic | 1.5 | | $450.00 |
| **TOTAL** | | | | $1,200.00 |

**TOTAL DUE:**       **$1,200.00**

**TERMS & CONDITIONS**
Please send payment to the address above. Payable upon receipt.

**THANK YOU FOR YOUR BUSINESS.**



**JOHN MUIR WHITNEY**

3080 HOMEWOOD DRIVE
RENO, NV 89509

JOHN@WHITNEY.STUDIO
415.971.9088

November 22, 2023

**INVOICE**

No. 1318

**TO**

Allen Grodsky
2001 Wilshire Blvd UNIT 210
Santa Monica, CA 90403

Re: Kat Von D

**FOR**

| Date | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 10/12/23 | Read briefs | 1.25 | $300/hour | $375.00 |
| 10/13/23 | Begin demonstrative plan | 1.5 | | $450.00 |
| 10/17/23 | Read brief, revise open plan per new brief | 2.75 | | $825.00 |
| 10/18/23 | Create initial draft of opening PPT | 2.25 | | $675.00 |
| 11/1/23 | Conf. call | .5 | | $150.00 |
| 11/8/23 | Revise opening PPT | 1.5 | | $450.00 |
| 11/9/23 | Revise PPT | 2.75 | | $825.00 |
| 11/10/23 | Conf. call | .25 | | $75.00 |
| 11/14/23 | Revise opening | 3.25 | | $975.00 |
| 11/15/23 | Revise opening | 2.0 | | $600.00 |
| **TOTAL** | | | | $5,400.00 |

**TOTAL DUE:**     **$5,400.00**

**TERMS & CONDITIONS**
Please send payment to the address above. Payable upon receipt.

**THANK YOU FOR YOUR BUSINESS.**



**JOHN MUIR WHITNEY**

3080 HOMEWOOD DRIVE
RENO, NV 89509

JOHN@WHITNEY.STUDIO
415.971.9088

February 1, 2024

**INVOICE**

No. 1329

**TO**

Allen Grodsky
2001 Wilshire Blvd UNIT 210
Santa Monica, CA 90403

Re: Kat Von D Closing

**FOR**

| Date | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 1/21/24 | Begin PPT for closing | 2.5 | $300/hour | $750.00 |
| 1/22/24 | Closing PPT creation | 2.5 | | $750.00 |
| 1/24/24 | Conf. call, PPT edits | 2.25 | | $675.00 |
| 1/25/24 | Clsong PPT creation/edits | 9.25 | | $2,775.00 |
| **TOTAL** | | | | $4,950.00 |

## TOTAL DUE:     $4,950.00

**TERMS & CONDITIONS**
Please send payment to the address above. Payable upon receipt.

**THANK YOU FOR YOUR BUSINESS.**

GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky (SBN 111064)
*allen@thegolawfirm.com*
Tim B. Henderson (SBN 281159)
*tim@thegolawfirm.com*
11111 Santa Monica Boulevard, Suite 1070
Los Angeles, California 90025
Telephone: (310) 315-3009
Facsimile: (310) 315-1557

Attorneys for Defendants
Katherine Von Drachenberg, Kat Von D, Inc.,
and High Voltage Tattoo, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br>　　　　Plaintiff,<br>　　vs.<br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D"), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br>　　　　Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br>Before the Hon. Dale S. Fischer,<br>U.S. District Judge<br><br>**DEFENDANTS KATHERINE VON DRACHENBERG AND HIGH VOLTAGE TATTOO, INC.'S NOTICE OF MOTION AND MOTION TO TAX COSTS FOR VISUAL AIDS PURSUANT TO 28 U.S.C. § 1920(4) AND LOCAL RULE 54-3.12(a)**<br><br>**Hearing**<br>Date: March 18, 2024<br>Time: 1:30 p.m.<br>Place: First Street Courthouse<br>　　　350 West 1st Street<br>　　　Courtroom 7D<br>　　　Los Angeles, CA |

PLEASE TAKE NOTICE THAT on March 18, 2024, at 1:30 p.m. or as soon as this Motion may be heard, at the above-identified courtroom of the Honorable Dale S. Fischer, Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. will and do hereby move the Court to grant Defendants' Motion to Tax Costs For Visual Aids Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54-3.12(a) ("Motion").

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Declaration of Allen B. Grodsky in support of this Motion, and attached exhibits.

This motion is made following conference of counsel pursuant to Local Rule 7-3, which took place on February 5, 2024.

Dated: February 13, 2024        Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP
  Allen B. Grodsky
  Tim B. Henderson

By:  ___/s/ Tim B. Henderson_____
              Tim B. Henderson

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.

1   GRODSKY, OLECKI & PURITSKY LLP
    Allen B. Grodsky (SBN 111064)
2   *allen@thegolawfirm.com*
    Tim B. Henderson (SBN 281159)
3   *tim@thegolawfirm.com*
4   11111 Santa Monica Boulevard, Suite 1070
    Los Angeles, California 90025
5   Telephone:  (310) 315-3009
    Facsimile:   (310) 315-1557
6

7   Attorneys for Defendants
    Katherine Von Drachenberg, Kat Von D, Inc.,
8   and High Voltage Tattoo, Inc.

9

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION

| | |
|---|---|
| 12  JEFFREY B. SEDLIK, an individual;<br>              Plaintiff,<br>13<br>            vs.<br>14  KATHERINE VON<br>    DRACHENBERG (a.k.a. "KAT<br>15  VON D"), an individual; KAT<br>    VON D., INC., a California<br>16  corporation; HIGH VOLTAGE<br>    TATTOO, INC., a California<br>17  corporation; and DOES 1 through 10,<br>    inclusive,<br>18<br>            Defendants.<br>19 | Case No. 2:21-cv-01102-DSF-MRWx<br><br>Before the Hon. Dale S. Fischer,<br>U.S. District Judge<br><br>**MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>DEFENDANTS KATHERINE VON<br>DRACHENBERG AND HIGH<br>VOLTAGE TATTOO, INC.'S<br>NOTICE OF MOTION AND<br>MOTION TO TAX COSTS FOR<br>VISUAL AIDS PURSUANT TO 28<br>U.S.C. 1920(4) AND LOCAL RULE<br>54-3.12(a)** |

20

21              **Hearing**
                Date:  March 18, 2024
22              Time: 1:30 p.m.
                Place: First Street Courthouse
23                      350 West 1st Street
24                      Courtroom 7D
                        Los Angeles, CA
25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. seek an order that costs incurred to prepare visual aids for trial are taxable per 28 U.S.C. § 1920(4) and Local Rule 54-3.12(a).

Defendants incurred $11,550 in costs for the preparation of PowerPoint presentations used in Defendants' opening statement and closing argument. Defendants secured a total victory at trial winning on every single question presented to the jury, and the visual aids were key to Defendants setting forth their winning positions.

The Court should grant the Motion and award $11,550 in costs for the preparation of visual aids.[1]

### II.  PERTINENT FACTS

This copyright infringement case concerned various visual depictions, including the photograph taken by Plaintiff, the tattoo inked by Von Drachenberg, a sketch made by Von Drachenberg, and social media posts about the tattoo and its creation.  Both sides offered significant testimony about the various images at issue and whether they constituted copyright infringement and whether the fair use defense applied.  Defendants presented their interpretation of those various images in the context of the copyright infringement and fair use analysis via PowerPoint presentations in opening statement and closing argument.  Declaration of Allen B. Grodsky ("Grodsky Decl.") ¶ 3.

Defendants hired John Whitney to assist in the creation of the PowerPoint presentations.  Whitney worked at the direction of Defendants' counsel.  All strategic decisions about what to say and how to say it in the presentations were made by counsel, and none of the fees incurred by counsel to provide strategic

---

[1]  Defendants are concurrently submitting form CV-59, which lists other taxable costs claimed by Defendants.

1  advice are included in this Motion. Counsel's directions to Whitney about what to

2  say and how to say it in the PowerPoint presentations were conveyed both in emails

3  and in conferences with counsel. Whitney did not provide any consulting or

4  strategy services. Grodsky Decl. ¶ 2.

5  　　The jury's verdict was entirely in Defendants' favor. (Dkt. 217.) Judgment

6  was entered for Defendants on January 30, 2024.  (Dkt. 223.)

7  　　The cost for Mr. Whitney's services was $11,550. Grodsky Decl. ¶ 4, Exs. 1-

8  3.

9  **III.**　**LEGAL STANDARD**

10 　　"[C]osts other than attorney's fees shall be allowed as of course to the

11 prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

12 Taxable costs include "[f]ees for exemplification and copies of papers necessarily

13 obtained for use in the case." 28 U.S.C. § 1920(4). The Central District Local

14 Rules also state that costs for "physical preparation and duplication of . . .

15 [s]ummaries . . . charts, diagrams, and other visual aids reasonably necessary to

16 assist the jury or the Court in understanding the issues at the trial" may be taxed as

17 "[u]pon order of the Court." L.R. 54-3.12(a); *Little Oil Co., Inc. v. Atlantic*

18 *Richfield Co.*, 852 F.2d 441, 448 (9th Cir. 1988) ("Costs for items such as

19 summaries, computations, charts, graphs, etc. are recoverable under 28 U.S.C. §

20 1920 and Local Rule [54-3.12] for the Central District of California.").

21 　　Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of

22 awarding costs to the prevailing party." *Russian River Watershed Protection*

23 *Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998). "[A] district

24 court need not give affirmative reasons for awarding costs; instead, it need only

25 find that the reasons for denying costs are not sufficiently persuasive to overcome

26 the presumption in favor of an award." *In re Online DVD-Rental Antitrust Litig.*,

27 779 F.3d 914, 932 (9th Cir. 2015) (quotation omitted).

28

## IV.  **ARGUMENT**

Defendants seek reimbursement for visual aids used at trial.  These costs are taxable because they were "visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial." C.D. Cal. L.R. 54–3.12(a).

As a preliminary matter, Defendants are entitled to recover costs because they are undeniably the prevailing parties having succeeded in every claim against them.  (Dkt. 223.)

The cost of preparing visual aids is taxable here because the presentations were reasonably necessary to aid the jury and the Court in understanding the issues at trial.  As the Court knows well, this trial revolved around various visual images of the Plaintiff's photograph, the tattoo inked by Von Drachenberg, a sketch by Von Drachenberg, and social media posts about the tattoo and its creation.  Both sides offered significant testimony about the various images at issue.  Presenting Defendants' interpretation of those various images in the context of substantial similarity and fair use analysis was at the forefront of Defendants' PowerPoint presentations in opening statement and closing argument.  Grodsky Decl. ¶ 3.

Furthermore, the copyright issues the jury was asked to decide were complicated, involving multiple steps with various factors and subfactors.  Defendants' PowerPoint presentations were highly useful in breaking down the substantial similarity and fair use analyses, and providing the jury with Defendants' view of how the various factors should be weighed.  These charts were critical to Defendants' case and summation for the jury.  Grodsky Decl. ¶ 3.

And finally, the amount of costs sought, $11,550, is reasonable and lower than other awards for visual aids.  *See Enovsys LLC v. AT&T Mobility LLC*, 2016 WL 7430618, at *10 (C.D. Cal. June 15, 2016) (awarding $76,622.50 for costs of production of visual aids); *Andresen v. Int'l Paper Co.*, 2015 WL 3648972, at *9 (C.D. Cal. June 10, 2015) (awarding $15,725 in taxable costs for visual aids, which was subsequently discounted due to prevailing party's settlement with one party).

For these reasons, the Court should find that the costs incurred to create the visual aids were reasonably necessary to assist the jury and the Court, and therefore are taxable.

**V.     CONCLUSION**

The Motion should be granted and Defendants' $11,550 in costs to prepare visual aids deemed taxable.

Dated:  February 13, 2024          Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP
  Allen B. Grodsky
  Tim B. Henderson

By:     /s/ Tim B. Henderson
              Tim B. Henderson

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.

1   GRODSKY, OLECKI & PURITSKY LLP
2   Allen B. Grodsky (SBN 111064)
    *allen@thegolawfirm.com*
3   Tim B. Henderson (SBN 281159)
    *tim@thegolawfirm.com*
4   11111 Santa Monica Boulevard, Suite 1070
    Los Angeles, California 90025
5   Telephone: (310) 315-3009
    Facsimile: (310) 315-1557
6

7   Attorneys for Defendants
    Katherine Von Drachenberg, Kat Von D, Inc.,
8   and High Voltage Tattoo, Inc.

9

10                  UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
11                        WESTERN DIVISION

12   JEFFREY B. SEDLIK, an individual;        Case No. 2:21-cv-01102-DSF-MRWx
13           Plaintiff,
             vs.                              Before the Hon. Dale S. Fischer,
14   KATHERINE VON                            U.S. District Judge
     DRACHENBERG (a.k.a. "KAT
15   VON D"), an individual; KAT              **DECLARATION OF ALLEN B.**
     VON D., INC., a California               **GRODSKY IN SUPPORT OF**
16   corporation; HIGH VOLTAGE                **DEFENDANTS KATHERINE VON**
     TATTOO, INC., a California               **DRACHENBERG AND HIGH**
17   corporation; and DOES 1 through 10,      **VOLTAGE TATTOO, INC.'S**
     inclusive,                               **MOTION TO TAX COSTS FOR**
18                                            **VISUAL AIDS PURSUANT TO 28**
             Defendants.                      **U.S.C. 1920(4) AND LOCAL RULE**
19                                            **54-3.12(a)**
20
                                              **<u>Hearing</u>**
21                                            Date: March 18, 2024
22                                            Time: 1:30 p.m.
                                              Place: First Street Courthouse
23                                                    350 West 1st Street
                                                      Courtroom 7D
24                                                    Los Angeles, CA
25
26
27
28

1           **DECLARATION OF ALLEN B. GRODSKY**

2        I, Allen B. Grodsky, state and declare as follows:

3        1.    I am a partner at Grodsky, Olecki & Puritsky LLP, and am counsel of

4  record for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High

5  Voltage Tattoo, Inc. (together, "Defendants") in this action.  I have personal

6  knowledge of the matters stated herein, except where stated based on information

7  and belief.  If called as a witness, I would and could testify competently thereto.

8        2.    In connection with both the opening statement and closing argument I

9  gave at trial, I used a PowerPoint presentation designed by John Whitney.   I have

10  hired Mr. Whitney to prepare PowerPoint presentations and demonstratives on

11  many occasions for other cases.  Mr. Whitney worked at my direction in preparing

12  the PowerPoint presentations for opening statement and closing argument for this

13  case.  As we have done in the past, in this case I initially sent Mr. Whitney a few

14  filings in the case with summaries of the facts so that he could gather the basic

15  background facts so that he understood the factual background of the case.  In my

16  experience, this makes the process by which Mr. Whitney designs PowerPoint

17  presentations more efficient and cost-effective.  All strategic decisions about what

18  to say in the presentations were made by me, and none of the fees incurred for my

19  services in providing strategic advice are included in this Motion; rather, Mr.

20  Whitney's services were *design* services for creating and designing the various

21  PowerPoint slides.  My directions to Mr. Whitney about what to say and how to say

22  it in the PowerPoint presentations were conveyed both in e-mails and in telephone

23  conferences with counsel.  Mr. Whitney did not provide any consulting or strategy

24  services.

25        3.    This copyright infringement case concerned various visual images –

26  including Plaintiff's photograph, the tattoo, and various social media posts – as well

27  as complicated principles of copyright law, such as substantial similarity (and its

28  intrinsic and extrinsic tests) and fair use (with its multi-part balancing test).  The

PowerPoint presentations which Mr. Whitney helped design at my direction helped me explain to the jury our theory of the case and how we believed the complicated legal issues could be understood and applied to the various facts of the case. Mr. Whitney's work was essential to assisting me in presenting our case to the jury.

4.     True and correct copies of Mr. Whitney's invoices in this matter are attached as Exhibits 1-3 hereto. The total of Mr. Whitney's invoices is $11,550. These invoices will also be attached to the CV-59 form filed with the Court and delivered to the Clerk to per Local Rule 54.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2024, at Los Angeles, California.

                                   /s/ Allen B. Grodsky
                                   Allen B. Grodsky

# EXHIBIT 1



**JOHN MUIR WHITNEY**

3080 HOMEWOOD DRIVE
RENO, NV 89509

JOHN@THINKTWICELEGAL.COM
415.971.9088

December 8, 2022

**INVOICE**

No. 1280

**TO**

Allen Grodsky
2001 Wilshire Blvd UNIT 210
Santa Monica, CA 90403

Re: Kat Von D

**FOR**

| Date | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 11/21/22 | Process graphic and template design | 2.5 | $300/hour | $750.00 |
| 11/22/22 | Finish process graphic | 1.5 | | $450.00 |
| **TOTAL** | | | | $1,200.00 |

## TOTAL DUE:  $1,200.00

**TERMS & CONDITIONS**
Please send payment to the address above. Payable upon receipt.

**THANK YOU FOR YOUR BUSINESS.**

EXHIBIT 2



**JOHN MUIR WHITNEY**

3080 HOMEWOOD DRIVE
RENO, NV 89509

JOHN@WHITNEY.STUDIO
415.971.9088

November 22, 2023

**INVOICE**

No. 1318

**TO**

Allen Grodsky
2001 Wilshire Blvd UNIT 210
Santa Monica, CA 90403

Re: Kat Von D

**FOR**

| Date | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 10/12/23 | Read briefs | 1.25 | $300/hour | $375.00 |
| 10/13/23 | Begin demonstrative plan | 1.5 | | $450.00 |
| 10/17/23 | Read brief, revise open plan per new brief | 2.75 | | $825.00 |
| 10/18/23 | Create initial draft of opening PPT | 2.25 | | $675.00 |
| 11/1/23 | Conf. call | .5 | | $150.00 |
| 11/8/23 | Revise opening PPT | 1.5 | | $450.00 |
| 11/9/23 | Revise PPT | 2.75 | | $825.00 |
| 11/10/23 | Conf. call | .25 | | $75.00 |
| 11/14/23 | Revise opening | 3.25 | | $975.00 |
| 11/15/23 | Revise opening | 2.0 | | $600.00 |
| **TOTAL** | | | | $5,400.00 |

**TOTAL DUE:**      **$5,400.00**

**TERMS & CONDITIONS**
Please send payment to the address above. Payable upon receipt.

**THANK YOU FOR YOUR BUSINESS.**

# EXHIBIT 3



**JOHN MUIR WHITNEY**

3080 HOMEWOOD DRIVE
RENO, NV 89509

JOHN@WHITNEY.STUDIO
415.971.9088

February 1, 2024

**INVOICE**

No. 1329

**TO**

Allen Grodsky
2001 Wilshire Blvd UNIT 210
Santa Monica, CA 90403

Re: Kat Von D Closing

**FOR**

| Date | Description | Hours | Rate | Subtotal |
|------|-------------|-------|------|----------|
| 1/21/24 | Begin PPT for closing | 2.5 | $300/hour | $750.00 |
| 1/22/24 | Closing PPT creation | 2.5 | | $750.00 |
| 1/24/24 | Conf. call, PPT edits | 2.25 | | $675.00 |
| 1/25/24 | Clsong PPT creation/edits | 9.25 | | $2,775.00 |
| **TOTAL** | | | | $4,950.00 |

## TOTAL DUE:        $4,950.00

**TERMS & CONDITIONS**
Please send payment to the address above. Payable upon receipt.

**THANK YOU FOR YOUR BUSINESS.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. SEDLIK, an individual;<br>        Plaintiff,<br><br>        vs.<br><br>KATHERINE VON<br>DRACHENBERG (a.k.a. "KAT<br>VON D"), an individual; KAT<br>VON D., INC., a California<br>corporation; HIGH VOLTAGE<br>TATTOO, INC., a California<br>corporation; and DOES 1 through 10,<br>inclusive,<br>        Defendants. | Case No. 2:21-cv-01102-DSF-MRWx<br>Before the Hon. Dale S. Fischer,<br>U.S. District Judge<br><br>**[PROPOSED] ORDER RE<br>DEFENDANTS KATHERINE VON<br>DRACHENBERG AND HIGH<br>VOLTAGE TATTOO, INC.'S<br>NOTICE OF MOTION AND<br>MOTION TO TAX COSTS FOR<br>VISUAL AIDS PURSUANT TO 28<br>U.S.C. § 1920(4) AND LOCAL RULE<br>54-3.12(a)**<br><br>**Hearing**<br>Date:  March 18, 2024<br>Time: 1:30 p.m.<br>Place: First Street Courthouse<br>        350 West 1st Street<br>        Courtroom 7D<br>        Los Angeles, CA |

1    The Court, having considered the Motion to Tax Costs for Visual Aids
2 Pursuant to 28 U.S.C. § 1920(4) AND LOCAL RULE 54-3.12(a) filed by
3 Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. (together,
4 "Defendants"), and good cause appearing therefor, hereby finds and orders as
5 follows:
6    The Motion is GRANTED.  Defendants are awarded $11,550.00 in costs for
7 visual aids pursuant to 28 U.S.C. § 1920(4) and Local Rule 54-3.12(a).
8    IT IS SO ORDERED.
9
10 Dated: _____    By: _____
                                         Dale S. Fischer
11                                United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Applications/Ex Parte Applications/Motions/Petitions/Requests

2:21-cv-01102-DSF-MRW Jeffrey B. Sedlik v. Katherine Von Drachenberg et al **CASE CLOSED on 01/30/2024**

ACCO,
(MRWx),CLOSED,DISCOVERY,MANADR,PROTORD

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Henderson, Tim on 2/13/2024 at 9:29 AM PST and filed on 2/13/2024

**Case Name:** Jeffrey B. Sedlik v. Katherine Von Drachenberg et al

**Case Number:** 2:21-cv-01102-DSF-MRW

**Filer:** High Voltage Tatoo, Inc.
Katherine Von Drachenberg

**WARNING: CASE CLOSED on 01/30/2024**

**Document Number:** 230

**Docket Text:**

**NOTICE OF MOTION AND MOTION for Costs against Jeffrey B. Sedlik RE: Judgment, [223] filed by Defendants High Voltage Tatoo, Inc., Katherine Von Drachenberg. Motion set for hearing on 3/18/2024 at 01:30 PM before Judge Dale S. Fischer. (Attachments: # (1) Memorandum Memorandum of Points & Authorities, # (2) Declaration Declaration of Allen B. Grodsky, # (3) Exhibit Exhibits to Grodsky Declaration, # (4) Proposed Order Proposed Order) (Henderson, Tim)**

**2:21-cv-01102-DSF-MRW Notice has been electronically mailed to:**

Allen B Grodsky    allen@thegolawfirm.com

Jason Linger    jlinger@glaserweil.com, docket@glaserweil.com, learly@glaserweil.com

Lara Alexandra Petersen    lpetersen@glaserweil.com

Robert Edward Allen    rallen@glaserweil.com, docket@glaserweil.com, learly@glaserweil.com, loropeza@glaserweil.com, robert@ipcounsel.me

Tim B Henderson    tim@thegolawfirm.com

**2:21-cv-01102-DSF-MRW Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Notice of Motion to Tax Costs for Presentations.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/13/2024] [FileNumber=37376691-0
] [12c239a72b8e4468927f9ac57eb05c985f9f9ba371e60d67d0a43e4c6e4a5c7bff6

e86acb3782a128ae540f8068cb11fdefa20fdd5889405cd51c4bb3d23d5b7]]

**Document description:**Memorandum Memorandum of Points & Authorities
**Original filename:**C:\fakepath\P&As re Motion to Tax Costs for Presentations.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/13/2024] [FileNumber=37376691-1
] [9602d76250094e9c5b25dd11fafcdb5cb4651608c878eddd44bf072d39062de797b
596dd950b9dbdd4a0ebfa300900056dda9726adcc3ee036663754eef5cb6b]]

**Document description:**Declaration Declaration of Allen B. Grodsky
**Original filename:**C:\fakepath\ABG Decl re Motion to Tax Costs for Presentations v2.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/13/2024] [FileNumber=37376691-2
] [62a2e9118765748736e63d3e70ca86aff98e5ccc7e436f945ccb71aeba50acf33e9
237c588da47613adab046627b68baac3887b1e9c53b0b439041b644492f5c]]

**Document description:**Exhibit Exhibits to Grodsky Declaration
**Original filename:**C:\fakepath\Exhibits.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/13/2024] [FileNumber=37376691-3
] [99802b86afad7f91be3ac137f962bac69c848c4887d78d895060d3bbf1ec5017521
c2685010b982c95d141efccd37dd60ded0c172e93c980e46676b11da2620a]]

**Document description:**Proposed Order Proposed Order
**Original filename:**C:\fakepath\Proposed Order re Motion to Tax Costs for Presentations.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/13/2024] [FileNumber=37376691-4
] [b6959334a963f844df645dbc5c22fd81e2a4c260bf67ebb7c4c3f9a351f4289d258
0f1d6ce3d535e9161e86d29a963faf430f3cf8365e917c6469f8e760531a2]]