1  ROBERT E. ALLEN (SBN 166589)
   rallen@glaserweil.com
2  LARA A. PETERSEN (SBN 318475)
   lpetersen@glaserweil.com
3  JASON C. LINGER (SBN 323031)
4  jlinger@glaserweil.com
   GLASER WEIL FINK HOWARD
5   JORDAN & SHAPIRO LLP
   10250 Constellation Boulevard
6  19th Floor
7  Los Angeles, California 90067
   Telephone: (310) 553-3000
8  Facsimile: (310) 556-2920

9  Attorneys for Plaintiff
10 JEFFREY B. SEDLIK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KATHERINE VON DRACHENBERG (a.k.a. "KAT VON D""), an individual; KAT VON D., INC., a California corporation; HIGH VOLTAGE TATTOO, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-01102-DSF (MRWx)<br><br>Before the Hon. Dale S. Fischer, U.S. District Court Judge<br><br>**PLAINTIFF JEFFREY B. SEDLIK'S OPPOSITION TO DEFENDANTS' MOTION TO TAX COSTS FOR VISUAL AIDS**<br><br>Hearing Date: March 18, 2024<br>Time:　　　　1:30 PM<br>Place:　　　Courtroom 7D<br>　　　　　　First Street Courthouse<br>　　　　　　350 West 1st Street<br>　　　　　　Los Angeles, CA 90012 |

Plaintiff Jeffrey Sedlik hereby responds to and opposes Defendants' request to tax $11,550 in costs for the creation of two PowerPoint presentations used by Defendants in their opening and closing statements. Defendants' request should be rejected, or significantly reduced, for two reasons. First, Defendants completely ignore the rule that the "physical preparation and duplication" of visual aids may be taxed, but not "[t]he intellectual effort involved" in producing such aids. L.R. 54-3.12. Defendants' invoices—although quite limited in its billing descriptions—do clearly include non-taxable "intellectual effort." Second, the fees charged are plainly excessive. It is unreasonable to spend 38.5 hours to prepare a few slides containing a handful of bullet points and images. Defendants do not include their slides with their request, but the opening presentation were just 13 slides in length. Plaintiff should not be left on the hook for this vendor's overbilling.

"[F]ees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927 (9th Cir. 2015). Courts have found that non-taxable "intellectual effort" by a vendor includes reading briefs, meetings between the vendor and counsel, sending communications with counsel, or discussing demonstratives. *Computer Cache Coherency Corp. v. Intel Corp.*, No. C-05-01766 RMW, 2009 WL 5114002, at *2 (N.D. Cal. Dec. 18, 2009) (reducing demonstrative costs by 75% because vendor charged for "reading file materials, preparing an exhibit plan, [and] attending client meetings"); *Hardwick v. Cnty. of Orange*, No. SACV131390JLSANX, 2017 WL 5664992, at *6 (C.D. Cal. Oct. 2, 2017) (excluding trial support firm's time spent on "email exchanges, project management, and multiple meetings with counsel"); *Syneron Med. Ltd. v. Invasix, Inc.*, No. SACV160143DOCKESX, 2019 WL 1878346, at *3 (C.D. Cal. Feb. 7, 2019) (excluding the consultant's "meetings to discuss the slide decks" as non-taxable "intellectual effort"); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009) (disallowing vendor charges for "strategy" and "case management").

Defendants' vendor invoices includes the same non-taxable activities that were disallowed in the preceding court decisions:

- "Begin demonstrative plan" (1.5 hours / $250)
- "Process graphic and template design" (2.5 hours / $750)
- "Finish process graphic" (1.5 hours / $450)
- "Read briefs" (1.25 hours / $375)
- "Begin demonstrative plan" (1.5 hours / $450)
- "Read brief, revise open plan per new brief" (2.75 hours / $825)
- 11/1/23 "Conf. call" (.5 hours / $150)
- 11/10/23 "Conf. call" (.25 hours / $75)
- 1/24/24 "Conf. call, PPT edits" (2.25 hours / $675)

ECF 230-3, 2-6. While the last entry also includes "PPT edits," the vendor's block-billing description makes it impossible to determine how much time was actually spent on these edits versus the "Conf. call." None of these costs is taxable.

The invoices are also excessive in amount and lacking adequate billing description. *Nelson v. United States*, No. 3:19-CV-01761-HZ, 2022 WL 1125416, at *2 (D. Or. Apr. 15, 2022) ("Without an explanation from Defendant justifying these charges, the fees appear unreasonably high to the Court, unnecessary, or duplicative of other itemized charge on the same invoice."); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1368 (N.D. Cal. 1996) (finding photocopying charges to be excessive and reducing it by 68 percent).

The vendor, a professional graphics firm, charged 5.5 hours of time not even working on the slides, but beginning a "plan" and creating a "template" for them. The vendor then spent 11.75 hours creating a 13-slide opening presentation, almost an hour per slide. The vendor spent another 16.5 hours—over two days of work—creating the closing slides. None of the billing entries describe the nature of the vendor's revisions. In total, the vendor spent **38.5 hours** on this project.

This was not a complex case. *Fowler v. California Highway Patrol*, No. 13-

1 CV-01026-TEH, 2014 WL 3965027, at *5 (N.D. Cal. Aug. 13, 2014) (reducing
2 vendor fees from $6,320 to $996 because the "costs were excessive" and the trial "did
3 not involve patents or complicated technical issues"). At trial, Defendants' case
4 consisted of less than a full day of testimony. Defendants called only a single witness
5 (Katherine Von Drachenberg), and played a video deposition of a second witness via
6 video deposition (Bryan Vanegas). Defendants did not call any experts. There is no
7 justification why a vendor needed to spend so much time working on these slides, and
8 certainly none is present from the terse billing descriptions on the invoice.

9 Defendants cite two cases, but both cases support Plaintiff's position, not
10 Defendants.' *Enovsys* was a "technical and complex" patent case involving patented
11 communications technology. *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210
12 SS, 2016 WL 7430618, at *4 (C.D. Cal. June 15, 2016). The prevailing party
13 (AT&T) trimmed "the vast majority" of the costs charged by its vendor to account for
14 only taxable costs. *Id.* The Court was ***still*** unpersuaded that certain charges were
15 taxable and reduced charges that were not "necessary to the Court's understanding of
16 the issues." *Id.* ("the total number of hours spent preparing visual aids for the
17 consolidated hearing seems excessive and appears to have expanded simply as a
18 function of the Court's continuances. AT&T is entitled to its necessary costs, but
19 Enovsys is not required to subsidize edits that were added simply because the Parties
20 unexpectedly had more time to prepare for the hearing."). In *Andresen*, the court also
21 recognized that time spent by the vendor on "planning," "strategy," and
22 "collaboration" with counsel is not taxable. *Andresen v. Int'l Paper Co.*, No. 2:13-
23 CV-02079-CAS, 2015 WL 3648972, at *9 (C.D. Cal. June 10, 2015). Neither of
24 these cases supports the high sum Defendants seek here.

25 For these reasons, Plaintiff respectfully requests that the Court deny
26 Defendants' request, or alternatively, significantly reduce the requested amount.
27 / / /
28 / / /

DATED: February 27, 2024

GLASER WEIL FINK HOWARD
 JORDAN & SHAPIRO LLP

By: */s/ Robert E. Allen*

ROBERT E. ALLEN
LARA A. PETERSEN
JASON C. LINGER

*Attorneys for Plaintiffs*