1  GRODSKY, OLECKI & PURITSKY LLP
2  Allen B. Grodsky (SBN 111064)
   *allen@thegolawfirm.com*
3  Tim B. Henderson (SBN 281159)
   *tim@thegolawfirm.com*
4  11111 Santa Monica Boulevard, Suite 1070
   Los Angeles, California 90025
5  Telephone:  (310) 315-3009
6  Facsimile:   (310) 315-1557

7  Attorneys for Defendants
   Katherine Von Drachenberg, Kat Von D, Inc.,
8  and High Voltage Tattoo, Inc.

9

10            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
11                  WESTERN DIVISION

12 | |
JEFFREY B. SEDLIK, an individual; | Case No. 2:21-cv-01102-DSF-MRWx
            Plaintiff, |
   vs. | Before the Hon. Dale S. Fischer,
KATHERINE VON | U.S. District Judge
DRACHENBERG (a.k.a. "KAT
VON D"), an individual; KAT | **REPLY MEMORANDUM OF**
VON D., INC., a California | **POINTS AND AUTHORITIES IN**
corporation; HIGH VOLTAGE | **SUPPORT OF DEFENDANTS**
TATTOO, INC., a California | **KATHERINE VON**
corporation; and DOES 1 through 10, | **DRACHENBERG AND HIGH**
inclusive, | **VOLTAGE TATTOO, INC.'S**
            Defendants. | **NOTICE OF MOTION AND**
 | **MOTION TO TAX COSTS FOR**
 | **VISUAL AIDS PURSUANT TO 28**
 | **U.S.C. 1920(4) AND LOCAL RULE**
 | **54-3.12(a)**
 |
 | **Hearing**
 | Date:  March 18, 2024
 | Time: 1:30 p.m.
 | Place: First Street Courthouse
 |        350 West 1st Street
 |        Courtroom 7D
 |        Los Angeles, CA

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition fails to persuade that the Court should discount the fees incurred by Defendants in preparing their PowerPoint presentations. The motion should be granted in full.

## II. ARGUMENT

### A. The Fees Sought Are For Physical Preparation Of The PowerPoint Presentations Only

Plaintiff's first argument is that the fees sought by Mr. Whitney include fees for the intellectual effort in creating the PowerPoint presentations. Plaintiff fails to credit Defendants' counsel's declaration that counsel was the sole source of the substantive content in the PowerPoint presentations (and counsel's fees are not sought by Defendants). Grodsky Decl. ¶¶ 2-3; *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 2:17-CV-07639 SJO-KS, 2020 WL 2220206, at *3 (C.D. Cal. Apr. 2, 2020) ("creation of the visual aids' substantive content" is what is not reimbursable) (citing *Envosys*, 2016 WL 7430618, at *8). That Mr. Whitney had to read some filings to understand the basic layout of the case to be able to prepare the presentations does not mean that he provided any substantive content or consulting or strategy services that would not be compensable.

Plaintiff's citation to other District Court cases for the proposition that the fees sought are intellectual efforts are not persuasive.

Plaintiff cites *Hardwick v. Cnty. of Orange* as refusing to award fees for time spent on "email exchanges, project management, and multiple meetings with counsel." No. SACV131390JLSANX, 2017 WL 5664992 (C.D. Cal. Oct. 2, 2017). But the defendants in that case sought to recover fees for those tasks in a category called "pre-trial litigation support," not preparation of a PowerPoint presentation, so it is irrelevant here. *Id.* at *6.

In *Shum v. Intel Corp.*, the court disallowed vendor charges for "strategy" and "case management." 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009). No such entries are present in the invoices at issue here.

In *Computer Cache Coherency Corp. v. Intel Corp.*, the Court awarded $25,000 for preparation of PowerPoint presentations. The invoices at issue also included various entries for "scripting the storyboard, . . . providing art direction, maintaining a binder, concept development, project management, and trial consulting," as well as "[l]odging, airfare, meals, parking, and taxi rides." No. C-05-01766 RMW, 2009 WL 5114002, at *2 (N.D. Cal. Dec. 18, 2009). Mr. Whitney did not bill for any such tasks here. The court also noted that "reading file materials" and "attending client meetings" were not compensable, but the vendor in that case also provided trial consulting and project management services that Mr. Whitney did not provide. There was no indication whether the reading of materials or attending of meetings in that case was related to those other services as opposed to just the preparation of PowerPoint presentations.

In *Syneron Med. Ltd. v. Invasix, Inc.*, the court approved a request for over $30,000 in visual aid costs except for four entries that generically stated they were for meetings to discuss the presentations. No. SACV160143DOCKESX, 2019 WL 1878346, at *3 (C.D. Cal. Feb. 7, 2019). But here, any of Whitney's time spent communicating with counsel was so that counsel could convey edits to the PowerPoint presentations, not discuss or strategize about them. Grodsky Decl. ¶¶ 2-3. Plaintiff's remaining cases are even less relevant.[1]

---

[1] *Nelson v. United States by & through Nat'l Oceanic & Atmospheric Admin.*, No. 3:19-CV-01761-HZ, 2022 WL 1125416, at *2 (D. Or. Apr. 15, 2022) (discussing fees related to a third-party subpoena); *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1368 (N.D. Cal. 1996) (discussing fees related to photocopying); *Fowler v. California Highway Patrol*, No. 13-CV-01026-TEH, 2014 WL 3965027, at *5 (N.D. Cal. Aug. 13, 2014) (discussing fees for in-court video technician).

Defendants seek the costs of Mr. Whitney's preparation of the PowerPoint presentations only, not intellectual effort by counsel to create their substance. The requested costs are taxable.

### B. The Fees Sought Are Reasonable

Plaintiff also argues that that the fees sought are excessive but fails to provide any evidence supporting that claim.

Plaintiff cites to the number of hours incurred and the length of the opening presentation but does not cite to any authority that the amounts spent were unreasonable. Instead, Plaintiff fallaciously assumes that simply because a piece of writing is concise, it must have been created quickly and easily. Anyone with any writing experience knows that brevity is difficult to achieve.

Plaintiff also rewrites history in claiming that this was a straightforward case. As the Court well knows, the substantial similarity and fair use analyses that the jury engaged in involved multiple steps with various factors and subfactors. Defendants' closing PowerPoint walked the jury through those various steps in a way that was clearly effective given the jury's verdict. Grodsky Decl. ¶ 3.

In short, Plaintiff offers no evidence that the amounts incurred were unreasonable, particularly in light of the complicated copyright analysis the jurors were asked to perform and the unanimous result the jury delivered to Defendants.

### III. CONCLUSION

The Motion should be granted and Defendants' $11,550 in costs to prepare visual aids deemed taxable.

| | | |
|---|---|---|
| 1 | Dated: March 1, 2024 | GRODSKY, OLECKI & PURITSKY LLP<br>Allen B. Grodsky<br>Tim B. Henderson |
| 2 | | |
| 3 | | By:    /s/ Tim B. Henderson |
| 4 | |         Tim B. Henderson |

Attorneys for Defendants Katherine Von Drachenberg, Kat Von D, Inc., and High Voltage Tattoo, Inc.