# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1102 DSF (MRWx) | Date | December 30, 2021 |
|---|---|---|---|
| Title | Sedlik v. Von Drachenberg | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: DISCOVERY MOTION

1. This is a copyright infringement action involving a photo of Miles Davis and, among other works, a tattoo that may be based on the photo.

2. The parties just submitted a disappointing motion regarding Plaintiff's response to a contention interrogatory about the photo. (Docket # 24.) Based on my preliminary review of the motion, the discovery dispute centers on: (a) service issues for the original discovery (the lawyer got the emailed version of the interrogatory, but claims he didn't get the hard copy by snail mail); and (b) Plaintiff's dissatisfaction with the text of the interrogatory itself. Neither side sought an informal pre-filing conference with Judge Wilner before launching the motion. See Judge Wilner's posted online procedures.

3. Let's put the service and notice issues to the side for now. The gist of the parties' dispute is that Attorney Sedlik and his client proclaim that they have "no understanding of the meaning of Defendants' interrogatory" asking Plaintiff to identify the elements of the Davis photo that Plaintiff believes are protected under federal copyright law. (Docket # 24 at 10.) Messrs. Sedlik claim that the term "element" – for which the defense didn't give a lawyerly definition in the interrogatories – "is so hopefully [sic] unintelligible as drafted" that Plaintiff can't respond to it without conducting "expensive, time-consuming and extensive legal research." (Id. at 14.)

4. Seriously? Even more bafflingly, Attorney Sedlik is willing to let Photographer Sedlik sit for his deposition in mid-January at which Plaintiff "would substantively respond to questions regarding his 'original expression' in the Iconic Miles Davis Portrait." (Id. at 13 (emphasis added).) The clear takeaway from that offer (which the defense apparently rejected) is that Plaintiff is able to provide at least some information about the protected work, but just not in writing or in advance of the deposition.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-1102 DSF (MRWx) | Date | December 30, 2021 |
|---|---|---|---|
| Title | Sedlik v. Von Drachenberg | | |

5.    That seems problematic to me. The motion is noticed for a hearing on January 19, while the deposition is set for January 11. I think we should all have visibility on this issue well before then. Therefore, the Court sets the matter for a video status conference on Wednesday, January 5, 2022, at 8:30 a.m. The parties should be prepared to have an extended discussion about federal copyright law and the discovery dispute at that time.

6.    **In the alternative**, the parties are encouraged to promptly agree to some form of a written response to the interrogatory that allows the defense to prepare sufficiently for Plaintiff's deposition. If the parties choose this resolution, they may contact Judge Wilner's chambers by e-mail (MRW_Chambers@cacd.uscourts.gov) by noon on Tuesday. The Court will cancel the unnecessary hearing without further consequence.

7.    As noted in the parties' papers, both sides are reminded that Federal Rule of Civil Procedure 37(a)(5) generally requires the Court to assess fees against a losing party in a discovery motion unless that side's conduct was <u>substantially</u> justified or circumstances would make a fee-shift unjust. Choose wisely, folks.