# EXHIBIT F

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br>      Plaintiff,<br><br>          v.<br><br>KATHERINE VON<br>DRACHENBERG, et al.,<br>      Defendant. | No. 2:21-cv-01102-DSF-MRWx<br><br>ORDER GRANTING MOTION<br>TO QUASH<br><br>(Dkt. 194) |

Sedlik has served a subpoena on Blake Farmer pursuant to Rule 45 of the Federal Rules of Civil Procedure asking for "[a]ny documents, such as invoices, showing how much [he was] paid for any projects [he] worked on with Katherine Von Drachenberg." Dkt. 194-4 (Ex. B). "Rule 45 sets forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas." Madrigal v. Allstate Indem. Co., No. CV 14-4242 SS, 2015 WL 12750443, at *2 (C.D. Cal. Nov. 12, 2015). Discovery closed on February 1, 2022.

"California federal courts permit the use of a trial subpoena under Rule 45 to obtain originals of documents that were disclosed previously during discovery or to refresh memory at trial . . . . Outside these narrow circumstances requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period." Sepulveda v. City of Whittier, No. CV 17-4457-JAK (KSX), 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022).

Sedlik argues that evidence of Farmer's compensation for his projects with Kat von D is relevant because if "Farmer received less than usual compensation for a certain project around the time of the Tattoo, that would suggest that the Tattoo was more than a 'gift.'" Dkt. 195 (Opp'n) 5. He contends trial subpoenas are proper to "refresh memory at trial[,]" and if Farmer does not recall how much he received on each project while testifying, then the subpoenaed documents may be used to "refresh Farmer's memory as to the exact figures." Id.

Relevance is an essential element of all discovery and admissibility. See, e.g., Fed. R. Civ. P. 26(b)(1); Fed R. Evid. 401, 402. Discovery must be proportional, and a court may exclude evidence whose probative value is substantially outweighed by its tendency to confuse the issues and waste time. Fed. R. Civ. P. 26(b)(1); Fed R. Evid. 403. There is no reason to think these documents are relevant and proportional to the claims. Farmer was hired to provide lighting services to Kat von D by third-party production companies. Dkt. 194-2 (Farmer Decl.) ¶3; Dkt. 196-1 (Ex. C) 116:18–117:4. Sedlik's theory requires that Kat von D directed a third-party production company to pay Farmer less money for his lighting services because she gave him a tattoo. There is no reason to think that a production company would accept such an offer, or that Kat von D would make this proposal. Sedlik's theory is speculative and wholly unsubstantiated.

Even if this theory did make sense, Sedlik's request is late. Sedlik could have asked for these documents in discovery, or deposed Farmer. But he did not. Sedlik is attempting to gather evidence to impeach Farmer's testimony that the Tattoo was a gift, after the close of discovery, which is not a permissible use of a trial subpoena. See Madrigal, 2015 WL 12750443, at *2.

Defendants Motion to Quash is GRANTED.

IT IS SO ORDERED.

Date: January 10, 2024

Dale S. Fischer
United States District Judge