# EXHIBIT H

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>KATHERINE VON<br>DRACHENBERG, et al.,<br>　　　Defendants. | No.: 2:21-cv-01102-DSF-MRW<br><br>Rulings on Evidentiary Objections to Trial Exhibits |

## Plaintiff's Objections

The Court rules on only the exhibits actually provided to the Court for review and assumes the objections stated to the other exhibits in Exhibit A to dkt 168 have been withdrawn.

The purpose of exhibits 12, 13, 245, 246, and 262 through 267 is unclear. Defendants must present an offer of proof outside the presence of the jury.

The objection to exhibit 261 appears inconsistent with Sedlik's theory of the case. The parties should meet and confer on the scope of the relevance of licenses of the Miles Davis photograph.

The Court will not admit exhibits that are not sufficiently authenticated.

## Defendants' Objections

The Court presumes for this purpose that the exhibits could be authenticated at trial (with the exception noted below). The Court will not admit exhibits that are not sufficiently authenticated. The Court

identifies only one of the grounds for excluding the exhibits. Other grounds stated by Defendants may also apply.

Exhibits 3, 16, 17, 18, 19, 20, 21, 297, 302, 309, 310, 317, 319, and 322 are irrelevant and are excluded. It also does not appear that exhibit 20 can be authenticated.

The exhibit provided under tab 233 is marked as exhibit 220. That exhibit is excluded as irrelevant.

The purpose of exhibits 277 through 280 is unclear. Sedlik must present an offer of proof outside the presence of the jury.

Some portions of exhibits 281 through 294 may be admissible if the relevance is clearly explained, but some contain only irrelevant content. The parties should meet and confer and identify a small portion of the YouTube video to provide to the Court for relevance consideration.

Some portions of exhibit 299 may be admissible. The Court will consider further argument outside the presence of the jury.

It is not clear to the Court what exhibit 308 is or what its purpose might be. The Court will consider further argument outside the presence of the jury.

The purpose of exhibits 311, 313, 314, and 316 is unclear. Assuming the exhibits can be authenticated, see, e.g., 21st Century Fin. Servs., LLC v. Manchester Fin. Bank, 255 F. Supp. 3d 1012, 1019-20 (S.D. Cal. 2017), and the date of their appearance on the internet and other factors establish relevance, they will be admitted.

It is not clear to the Court what exhibit 318 is.

Exhibit 328 appears to duplicate other exhibits. Duplicative exhibits will not be admitted.

The first page of exhibit 330 will be admitted without objection. The relevance of the additional pages is unclear.

Documents that were not timely produced will not be admitted.

Certain exhibits are identified in the objections as "demonstrative." Demonstrative exhibits are not admitted into evidence.

IT IS SO ORDERED.

Date: January 22, 2024

Dale S. Fischer
United States District Judge

3