# EXHIBIT L

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY B. SEDLIK,<br>Plaintiff,<br><br>v.<br><br>KATHERINE VON<br>DRACHENBERG, et al.,<br>Defendant. | CV 21-1102 DSF (MRWx)<br><br>ORDER ON MOTION TO TAX<br>COSTS (Dkt. 235) |

Defendants Katherine Von Drachenberg and High Voltage Tattoo, Inc. move to tax costs for visual aids. Dkt. 230 (Mot.). Plaintiff Jeffrey Sedlik opposes. Dkt. 233 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

On January 30, 2024, following a jury trial, the Court entered judgment in favor of Defendants. Dkt. 223. Defendants filed an application for the Clerk to tax $21,848.79 in costs. Dkt. 231. C.D. Cal. L.R. 54-2. Defendants also filed this motion and supporting memorandum to tax $11,550 in costs for visual aids. The cost of the visual aids is included in the $21,848.79 sought.

After a district court enters judgment in a case, Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to recover taxable costs from the other party. Rule 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed." That said, "a district court's discretion to award costs is limited to particular types of costs enumerated in 28 U.S.C. § 1920." In re Online DVD-Rental Antitrust

<u>Litigation</u>, 779 F.3d 914, 926 (9th Cir. 2015) (citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 4373, 441 (1987)).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are among the enumerated costs in 28 U.S.C. § 1920(4). Pursuant to that power "[u]pon order of the Court, the reasonable cost of the physical preparation and duplication of . . . [s]ummaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues [of a] trial" may be taxed. C.D. Cal. L.R. 54-3.12(a). However, "[t]he intellectual effort involved in the production of these materials may not be taxed." <u>Id.</u>

"To discern between physical and substantive preparations in determining costs, courts look for supporting evidence, including descriptions of visual aid preparation in invoices." <u>Syneron Med. Ltd. v. Invasix, Inc.</u>, No. SA CV 16-0143-DOC (KESX), 2019 WL 1878346, at *2 (C.D. Cal. Feb. 7, 2019) (citing <u>Fitbug Limited v. Fitbit, Inc.</u>, No. 13-1418 SC, 2015 WL 2251257, at *4 (N.D. Cal. May 13, 2015) (determining that generic invoice entries including "Meeting with counsel" or "all-day meeting, review, and development of Defense slide deck" were insufficient, but entries like "Review of PowerPoint Draft" or "Continue Slide Deck Revisions" adequately described taxable visual aid costs). For the purposes of distinguishing between costs related to physical and substantive efforts, the title of the individual performing the work is not a considered factor. <u>In re Online DVD-Rental Antitrust Litig.</u>, 779 F. 3d at 932.

Tasks such as "reading file materials, preparing an exhibit plan, attending client meetings, scripting the storyboard, . . . concept development, project management, and trial consulting" are non-taxable intellectual effort. <u>Computer Cache Coherency Corp. v. Intel Corp.</u>, No. C-05-01766 RMW, 2009 WL 5114002, at *2 (N.D. Cal. Dec. 18, 2009).

In Hardwick v. Cnty. of Orange, the court rejected invoices "grouping activities like 'email exchanges' and 'project management'" with printing. No. SACV 13-1390-JLS (ANX), 2017 WL 5664992, at *5 (C.D. Cal. Oct. 2, 2017).

The Court finds that Defendants' visual aids were reasonably necessary. The substantial similarity and fair use questions at the heart of the case required the jury's visual analysis. However, several of the itemized costs sought by the Defendants are more accurately described as "intellectual effort" than "physical preparation." C.D. Cal. L.R. 54-3.12. This is a difficult and highly discretionary inquiry where (as here) the visual aid is virtual rather than physical.

Nonetheless, the Court finds that the following costs incurred by the preparer of the visual aids are of the kind frequently rejected in the above cited cases:

| Description | Cost |
| --- | --- |
| Read briefs | $375 |
| Begin demonstrative plan | $450 |
| Read brief, revise open plan per new brief | $825 |
| Conf. call | $150 |
| Conf. Call | $75 |
| Conf. call, PPT edits | $675 |

Dkt. 230-3 (Exs. 2, 3) 4, 6. Defendants argue that the preparer needed to read the filings to understand the basic layout of the case. Dkt. 235 (Reply) 2. Defendants have tried to distinguish the cases cited above by arguing that these bills were not categorized as "pre-trial litigation support" or "strategy" as the bills were in cases that rejected costs for reading and client meetings. Reply at 2–3. But just as the label of the person performing the task is not controlling, the Court does not find the categorization of the task controlling. Reading, planning, and communicating those plans to a team is quintessential intellectual

effort. The Court deducts these costs. The Court finds the other costs incurred, such as "Revise PPT," reasonable. Ex. 2.

Defendant's Motion is GRANTED IN PART and DENIED IN PART. The Court finds that $9000 is taxable in costs for visual aids after costs constituting intellectual effort are deducted.

IT IS SO ORDERED.

Date: April 5, 2024

_Dale S. Fischer_

Dale S. Fischer
United States District Judge